BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: RETAILER TARIFF LITIGATION | MDL No. _________ |

MOTION FOR TRANSFER AND CENTRALIZATION
PURSUANT TO 28 U.S.C. §1407

Pursuant to 28 U.S.C. §1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Panel"), Movants[1] respectfully move the Panel for an order transferring and centralizing the 25 currently filed cases and any tag-along cases subsequently filed arising out of the same alleged factual misconduct by 15 separate retailers; *to-wit*: the improper and admitted up-charging of consumers for products based on tariffs the Supreme Court declared unlawful *ab initio*, including on products not subject to any tariffs.

Movants respectfully ask the Panel to transfer and centralize all "retailer tariff fund" class actions ("Actions") to the United States District Court for the Northern District of Illinois, where four actions are pending against retailer defendants Costco, Shein, Temu, and JM Smucker. In support of this motion, Movants incorporate by reference the accompanying memorandum of law and state the following:

1. At the time of filing, this motion involves the following Actions:

a) *Severino v. Shein US Services LLC*, No. 3:26-cv-04062 (N.D Cal.)

b) *In re Sony Interactive Entertainment Tariff Litigation*, No. 3:26-cv-04121 (N.D. Cal.)

c) *Martinez v. Target Corporation*, No. 3:26-cv-01807 (M.D. Fla.)

d) *Lasseter v. Amazon.com, Inc.*, No. 8:26-cv-02019 (M.D. Fla.)

e) *Stockov v. Costco Wholesale Corporation*, No. 1:26-cv-02734 (N.D. Ill.)

f) *Russell v. Whaleco Inc.*, No. 1:26-cv-04296 (N.D. Ill.)

---

[1] Movants are, collectively, Don Polistico, plaintiff in *Polistico v. Amazon.com., Inc.*, No. 1:26-cv-04194 (E.D.N.Y.), Tonysha Emerson, plaintiff in *Emerson v. Amazon.com, Inc.*, No. 2:26-cv-12614 (E.D. Mich.), Sharon Lasseter, plaintiff in *Lasseter v. Amazon.com, Inc.*, No. 8:26-cv-02019 (M.D. Fla.), Zuania Martínez, plaintiff in *Martinez v. Target Corp.*, No. 3:26-cv-01807 (M.D. Fla.), Parveen Sangha, plaintiff in *Sangha v. Amazon.com, Inc.*, 26-cv-01777 (N.D. Ohio), Patricia Cavallaro, plaintiff in *Cavallaro v. Target Corp.*, No. 7:26-cv-06165 (S.D.N.Y), Gregory Rittenhouse, plaintiff in *Rittenhouse v. Amazon.com, Inc.*, No. 2:26-cv-03392 (E.D.N.Y.), and Luisa Spadafino, plaintiff in *Spadafino v. Amazon.com, Inc.*, No. 2:26-cv-10023 (D.N.J.).

g) *Russell v. Shein Distribution Corporation*, No. 1:26-cv-04533 (N.D. Ill.)

h) *Mulconrey v. The J. M. Smucker Company*, No. 1:26-cv-08832 (N.D. Ill.)

i) *Lemense v. Puma United North America, LLC*, No. 1:26-cv-12654 (D. Mass.)

j) *Emerson v. Amazon.com Inc.*, No. 2:26-cv-12614 (E.D. Mich.)

k) *Burgh v. EssilorLuxottica S.A.*, No. 1:26-cv-01133 (E.D.N.Y.)

l) *Hernandez v. Adidas America, Inc.*, No. 1:26-cv-02848 (E.D.N.Y.)

m) *Rittenhouse v. Amazon.com, Inc.*, No. 2:26-cv-03392 (E.D.N.Y.)

n) *Polistico v. Amazon.com, Inc.*, No. 1:26-cv-04194 (E.D.N.Y.)

o) *Browne v. Target Corporation*, No. 1:26-cv-04959 (E.D.N.Y.)

p) *Trocchio v. Zara USA, Inc.*, No. 1:26-cv-05009 (S.D.N.Y.)

q) *Cavallaro v. Target Corporation*, No. 7:26-cv-06165 (S.D.N.Y.)

r) *Glase v. Walmart Inc.*, No. 1:26-cv-00988 (N.D. Ohio)

s) *Sangha v. Amazon.com Inc.*, No. 1:26-cv-01777 (N.D. Ohio)

t) *Caldwell v. Nike, Inc.*, No. 3:26-cv-00923 (D. Or.)

u) *Downs v. Adidas America, Inc.*, No. 3:26-cv-01008 (D. Or.)

v) *Terrill v. Ikea North America Services LLC*, No. 2:26-cv-02774 (E.D. Pa.)

w) *Briggs v. Costco Wholesale Corporation*, No. 2:26-cv-01064 (W.D. Wash.)

x) *In re Amazon Tariff Litigation*, No. 2:26-cv-01670 (W.D. Wash.)

y) *Hastings v. Microsoft Corporation*, No. 2:26-cv-02537 (W.D. Wash.)

2. The Actions involve common questions of fact that are sufficiently numerous and complex to warrant centralization. All of the Actions arise out of and seek to hold numerous large retailers, including Amazon, Target, Walmart, Nike, Costco, Shein, Temu, among many others (collectively, the "Retailer Defendants") responsible for the same factual misconduct in collecting

billions of dollars in unlawful tariffs from consumers by raising prices on imported goods and U.S.-sourced goods while the tariffs imposed by the Trump administration under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §1701 *et seq.*, were in effect.

3. Each Retailer Defendant charged consumers for, or increased its prices because of, such tariffs, including on products not subject to the tariffs. However, because consumers cannot obtain refunds from the federal government, and the Retailer Defendants have all refused to provide refunds themselves, they have generated and retained a windfall from consumers.

4. The central factual allegation in every case is that the Retailer Defendants improperly shifted the economic burden of illegal tariffs onto consumers, and refuse to refund consumers the amount the Retailer Defendants unlawfully retained.

5. All Actions rely upon similar legal theories of recovery, each turning on the failure of the Retailer Defendants to return funds collected from millions of consumers to cover IEEPA tariffs between February 2025 and February 2026.

6. All of the Actions are in their infancy. No discovery has commenced in any Action.

7. Discovery in each Action common to all plaintiffs can and should be centralized in a single proceeding to avoid the inefficiencies and duplication of efforts likely to arise with the Actions pending in different districts.

8. Centralization will prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings (particularly on class action issues), conserve judicial resources, reduce the costs of litigation, minimize the inconvenience to the parties and witnesses, and allow the Actions to proceed efficiently to trial. Centralization will also provide a single forum to which future tag-along actions may be transferred to streamline subsequent proceedings and promote

judicial economy. Further, centralization will result in the development of a consistent law of the case and the fair and economical adjudication of the Actions.

9. For these reasons, transfer and centralization of these Actions will promote the convenience of the parties and witnesses and the just and efficient conduct of the Actions pursuant to 28 U.S.C. §1407.

10. As the Panel has noted in past decisions, the transferee judge is free to establish separate "tracks" for each Retailer Defendant in the exercise of that Court's discretion.

11. Movants respectfully submit that the Panel should enter an order transferring the Actions, as well as any future tag-along actions, to the Honorable Steven C. Seeger or the Honorable Joan Humphrey Lefkow in the United States District Court for the Northern District of Illinois, for centralization of pretrial proceedings.

12. The United States District Court for the Northern District of Illinois is the appropriate forum because it is where a substantial number of the Actions are pending against four of 15 Retailer Defendants, numerous Retailer Defendants have significant business presences in Chicago, Illinois, and the parties in the Actions are represented by numerous law firms with offices in Chicago.

13. The United States District Court for the Northern District of Illinois also has a judiciary that is well-experienced with multidistrict proceedings. The Honorable Steven C. Seeger meets the Panel's desire to provide relatively new jurists the opportunity to preside over one, and the Honorable Joan Humphrey Lefkow has experience presiding over MDLs.

WHEREFORE, Movants respectfully request the Panel order the transfer and centralization of the Actions listed in the Schedule of Actions and any future tag-along actions to

the Honorable Steven C. Seeger or the Honorable Joan Humphrey Lefkow in the United States District Court for the Northern District of Illinois.

DATED: August 14, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
STUART A. DAVIDSON

*/s/ Stuart A. Davidson*
Stuart A. Davidson

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
sdavidson@rgrdlaw.com

*Attorneys for Plaintiff Don Polistico in Polistico v. Amazon.com, Inc., No. 1:26-cv-04194 (E.D.N.Y.)*

NAPOLI SHKOLNIK
HUNTER J. SHKOLNIK
1302 Avenida Ponce de León
Santurce, PR 00907
Telephone: 787/493-5088
Hunter@nsprlaw.com

NAPOLI SHKOLNIK
SALVATORE C. BADALA
400 Broadhollow Road, Suite 305
Melville, NY 11747
Telephone: 212/397-1000
SBadala@napolilaw.com

NAPOLI SHKOLNIK
SHAYNA E. SACKS
360 Lexington Avenue, 11th Floor
New York, NY 10017
Telephone: 212/397-1000
SSacks@napolilaw.com

*Attorneys for Plaintiffs Patricia Cavallaro in Cavallaro v. Target Corp., No. 7:26-cv-06165 (S.D.N.Y), Gregory Rittenhouse in Rittenhouse v. Amazon.com, Inc., No. 2:26-cv-03392 (E.D.N.Y.), and Luisa Spadafino in Spadafino v. Amazon.com, Inc., No. 2:26-cv-10023 (D.N.J.)*

FARRELL & FULLER LAW
MICHAEL J. FULLER, JR.
270 Munoz Rivera Avenue, Suite 201
San Juan, PR 00918
Telephone: 939/293-8244
mike@farrellfuller.com

*Attorneys for Plaintiffs Tonysha Emerson in Emerson v. Amazon.com, Inc., No. 2:26-cv-12614 (E.D. Mich.), Sharon Lasseter in Lasseter v. Amazon.com, Inc., No. 8:26-cv-02019 (M.D. Fla.), Zuania Martínez in Martinez v. Target Corp., No. 3:26-cv-01807 (M.D. Fla.), and Parveen Sangha in Sangha v. Amazon.com, Inc., 26-cv-01777 (N.D. Ohio)*