# EXHIBIT 5

BERRY

# United States District Court
## Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:26−cv−02734

Stockov v. Costco Wholesale Corporation
Assigned to: Honorable Steven C. Seeger
Demand: $9,999,000
Cause: 28:1332 Diversity−Account Receivable

Date Filed: 03/11/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Diversity

**Plaintiff**

**Matthew Stockov**
*individually and on behalf of all others similarly situated*

represented by

**Ryan Z. Cortazar**
Korein Tillery
205 N. Michigan Ave.
Ste. 1950
Chicago, IL 60601
(312) 641−9750
Fax: Not a member
Email: rcortazar@koreintillery.com
*ATTORNEY TO BE NOTICED*

**George A. Zelcs**
Korein Tillery
205 N. Michigan Plaza
Suite 1950
Chicago, IL 60601
(312) 641−9750
Fax: Active
Email: gzelcs@koreintillery.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Costco Wholesale Corporation**

represented by

**Brad Dennis Brian**
Munger, Tolles and Olson LLP
350 S. Grand Avenue
50th Floor
Los Angeles, CA 90017
213−683−9280
Fax: Pro Hac Vice
Email: brad.brian@mto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BRAD DENNIS BRIAN**
MUNGER TOLLES & OLSON LLP
350 SOUTH GRAND AVENUE 50TH FLR
LOS ANGELES, CA 90071
(213) 683−9280
Fax: Pro Hac Vice
Email: jacqueline.alvarez@mto.com
*ATTORNEY TO BE NOTICED*

**Carl Hao Jiang**
Munger, Tolles & Olson LLP
350 S Grand Ave
50th Floor
Los Angeles, CA 90071
213−683−9100

Email: Carl.Jiang@mto.com
*ATTORNEY TO BE NOTICED*

**Christopher B. Wilson**
Perkins Coie LLC
110 North Wacker Drive
Suite 3400
Chicago, IL 60606−1511
(312) 324−8603
Fax: Active
Email: cwilson@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Goldenberg Elaine**
Munger, Tolles & Olson LLP
601 Massachusetts Ave NW
Suite 500 E
Washington, DC 20001
(202) 220−1114
Fax: Pro Hac Vice
Email: elaine.goldenberg@mto.com
*ATTORNEY TO BE NOTICED*

**Jennifer Bryant**
Munger, Tolles & Olson LLP
350 S Grand Ave
Fl 50
Los Angeles, CA 90071
(213) 683−9293
Fax: Pro Hac Vice
Email: Jennifer.Bryant@mto.com
*ATTORNEY TO BE NOTICED*

**Joseph Donald Mantegani**
Munger, Tolles & Olson LLP
350 S Grand Ave
FL 50
Los Angeles, CA 90071
(213) 683−9506
Fax: Pro Hac Vice
Email: joseph.mantegani@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Spencer Gottlieb**
Ashurst Perkins Coie US LLP
110 North Wacker Drive
Suite 3400
Chicago, IL 60606
312−324−8579
Email: sgottlieb@perkinscoie.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2026 | 1 | COMPLAINT filed by Matthew Stockov; Jury Demand. Filing fee $ 405, receipt number AILNDC−24833264. (Attachments: # 1 Civil Cover Sheet)(Zelcs, George) (Entered: 03/11/2026) |
| 03/11/2026 | | CASE ASSIGNED to the Honorable Charles P. Kocoras. Designated as Magistrate Judge the Honorable Albert Berry, III. Case assignment: Random assignment. (Civil Category 1). (ee, ) (Entered: 03/11/2026) |

| | | |
|---|---|---|
| 03/11/2026 | 2 | SUMMONS Returned Unexecuted by Matthew Stockov as to Costco Wholesale Corporation. (Zelcs, George) (Entered: 03/11/2026) |
| 03/11/2026 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post−trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (ee, ) (Entered: 03/11/2026) |
| 03/11/2026 | 3 | ATTORNEY Appearance for Plaintiff Matthew Stockov by George A. Zelcs (Zelcs, George) (Entered: 03/11/2026) |
| 03/12/2026 | 6 | SUMMONS Issued (Court Participant) as to Defendant Costco Wholesale Corporation (aw, ) (Entered: 03/12/2026) |
| 03/12/2026 | 7 | ATTORNEY Appearance for Plaintiff Matthew Stockov by Ryan Z. Cortazar (Cortazar, Ryan) (Entered: 03/12/2026) |
| 03/16/2026 | 8 | SUMMONS Returned Executed by Matthew Stockov as to Costco Wholesale Corporation on 3/13/2026, answer due 4/3/2026. (Cortazar, Ryan) (Entered: 03/16/2026) |
| 03/16/2026 | 9 | MINUTE entry before the Executive Committee: Case reassigned to the Honorable Steven C. Seeger for all further proceedings pursuant to Local Rule IOP 13(f)(1). Mailed notice (Attachments: # 1 Request for Reassignment) (emc, ) (Entered: 03/17/2026) |
| 04/01/2026 | 10 | ATTORNEY Appearance for Defendant Costco Wholesale Corporation by Haoyang Jiang *AKA Carl Jiang* (Jiang, Haoyang) (Entered: 04/01/2026) |
| 04/01/2026 | 11 | MOTION by Defendant Costco Wholesale Corporation for extension of time *to Respond to Complaint*<br><br>(Jiang, Haoyang) (Entered: 04/01/2026) |
| 04/01/2026 | 12 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Costco Wholesale Corporation (Jiang, Haoyang) (Entered: 04/01/2026) |
| 04/02/2026 | 13 | MOTION for Leave to Appear Pro Hac Vice on behalf of Costco Wholesale Corporation by BRAD DENNIS BRIAN; Filing fee $ 150, receipt number AILNDC−24930365.<br><br>(BRIAN, BRAD) (Entered: 04/02/2026) |
| 04/02/2026 | 14 | MINUTE entry before the Honorable Steven C. Seeger: Defendant's unopposed motion for extension of time to respond to complaint (Dckt. No. 11 ) is granted. Defendant shall respond to plaintiff's complaint by May 18, 2026. The motion for leave to appear pro hac vice (Dckt. No. 13 ) is granted. Attorney Brad Dennis Brian is added as counsel for Costco Wholesale Corporation.Mailed notice. (jjr, ) (Entered: 04/02/2026) |
| 04/03/2026 | 15 | MOTION for Leave to Appear Pro Hac Vice on behalf of Costco Wholesale Corporation by Goldenberg Elaine; Filing fee $ 150, receipt number AILNDC−24935713.<br><br>(Elaine, Goldenberg) (Entered: 04/03/2026) |
| 04/03/2026 | 16 | MOTION for Leave to Appear Pro Hac Vice on behalf of Costco Wholesale Corporation by Jennifer Bryant; Filing fee $ 150, receipt number AILNDC−24935753.<br><br>(Bryant, Jennifer) (Entered: 04/03/2026) |
| 04/03/2026 | 17 | MOTION for Leave to Appear Pro Hac Vice on behalf of Costco Wholesale Corporation by Joseph Donald Mantegani; Filing fee $ 150, receipt number AILNDC−24935786. |

| | | |
|---|---|---|
| | | (Mantegani, Joseph) (Entered: 04/03/2026) |
| 04/09/2026 | 18 | MINUTE entry before the Honorable Steven C. Seeger: The motions for leave to appear pro hac vice (Dckt. Nos. 15 , 16 , 17 ) are granted. Attorney Joseph Donald Mantegani, Elaine Goldenberg, and Jennifer Bryant are added as counsel for Costco Wholesale Corporation. Mailed notice. (jjr, ) (Entered: 04/09/2026) |
| 04/15/2026 | 19 | ATTORNEY Appearance for Defendant Costco Wholesale Corporation by Christopher B. Wilson (Wilson, Christopher) (Entered: 04/15/2026) |
| 04/15/2026 | 20 | ATTORNEY Appearance for Defendant Costco Wholesale Corporation by Spencer Gottlieb (Gottlieb, Spencer) (Entered: 04/15/2026) |
| 04/20/2026 | 21 | MINUTE entry before the Honorable Steven C. Seeger: An initial status report is due by May 25, 2026. Counsel must read the Standing Order entitled "Initial Status Conferences and Joint Initial Status Reports" on the Court's website. The parties must confer as required by Rule 26(f) about the nature, scope, and duration of discovery. The parties must submit two documents to the Court. First, the parties must file the Joint Initial Status Report under Rule 26(f) on the docket. A Word version of the Joint Initial Status Report is available on the Court's website. All parties must participate in the preparation and filing of the Joint Initial Status Report. The Court requires a joint report, so a filing by one side or the other is not sufficient. Second, the parties must email a Word version of a proposed Scheduling Order under Rule 16(b) to the Court's proposed order inbox. Lead counsel for the parties must participate in filing the initial status report. Plaintiff must serve this Order on all other parties. If the defendant has not been served with process, plaintiff's counsel must contact the Courtroom Deputy at jessica_j_ramos@ilnd.uscourts.gov to reschedule the initial status report deadline. Plaintiff should not file the Joint Initial Status Report before the defendant(s) has been served with process. The parties must discuss settlement in good faith and make a serious attempt to resolve this case amicably. All counsel of record must read and comply with this Court's Standing Orders on its webpage. Please pay special attention to the Standing Orders about Depositions and Discovery. Mailed notice.Mailed notice (jjr, ) (Entered: 04/20/2026) |
| 05/18/2026 | 22 | MOTION by Defendant Costco Wholesale Corporation to dismiss *Complaint Under Rules 12(b)(1) and 12(b)(6)*<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(BRIAN, BRAD) (Entered: 05/18/2026) |
| 05/18/2026 | 23 | MEMORANDUM by Costco Wholesale Corporation in support of motion to dismiss 22 (BRIAN, BRAD) (Entered: 05/18/2026) |
| 05/19/2026 | 24 | MINUTE entry before the Honorable Steven C. Seeger: The Court sets the following briefing schedule on the motion to dismiss. (Dckt. No. 22 ) Plaintiff shall respond to the motion to dismiss by June 16, 2026. Defendant's reply is due by June 30, 2026. Mailed notice. (jjr, ) (Entered: 05/19/2026) |
| 05/25/2026 | 25 | STATUS Report *filed jointly by the Parties* by Matthew Stockov<br><br>(Cortazar, Ryan) (Entered: 05/25/2026) |
| 06/16/2026 | 26 | RESPONSE by Matthew Stockovin Opposition to MOTION by Defendant Costco Wholesale Corporation to dismiss *Complaint Under Rules 12(b)(1) and 12(b)(6)*<br><br>22 (Attachments: # 1 Exhibit 1)(Cortazar, Ryan) (Entered: 06/16/2026) |
| 06/30/2026 | 27 | RESPONSE by Costco Wholesale Corporationin Support of MOTION by Defendant Costco Wholesale Corporation to dismiss *Complaint Under Rules 12(b)(1) and 12(b)(6)*<br><br>22 (BRIAN, BRAD) (Entered: 06/30/2026) |
| 08/05/2026 | 28 | NOTICE by Costco Wholesale Corporation re MOTION by Defendant Costco Wholesale Corporation to dismiss *Complaint Under Rules 12(b)(1) and 12(b)(6)*<br><br>22 *Notice Related to Pending Motion to Dismiss* (BRIAN, BRAD) (Entered: 08/05/2026) |

George A. Zelcs (IL Bar No. 3123738)
Ryan Z. Cortazar (IL Bar No. 6323766)
Korein Tillery LLC
205 N Michigan Ave., Suite 1950
Chicago, IL 60601
312-641-9750
gzelcs@koreintillery.com
rcortazar@koreintillery.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW STOCKOV, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This class action arises from Costco's retention of windfall profits generated by the unlawful tariffs imposed by the Trump Administration under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.* This windfall is a direct result of Costco systematically passing on the costs of IEEPA tariffs to its own customers.

2. This particular dispute stems from Costco's statements and actions around a structural inequity in the tariff refund process. While the importer of record is the only party that may recover a refund from the government for an improperly assessed tariff, the importer is often nothing more than a pass-through vehicle. Frequently, the importer simply fronts the cost of the tariff, and is made whole by imposing higher prices on consumers. The consumer, for all intents and purposes, pays the tariff.

3. And yet, even when the Supreme Court strikes down an unlawful tariff, the truly injured parties possess no direct avenue for redress. American consumers who bore the economic burden of these tariffs possess no statutory cause of action in the Court of International Trade ("CIT") — only the importer of record has standing to seek a refund, regardless of who ultimately paid. Large corporations, even those who passed 100 percent (or more) of the tariff burden onto customers, remain fully empowered to recover a complete refund for any unlawful tariffs they paid.

4. This is no hypothetical. Thousands of companies—including Costco—have filed lawsuits in the CIT, actively seeking refunds for every cent of their IEEPA tariff bill. If they succeed, they will not be obligated to return money to their customers under federal trade law. This despite estimates from Goldman Sachs that U.S. consumers are "shouldering two-thirds of President Trump's new tariff costs."[1]

5. This lawsuit seeks to prevent Costco, the third-largest retailer in the world, from double recovery. Costco has made no commitment to return any portion of anticipated tariff refunds to the consumers who bore those costs. On March 5, 2026—just days before this complaint was filed—Costco's CEO Ron Vachris, while acknowledging the company might receive IEEPA tariff

[1] Nick Lichtenberg, *Goldman Sachs doubles down on tariff research that infuriated Trump, saying average Americans will bear two-thirds of the costs*, FORTUNE (Aug. 13, 2025), https://fortune.com/2025/08/13/goldman-sachs-tariffs-donald-trump-david-solomon-dj/.

refunds, stated only that any such refunds would be used to provide "lower prices and better values" to Costco members generally. That commitment, to the extent it exists at all, is not a commitment to compensate the specific individuals who paid elevated prices during the Class Period—it is a promise of possible future benefit to an indeterminate group of future shoppers. Costco's simultaneous recoupment of tariff costs from consumers through elevated pricing and from the government through court-ordered tariff refunds constitutes unjust enrichment at the expense of the Classes.

6. Therefore, Plaintiff seeks a judgment that Costco is obligated to return to Plaintiff and proposed Class Members all IEEPA duties passed on to customers in the form of higher prices on products, with interest.

7. Plaintiff and the Classes are entitled to restitution of the tariff overcharges they paid, or a proportionate share of any tariff refunds Costco recovers, together with interest, reasonable attorneys' fees, and costs.

## PLAINTIFF

8. Plaintiff Matthew Stockov is a resident of this District.

9. Mr. Stockov is a Costco member. Within the Class Period, Mr. Stockov purchased from Costco electronics, food products, household items, small appliances, and health and hygiene products imported from countries subject to IEEPA tariffs, at prices inflated by Costco's pass-through of IEEPA tariff costs.

## DEFENDANT

10. Defendant Costco Wholesale Corporation ("Costco") is a Washington corporation, publicly traded under the Nasdaq ticker symbol "COST," with its principal place of business at 999 Lake Dr, Issaquah, WA 98027.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because the proposed Class contains more than 100 persons, the aggregate amount in controversy exceeds $5,000,000, and Mr. Stockov and at least one proposed Class Member are citizens of a state different from Defendant.

12. This Court has personal jurisdiction over Costco because it conducts continuous business in the state of Illinois, including the operation of twenty-three warehouse stores across the state. Costco ships goods to and from Illinois on a daily basis, and maintains a regional office in Oak Brook, IL.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because Mr. Stockov resides in this District, and a substantial portion of the events giving rise to this action occurred in this District, including Mr. Stockov's purchases of tariffed goods at a Costco warehouse in Illinois.

## NATURE OF THE ACTION

### I. Costco’s Business Model

14. Costco, the world’s third largest retailer, operates a chain of membership warehouses that serves millions of customers. Costco sells an enormous quantity and variety of goods, including groceries, appliances, tires, toys, hardware, sporting goods, cameras, books, housewares, apparel, health and beauty aids, furniture, and office equipment.

15. With certain exceptions, customers must buy a membership before purchasing goods from a Costco warehouse, Costco’s website or Costco’s mobile app. Annual membership fees range from $65 to $130.

16. Customers pay these annual fees in exchange for access to low pricing on a vast array of goods. This is Costco’s core value proposition. Historically, this approach has meant that Costco must contend with “significantly lower gross margins (net sales less merchandise costs) than most other retailers.”[2]

17. This strategy has been very successful. In fiscal year 2025, Costco enjoyed net sales of nearly $270 billion.

### II. Overview of the IEEPA Tariffs

18. Beginning in February 2025, President Trump issued a series of executive orders to impose tariffs on goods imported from most foreign countries, including Canada, Mexico, China, and other U.S. trading partners. Each executive order was premised on IEEPA authorization of the tariffs.

---

[2] Costco Wholesale Corp., Form 10-Q for the quarterly period ended November 23, 2025.

President Trump claimed that these tariffs were justified under IEEPA because of a purported national emergency.

19. Under the authority of IEEPA, President Trump imposed tariffs of 25 percent on most imports from Canada and Mexico, tariffs as high as 145 percent from China, and a baseline 10 percent tariff on nearly all imports to the United States.

20. On February 20, 2026, the Supreme Court invalidated all IEEPA-based tariffs. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026) (slip op. at 20).

21. President Trump subsequently issued an Executive Order terminating the IEEPA Tariffs.

22. On February 22, 2026, U.S. Customs and Border Protection ("CBP") issued CSMS #67834313, announcing that it will halt collection of all tariffs imposed pursuant to IEEPA. The termination of IEEPA tariffs took effect at 12:00 a.m. ET on February 24, 2026.

**III. Costco's Response to the IEEPA Tariffs**

23. Costco is a major importer of consumer goods into the United States. Of the top one-hundred U.S. importers in 2024, Costco was in the top thirty-five.[3]

24. Roughly a third of Costco's U.S. sales are imports, and two-thirds of those are in non-food categories. Goods from China account for about eight percent of Costco's U.S. sales, which is significant given the inordinately high tariff rates imposed on Chinese imports under IEEPA. Costco also imports heavily from Canada and Mexico.

25. Throughout the Class Period, Costco paid IEEPA tariffs to CBP. Costco, like most U.S. firms, passed the bulk of the tariff burden onto consumers. This is supported by Costco's own data: in the quarterly period ended November 23, 2025, Costco's gross margin as a percentage of sales increased by four basis points year-over-year, with 'core on core' margins rising thirty basis points.[4] In the quarterly period ended February 15, 2026, Costco's gross margin increased seventeen

[3] 2025 Journal of Commerce Top 100 US Importers. Ranked by annual containerized US imports in 2024, in laden TEUs ((Twenty-foot Equivalent Units). Top 100 Importer/Exporter Rankings: Largest US shippers outpace hot market-Industry News-Concord Freight System.

[4] Costco Wholesale Corp., Q1 2026 Investor Presentation, https://s201.q4cdn.com/287523651/files/doc_presentations/2025/Dec/11/Q1-FY-26-Earnings-Supplement.pdf.

basis points, with 'core on core' margins rising twenty-two basis points.[5] The core-on-core figure—which isolates the underlying merchandising margins—reflects Costco's sustained ability to expand margins throughout the tariff period.

26. Costco was able to expand margins during the peak of the IEEPA tariff regime by selectively raising prices on tariffed goods. The higher prices consumers paid were a consequence of Costco's increased cost of importation. Absent the imposition of the unlawful IEEPA tariffs, Costco would not have needed to raise prices on consumers in this way.

27. Even while Costco was raising prices on consumers, it was making public statements that obscured its actual conduct. This manifested in Costco's messaging about "never succumb[ing] to not being the best price" during the Class Period.[6]

28. Moreover, on an earnings conference call in May 2025, Costco CFO Gary Millerchip stated that "[a]s we navigate an evolving environment with tariffs . . . raising prices is always seen as a last resort."[7] Millerchip made this statement in the context of other retailers—including its rival Wal-Mart—candidly acknowledging that they would have to raise prices in response to the tariffs.

29. This statement is belied not only by the margin data, but alspby Millerchip's answer to a question later on that *very same call.* Responding to an inquiry about Costco's response to the Trump tariffs, Millerchip acknowledged that Costco *had already* raised prices on some products. Millerchip acknowledged that, for certain products Costco sources from Central and South America, "we saw inflation as a result from tariffs," and conceded that "we did increase some price there because *we felt that was something that the member would be able to absorb*."

30. Costco's price increases have been corroborated by first-hand accounts from Costco members. A Reddit user in September 2025, after having just spent $225 at Costco on items including milk, eggs, diapers, school snacks, coffee, and toilet paper, noted "significant price increases on [a]

---

[5] Costco Wholesale Corp., Q2 2026 Investor Presentation, https://s201.q4cdn.com/287523651/files/doc_presentations/2026/Mar/05/Q2-FY-26-Earnings-Supplement.pdf.

[6] Maurie Backman, *Costco vows to keep prices low even as inflation pressures shoppers*, THE STREET (Dec. 18, 2025), https://finance.yahoo.com/news/costco-makes-bold-promise-prices-020300326.html.

[7] Costco Wholesale Corp., Q3 2025 Earnings Call, https://finance.yahoo.com/quote/COST/earnings/COST-Q3-2025-earnings_call-325305.html.

majority of the items."[8] In October 2025, a Facebook user posted that he "was at Costco last week and prices have jumped almost 30% from last month," and that despite seeing "price hikes at all the grocery stores," "Costco has hiked higher than most."[9]

31. As a direct result of Costco's tariff pass-through pricing, Class Members paid more for tariffed goods than they would have paid absent the unlawful IEEPA tariffs.

**IV. Costco's CIT Lawsuit and Anticipated Tariff Refunds**

32. On November 28, 2025, Costco filed a complaint in the United States Court of International Trade. *Costco Wholesale Corp. v. U.S. Customs & Border Prot.*, No. 1:25-cv-00316 (Ct. Int'l Trade Nov. 28, 2025). In this complaint, Costco sought a declaratory judgment that the IEEPA tariff orders are unlawful and that Costco is not obligated to pay them, and an order mandating a refund of the IEEPA tariff duties Costco already paid. On December 3, 2025, Costco's lawsuit was consolidated with other importers seeking refunds in *AGS Company Automotive Solutions v. United States Customs and Border Protection*, 1:25-cv-00255, (Ct. Intl. Trade).

33. On December 23, 2025, the Court of International Trade issued an order staying the consolidated case pending the Supreme Court's resolution of the IEEPA tariffs.

34. In the wake of the Supreme Court's decision in *Learning Resources*, Costco and nearly 2,000 other importers are attempting to recover tariff refunds from the government. They appear likely to succeed. On March 4, 2026, the Court of International Trade ordered refunds of IEEPA tariffs, holding that "[a]ll importers of record" are "entitled to the benefit" of the Supreme Court ruling that struck down the IEEPA tariffs. *Atmus Filtration, Inc. v. United States*, No. 26-01259, Order at 1 (Ct. Int'l Trade Mar. 4, 2026), ECF No. 21. The Court ordered CBP to liquidate any and all unliquidated entries subject to IEEPA tariffs "without regard to IEEPA duties," and ordered that "[a]ny liquidated entries for which liquidation is not final shall be reliquidated without regard to IEEPA duties." *Id.* at 2–3.

35. According to Brandon Lord, the Executive Director of CBP's Trade Programs Directorate, as of March 4, 2026, the total amount of IEEPA duties and estimated duty deposits

[8] Angry walking out of Costco : r/MiddleClassFinance.
[9] Maui Stores Updates | I was at Costco last week and prices have jumped almost 30% from last month | Facebook.

collected pursuant to IEEPA is approximately $166 billion. *Atmus*, ECF No. 31 at 6. Costco, as one of the country's largest importers, is entitled to at least hundreds of millions — and potentially more than one billion dollars — in refunds.

36. This presents an obvious problem. Although Costco will recover tariff refunds on the tariffed goods it sold, Costco's customers bore the economic brunt of these tariffs by paying higher prices set by Costco. The risk of Costco obtaining double recovery is therefore imminent.

37. Costco is poised to be paid twice for the same unlawful tariff burden: once by its customers (through elevated prices) and once by the U.S. government (through tariff refunds).

38. On March 5, 2026, the day after the CIT's refund order in *Atmus Filtration*, Costco CEO Ron Vachris stated that if Costco receives IEEPA tariff refunds, the company intends only to use this money to provide "lower prices and better values" in the future. That hypothetical action would not make the Class whole. Returning value "through lower prices" to an indeterminate group of future shoppers is not restitution to the identified individuals who paid inflated prices during the Class Period. It is a commitment to benefit future purchasers at the expense of past ones, and it is not a legally cognizable substitute for the relief sought herein.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself and as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2), (b)(3), and (c)(4) on behalf of the following proposed Class:

> **Proposed Class:** All persons in the United States that purchased, from any Costco retail channel, any good subject to the tariffs imposed under IEEPA, during the period February 1, 2025 through February 24, 2026.

40. Additionally, pursuant to Federal Rules of Civil Procedure 23(b)(2), (b)(3), and (c)(4), Plaintiff brings this action on behalf of the following proposed Consumer-Statute Subclass:

> **Proposed Subclass**: All persons in the states of Illinois, California, Florida, Michigan, Missouri, New Jersey, New York, Ohio, Washington, and Wisconsin that purchased, from any Costco retail channel, any good subject to the tariffs imposed under IEEPA, during the period February 1, 2025 through February 24, 2026.

41. Collectively, the Class and Subclass are referred to as the "Classes" or "Class Members."

42. Excluded from the Classes are: (a) Defendant; (b) subsidiaries and affiliates of Defendant; (c) any person or entity who is an officer, director, employee, or controlling person of Defendant; (d) any entity in which Defendant has a controlling interest; (e) the legal representatives, heirs, successors, and assigns of any excluded party; and (f) any judicial officer presiding over this action, the members of his or her immediate family and staff, and any juror assigned to this action.

43. **Numerosity**. The Members of the Classes are so numerous that joinder of all Members is impracticable. Costco operates six hundred and thirty-four locations in the United States and Puerto Rico, which serve tens of millions of customers. Costco sells millions of products each month, and upon information and belief, there are tens of millions of people in the proposed Classes.

44. **Typicality**. Plaintiff's claims are typical of the claims of the Members of the Classes. Throughout the Class Period, Mr. Stockov purchased from Costco electronics, food products, household items, small appliances, and health and hygiene products imported from countries subject to IEEPA tariffs, at prices inflated by Costco's pass-through of IEEPA tariff costs. Plaintiff's claims are also typical of the other Class Members in that Plaintiff has been damaged as a result of paying an unfairly elevated price to Costco.

45. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the putative Classes and has retained counsel competent and experienced in class action litigation. Plaintiff is committed to the vigorous prosecution of this action and has no interests that are adverse or antagonistic to the Classes.

46. **Superiority**. A class action is superior to any other available means for the fair and efficient adjudication of the Classes' claims. The damages suffered by certain individual Members of the Classes are relatively small compared to the burden of individual prosecution of the complex litigation required to recover from Costco. It would be impractical for most, if not all, Class Members to seek relief on an individual basis. Furthermore, individual litigation could result in thousands of individual lawsuits, introducing the risk of inconsistent judgments and increasing the delay and expense to all parties. In contrast, a class action would present far fewer administrative difficulties.

The Members of the Classes are ascertainable through methods typical of class action practice and procedure, including through Costco's own records. Indeed, Costco links every purchase to a membership account and maintains a complete transactional record.[10]

47. **Predominance of Common Questions of Law and Fact.** Numerous questions of law and fact are common to Plaintiff and all Members of the Classes. These common questions will result in common answers for all Class Members that will impact the resolution of the claims on grounds equally applicable to all Class Members. These common questions, which predominate over any questions affecting only individual Class Members, include, but are not limited to:

A. Whether the higher prices that consumers paid for Costco's products are attributable to the cost of IEEPA tariffs;

B. Whether Costco is obligated to return IEEPA duties to the consumers who paid them in the form of higher prices;

C. Whether Costco's retention of elevated consumer payments constitutes unjust enrichment;

D. Whether Costco acted unfairly or deceptively by upcharging consumers in response to tariff-related costs while making statements to the contrary and then retaining any reimbursements of those tariff charges;

E. Whether Costco's conduct constitutes an unfair practice under the consumer statutes by simultaneously collecting consumer tariff pass-throughs while misrepresenting that pass-through practice and pursuing government refunds without disclosing that arrangement or establishing a consumer refund mechanism;

F. Whether Costco's failure to disclose its pending CIT lawsuit to members at the point of sale or otherwise constitutes a material omission or misrepresentation under the consumer statutes;

G. Whether Costco's conduct has harmed Plaintiff and the Classes uniformly;

H. The measure of damages available to Plaintiff and the Classes due to increased prices caused by Costco's tariff pass-through; and

I. Whether restitution is the appropriate measure of relief, and if so, the appropriate amount.

[10] Costco, How do I view my receipts for in-warehouse purchases?

48. **Rule 23(b)(2) Class Certification.** Costco has acted in a manner that applies generally to the proposed Class, making both declaratory and injunctive relief appropriate with respect to the proposed Class as a whole. Costco's decision to raise prices on goods subject to IEEPA duties, and then seek a blanket refund from the government without committing to establish any customer refund mechanism warrants class-wide declaratory and injunctive relief.

**COUNT I**
**Violation of State Consumer Fraud Statutes**
**(On Behalf of the Consumer-Statute Subclass)**

49. Plaintiff incorporates the foregoing allegations in this complaint as if fully set forth herein.

50. Costco engaged in unfair and deceptive trade practices by:

a. charging customers prices inflated by tariff costs while representing that it would only raise prices to cover the cost of tariffs as a "last resort" on a public investor earnings call, which was widely reported in consumer-facing media, including Reuters, CNBC, Bloomberg, and other national publications covering Costco's tariff pricing decisions. Upon information and belief, these reports were accessible to and known by Costco members, who reasonably relied on Costco's public pricing representations in their decisions to continue purchasing from Costco during the Class Period. Plaintiff Stockov was aware of Costco's public representations regarding its commitment to low pricing and relied on Costco's pricing positioning in making his purchases during the Class Period.

b. failing to disclose to customers that it did not intend to share with members the benefit of any government tariff refund. Costco possessed superior and exclusive knowledge that (i) it was simultaneously raising prices on tariffed goods while (ii) it had filed the CIT Lawsuit on November 28, 2025, seeking a full refund of those same tariff costs. Costco's members had no reasonable means to know that Costco was pursuing a government refund for costs it was actively passing through to them. This information was material: a reasonable consumer would not have paid

tariff-inflated prices knowing Costco intended to seek a government refund for those same costs without compensating the consumers who paid them; and

c. engaging in conduct that is independently unfair under the consumer statutes' unfairness provisions because Costco's misrepresentations about its pricing policy and retention of tariff refunds (1) offend public policy, (2) are immoral, oppressive, or unscrupulous, and (3) cause substantial injury to consumers.

51. Plaintiff and the Consumer-Statute Subclass were damaged as a proximate result of Costco's unfair and deceptive practices, in an amount equal to the tariff cost component embedded in the prices they paid.

52. By engaging in the foregoing conduct, Costco has engaged in unfair competition or unfair or deceptive acts in violation of the following state unfair and deceptive trade practices and consumer protection statutes:

a. 815 Ill. Comp. Stat. §§ 505/1 *et seq.* with respect to Class Members' Costco purchases made in Illinois and/or Costco purchases by Illinois residents;

b. Cal. Bus. & Prof. Code §§ 17200 *et seq.*, with respect to Class Members' Costco purchases made in California and/or Costco purchases by California residents;

c. Fla. Stat. §§ 501.201 *et seq.*, with respect to Class Members' Costco purchases made in Florida and/or Costco purchases by Florida residents;

d. Mich. Comp. Laws §§ 445.901 *et seq.*, with respect to Class Members' Costco purchases made in Michigan and/or Costco purchases by Michigan residents;

e. Mo. Rev. Stat. §§ 407.010 *et seq.* with respect to Class Members' Costco purchases made in Missouri and/or Costco purchases by Missouri residents;

f. N.J. Stat. Ann. §§ 56:8-1 *et seq.*, with respect to Class Members' Costco purchases made in New Jersey and/or Costco purchases by New Jersey residents;

g. N.Y. Gen. Bus. Law §§ 349 *et seq.*, with respect to Class Members' Costco purchases made in New York and/or Costco purchases by New York residents;

h. Ohio Rev. Code Ann. §§ 1345.01 *et seq.*, with respect to Class Members' Costco purchases made in Ohio and/or Costco purchases by Ohio residents;

i. Wash. Rev. Code §§ 19.86 *et seq.*, with respect to Class Members' Costco purchases made in Washington and/or Costco purchases by Washington residents;

j. Wis. Stat. §§ 100.18 *et seq.*, with respect to Class Members' Costco purchases made in Wisconsin and/or Costco purchases by Wisconsin residents.

53. Plaintiff and the Consumer-Statute Subclass are entitled to actual damages, injunctive relief, attorneys' fees, and such other relief as the Court deems appropriate.

**COUNT II**
**QUASI CONTRACT / UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Classes)**

54. Plaintiff incorporates the foregoing allegations in this complaint as if fully set forth herein.

55. Plaintiff and the Classes conferred a benefit upon Costco in the form of the inflated prices they paid on a wide array of goods subject to the IEEPA tariffs. These inflated prices were caused by Costco's attempt to pass on the costs of the IEEPA tariffs.

56. Costco is now in the process of recovering from the government the same tariff costs it collected from its customers. Costco has already been enriched by the inflated prices paid by Plaintiff and the Classes, and its recovery of the same tariff costs from the government compounds that enrichment.

57. Under the circumstances detailed in this Complaint, equity requires that Costco pay Plaintiff and the Classes any IEEPA tariff costs passed through to customers, the amount of which will be proven at trial.

**COUNT III**
**Money Had and Received**
**(On Behalf of Plaintiff and the Classes)**

58. Plaintiff incorporates the foregoing allegations in this complaint as if fully set forth herein.

59. Costco received money from Plaintiff and from each Member of the proposed Class in the form of higher prices proximately caused by the pass-through of IEEPA tariff costs.

60. Costco received this money for the purpose of repaying itself the IEEPA tariffs it had advanced, as the importer of record, to CBP as duties on imported goods.

61. The Supreme Court has since determined that those tariffs lacked the requisite statutory authorization.

62. The money that consumers paid above and beyond what they would have paid absent the IEEPA tariffs belonged to Plaintiff and to each Member of the proposed Class.

63. Defendant has not returned the money.

64. In equity and good conscience, Costco should not be permitted to retain the funds consumers paid above and beyond what they would have absent the IEEPA tariffs. The money belongs to Plaintiff and the Classes, and Costco is obligated to return it. This Count is pleaded in the alternative to Count II. While Count II (Unjust Enrichment) addresses the inequity of Costco's retention of consumer overcharges already collected, this Count more particularly addresses Costco's receipt and anticipated retention of government refund proceeds that, in equity, represent a return of money that was economically borne by Members of the Classes, not by Costco.

## PRAYER FOR RELIEF

Plaintiff requests that the Court provide the following relief:

65. Determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23 and direct that notice of this action be given to Members of the Class;

66. Enter an order declaring that Costco's actions violate the state consumer protection statutes and/or equitable principles underlying claims for unjust enrichment and money had and received;

67. Award Plaintiff and the Class damages or restitution in the amount to be determined at trial that Costco was unjustly enriched by the tariff-cost component of prices charged to Class Members;

68. Award Plaintiff and the Consumer-Statute Subclass actual damages, and such other statutory relief as is available, pursuant to the state consumer-protection statutes, in an amount to be determined at trial;

69. Enter a declaration that Costco is obligated to return to Plaintiff and proposed Class Members all IEEPA duties passed on to customers in the form of higher prices on products, with interest;

70. Award prejudgment and post-judgment interest;

71. Award Plaintiff reasonable attorneys' fees and costs; and

72. Grant such other equitable relief as the Court may deem just and proper.

**DEMAND FOR A JURY TRIAL**

73. In accordance with Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 11, 2026

Respectfully submitted,

By: /s/ George A. Zelcs

George A. Zelcs (IL Bar No. 3123738)
Ryan Z. Cortazar (IL Bar No. 6323766)
Korein Tillery LLC
205 N Michigan Ave., Suite 1950
Chicago, IL 60601
312-641-9750
gzelcs@koreintillery.com
rcortazar@koreintillery.com

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. ***(See instructions on next page of this form.)***

## I. (a) PLAINTIFFS

MATTHEW STOCKOV, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff Cook
***(Except in U.S. plaintiff cases)***

**(c)** Attorneys *(firm name, address, and telephone number)*

Korein Tillery LLC 205 North Michigan Avenue Suite 1950 Chicago, IL 60601

## DEFENDANTS

COSTCO WHOLESALE CORPORATION

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check **one** box, only.)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government not a party.)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*

*(Check **one** box, only for plaintiff and **one** box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check **one** box, only.)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans)
☐ 153 Recovery of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
☐ 820 Copyright
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☒ 890 Other Statutory Actions
☐ 891 Agricultural Arts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 Amer. w/ Disabilities- Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
☐ 465 Other Immigration Actions

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAXES**
☐ 870 Taxes (U.S. Plaintiff or Defendant
☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check **one** box, only.)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District (specify)
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

State Consumer Fraud Statutes

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☒ Check if this is a **class action** under Rule 23, F.R.CV.P.

**Demand $** $1,100,000,000

**CHECK Yes only if demanded in complaint:**
**Jury Demand:** ☒ Yes ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions)*:

Judge
Case Number

## X. Is this a previously dismissed or remanded case?

☐ **Yes** ☒ **No** **If yes, Case #** **Name of Judge**

**Date:** March 11, 2026

**Signature of Attorney of Record** /s/ George A. Zelcs

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.