# EXHIBIT 11

ACO,CONSOLIDATED,DJI

**U.S. District Court**
**Eastern District of New York (Brooklyn)**
**CIVIL DOCKET FOR CASE #: 1:26-cv-01133-RER-PCG**

Burgh v. EssilorLuxottica S.A. et al
Assigned to: Judge Ramon E. Reyes, Jr
Referred to: Magistrate Judge Peggy Cross-Goldenberg
Cause: 28:1330 Breach of Contract

Date Filed: 02/26/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Nathan Ward**
*TERMINATED: 07/02/2026*

represented by

**Charles R. Toomajian , III**
Zimmerman Reed, LLP
1100 IDS Tower
80 S 8th St
Minneapolis, MN 55402
413-652-1918
Email: charles.toomajian@zimmreed.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**June P. Hoidal**
Zimmerman Reed LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-341-0400
Email: june.hoidal@zimmreed.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katja Lange**
Zimmerman Reed LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
612-341-0400
Email: katja.lange@zimmreed.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Laird**
Zimmerman Reed LLP
1100 Ids Center
80 South 8th Street
Minneapolis, MN 55402
612-341-0400
Fax: 612-341-0844
Email: michael.laird@zimmreed.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Raphael Janove**
Janove PLLC
Janove PLLC
115 Broadway
5th Floor
New York, NY 10006
646-347-3940
Fax: 347-696-1227
Email: raphael@janove.law
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Amando Mercado** represented by **Raphael Janove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Louis Burgh** represented by **Raphael Janove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher Figler** represented by **Raphael Janove**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Xochilt Smith** represented by **BRADLEY K KING**
Ahdoot & Wolfson, PC
521 5th Avenue
Ste 17th Floor
New York, NY 10175
917-336-0171
Fax: 917-336-0177
Email: bking@ahdootwolfson.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**EssilorLuxottica S.A.** represented by **Henry W. Leung**
Crowell & Moring LLP
3 Embarcadero Center
Floor 26
San Francisco, CA 94111
415-365-7232
Email: hleung@crowell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Gilbert**
Crowell & Moring LLP

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
212-895-4226
Fax: 212-223-4134
Email: sgilbert@crowell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Luxottica of America, Inc.** represented by **Henry W. Leung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Essilor of America, Inc.** represented by **Henry W. Leung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**EssilorLuxottica USA Inc** represented by **Henry W. Leung**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2026 | 1 | COMPLAINT against Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc. filing fee $ 405, receipt number ANYEDC-19951818 Was the Disclosure Statement on Civil Cover Sheet completed -No,, filed by Nathan Ward. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet and Attachment, # 2 Proposed Summons Proposed Summons) (Janove, Raphael) (Entered: 02/26/2026) |
| 02/27/2026 | | Case Assigned to Judge Ramon E. Reyes, Jr and Magistrate Judge Peggy Cross-Goldenberg. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (SDM) (Entered: 02/27/2026) |
| 02/27/2026 | 2 | Summons Issued as to Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc.. (SDM) (Entered: 02/27/2026) |

| | | |
|---|---|---|
| 02/27/2026 | 3 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf (SDM) (Entered: 02/27/2026) |
| 02/27/2026 | 4 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (SDM) (Entered: 02/27/2026) |
| 03/04/2026 | 5 | SUMMONS Returned Executed by Nathan Ward. Essilor of America, Inc. served on 3/2/2026, answer due 3/23/2026. (Janove, Raphael) (Entered: 03/04/2026) |
| 03/04/2026 | 6 | SUMMONS Returned Executed by Nathan Ward. Luxottica of America, Inc. served on 3/2/2026, answer due 3/23/2026. (Janove, Raphael) (Entered: 03/04/2026) |
| 03/11/2026 | 7 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-19992801 by Nathan Ward. (Attachments: # 1 Affidavit in Support of Michael Laird's Motion to Admit Counsel Pro Hac Vice, # 2 Exhibit State of MN Certificate of Good Standing (Michael Laird)) (Laird, Michael) (Entered: 03/11/2026) |
| 03/12/2026 | 8 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-19998116 by Nathan Ward. (Attachments: # 1 Affidavit in Support of Motion to Admit Charles R. Toomajian III Pro Hac Vice, # 2 Exhibit States of CA and MN Certificates of Good Standing (Charles Toomajian)) (Toomajian, Charles) (Entered: 03/12/2026) |
| 03/12/2026 | 9 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-19998543 by Nathan Ward. (Attachments: # 1 Affidavit in Support of Motion to Admit Katja Lange Pro Hac Vice, # 2 Exhibit State of MN Certificate of Good Standing (Katja Lange)) (Lange, Katja) (Entered: 03/12/2026) |
| 03/13/2026 | 10 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-20000732 by Nathan Ward. (Attachments: # 1 Affidavit in Support of Motion to Admit June Hoidal Pro Hac Vice, # 2 Exhibit State of MN Certificate of Good Standing (June Hoidal)) (Hoidal, June ) (Entered: 03/13/2026) |
| 03/13/2026 | | ORDER granting 7 , 8 , 9 , 10 Motions for Leave to Appear Pro Hac Vice. Each attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, each attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, each attorney shall ensure that the $200 admission fee is submitted to the Clerk's Office via filing the event *Pro Hac Vice Filing Fee*, if they have not already done so. Ordered by Magistrate Judge Peggy Cross-Goldenberg on 3/13/2026. (CBG) (Entered: 03/13/2026) |
| 03/16/2026 | 11 | NOTICE of Appearance by June P. Hoidal on behalf of Nathan Ward (notification declined or already on case) (Hoidal, June) (Entered: 03/16/2026) |
| 03/16/2026 | 12 | NOTICE of Appearance by Michael Laird on behalf of Nathan Ward (notification declined or already on case) (Laird, Michael) (Entered: 03/16/2026) |
| 03/16/2026 | 13 | NOTICE of Appearance by Charles R. Toomajian, III on behalf of Nathan Ward (notification declined or already on case) (Toomajian, Charles) (Entered: 03/16/2026) |

| | | |
|---|---|---|
| 03/16/2026 | 14 | NOTICE of Appearance by Katja Lange on behalf of Nathan Ward (notification declined or already on case) (Lange, Katja) (Entered: 03/16/2026) |
| 03/18/2026 | 15 | NOTICE of Appearance by Sarah Gilbert on behalf of Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc. (aty to be noticed) (Gilbert, Sarah) (Entered: 03/18/2026) |
| 03/18/2026 | 16 | Corporate Disclosure Statement by EssilorLuxottica S.A. (Gilbert, Sarah) (Entered: 03/18/2026) |
| 03/18/2026 | 17 | Corporate Disclosure Statement by Luxottica of America, Inc. identifying Corporate Parent Luxottica Group S.p.A., Corporate Parent EssilorLuxottica S.A. for Luxottica of America, Inc.. (Gilbert, Sarah) (Entered: 03/18/2026) |
| 03/18/2026 | 18 | Corporate Disclosure Statement by Essilor of America, Inc. identifying Corporate Parent EssilorLuxottica S.A., Corporate Parent EOA Holding Co., Inc. for Essilor of America, Inc.. (Gilbert, Sarah) (Entered: 03/18/2026) |
| 03/18/2026 | 19 | Letter MOTION for Extension of Time to File Answer re 1 Complaint, *on consent,* by Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc.. (Gilbert, Sarah) (Entered: 03/18/2026) |
| 03/20/2026 | 20 | WAIVER OF SERVICE Returned Executed by Nathan Ward. EssilorLuxottica S.A. waiver sent on 3/18/2026, answer due 6/16/2026. (Toomajian, Charles) (Entered: 03/20/2026) |
| 03/20/2026 | | ORDER granting 19 Motion for Extension of Time to Answer. Defendants' Answer is due on **May 22, 2026**. Ordered by Magistrate Judge Peggy Cross-Goldenberg on 3/20/2026. (CBG) (Entered: 03/20/2026) |
| 03/31/2026 | 21 | NOTICE of Change of Address Once the filing has been made, you must login to www.pacer.gov and update your account. (Janove, Raphael) (Entered: 03/31/2026) |
| 05/20/2026 | 22 | Consent MOTION to Consolidate Cases *letter to Magistrate Judge Cross-Goldenberg* by Nathan Ward. (Toomajian, Charles) (Entered: 05/20/2026) |
| 05/22/2026 | | ORDER -- In light of the parties' 22 Motion to Consolidate Ward v. EssilorLuxottica S.A. et al., No. 1:26-cv-01133 (RER/PCG) and Smith v. EssilorLuxottica USA Inc. et al., No. 1:26-cv-02786 (JAM), the Court grants Defendants' Motion to Vacate the May 22, 2026 deadline to answer or otherwise respond to the complaint in Ward. The Court will address the parties' Motion to Consolidate and Motion for Leave to File a Consolidated Complaint in a subsequent Order. So Ordered by Magistrate Judge Peggy Cross-Goldenberg on 5/22/2026. (CBG) (Entered: 05/22/2026) |
| 05/29/2026 | | Case Consolidated. Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG(JHD) (Entered: 05/29/2026) |
| 05/29/2026 | | ORDER granting (22) Motion to Consolidate Cases in case 26-cv-01133-- The parties' joint request is hereby GRANTED. Ordered by Magistrate Judge Peggy Cross-Goldenberg on 5/29/2026. Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG (JHD) (Entered: 05/29/2026) |
| 06/02/2026 | | ORDER-- In light of the May 29, 2026 Order consolidating the cases, Defendants EssilorLuxottica USA Inc., Essilor of America Inc. and Luxottica of America Inc.'s deadline to answer or otherwise respond to the complaint filed in *Smith v. EssilorLuxottica USA Inc. et al* 26cv2786 is vacated. Plainitff is hereby **GRANTED** leave to file a consolidated complaint on or before **July 2, 2026**. Ordered by Magistrate Judge Peggy Cross-Goldenberg on 6/2/2026. Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG (JHD) (Entered: 06/02/2026) |

| | | |
|---|---|---|
| 06/03/2026 | | SCHEDULING ORDER-- An initial conference will be held before Magistrate Judge Peggy Cross-Goldenberg on **August 5, 2026, at 10:30am.** in Courtroom 322N. The parties must complete the linked proposed Discovery Plan and Scheduling Order and file it on ECF no later than **July 29, 2026** . Plaintiff's counsel is directed to ensure that all parties are aware of this conference. Counsel with knowledge of the case must attend the conference; per diem counsel may not appear without prior permission of the Court. Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG (JHD) (Entered: 06/03/2026) |
| 07/02/2026 | 23 | AMENDED COMPLAINT against Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc., EssilorLuxottica USA Inc., filed by Amando Mercado, Louis Burgh, Christopher Figler, Xochilt Smith.Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG (Janove, Raphael) (Entered: 07/02/2026) |
| 07/08/2026 | 24 | Consent MOTION for Extension of Time to File Answer re (23 in 1:26-cv-01133-RER-PCG, 9 in 1:26-cv-02786-RER-PCG) Amended Complaint, by Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc., Essilor of America Inc., EssilorLuxottica USA Inc., Luxottica of America Inc.. Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG (Gilbert, Sarah) (Entered: 07/08/2026) |
| 07/09/2026 | | ORDER granting 24 -- -- Defendants shall answer or otherwise respond to the Amended Complaint by **August 4, 2026**. So Ordered by Magistrate Judge Peggy Cross-Goldenberg on 7/9/2026. (JST) (Entered: 07/09/2026) |
| 07/20/2026 | 25 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-20445531 by Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc.. (Attachments: # 1 Declaration, # 2 CA Certificate of Good Standing, # 3 MA Certificate of Good Standing) (Leung, Henry) (Entered: 07/20/2026) |
| 07/21/2026 | | ORDER granting 25 Motion for Leave to Appear Pro Hac Vice. The attorney shall register for ECF, registration is available online at www.pacer.gov. Once registered, the attorney shall file a notice of appearance to ensure electronic notification of activity in this case. Also, the attorney shall ensure the $200.00 filing fee be submitted to the Clerks Office via filing the event *Pro Hac Vice Filing Fee.*. So Ordered by Magistrate Judge Peggy Cross-Goldenberg on 7/21/2026. (JST) (Entered: 07/21/2026) |
| 07/28/2026 | 26 | NOTICE of Appearance by Henry W. Leung on behalf of Essilor of America, Inc., EssilorLuxottica S.A., Luxottica of America, Inc. (notification declined or already on case) (Leung, Henry) (Entered: 07/28/2026) |
| 07/28/2026 | 27 | Consent MOTION to Appear by Telephone/Video by Xochilt Smith. (KING, BRADLEY) (Entered: 07/28/2026) |
| 07/29/2026 | 28 | Letter *Joint Letter Re: Discovery Plan and Scheduling Order* by Louis Burgh, Christopher Figler, Amando Mercado, Xochilt Smith (Janove, Raphael) (Entered: 07/29/2026) |
| 07/29/2026 | 29 | Letter MOTION for pre motion conference by Essilor of America, Inc., EssilorLuxottica S.A., EssilorLuxottica USA Inc, Luxottica of America, Inc.. (Gilbert, Sarah) (Entered: 07/29/2026) |
| 07/29/2026 | 30 | Proposed Scheduling Order *Discovery Plan and Proposed Scheduling Order* by Louis Burgh, Christopher Figler, Amando Mercado, Xochilt Smith (Janove, Raphael) (Entered: 07/29/2026) |
| 07/29/2026 | 31 | Letter MOTION to Stay *discovery pending resolution of defendants' anticipated motion to dismiss,* by Essilor of America, Inc., EssilorLuxottica S.A., EssilorLuxottica USA Inc, Luxottica of America, Inc.. (Gilbert, Sarah) (Entered: 07/29/2026) |

| | | |
|---|---|---|
| 07/31/2026 | | ORDER granting (27) Motion to Appear by Telephone/Video in case 1:26-cv-01133-- The initial conference to be held before Magistrate Judge Peggy Cross-Goldenberg on August 5, 2026, at 10:30am will now be held by zoom. The parties are directed to join five minutes before the scheduled start using the linked zoom invite or meeting ID: 165 816 5783 and passcode: 528405. Ordered by Magistrate Judge Peggy Cross-Goldenberg on 7/31/2026. Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG (JHD) (Entered: 07/31/2026) |
| 07/31/2026 | | ORDER -- The initial conference scheduled for August 5, 2026 is hereby adjourned *sine die* until resolution of the Defendants' premotion conference letter currently pending in Case No. 26-cv-1133. (See Dkt. No. 29 in Case No. 26-cv-1133). So Ordered by Magistrate Judge Peggy Cross-Goldenberg on 7/31/2026. Associated Cases: 1:26-cv-01133-RER-PCG, 1:26-cv-02786-RER-PCG (JST) (Entered: 07/31/2026) |
| 08/05/2026 | 32 | RESPONSE to Motion re 29 Letter MOTION for pre motion conference *Plaintiffs' Response to Defendants' Letter Motion for a Pre-Motion Conference* filed by Louis Burgh, Christopher Figler, Amando Mercado, Xochilt Smith. (Janove, Raphael) (Entered: 08/05/2026) |
| 08/05/2026 | 33 | RESPONSE in Opposition re 31 Letter MOTION to Stay *discovery pending resolution of defendants' anticipated motion to dismiss, Plaintiffs' Response in Opposition to Defendants' Letter Motion to Stay Discovery* filed by Louis Burgh, Christopher Figler, Amando Mercado, Xochilt Smith. (Janove, Raphael) (Entered: 08/05/2026) |


**PACER Service Center**

**Transaction Receipt**

| | | | |
|---|---|---|---|
| 08/11/2026 14:40:35 | | | |
| **PACER Login:** | studavidson | **Client Code:** | 260043-00001 |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-01133-RER-PCG |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATHAN WARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA OF AMERICA, INC.; and ESSILOR OF AMERICA, INC.<br><br>Defendants. | Case No. 26-cv-1133<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Nathan Ward, individually and on behalf of the Classes defined herein of similarly situated consumers, bring this class action suit for damages and equitable relief against Defendants EssilorLuxottica S.A., Luxottica of America, Inc., and Essilor of America, Inc. (collectively, "Defendants" or "EssilorLuxottica"). Plaintiff alleges the following based upon personal information as to allegations regarding themselves and the investigation of their counsel, and on information and belief as to all other allegations.

## NATURE OF THE ACTION

1. EssilorLuxottica designs, manufactures, imports, and sells ophthalmic lenses, eyeglass frames, and sunglasses.

2. Beginning in February 2025, President Trump issued a series of executive orders invoking the International Emergency Economic Powers Act ("IEEPA") to impose new and significant tariffs ("subject tariffs") on imports from nearly every foreign country, including those from which EssilorLuxottica sources its products.

3. Following the imposition of the subject tariffs, EssilorLuxottica publicly stated that it would implement price increases across its product lines to manage the financial impact of the subject tariffs. Consistent with these statements, retail prices for EssilorLuxottica products increased in the United States as a result of the tariffs. Plaintiff and the Class purchased EssilorLuxottica products after these price increases took effect and, as a result, paid higher prices reflecting these tariff-related adjustments ("tariff surcharges").

4. At the same time, EssilorLuxottica challenged the legality of the subject tariffs in the United States Court of International Trade, seeking to halt enforcement of the tariff orders and obtain refunds of the duties it paid because of the subject tariffs.

5. In demanding a refund for duties paid because of the subject tariffs, EssilorLuxottica did not acknowledge the consumers to whom EssilorLuxottica had passed on the economic burden of those duties through the tariff surcharges. The case before the Court of International Trade was stayed pending the Supreme Court's resolution of *V.O.S. Selections, Inc. v. Trump*, in which businesses challenged the lawfulness of the subject tariffs. On February 20, 2026, the Supreme Court held that the subject tariffs were unlawful. *Learning Res., Inc. v. Trump*, 607 U.S. ___, Nos. 24-1287, 25-250, 2026 WL 477534, at *13–14 (U.S. Feb. 20, 2026).

6. Despite seeking an order entitling it to a refund of the duties collected as a result of the subject tariffs, EssilorLuxottica continues to collect and has not refunded the tariff surcharges it collected from consumers. Upon the determination that the subject tariffs were unlawful, giving rise to EssilorLuxottica's right to receive the duties it paid under the unlawful tariff scheme, EssilorLuxottica is likewise obligated to return the corresponding tariff surcharge collected from Plaintiff and Class members. EssilorLuxottica's retention of those surcharges unjustly profits EssilorLuxottica at the expense of consumers.

7. Accordingly, Plaintiff, on behalf of himself and the estimated thousands or millions of similarly situated consumers, seeks to ensure that his and the proposed Classes' contributions to paying the subject tariffs are returned and to demand appropriate monetary, equitable, injunctive, and declaratory relief.

**PARTIES**

**I. PLAINTIFF**

8. Plaintiff Nathan Ward is a New York resident. On August 18, 2025, Ward purchased Ray-Ban sunglasses from ray-ban.com while residing in New York.

**II. DEFENDANTS**

9. Defendant EssilorLuxottica S.A. is a joint stock company incorporated under the laws of France, with a registered office in Charenton-Le-Pont, France. EssilorLuxottica S.A. was formed from the 2018 merger of Luxottica Group S.p.A. and Essilor International SAS. Luxottica Group S.p.A. is a corporation organized under the laws of Italy with its principal place of business in Milan, Italy, and an office in the United States in Mason, Ohio. Luxottica Group S.p.A. owns Luxottica U.S. Holdings Corp, online retailer Glasses.com, Oakley, Inc., Alain Mikli, Arnette, Oliver Peoples, Persol, Ray-Ban, Sferoflex, Starck Biotech Paris, and Vogue Eyewear. Essilor International SAS is upon information and belief a French simplified joint-stock company with its principal place of business in Charenton-le-Pont, France. Essilor International SAS owns Essilor of America Holding Company, Inc. and Costa Del Mar, Inc.

10. Defendant Luxottica of America, Inc. is an Ohio corporation with its principal place of business in Mason, Ohio. Luxottica of America, Inc. is owned by Luxottica U.S. Holdings Corp., a Delaware corporation with its principal place of business in Port Washington, New York. Luxottica of America, Inc. owns eyewear retailers LensCrafters, Pearle Vision, Target Optical,

and Sunglass Hut (together with Oakley retail stores, Ray-Ban retail stores, glasses.com, framesdirect.com, and For Eyes).

11. Defendant Essilor of America, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. Essilor of America, Inc. is owned by Essilor of America Holding Company, Inc. Upon information and belief, Essilor of America Inc. owns Vision Source and Frames for America, Inc.

**JURISDICTION**

12. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 putative members in the proposed class, and at least one Class Member (e.g., Plaintiff) is a citizen of a state different from any Defendant.

13. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because all claims alleged are part of the same case or controversy.

14. The Court has personal jurisdiction over Luxottica of America, Inc. because it is owned by Luxottica U.S. Holdings Corp., which is headquartered in this district.

15. The Court also has personal jurisdiction over the EssilorLuxottica S.A., Luxottica of America, Inc., and Essilor of America, Inc. because each committed the acts alleged herein in New York, regularly conducts business in this District, and has extensive contacts with this forum, including by selling and shipping its products to consumers in this District.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendant transacts substantial business in this District.

Case MDL No. 3202 Document 1-1 Filed 02/14/26 Page 5 of 29

## FACTUAL ALLEGATIONS

17. EssilorLuxottica is a global vision care, eyewear, and optical technology company that designs, manufactures, imports, and sells ophthalmic lenses, eyeglass frames, and sunglasses.[1] EssilorLuxottica has a "vertically integrated business model" that covers the "entire value chain" of the eyewear industry.[2] To that end, EssilorLuxottica manufactures lenses and frames and distributes those products through its retail and e-commerce outlets, where it sells them to consumers.

18. EssilorLuxottica owns some of the most well-known eyewear brands including, *inter alia*, Ray-Ban, Oakley, Sferoflex, Vogue Eyewear, Persol, Arnette, Oliver Peoples, Alain Mikli, Starck Biotech Paris, and Costa Del Mar. EssilorLuxottica owns and controls the direct-to-consumer retail and e-commerce outlets for these brands including, *inter alia* Oakley stores, Ray-Ban stores, Oliver Peoples stores, together with oakley.com, ray-ban.com, oliverpeoples.com, persol.com, costadelmar.com, vogue-eyewear.com, and arnette.com.

19. EssilorLuxottica also owns the largest eyewear retailers and e-commerce outlets in the United States including, *inter alia*, LensCrafters (lenscrafters.com), Pearle Vision (pearlevision.com), Target Optical (targetoptical.com), Vision Source, and Sunglass Hut (sunglesshut.com).

20. By their own admission, EssilorLuxottica, Essilor of America, Inc., Luxottica of America, and Oakley, Inc. are importers of merchandise into the United States subject to the challenged subject tariffs described below.[3]

---

[1] EssilorLuxottica, Our Strategy, https://www.essilorluxottica.com/en/group/strategy/ (last visited Feb. 12, 2026).

[2] *Id.*

[3] Complaint, *EssilorLuxottica et al v. United States Customs and Border Prot. et al*, No. 1:25-cv-00310 (Ct. Int'l Trade Nov. 26, 2025), Dkt. No. 2.

## I. PRESIDENT TRUMP ORDERS A SERIES OF TARIFFS.

21. Beginning in February 2025, President Trump issued a series of executive orders imposing new tariffs under the International Emergency Economic Powers Act (IEEPA), each tied to a declared national emergency.

22. On February 1, 2025, President Trump issued three orders directed at Mexico, Canada, and China, collectively referred to as the "Trafficking Tariff Orders."

23. The executive order directed at Mexico imposed an additional 25 percent tariff on the import of goods from Mexico.[4]

24. The executive order directed at Canada imposed a 25 percent tariff on the import of goods from Canada, with certain exceptions.[5]

25. The executive order directed at China imposed an additional 10 percent *ad valorem* tariff on the import of goods from China on top of existing duties.[6] Through a series of amendments to this executive order, President Trump increased the tariff on the import of goods from China to 20%.[7]

26. On April 2, 2025, President Trump issued a separate order—the "Reciprocal Tariff Order"—declaring U.S. trade deficits a national emergency.[8] Effective April 9, this order imposed

---

[4] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025).

[5] Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025).

[6] Exec. Order No. 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

[7] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

[8] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

a 10% baseline tariff on nearly all imports and added higher, country-specific "reciprocal" tariffs on 57 countries ranging from 11% to 50%.[9]

27. Within days, China imposed retaliatory tariffs and the President raised the reciprocal tariff on China from 34% to 84%, and the next day increased it again to 125%, while temporarily suspending elevated tariffs for other countries.[10] When combined with the trafficking tariff, most Chinese imports now faced a minimum 145% tariff.

## II. ESSILORLUXOTTICA CHARGES CONSUMERS MORE BECAUSE OF THESE TARIFFS.

28. Although they may be nominally directed extraterritorially, the increased costs created by the subject tariffs are borne almost entirely by U.S. importers and consumers.[11] Researchers studying recent tariffs estimate that approximately 96% of the tariff cost burden is passed through to American consumers.[12]

29. While importers must pay the subject tariffs at the border, wholesalers, manufacturers, and retailers all face a choice: whether to absorb the burden of the subject tariffs or to pass that burden on to their customers.[13] In most cases, including in the case of

---

[9] *Id*.

[10] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025); Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15509 (Apr. 14, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025) 90 Fed. Reg. 15625 (Apr. 15, 2025).

[11] Julian Hinz, et al., *America's Own Goal: Who Pays the Tariffs?*, Kiel Inst. for the World Econ. (Jan. 19, 2026), https://www.kielinstitut.de/fileadmin/Dateiverwaltung/IfW-Publications/fis-import/92fb3f30-07b8-4dcf-b2bc-fbefb831f1a1-KPB201_EN.pdf .

[12] *Id*.

[13] *Id.* at 7.

Case MDL No. 3202 Document 1-1 Filed 02/24/26 Page 8 of 29

EssilorLuxottica, the burden of tariffs is eventually passed through to U.S. consumers through retail price increases.[14]

30. In a May 2025 survey of businesses in the New York-New Jersey region conducted by the Federal Reserve Bank of New York, three-quarters of both manufacturing and service businesses facing tariff-induced cost increases reported they passed along at least some of these higher costs to their customers by raising prices.[15] Among those businesses, 40% of manufacturers reported passing along greater than 75% of the tariff-induced cost to their customers.[16] EssilorLuxottica's actions exemplify this process.

31. EssilorLuxottica asserts in its Court of International Trade complaint that it paid duties imposed by the subject tariffs on a "continuous basis."[17] To offset these IEEPA duties, EssilorLuxottica admits it passes tariff-induced cost increases on to its consumers ("tariff surcharges").

32. As early as April 23, 2025, EssilorLuxottica stated that it would pass along the cost of the subject tariffs to its customers. On a Q1 earnings call, EssilorLuxottica Chairman and CEO Francesco Milleri stated the company was "moving toward the price adjustment in the single-digit territory in the United States across the different product lines and across our distribution

---

[14] *Id.*

[15] Jaison R. Abel, et al., *Are Businesses Absorbing the Tariffs or Passing Them On to Their Customers?*, Fed. Rsrv. Bank of N.Y. (June 4, 2025), https://libertystreeteconomics.newyorkfed.org/2025/06/are-businesses-absorbing-the-tariffs-or-passing-them-on-to-their-customers/.

[16] *Id.*

[17] Complaint at 15, *EssilorLuxottica*, *supra* note 3.

channels."[18] EssilorLuxottica implemented these measures to "manage the impact of U.S. import duties."[19]

33. By July 2025, EssilorLuxottica confirmed it had already increased prices in the United States by "mid-single digits" but that the "full effect of these adjustments" would be reflected in the second half of 2025.[20] EssilorLuxottica expressed that it was continuing to operate in a "volatile environment," referring to the subject tariffs, and would continue to use pricing actions in response to the tariff.[21]

34. EssilorLuxottica's tariff surcharges are apparent in retail price increases for its products, which closely follow the imposition of the subject tariffs and EssilorLuxottica's public statements. The following examples are reconstructed price histories of EssilorLuxottica's retail prices at Target Optical, one of its retail outlets:

---

[18] Hugo Lhomedet & Alessandro Parodi, *Ray-Ban Maker EssilorLuxottica Confirms Outlook, to Raise US Prices Due to Tariffs* (Apr. 23, 2025), https://money.usnews.com/investing/news/articles/2025-04-23/essilorluxottica-confirms-outlook-despite-tariff-impact.

[19] *Q1 2025 Revenue*, EssilorLuxottica (Apr. 23, 2025), https://www.essilorluxottica.com/cap/content/254176/.

[20] Vlad Schepkov, *EssilorLuxottica Adjusts Strategy Amid U.S. Tariffs, Boosts Meta Smartglass Outlook*, Investing.com (July 28, 2025), https://www.investing.com/news/stock-market-news/essilorluxottica-adjusts-strategy-amid-us-tariffs-boosts-meta-smartglass-outlook-93CH-4155848.

[21] *Q2/H1 2025 Results*, EssilorLuxottica (July 28, 2025), https://www.essilorluxottica.com/cap/content/259500/ ; https://rss.globenewswire.com/news-release/2025/07/29/3123502/0/en/EssilorLuxottica-Publication-of-the-2025-Interim-Financial-Report.html.

| | | | |
|---|---|---|---|
| **Oakley OO9208 RADAR® EV PATH®[22]** | | | |
| Oct. 8, 2024 | Jan. 20, 2025 | May 22, 2025 | Feb. 10, 2026 |
| $271 | $271 | $287 | $287 |
| **Oakley 0OO9437[23]** | | | |
| | Mar. 20, 2025 | May 16, 2025 | Feb. 10, 2026 |
| | $266 | $283 | $283 |
| **Ray-Ban RB8313 Carbon Fibre[24]** | | | |
| Sept. 15, 2024 | Mar. 23, 2025 | May 19, 2025 | Feb. 10, 2026 |
| $287 | $287 | $304 | $304 |
| **Ray-Ban 0RB3539[25]** | | | |
| July 18, 2024 | Mar. 18, 2025 | May 22, 2025 | Feb. 10, 2026 |
| $186 | $186 | $197 | $197 |

35. The historical price of each example product increases by the end of May 2025, contemporaneous with the imposition of the subject tariffs and consistent with EssilorLuxottica's statements that it would increase prices in response to tariffs.

[22] https://web.archive.org/web/20241008192813/https://www.targetoptical.com/to-us/oakley/888392143570
https://web.archive.org/web/20250120233218/https://www.targetoptical.com/to-us/oakley/888392143570
https://web.archive.org/web/20250522002506/https://www.targetoptical.com/to-us/oakley/888392143570
https://www.targetoptical.com/to-us/oakley/888392143570

[23] https://web.archive.org/web/20250320215921/https://www.targetoptical.com/to-us/oakley/888392666352
https://web.archive.org/web/20250513062312/https://www.targetoptical.com/to-us/oakley/888392666352
https://web.archive.org/web/20251210104751/https://www.targetoptical.com/to-us/oakley/888392666352
https://www.targetoptical.com/to-us/oakley/888392666352

[24] https://web.archive.org/web/20240915072025/https://www.targetoptical.com/to-us/ray-ban/8053672006667
https://web.archive.org/web/20250323081119/https://www.targetoptical.com/to-us/ray-ban/8053672006667
https://web.archive.org/web/20250519053119/https://www.targetoptical.com/to-us/ray-ban/8053672006667
https://www.targetoptical.com/to-us/ray-ban/8053672006667

[25] https://web.archive.org/web/20240718023601/https://www.targetoptical.com/to-us/ray-ban/8053672587685
https://web.archive.org/web/20250318111225/https://www.targetoptical.com/to-us/ray-ban/8053672587685
https://web.archive.org/web/20250522011304/https://www.targetoptical.com/to-us/ray-ban/8053672587685
https://www.targetoptical.com/to-us/ray-ban/8053672587685

36. EssilorLuxottica applied tariff surcharges like those in the above examples across its products and caused EssilorLuxottica's consumers to pay a higher price for those products. This is especially the case because EssilorLuxottica, as manufacturer, importer, and retailer, has control over every aspect of the pricing for its products.

37. Plaintiff and each member of the Class purchased one or more of EssilorLuxottica's products through its retail and e-commerce outlets after the subject tariffs were imposed. At that time, Plaintiff and the Class paid tariff surcharges to EssilorLuxottica.

## III. ESSILORLUXOTTICA SEEKS REFUNDS OF DUTIES PAID.

38. In April 2025, several companies sued in the Court of International Trade challenging the legality of President Trump's executive orders and the resulting tariffs ("Challenged Tariff Orders").[26] That Court held the Challenged Tariff Orders were unlawful because they exceeded the President's authority under the IEEPA, granted declaratory relief that the Challenged orders were invalid as contrary to law, and issued a universal permanent injunction enjoining enforcement of the tariffs.

39. The Federal Circuit affirmed the Court of International Trade's determination regarding the unlawfulness of the Challenged Tariff Orders and grant of declaratory relief, but vacated the universal injunction *en banc*.[27]

[26] *See* Complaint, *V.O.S. Selections, et al. v. Trump, et al.*, No. 25-cv-00066 (Ct. Int'l Trade Apr. 14, 2025), Dkt. No. 2.

[27] *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312, 1347 (Fed. Cir. 2025), *cert. granted*, 146 S. Ct. 73, 222 L. Ed. 2d 1231 (2025).

40. The Federal Circuit stayed its decision pending the Government's petition for a writ of certiorari and the Supreme Court's subsequent decision.[28] The Supreme Court granted certiorari and heard oral argument in *V.O.S. Selections, et al. v. Trump*, on November 5, 2025.

41. Following the Federal Circuit's decision, on November 26, 2025, EssilorLuxottica sued U.S. Customs and Border Protection in the Court of International Trade seeking to enjoin the federal government from enforcing the Challenged Tariff Orders and an order refunding all unlawful duties collected from EssilorLuxottica.[29]

42. Just as with the Plaintiffs in in *V.O.S. Selections*, EssilorLuxottica asserts the Challenged Tariff Orders are unlawful and seeks a court order requiring the Government to refund "all IEEPA duties collected from Plaintiffs, with interest as provided by law."[30]

43. In its complaint, EssilorLuxottica makes no mention of the consumers, including Plaintiff and the Class members, who bore the burden of the subject tariffs through a tariff surcharge implemented by EssilorLuxottica as discussed above.

44. Nor has EssilorLuxottica stated its intention to return tariff surcharges to consumers if it is issued a refund. Notably, other companies like FedEx have made such assurances to consumers stating that "if refunds are issued to FedEx, we will issue refunds to the shippers and consumers who originally bore those charges."[31]

---

[28] Order, *V.O.S. Selections*, 149 F.4th at 1347 (Aug. 29, 2025), Dkt. No. 161.

[29] Complaint at 15, *EssilorLuxottica*, *supra* note 3.

[30] *Id*.

[31] *Navigating U.S. Tariffs and Customs Regulations*, FedEx, https://www.fedex.com/en-us/shipping/international/us-tariffs-impact.html (last visited Feb. 26, 2026).

45. On December 12, 2025, following consolidation with similar cases, the Court of International Trade stayed EssilorLuxottica's case pending the Supreme Court's decision in *V.O.S. Selections*.[32]

46. On February 20, 2026, the Supreme Court of the United States held that the subject tariffs are unlawful because the imposition of such tariffs exceeds President's authority under the IEEPA. *Learning Res.*, 2026 WL 477534, at *13–14. In so doing, the Supreme Court affirmed the judgment of the Court of Appeals in *V.O.S. Selections, Inc.*, 149 F.4th 1312. Given this unappealable decision, there is now no ambiguity as to the unlawfulness of the subject tariffs. And as Justice Kavanaugh noted in his dissent, "the interim effects of the Court's decision could be substantial," including requiring the United States to "refund billions of dollars to importers who paid the [subject] tariffs, even though some importers may have already passed on costs to consumers or other." *Learning Res., Inc. v. Trump*, 607 U.S. ___, Nos. 24-1287, 25-250, 2026 WL 477534, at *51 (U.S. Feb. 20, 2026) (Kavanaugh, J., dissenting).

47. As Justice Kavanaugh anticipated, EssilorLuxottica seeks a refund for tariff payments it has already passed on to consumers. To the extent that EssilorLuxottica is entitled to a refund for its payments of the subject tariffs, Plaintiff and the Class are entitled to restitution of the tariff surcharge EssilorLuxottica charged them at the time of their purchases. If EssilorLuxottica retains the refund of tariffs that it did not ultimately bear the full expense of in the first place, and which were instead borne by consumers, EssilorLuxottica will receive an unjust windfall of funds that rightfully belong to Plaintiff and the Class.

---

[32] Text Entry, *EssilorLuxottica et al. v. U.S. Customs and Border Prot. et al.*, No. 1:25-cv-00310 (Dec. 23, 2025), Dkt. No. 12.

48. If Plaintiff and the Class had known that EssilorLuxottica would unfairly retain the tariff surcharge for the subject tariffs EssilorLuxottica then argued were unlawful, they would not have purchased or would have paid less for EssilorLuxottica's products.

**CLASS ACTION ALLEGATIONS**

49. Plaintiff brings this action on behalf of themselves and on behalf of all others similarly situated (the "Nationwide Class") as a class action pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3), and (c)(4).

50. The Nationwide Class is initially defined as follows:

> All individuals in who purchased an EssilorLuxottica product through EssilorLuxottica's retail or e-commerce outlets within the Class Period.

51. Additionally, pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3), and (c)(4), Plaintiff brings this action on behalf of the following New York Class initially defined as:

> All individuals in the state of New York who purchased an EssilorLuxottica product through EssilorLuxottica's retail or e-commerce outlets within the Class Period.

52. The Nationwide Class and the New York Class are referred to herein as "Class," unless otherwise stated.

53. The Class Period begins on February 1, 2025, up to the date this action was commenced and continues through the present and the date of judgement. Plaintiff reserves the right to amend or modify the class definition(s) with greater specificity, by further division into subclasses, and/or by limitation to particular issues. As described below, the Class satisfies the elements of Fed. R. Civ. P. 23(a) and Rule 23(b).

54. **Numerosity**. The Class members are so numerous that joinder of each individual class member would be impracticable and unfeasible. The Class consists of at least thousands of

EssilorLuxottica customers who made purchases during the Class Period. The customers included in the Class are ascertainable, as the identities can be determined by appropriate discovery. The precise number of class members, and their addresses, are unknown to Plaintiff at this time but can be ascertained from Defendant's records. The Class is, however, so large that Class members cannot be consolidated in one complaint and it would be impractical for each to bring suit individually. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

55. **Commonality and Predominance.** There is a well-defined community of interest among the Class members and common questions of both law and fact predominate over questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

1. Whether Defendants passed on tariff-related charges onto customers;
2. Whether consumers paid increased prices for Defendants' products attributable to the cost of tariffs;
3. The amount to which consumers paid for the costs of tariffs;
4. Whether Defendants' retention of tariff refunds is unjust without payment;
5. Whether Defendants acted unfairly or deceptively by charging consumers for tariff-related costs and then retaining any reimbursements of those tariff charges;
6. Whether Plaintiff and the class members are entitled to equitable relief, including, but not limited to, restitution as requested in this Complaint;
7. Whether Defendants' conduct has harmed Plaintiff and the Class uniformly; and

8. Whether declaratory relief would afform uniform benefits to the Class.

56. **Typicality.** Plaintiff's claims are typical of those of the Class members in that they arise out of the same course of wrongful conduct committed by Defendants, including its inequitable retention of tariff refunds which rightfully belong to Plaintiff and Class members. Plaintiff and Class members have experienced the same harm, including loss of a uniform tariff surcharge on their purchases. The effort Plaintiff undertakes to pursue their own claims will significantly benefit the Class members because of the identical nature of the issues across the Class.

57. **Adequacy of Representation.** Plaintiff will continue to fairly and adequately represent and protect the interests of the members of the Class. Plaintiff shares a common interest with the Class members, with respect to the conduct of the Defendants herein and redress of injury. Plaintiff has suffered an injury-in-fact because of the conduct of the Defendants, as alleged herein. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex class actions. Plaintiff and their counsel intend to prosecute this action vigorously and faithfully for the benefit of the Class members. Plaintiff and Plaintiff's counsel have no interests contrary to the Class members and will fairly and adequately protect the interests of the Class.

58. **Rule 23(b)(2) Class Certification is Appropriate.** Plaintiff seeks specific declaratory relief that would provide relief to the entire Class and remedy a Class-wide harm. Plaintiff and Class members have been harmed due to a uniform course of conduct. Defendants subjected Plaintiff and Class members to the same unfair, unlawful, and unfair practices and harmed them in the same manner by retaining tariff refunds that rightfully belonged to Plaintiff and Class members.

59. A uniform declaration would benefit the Class as a whole. Plaintiff seeks declaratory relief that would prevent Defendants from unfairly retaining tariff refunds consisting of Plaintiff's monies and require Defendants to return those monies to Plaintiff and the Class members.

## CLAIMS FOR RELIEF

**COUNT I**
Money Had and Received
(On Behalf of Plaintiff and Nationwide Class)

60. Plaintiff incorporates by reference the facts alleged above.

61. Plaintiff alleges this claim individually and on behalf of the proposed class.

62. Defendants received money from Plaintiff and from each member of the proposed Class in the form of a tariff surcharge. The Supreme Court has determined that the tariffs were unlawful.

63. The money belonged to Plaintiff and to each member of the proposed Class.

64. Defendants have not returned the money.

65. It will give offense to equity and good conscience of Defendant is permitted to retain the tariff surcharge. Plaintiff seeks the return of the money in an amount to be proven at trial.

66. Plaintiff seeks all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and injunctive relief, and other remedies available to him.

**COUNT II**
Unjust Enrichment
(On Behalf of Plaintiff and Nationwide Class)

67. Plaintiff incorporates by reference the facts alleged above.

Case MDL No. 3202 Document 1-1 Filed 02/14/26 Page 18 of 29

68. Plaintiff alleges this claim individually and on behalf of the proposed class.

69. As described herein, Defendants charged Plaintiff and each member of the proposed class tariff surcharges when they purchased Defendants' products. By collecting these tariff surcharges, Defendants received and knowingly and willingly accepted a direct benefit at Plaintiff and the members of the proposed Class's expense. The Supreme Court has determined that the tariffs were unlawful.

70. It would be unjust for Defendants to retain tariff surcharges to cover the expense of the subject tariffs when Defendants are entitled to a refund for the subject tariffs paid.

71. Defendants' unjust conduct was the proximate cause, and a substantial factor, in causing Plaintiff and the members of the proposed Class's losses and damages.

72. Plaintiff seeks the return of the tariff surcharges in an amount to be proven at trial.

**COUNT III**
Declaratory Relief, 28 U.S.C. § 2201
(On Behalf of Plaintiff and Nationwide Class)

73. Plaintiff incorporates by reference the facts alleged above.

74. Plaintiff alleges this claim individually and on behalf of the proposed Class.

75. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

76. Plaintiff's claims present an actual controversy as to the rightful ownership of the tariff surcharges paid to Defendant.

77. Plaintiff has suffered an injury by having been required to pay Defendant a tariff surcharge because of the subject tariffs on Defendant's product. And Plaintiff will imminently suffer an injury by Defendant's unlawful retention of the tariff refund.

78. This Court can exercise its equitable power to enter a declaratory judgment that retention of the tariff surcharges paid by Plaintiff but refunded to Defendant is unlawful for any of the above reasons.

**COUNT IV**

Ohio Statute § 1345.02 (Ohio Consumer Sales Practices Act or "OCSPA")
(On Behalf of Plaintiff and the Nationwide Class)

79. Plaintiff incorporates by reference the facts alleged above.

80. Plaintiff alleges this claim individually and on behalf of the proposed Class.

81. The OCSPA makes unlawful a supplier's "unfair or deceptive act or practice in connection with a consumer transaction . . . whether it occurs before, during, or after the transaction."

82. Defendants are suppliers under the OCSPA and engaged in a consumer transaction through the sale of Defendants' products to consumers, including Plaintiff and the Class.

83. In connection with the sale of Defendants' products to consumers including Plaintiff and the Class, Defendants committed unfair, deceptive, and/or unconscionable acts.

84. As alleged herein, Defendants' retention of tariff refunds, despite having shifted those costs to consumers via tariff surcharges, is an unfair, deceptive, and/or unconscionable act under the OCSPA. Plaintiff and the members of the proposed Class paid more than the value they received, and Defendants unlawfully failed to return resulting surplus.

85. Defendants' unfair, deceptive, and/or unconscionable conduct was a substantial factor and proximate cause of Plaintiff's and the Class's injuries.

86. As a result of Defendant's violations of the OCSPA, Plaintiff and the Class seek all available damages, in addition to reasonable attorneys' fees and costs, and injunctive relief to prevent Defendant from engaging in the unlawful conduct.

**COUNT V**
New York General Business Law § 349 (NY GBL § 349)
(On Behalf of the New York Class)

87. Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

88. NY GBL § 349 declares unlawful "unfair, deceptive, or abusive acts or practices" in any business, trade, or commerce in New York.

89. Any person who has been injured by reason of any violation of NY GBL § 349 may bring an action in his or her own name to enjoin such unlawful acts or practices, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

90. Defendant engaged in consumer-oriented conduct by marketing and selling its products to consumers, including Plaintiff and the Class, through its websites, retail stores, and other retail channels.

91. Defendant's retention of tariff refunds, despite having shifted those costs to consumers via tariff surcharges, is an unfair practice under NY GBL § 349. Consumers paid more than the value they received, and Defendants unlawfully kept the resulting surplus.

92. Plaintiff and the Class have been injured because of Defendant's unfair practices, suffering an ascertainable loss by paying more for a product than they otherwise would have but for the tariff surcharge.

Case MDL No. 3202 Document 1-14 Filed 02/14/26 Page 29 of 37

93. As a result of Defendant's violations of NY GBL § 349, Plaintiff and the Class seek all available damages, including statutory damages, in addition to reasonable attorneys' fees and costs, and injunctive relief to prevent Defendant from engaging in the unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, respectfully requests that the Court enter an order:

a. Certifying the Class as requested herein;

b. Appointing Plaintiff as Class Representative and undersigned counsel as Class Counsel;

c. Finding that Defendant engaged in the unlawful conduct as alleged herein;

d. Granting permanent injunctive relief to prohibit and prevent Defendants from continuing to engage in the unlawful acts, omissions, and practices described herein;

e. Awarding Plaintiff and class members compensatory, consequential, and general damages, including nominal damages as appropriate, for each count as allowed by law in an amount to be determined at trial;

f. Granting the declaratory relief sought herein;

g. Awarding statutory damages, trebled, and/or punitive or exemplary damages, to the extent permitted by law;

h. Ordering disgorgement and restitution of all profits received or retained by Defendants as a result of their unfair acts, omissions, and practices;

i. Awarding to Plaintiff the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses; and

j. That the Court grant such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial.

Dated: February 26, 2026

Respectfully submitted,

/s/ *Raphael Janove*
Raphael Janove

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
500 7th Avenue, 8th Fl.
New York, NY 10018
Telephone: (646) 347-3940

**ZIMMERMAN REED LLP**
June P. Hoidal*
Charles R. Toomajian*
Michael J. Laird*
Katja D. Lange*
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 341-0400
June.Hoidal@zimmreed.com
Charles.Toomajian@zimmreed.com
Michael.Laird@zimmreed.com
Katja.Lange@zimmreed.com

**Pro Hac Vice* forthcoming

*Attorneys for Plaintiff Nathan Ward and the Proposed Class*

Revised 12.10.2025; Effective 12.10.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nathan Ward, individually and on behalf of all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff: Westchester Cnty, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

See attached.

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [X] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee *
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332(d) (Class Action Fairness Act)

Brief description of cause:
Inequitable failure to return tariff surcharges

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 5000001.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE N/A DOCKET NUMBER N/A

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

* Please respond to Part F on Page 2

**PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO**

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration: No

I, Raphael Janove, counsel for Plaintiff Nathan Ward, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [x] monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- [ ] the complaint seeks injunctive relief, or
- [ ] the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

N/A

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you **must select Office Code 2**.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? No
2. In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? No
   b. Do the majority of defendants reside in Nassau or Suffolk County? No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? No
4. If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County? No
   (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

1. I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court. Yes

If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court? No If yes, please explain:

N/A

## PART F - IMMIGRATION HABEAS

1. Is this petition based on an immigration detention? No

2. Does this case require immediate attention of a judge? No

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

Check Form to Validate Before Signing

I certify the accuracy of all information provided above.

Signature: /s/ Raphael Janove Date: 02/26/2026

Case MDL No. 3202 Document 1-14 Filed 08/14/26 Page 3 of 4

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**Page One Instructions**

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Page Two Instructions**

A. Certification of Arbitration Eligibility: Indicate whether the case is eligible for arbitration under Local Civil Rule 83.7. If you answer No, please check at least one of the reasons that the case is not eligible.
B. Disclosure Statement - Federal Rules of Civil Procedure 7.1: If additional space is needed, please add the parties on an additional page.
C. Related Case Statement: If additional space is needed, please add the parties on an additional page.
D. Division of Business Rule 1(d)(3): Your answers in this section will determine whether your case will be designated as a Central Islip or Brooklyn case. Failure to complete this section may result in a delay assigning your case to a judge. Anwer all four (4) questions in this part, including 3(a), 3(b), and 3(c).
E. Bar Admission: Answer both questions.
F. Immigration Habeas: Answer both questions.

**Click "Check Form to Validate Before Signing." If any required fields have not been completed, please do so before signing.**

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Attachment to Civil Cover Sheet

**DEFENDANTS**

Essilorluxottica S.A.; Luxottica of America, Inc.; and Essilor of America, Inc.

Case MDL No. 3202 Document 1-2 Filed 03/12/26 Page 35 of 37

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

NATHAN WARD, individually and on behalf of all others similarly situated,

*Plaintiff(s)*

v.

ESSILORLUXOTTICA S.A.; LUXOTTICA OF AMERICA, INC.; and ESSILOR OF AMERICA, INC.,

*Defendant(s)*

Civil Action No. 26-cv-1133

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* See attached Rider.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Raphael Janove
Janove PLLC
500 7th Ave. 8th Fl.
New York, NY
10018

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Case MDL No. 3202 Document 1-12 Filed 08/21/26 Page 36 of 37



Civil Action No. 26-cv-1133

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________ ______________________

*Server's signature*

______________________

*Printed name and title*

______________________

*Server's address*

Additional information regarding attempted service, etc:

**RIDER TO PROPOSED SUMMONS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nathan Ward, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA OF AMERICA, INC.; and ESSILOR OF AMERICA, INC.,<br><br>Defendants. | Civil Case No. 26-cv-1133 |

To: (*Defendant's name and address*)

**EssilorLuxottica S.A.**
147 rue de Paris 94220
Charenton-Le-Pont, France

**Luxottica of America, Inc.**
c/o CT Corporation Systems, Inc.
1010 Dale Street North
St. Paul, MN 55117

**Essilor of America, Inc.**
c/o CT Corporation Systems, Inc.
1010 Dale Street North
St. Paul, MN 55117