# EXHIBIT 12

ACO,DJI

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CIVIL DOCKET FOR CASE #: 1:26-cv-02848-ENV-MMH

Hernandez et al v. Adidas America, Inc.
Assigned to: Judge Eric N. Vitaliano
Referred to: Magistrate Judge Marcia M. Henry
Demand: $5,000,000
Cause: 28:1332 Diversity-Other Contract

Date Filed: 05/12/2026
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Miguel Hernandez**
*individually and on behalf of all others similarly situated*

represented by

**Anthony Alesandro**
Leeds Brown Law
New York
1 Old Country Road
Carle Place
Carle Place, NY 11514
516-873-9550
Email: aalesandro@leedsbrownlaw.com
*ATTORNEY TO BE NOTICED*

**Paul Doolittle**
Poulin, Willey, Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
803-222-2222
Email: paul.doolittle@poulinwilley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Alexander Tompkins**
Leeds Brown Law, P.C.
1 Old Country Road
Carles Place, NY 11514
516-873-9550
Fax: 516-747-5024
Email: mtompkins@leedsbrownlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jason Schoen**
*individually and on behalf of all others similarly situated*

represented by

**Anthony Alesandro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Doolittle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Alexander Tompkins**

(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Adidas America, Inc.** represented by

**Maeve L. O'Connor**
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
212-909-6000
Fax: 212-909-6836
Email: mloconno@debevoise.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon Fetzer**
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
212-909-6000
Email: bfetzer@debevoise.com
*ATTORNEY TO BE NOTICED*

**Elliot Greenfield**
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
212-909-6000
Email: egreenfi@debevoise.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2026 | 1 | COMPLAINT against Adidas America, Inc. filing fee $ 405, receipt number ANYEDC-20212209 Was the Disclosure Statement on Civil Cover Sheet completed -NO,, filed by Miguel Hernandez, Jason Schoen. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons) (Tompkins, Michael) (Entered: 05/12/2026) |
| 05/13/2026 | | Case Assigned to Judge Eric N. Vitaliano and Magistrate Judge Marcia M. Henry. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (CV) (Entered: 05/13/2026) |
| 05/13/2026 | 2 | Clerk's Notice Re: Consent. A United States Magistrate Judge has been assigned to this case and is available to conduct all proceedings. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.The form may also be accessed at the following link: |

| | | |
|---|---|---|
| | | https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf (CV) (Entered: 05/13/2026) |
| 05/13/2026 | 3 | Summons Issued as to Adidas America, Inc.. (CV) (Entered: 05/13/2026) |
| 05/13/2026 | 4 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (CV) (Entered: 05/13/2026) |
| 05/18/2026 | 5 | SUMMONS Returned Executed by Miguel Hernandez, Jason Schoen. Adidas America, Inc. served on 5/15/2026, answer due 6/5/2026. (Tompkins, Michael) (Entered: 05/18/2026) |
| 05/26/2026 | 6 | NOTICE of Appearance by Maeve L. O'Connor on behalf of Adidas America, Inc. (aty to be noticed) (O'Connor, Maeve) (Entered: 05/26/2026) |
| 05/26/2026 | 7 | NOTICE of Appearance by Elliot Greenfield on behalf of Adidas America, Inc. (aty to be noticed) (Greenfield, Elliot) (Entered: 05/26/2026) |
| 05/29/2026 | 8 | Corporate Disclosure Statement by Adidas America, Inc. (O'Connor, Maeve) (Entered: 05/29/2026) |
| 06/03/2026 | 9 | NOTICE of Appearance by Anthony Alesandro on behalf of Miguel Hernandez, Jason Schoen (aty to be noticed) (Alesandro, Anthony) (Entered: 06/03/2026) |
| 06/05/2026 | 10 | Letter MOTION for pre motion conference by Adidas America, Inc.. (O'Connor, Maeve) (Entered: 06/05/2026) |
| 06/09/2026 | 11 | MOTION to Appear Pro Hac Vice Filing fee $ 200, receipt number ANYEDC-20302751 by Miguel Hernandez, Jason Schoen. (Attachments: # 1 Pro Hac Vice Affidavit, # 2 Pro Hac Vice Certificate of Good Standing, # 3 Proposed Order) (Doolittle, Paul) (Entered: 06/09/2026) |
| 06/12/2026 | | **ORDER GRANTING 11 MOTION TO APPEAR** *Pro Hac Vice*. Attorney Paul Doolittle is granted permission to appear *pro hac vice* on behalf Plaintiffs Miguel Hernandez and Jason Schoen. The attorney shall register for ECF at https://pacer.uscourts.gov. Once registered, the attorney shall file a notice of appearance and ensure that s/he receives electronic notification of activity in this case. Also, the attorney shall ensure the 200 admission fee be submitted to the Clerk's Office via filing the event *Pro Hac Vice Filing Fee*. So Ordered by Magistrate Judge Marcia M. Henry on 06/12/2026. (SY) (Entered: 06/12/2026) |
| 06/12/2026 | 12 | MOTION to Amend/Correct/Supplement 1 Complaint, *In Response to Defendant's pre-motion letter (ECF 10)* by Miguel Hernandez, Jason Schoen. (Tompkins, Michael) (Entered: 06/12/2026) |
| 06/15/2026 | | ORDER: With no objection from defendant, plaintiffs' motion to amend their complaint is granted. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 731 F. Supp. 2d 316, 319 (E.D.N.Y. 2010). Plaintiffs shall file their amended complaint by June 22, 2026. Defendant shall answer or otherwise respond to the amended complaint by July 6, 2026. Ordered by Judge Eric N. Vitaliano on 6/15/2026. (JAG) (Entered: 06/15/2026) |
| 06/22/2026 | 13 | NOTICE of Appearance by Paul Doolittle on behalf of Miguel Hernandez, Jason Schoen (notification declined or already on case) (Doolittle, Paul) (Entered: 06/22/2026) |
| 06/22/2026 | 14 | AMENDED COMPLAINT against Adidas America, Inc., filed by Miguel Hernandez, Jason Schoen. (Doolittle, Paul) (Entered: 06/22/2026) |
| 06/26/2026 | 15 | **SCHEDULING ORDER:** An in-person initial conference will be held on **07/30/2026 at 11:00AM** before Magistrate Judge Marcia M. Henry in **Courtroom 13C South** of the |

| | | |
|---|---|---|
| | | United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. At least one attorney from each party shall attend.<br><br>Counsel are directed to review the attached Initial Conference Order and this Court's Individual Practice Rules for instructions. By **07/23/2026**, the parties must file a **joint** and completed copy of the attached Proposed Discovery Plan (also available in PDF format at: https://www.nyed.uscourts.gov/sites/default/files/uploads/proposeddiscoveryplanmmh.pdf). So Ordered by Magistrate Judge Marcia M. Henry on 06/26/2026.<br><br>(Attachments: # 1 Individual Practice Rules, # 2 Proposed Discovery Plan) (SY) (Entered: 06/26/2026) |
| 07/06/2026 | 16 | Letter MOTION for pre motion conference by Adidas America, Inc.. (O'Connor, Maeve) (Entered: 07/06/2026) |
| 07/13/2026 | 17 | Letter *MOTION in opposition to Defendant's Letter MOTION for pre motion conference* by Miguel Hernandez, Jason Schoen (Doolittle, Paul) (Entered: 07/13/2026) |
| 07/14/2026 | | ORDER: Upon review of the parties' submissions at 16 and 17 , the Court concludes that a pre-motion conference is unnecessary. Defendant may proceed with its motion to dismiss. The parties are directed to file a joint proposed briefing schedule no later than July 28, 2026. Ordered by Judge Eric N. Vitaliano on 7/14/2026. (JAG) (Entered: 07/14/2026) |
| 07/16/2026 | 18 | Letter / *Joint Proposed Briefing Schedule* by Adidas America, Inc. (Greenfield, Elliot) (Entered: 07/16/2026) |
| 07/17/2026 | | ORDER: The parties' joint proposed briefing schedule at 18 is adopted. Defendant shall serve its opening papers by July 22, 2026. Plaintiffs shall serve their opposition papers by August 21, 2026. Defendant shall serve its reply papers by September 14, 2026, at which point it shall file the fully briefed motion on ECF in accordance with Individual Rule III.D (the "Bundling Rule"). Ordered by Judge Eric N. Vitaliano on 7/17/2026. (JAG) (Entered: 07/17/2026) |
| 07/22/2026 | 19 | Letter MOTION to Stay *Discovery* by Adidas America, Inc.. (Attachments: # 1 Exhibit A: Memorandum of Law in Support of Motion to Dismiss Amended Complaint) (O'Connor, Maeve) (Entered: 07/22/2026) |
| 07/23/2026 | | ORDER re 19 : By **07/28/2026**, Plaintiffs shall file a letter (not exceeding three pages) responding to Defendant's motion to stay discovery at ECF No. 19. So Ordered by Magistrate Judge Marcia M. Henry on 07/23/2026. (DAC) (Entered: 07/23/2026) |
| 07/23/2026 | 20 | Proposed Scheduling Order / *Proposed Discovery Plan* by Adidas America, Inc. (O'Connor, Maeve) (Entered: 07/23/2026) |
| 07/24/2026 | 21 | NOTICE of Appearance by Brandon Fetzer on behalf of Adidas America, Inc. (aty to be noticed) (Fetzer, Brandon) (Entered: 07/24/2026) |
| 07/28/2026 | 22 | RESPONSE in Opposition re 19 Letter MOTION to Stay *Discovery* filed by Miguel Hernandez, Jason Schoen. (Tompkins, Michael) (Entered: 07/28/2026) |
| 07/30/2026 | 23 | MINUTE ENTRY & ORDER for proceedings held before Magistrate Judge Marcia M. Henry: An in-person initial conference was held on 07/30/2026. Anthony Alesandro appeared on behalf of the Plaintiff. Maeve L. O'Connor, Elliot Greenfield, and Brandon Fetzer appeared on behalf of Defendant Adidas America, Inc.<br><br>The Court heard oral argument regarding Defendant's motion to stay discovery at ECF No. 19 . For the reasons stated on the record, discovery is held in abeyance pending the outcome of the anticipated motion to dismiss. If the motion to dismiss is denied in whole or in part, the parties shall comply with the attached discovery order. See attached for relevant |

| | | |
|---|---|---|
| | | deadlines. So Ordered by Magistrate Judge Marcia M. Henry on 07/30/2026. (FTR Log# 11:06AM-11:47AM) (SY) (Entered: 07/30/2026) |
| 07/30/2026 | | ORDER **granting** 19 : Defendant's motion to stay discovery is **granted** for the reasons stated at the 07/30/2026 initial conference. Specifically, the Court is persuaded by Defendant's arguments as to nonfrivolous defenses and lack of undue prejudice resulting from a stay, although Plaintiffs' arguments regarding the lack of burden to Defendant are also persuasive. On balance, therefore, a stay of discovery is warranted. So Ordered by Magistrate Judge Marcia M. Henry on 07/30/2026. (SY) (Entered: 07/30/2026) |
| 08/03/2026 | 24 | TRANSCRIPT of Proceedings held on July 30, 2026, before Judge Henry. Court Transcriber: ARIA SERVICES, INC. Email address: Aria@leinen.net. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 8/24/2026. Redacted Transcript Deadline set for 9/3/2026. Release of Transcript Restriction set for 11/2/2026. (RC) (Entered: 08/03/2026) |

---


| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/11/2026 14:41:11 | | | |
| **PACER Login:** | studavidson | **Client Code:** | 260043-00001 |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-02848-ENV-MMH |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MIGUEL HERNANDEZ and JASON SCHOEN**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**ADIDAS AMERICA, INC.,**<br><br>*Defendant*. | Case No.<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiffs Miguel Hernandez and Jason Schoen ("Plaintiffs") bring this Class Action Complaint individually and on behalf of all others similarly situated, against Defendant Adidas America Inc., ("Defendant" or "Adidas"). Plaintiffs allege the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to each Plaintiff, which are alleged upon personal knowledge.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff Miguel Hernandez is a resident citizen of Queens, New York. Plaintiff has purchased goods from Adidas that were imported from countries subject to tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"). The purchase price for the goods that Plaintiff Hernandez purchased from Adidas was increased to account for the tariffs imposed on those products. Plaintiff Hernandez would not have paid the increased price if Adidas had not passed the cost of the IEEPA tariffs on to consumers.

2. Plaintiff Jason Schoen is a resident citizen of Champlin, Minnesota. Plaintiff has purchased goods from Adidas that were imported from countries subject to tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"). The purchase price for the goods that Plaintiff Schoen purchased from Adidas was increased to account for the tariffs imposed on those products. Plaintiff Schoen would not have paid the increased price if Adidas had not passed the cost of the IEEPA tariffs on to consumers.

3. Defendant, Adidas America Inc., is an Oregon corporation with its principal place of business located at 5055 North Greeley Avenue, Portland, Oregon 97217. Defendant may be served via its registered agent, United Agent Group Inc., at 7185 SW Sandburg Street, Suite 110, Portland, Oregon 97223. Defendant is a subsidiary of, and the North American headquarters for, Adidas AG a German sporting-goods company based in Herzogenaurach, Germany.

4. Defendant, Adidas America Inc., is responsible for the marketing, distribution, and sale of Adidas AG's shoes, apparel, and accessories for men, women, boys, girls, infants, and toddlers. A substantial portion of Adidas' products are imported goods subject to IEEPA tariffs imposed by the United States government.

5. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. At least one class member and Defendant are citizens of different states. And there are over 100 putative Class Members.

6. This Court has personal jurisdiction over Defendant because it's a global company and Defendant regularly conducts business in this District, and the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

7. Venue is proper in this Court because a substantial part of the events, acts, and

Case 1:26-md-03202-NV Document 1 Filed 04/28/26 Page 3 of 15

omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL ALLEGATIONS

8. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

9. Defendant is the United States subsidiary of Adidas AG, a German multinational corporation founded in 1949 by Adolf "Adi" Dassler in Herzogenaurach, Germany. Adidas AG is one of the world's largest sportswear manufacturers and has operated in the United States market for decades through Adidas America Inc.

10. Defendant serves as the primary distribution and marketing entity for Adidas products in the United States market. Defendant offers a diverse range of athletic and lifestyle products including footwear, apparel, equipment and accessories.

11. Defendant's products sold in the United States are manufactured primarily through a global network of independent third-party suppliers and contract manufacturers.[1] The majority of Defendant's products are manufactured in Asia, with significant production occurring in China, Vietnam, Indonesia, and Cambodia.[2]

12. The vast majority of Defendant's products sold in the United States are imported. Overall, 97% of the company's footwear production and 91% of its apparel production takes place in Asia.[3]

13. Upon information and belief, between June 2024 and May 2025 there were 68,799 Adidas import shipments from China to the United States.[4]

---

[1] Adidas, Annual Report 2023, available at: https://report.adidas-group.com/2023/en/group-management-report-our-company/global-operations.html
[2] *Id.*
[3] *Id.*
[4] Volza, Adidas Imports in United States 2026, available at: https://www.volza.com/p/adidas/import/import-in-united-states/

14. In or around February 2025, President Donald Trump invoked the IEEPA to impose sweeping tariffs on imports from China, Canada, and Mexico, primarily targeting drug trafficking and illegal immigration. He later expanded these IEEPA-based tariffs to many other nations to combat trade deficits. Based on this declaration, President Trump invoked IEEPA to announce tariffs of at least 10% on imports from almost all U.S. trading partners.[5] Some reported rates reached 30% (20% IEEPA tariff and 10% country-specific tariff) on all Chinese goods.

15. Under U.S. customs law, Importers of Record (IOR) are responsible for paying tariffs when goods enter the United States. Accordingly, Defendant, as the IOR for Adidas goods, was required to pay the IEEPA tariffs to U.S. Customs and Border Protection upon entry of covered merchandise into the United States.

16. The IEEPA tariffs sharply increased the cost of importing consumer goods into the United States, especially for retailers like Defendant that depend on global supply chains.

17. For instance, Adidas chief executive Bjorn Gulden, publicly acknowledged that Defendant had paid, at least, €200m (roughly $233m) in tariffs and that Defendant would "raise prices for American customers"[6] as a result of the tariffs.

18. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026). This ruling not only invalidated tariffs imposed under the International Emergency Economic Powers Act, but it also prompted the U.S. Court of International Trade to recognize that importers of record are entitled to refunds of duties paid under the unlawful tariff regime.

---

[5] Supreme Court Rules Against Tariffs Imposed Under the International Emergency Economic Powers Act (IEEPA). (2026, April 29). Available at: https://www.congress.gov/crs-product/LSB11398

[6] Adidas to raise prices as US tariffs costs rise by €200m, BBC, available at: https://www.bbc.com/news/articles/cjey0zv1pkqo

19. Unfortunately, the cost of IEEPA tariffs was passed onto Plaintiff and Class Members through higher prices paid for Adidas brand goods. For example, the price of certain Adidas branded shoes rose from $90 to $100 as a result of the tariffs.[7]

20. Defendant has retained the increased amount paid by Plaintiffs and Class Members despite being eligible for a refund of the cost of the unlawful tariffs. Defendant has not indicated any plans to return tariff refunds to customers who paid higher prices.

21. Plaintiffs and Class Members paid tariff-inflated prices to Defendant, but Defendant now seeks to retain both the consumer pass-through and any government refund of the same unlawful tariff charges.

22. Despite lacking lawful authority, Defendant charged, collected, and retained tariff-related fees from Plaintiffs and Class Members via its increased prices.

23. Defendant was not authorized by contract, statute, or law to charge or retain unlawful tariff-related fees.

24. Defendant's conduct breached its contracts (express or implied) with Plaintiffs and Class Members and violated the fundamental obligation of good faith and fair dealing inherent in those agreements.

25. Defendant was unjustly enriched by collecting and retaining money to which it was not legally entitled.

26. Plaintiffs and Class Members suffered economic injury as a direct result of Defendant's conduct, including payment of unlawful tariff-related charges and associated fees via increased prices for Defendant's goods.

---

[7] We Asked 19 Companies if They Planned to Give Customers Tariff Refunds. Only 3 Replied, Money, Apr. 22, 2026, available at: https://money.com/companies-giving-tariff-refunds/#:~:text=As%20companies%20seek%20billions%20of,pursuing%20tariff%20refunds%20at%20all.

27. On, or about, June 23, 2025, Plaintiff Schoen paid $50.00 for an Adidas branded shoe. Upon information and belief, the price Plaintiff paid for that shoe was higher due to Defendant passing on the cost of IEEPA tariffs.

28. On, or about, January 31, 2026, Plaintiff Schoen paid $26.00 for another Adidas branded shoe. Upon information and belief, the price Plaintiff paid for that shoe was higher due to Defendant passing on the cost of IEEPA tariffs.

29. On, or about, January 23, 2026, Plaintiff Hernandez paid $74.99 for an Adidas branded shoe. Upon information and belief, the price Plaintiff paid for that shoe was higher due to Defendant passing on the cost of IEEPA tariffs.

30. Defendant's conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms. Plaintiffs and Class Members were deceived by Defendant's conduct, which created a material mistake of fact and/or law and caused Plaintiffs and Class Members to pay higher prices than they ordinarily would have paid or otherwise deprived them of a choice of whether to make the payment.

31. As a direct and proximate result of paying the unlawful tariffs, Plaintiffs and Class Members suffered financial injury.

32. Plaintiffs bring this action individually and on behalf of all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendant's unlawful conduct.

33. Absent relief from this Court, Defendant will continue to retain funds obtained through unlawful pass-through charges.

34. Defendant is among the largest importers of consumer goods and therefore stands to recover roughly $233 million in tariff refunds. Those expected refunds are especially significant here because Adidas previously passed tariff-related cost increases through to consumers in the form of higher retail prices, meaning Defendant will recover duties whose economic burden was borne, in whole or in part, by Plaintiffs and Class Members.

## CLASS ALLEGATIONS

35. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

36. Plaintiffs bring this class action on behalf of themselves and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3). The class Plaintiffs seek to represent can be defined as:

> **Nationwide Class**: All persons in the United States who, within the applicable statute of limitations period, purchased goods from Defendant and paid higher prices for those goods as a result of tariffs imposed on Defendant pursuant to the International Emergency Economic Powers Act who have not been refunded the imposed tariffs nor any applicable processing fees imposed upon them for collecting the tariffs (the "Class" or "Class Members").

37. Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

38. Plaintiffs reserve the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

39. This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

40. Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, upon information and belief, Plaintiffs estimate that the Class is comprised of thousands of Class Members, if not more. The Class is sufficiently numerous to warrant certification.

41. Typicality of Claims: Plaintiffs' claims are typical of those of other Class Members because Plaintiffs, like the unnamed Class, purchased goods from Defendant that were subject to IEEPA tariff related price increases. The harm suffered by Plaintiffs is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendant.

42. Adequacy of Representation: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no interest antagonistic to, nor in conflict with, the Class. Plaintiffs have retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

43. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

44. Predominant Common Questions: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including, but not limited to:

a. Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;

b. Whether Defendant's conduct was unlawful, or otherwise actionable under applicable federal and state law;

c. Whether Defendant breached duties owed to Plaintiffs and Class Members;

d. Whether Defendant passed tariff costs onto its customers by paying duties at customs and then increasing the retail prices on goods sold;

e. Whether Defendant included additional processing or brokerage fees above and beyond the amount of the tariff costs;

f. Whether Defendant's conduct caused injury to Plaintiffs and Class Members;

g. Whether Defendant was unjustly enriched; and

h. The nature of relief, including damages and equitable relief, to which Plaintiffs and Class Members are entitled.

45. These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.

46. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

47. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

## CAUSES OF ACTION

## COUNT I: UNJUST ENRICHMENT

48. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

49. Plaintiffs and Class Members conferred a direct financial benefit upon Defendant by paying tariff-related charges in the form of increased prices on goods.

50. Defendant knowingly received and accepted these benefits.

51. The tariff-related price increases that Defendant imposed and collected were unlawful and unauthorized.

52. Defendant collected and retained funds to which it was not legally entitled.

53. Defendant retained these funds despite knowing, or having reason to know, that such charges were unlawful, invalid, or subject to refund.

54. It would be inequitable and unjust for Defendant to retain these funds.

55. Plaintiffs and Class Members suffered economic injury as a result of Defendant's unjust retention of these funds.

56. Defendant was unjustly enriched at the expense of Plaintiffs and Class Members.

57. Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiffs and Class members.

## COUNT II: DECLARATORY JUDGMENT

58. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

59. In, or around, April 2025, U.S. Customs and Border Protection debuted a tariff refund claims portal where Importers of Record, like Defendant, can submit a declaration for the tariffs they paid under the IEEPA and receive a consolidated refund amount.

60. Defendant has filed, or will file, a claim alleging it has suffered injury from having to pay IEEPA duties to the United States and requesting a full refund of what it paid for IEEPA tariffs. However, Defendant passed the cost of the IEEPA tariffs onto consumers like Plaintiffs and Class Members.

61. Despite the IEEPA tariffs being declared illegal, Defendant has not established a refund process for Plaintiffs and Class Members.

62. As a direct and proximate result of the Defendant's conduct, Plaintiffs and Class Members suffered damages.

63. In light of the foregoing, a substantial controversy exists between the parties, having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.

64. Under the Declaratory Judgment Act, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further relief as necessary.

65. Accordingly, Plaintiffs and Class Members are entitled to a declaration that any contract, agreement or other arrangement that permitted Defendant to collect funds from Plaintiffs and Class Members for IEEPA tariff related charges is rescinded and void *ab initio*.

66. Plaintiffs and Class Members are also entitled to a declaration that either: (i) any refund Defendant obtains from the U.S. government/ U.S. Customs and Border Protection for IEEPA tariffs must be returned to Plaintiffs and Class Members; or (ii) any amount that Defendant

Case MDL No. 3202 Document 1-15 Filed 03/12/26 Page 18 of 26

charged to and collected from Plaintiffs and Class Members for IEEPA tariffs and related fees must be returned to Plaintiffs and Class Members.

**COUNT III: VIOLATION OF UNLAWFUL TRADE PRACTICES ACT**

67. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

68. Defendant, an Oregon Corporation, engaged in conduct prohibited under the Oregon Unlawful Trade Practices Act (UTPA) ORS §646.608, which includes, but is not limited to, making false or misleading representations about goods or services.

69. Defendant violated ORS §646.608(1)(s) by making false or misleading representations of fact concerning the offering price of its goods. Defendant unlawfully represented the price of its goods by passing through unlawful IEEPA tariff costs, failing to disclose that it intended to seek tariff refunds, and failing to establish a process to return the tariff related costs that it passed on to consumers.

70. Plaintiffs and Class Members paid tariff-related charges in the form of increased prices on goods. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

71. Despite the IEEPA tariffs being declared illegal, Defendant has not established a refund process for Plaintiffs and Class Members.

72. As a result, Plaintiffs and Class Members have suffered an ascertainable loss of money because of Defendant's willful use or employment of a practice declared unlawful.

73. Defendant's unfair conduct proximately caused Plaintiffs and Class Members' injury because, but for the challenged conduct, Plaintiffs and Class Members would not have paid increased prices for goods subject to illegal tariffs that Defendant seeks to recover.

74. This action is being brought within one year of discovering Defendant's unlawful trade practice.

75. Plaintiffs and Class Members are "persons" that have sustained an ascertainable loss of money as a result of Defendant's reckless or knowing employment of a practice declared unlawful by the UTPA and seek to recover damages, equitable relief, attorneys' fees and costs as a result of Defendant's unlawful conduct.

**COUNT IV: COMMON COUNT OF GENERAL ASSUMPSIT (MONEY HAD AND RECEIVED)**

76. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

77. Plaintiffs and Class Members paid IEEPA tariff-related charges to Defendant in the form of increased prices on goods.

78. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

79. Despite the IEEPA tariffs being declared illegal, Defendant has not established a refund process for Plaintiffs and Class Members.

80. It would offend the principles of equity and good conscience if Defendant is allowed to retain the tariff related money it received from Plaintiffs and Class Members.

81. Under the circumstances, Defendant is not entitled to retain the money to which Plaintiffs and Class Members assert a claim. Accordingly, Plaintiffs and Class Members seek

return of the money paid as damages, in an amount to be determined at trial, in addition to attorney's fees, costs, and all other relief the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

(a) For an order determining that this action is properly brought as a class action and certifying Plaintiffs as representatives of the Class and their counsel as Class Counsel;

(b) For an order declaring that Defendant's conduct violates the causes of action referenced herein;

(c) For an order declaring that Defendant is obligated to reimburse Plaintiffs and Class Members for any and all sums paid in connection with unlawful tariffs;

(d) For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(e) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(f) For pre-judgment interest on all amounts awarded;

(g) For an order of restitution and all other forms of equitable monetary relief;

(h) For injunctive relief as pleaded or as the Court may deem proper;

(i) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit; and

(j) Such other and further relief as the Court deems necessary and appropriate.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of all claims in this Class Action Complaint so triable.

Dated: May 12, 2026.    Respectfully Submitted,

*/s/ Michael A. Tompkins*
Michael A. Tompkins, Esq.
Jeffrey K. Brown, Esq.
**LEEDS BROWN LAW, P.C.**
1 County Road, Suite 347
Carle Place, NY 11514
Tel: 516-873-9550
Fax: 516-747-5024
mtompkins@leedsbrownlaw.com
jbrown@leedsbrownlaw.com

Paul J. Doolittle, Esq.*
**POULIN | WILLEY| ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com
**Pro Hac Vice* forthcoming

*Attorneys for Plaintiffs and Proposed Class*

Revised 03.23.2026; Effective 03.24.2026

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

MIGUEL HERNANDEZ and JASON SCHOEN, individually and on behalf of all

**(b)** County of Residence of First Listed Plaintiff Queens County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514, Tel: 516-873-9550

**DEFENDANTS**

ADIDAS AMERICA, INC.

County of Residence of First Listed Defendant Multnomah County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee *
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

Brief description of cause:
class action claims on behalf of Plaintiffs and others similarly situated

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 5,000,000+

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:

JUDGE ______________________ DOCKET NUMBER ______________

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ____________ APPLYING IFP ____________ JUDGE ____________ MAG. JUDGE ____________

* Please respond to Parts D & F on Page 2

PART A – CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is eligible for arbitration [No] (select yes or no) If no, please complete:

I, Michael A. Tompkins, counsel for Plaintiffs, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [x] monetary damages sought are in excess of $150,000.00 exclusive of interest and costs; or
- [x] the complaint seeks injunctive relief; or
- [ ] the matter is otherwise ineligible for the following reason: [ ]

PART B – DISCLOSURE STATEMENT – FEDERAL RULES OF CIVIL PROCEDURES 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more of its stocks. Add an additional page if needed.

[ ]

PART C – RELATED CASE STATEMENT (Section VIII on the Page One of This Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on page one of this form. Rule 3(a) provides that "[a] civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "[a] civil case shall not be deemed 'related' to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be 'related' unless both cases are still pending before the court."

[ ]

PART D – NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions in Part D, this case will be designated as a Central Islip case pursuant to Division of Business Rule 1(d)(3). You must select Office Code 2 if you answer "Yes" to any of the Part D questions.*

*If you answer "No" to all of the Part D questions, this case will be designated as a Brooklyn case and you must select Office Code 1.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County?................................................ No
2. In an action being brought against the United States, its officers or its employees, which **does not** involve real property, do the majority of the plaintiffs reside in Nassau or Suffolk County?........................................................................... No
3. If you answered "No" to Questions 1 and 2,
   a. Did a substantial part of the events or omissions giving rise to claim(s) occur in Nassau or Suffolk County?.................................................................................................................................... No
   b. Do the majority of defendants reside in Nassau or Suffolk County?.......................................................... No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County?...................................... No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in Nassau or Suffolk County?................................................................................................................................................... No
5. If this is a petition based on an immigration detention (28 U.S.C. § 2241), did the arrest occur in Nassau or Suffolk County?................................................................................................................................................... No

PART E – BAR ADMISSION

1. I am currently admitted to practice in the Eastern District of New York and am currently a member in good standing of the bar of this Court........................................................................................................................................ Yes
   *If no, please see instructions and Local Civil Rule 1.3.*
2. Are you currently the subject of any disciplinary action(s) in this or any other federal or state court?.................................................................................................................................................. No
   *If yes, please explain. Add an additional page if needed.*

[ ]

PART F – IMMIGRATION HABEAS PETITIONS

1. Is this petition based on an immigration detention, pursuant to 28 U.S.C. § 2241?................................................................ No
2. Does this case require immediate attention of a judge?.................................................................................................. No

*If you answered "Yes" to Part F, Question 2, and you are filing this action after business hours, please see the Court's instructions for filing emergency applications after hours: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours. If you do not follow the instructions, your case will not be assigned to a judge until the following business day.*

I certify the accuracy of all information provided above.

Date: 5/12/2026 Signature: [signature]

Case MDL No. 3202 Document 1-151 Filed 08/14/26 Page 24 of 26

JS 44 Reverse (Rev. 03.24.2026)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**Page One Instructions**

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Page Two Instructions**

A. Certification of Arbitration Eligibility: Indicate whether the case is eligible for arbitration under Local Civil Rule 83.7. If you answer No, please check at least one of the reasons that the case is not eligible.
B. Disclosure Statement - Federal Rules of Civil Procedure 7.1: If additional space is needed, please add the parties on an additional page.
C. Related Case Statement: If additional space is needed, please add the parties on an additional page.
D. Division of Business Rule 1(d)(3): Your answers in this section will determine whether your case will be designated as a Central Islip or Brooklyn case. Failure to complete this section may result in a delay assigning your case to a judge. Answer all five (5) questions in this part, including 3(a), 3(b), and 3(c).
E. Bar Admission: Answer both questions.
F. Immigration Habeas: Answer both questions.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

MIGUEL HERNANDEZ and JASON SCHOEN, individually and on behalf of all others similarly situated

*Plaintiff(s)*

v.

ADIDAS AMERICA, INC.

*Defendant(s)*

Civil Action No. 1:26-cv-02848

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Adidas America Inc.
7185 SW Sandburg Street, Suite 110,
Portland, Oregon 97223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Michael A. Tompkins, Esq.
LEEDS BROWN LAW, P.C.
1 County Road, Suite 347
Carle Place, NY 11514
Tel: 516-873-9550

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:26-cv-02848

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ____________________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ____________________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________________
______________________________ on *(date)* ____________________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc: