# EXHIBIT 20

CONSOLIDATED

**U.S. District Court**
**District of Oregon (Portland (3))**
**CIVIL DOCKET FOR CASE #: 3:26-cv-00923-IM**

Caldwell et al v. Nike, Inc.
Assigned to: Judge Karin J. Immergut
Cause: 28:1332 Diversity-Account Receivable

Date Filed: 05/08/2026
Jury Demand: Plaintiff
Nature of Suit: 360 Personal Injury: Other
Jurisdiction: Diversity

**Plaintiff**

**Diann Caldwell**
*individually and on behalf of all others similarly situated,*

represented by

**Jennifer Rust Murray**
Terrell Marshall Law Group PLLC
1700 Westlake Avenue North
Suite 300
Seattle, WA 98109
206-816-6603
Email: jmurray@terrellmarshall.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaleigh Boyd**
McNaul Ebel PLLC
600 University Street
Suite 2700
Seattle, WA 98101
206-389-9332
Email: kboyd@mcnaul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Haroutunian**
Emery Reddy PC
600 Stewart Street
Suite 1100
Seattle, WA 98101
916-823-6955
Email: gregory@emeryreddy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason T. Dennett**
Milberg, PLLC
1700 7th Avenue
Suite 2100
Seattle, WA 98101
206-949-1190
Email: jdennett@milberg.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
Emery Reddy, PC
600 Stewart Street
Suite 1100
Seattle, WA 98101
916-823-6955
Email: anderson@emeryreddy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole Maruzzi**
Feldman Shepherd Wohlgelernter Tanner
Weinstock Dodig LLP
1845 Walnut Street
21st Floor
Philadelphia, PA 19103
215-567-8300
Email: nmaruzzi@feldmanshepherd.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Arbitman**
Feldman Shepherd Wohlgelernter Tanner
Weinstock Dodig LLP
1845 Walnut St
21st Floor
Philadelphia, PA 19103
215-567-8300
Fax: 215-567-8333
Email: zarbitman@feldmanshepherd.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Phillip Taylor**
*individually and on behalf of all others similarly situated,*

represented by

**Jennifer Rust Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaleigh Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Haroutunian**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason T. Dennett**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole Maruzzi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Arbitman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rachel Bailey**
*individually and on behalf of all others similarly situated,*

represented by **Jennifer Rust Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaleigh Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Haroutunian**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason T. Dennett**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole Maruzzi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Arbitman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roman Merino**
*individually and on behalf of all others*

represented by **Jennifer Rust Murray**
(See above for address)

*similarly situated,*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaleigh Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Haroutunian**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason T. Dennett**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole Maruzzi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Arbitman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tyranika Johnson**
*individually and on behalf of all others similarly situated,*

represented by **Jennifer Rust Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaleigh Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Haroutunian**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason T. Dennett**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole Maruzzi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Arbitman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gregory Hoffert**
*individually and on behalf of all others similarly situated,*

represented by

**Jennifer Rust Murray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaleigh Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Haroutunian**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason T. Dennett**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole Maruzzi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Arbitman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elzey Linder**
*individually and on behalf of all others*

represented by

**Jennifer Rust Murray**
(See above for address)

*similarly situated,*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kaleigh Boyd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Haroutunian**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jason T. Dennett**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**M. Anderson Berry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicole Maruzzi**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Arbitman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**James Dunn**
*individually and on behalf of all others similarly situated*

represented by **James Dunn**
PRO SE

V.

**<u>Consol Plaintiff</u>**

**Robert White**
*individually and on behalf of all others similarly situated*

represented by **Robert White**
PRO SE

**<u>Consol Plaintiff</u>**

**Javier Mancilla**
*individually and on behalf of all others similarly situated*

represented by **Javier Mancilla**
PRO SE

**<u>Consol Plaintiff</u>**

**Chris Hufana**
*individually and on behalf of all others*

represented by **Chris Hufana**
PRO SE

*similarly situated*

V.

**Defendant**

**Nike, Inc.**
*an Oregon corporation,*

represented by

**B. John Casey**
Stoel Rives LLP
760 S.W. Ninth Ave.
Suite 3000
Portland, OR 97205
503-294-9170
Fax: 503-220-2480
Email: john.casey@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel C. Lee**
Stoel Rives LLP
760 S.W. Ninth Ave.
Suite 3000
Portland, OR 97205
503-294-9403
Fax: 503-220-2480
Email: rachel.lee@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony A. Todaro**
DLA Piper LLP US
701 Fifth Avenue
Suite 6900
Seattle, WA 98104-7029
206-839-4830
Email: anthony.todaro@us.dlapiper.com
*ATTORNEY TO BE NOTICED*

**Connor Rowinski**
DLA Piper LLP US
1251 Avenue of the Americas
New York, NY 98102
212-335-4612
Fax: 917-776-8612
Email: connor.rowinski@us.dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Keara Marie Gordon**
DLA Piper LLP (US)
1251 Avenue of the Americas
Ste 27th Floor
New York, NY 10020-1104
212-335-4632
Email: keara.gordon@us.dlapiper.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachael Kessler**
1251 Avenue of the Americas
New York, NY 10020
212-335-4749
Email: rachael.kessler@dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2026 | 1 | Complaint. *(Class Action)* Filing fee in the amount of $405 collected. Agency Tracking ID: AORDC-10260921 Jury Trial Requested: Yes. Kaleigh Boyd,Kaleigh Boyd. Filed by Gregory Hoffert, Phillip Taylor, Roman Merino, Tyranika Johnson, Diann Caldwell, Elzey Linder, Rachel Bailey against All Defendants (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons). (Boyd, Kaleigh) (Entered: 05/08/2026) |
| 05/08/2026 | 2 | Summons Issued Electronically as to All Defendants. **NOTICE: The filing party shall print and serve the summonses and all other documents issued by the Clerk at the time of case initiation upon all named parties in accordance with Local Rule 3-5(c).** (ajm) (Entered: 05/08/2026) |
| 05/08/2026 | 3 | Notice of Case Assignment to Judge Karin J. Immergut and Discovery and Pretrial Scheduling Order. **NOTICE: The filing party shall print and serve this Order, the summonses, and all other documents issued by the Clerk at case initiation upon all named parties in accordance with Local Rule 3-5(c)**. Discovery is to be completed by 9/8/2026. Joint Alternate Dispute Resolution Report is due by 10/5/2026. Pretrial Order is due by 10/5/2026. Ordered by Judge Karin J. Immergut. (ajm) (Entered: 05/08/2026) |
| 05/13/2026 | 4 | A duplicate payment in the amount of $405.00 was submitted by Kaleigh Boyd in the above-referenced case. For information on refund procedures, visit Requesting a Refund of Electronically Paid Fees on the Court's website. Refund Request is Due 5/26/2026. (cv) (Entered: 05/13/2026) |
| 06/15/2026 | 5 | Unopposed Motion to Consolidate *Related Actions and For Appointment of Interim Co-Lead Class Counsel*. Filed by Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor. (Boyd, Kaleigh) (Entered: 06/15/2026) |
| 06/15/2026 | 6 | Declaration of Patrick M. Wallace *ISO Plaintiffs' Unopposed Motion to Consolidate*. Filed by Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor. (Related document(s): Motion to Consolidate 5 .) (Attachments: # 1 Exhibit Lee Segui's firm resume) (Boyd, Kaleigh) (Entered: 06/15/2026) |
| 06/15/2026 | 7 | Declaration of M. Anderson Berry *ISO Plaintiffs' Unopposed Motion to Consolidate*. Filed by Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor. (Related document(s): Motion to Consolidate 5 .) (Attachments: # 1 Exhibit Emery Reddy firm resume) (Boyd, Kaleigh) (Entered: 06/15/2026) |
| 06/15/2026 | 8 | Declaration of Jason T. Dennett *ISO Plaintiffs' Unopposed Motion to Consolidate*. Filed by Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor. (Related document(s): Motion to Consolidate 5 .) (Attachments: # 1 Exhibit Millberg firm resume) (Boyd, Kaleigh) (Entered: 06/15/2026) |

| | | |
|---|---|---|
| 06/17/2026 | 9 | **ORDER:** This Court has reviewed Plaintiffs' Joint Unopposed Motion to Consolidate Related Actions and for Appointment of Interim Co-Lead Class Counsel, ECF 5 . The motion is GRANTED in full. **First,** consolidation under Rule 42 of the Federal Rules of Civil Procedure is left to this Court's broad discretion. *See Hall v. Hall*, 584 U.S. 59, 77 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). "The purpose of Rule 42(a) is to improve trial court efficiency by avoiding unnecessary duplication of evidence and procedures and to avoid the risk of inconsistent adjudications." *Wilson v. HGC, Inc.*, Case No. 3:16-cv-64-SI, 2016 WL 4432690, at *1 (D. Or. Aug. 18, 2016). Here, this Court finds that consolidation of this action with case no. 3:26-cv-00954-IM, *Dunn v. Nike, Inc.*, will improve efficiency by avoiding unnecessary duplication of efforts for the litigants and this Court, as well as avoid the risk of inconsistent rulings. To the extent confusion or prejudice would arise from consolidation, this Court finds that the interests of judicial convenience outweigh it. In accordance with Local Rule 42-4, the *Caldwell* action was the earliest filed and is designated the lead case. **Second,** this Court has considered the factors identified in Federal Rule of Civil Procedure 23(g)(1) and hereby appoints Jason T. Dennett of Milberg PLLC, M. Anderson Berry of Emery Reddy, PC, and Patrick Wallace of Lee Segui PLLC as interim co-lead putative class counsel in the consolidated action pursuant to Rule 23(g)(3). **Third,** this Court sets the following briefing schedule. Defendant's responsive pleading deadline is hereby STAYED pending the anticipated filing of Plaintiffs' consolidated complaint. Plaintiffs must file their consolidated complaint within thirty (30) days of this Order. Defendant's responsive pleading deadline is sixty (60) days from the filing of Plaintiffs' consolidated complaint. If a motion to dismiss is filed, Plaintiffs' deadline to file their response is forty-five (45) days from the filing of the motion to dismiss. Defendants' deadline to file a reply in support of any motion to dismiss is thirty (30) days from the filing of Plaintiffs' response. Ordered on 6/17/26 by Judge Karin J. Immergut. (jy) (Entered: 06/17/2026) |
| 06/18/2026 | 10 | Notice of Appearance. B. John Casey,B. John Casey,Rachel C. Lee for Nike, Inc.. Filed by Nike, Inc..Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Casey, B. John) (Entered: 06/18/2026) |
| 06/24/2026 | 11 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Zachary Arbitman. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10312449. Filed by Diann Caldwell.Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Arbitman, Zachary) (Entered: 06/24/2026) |
| 06/24/2026 | 12 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Nicole Maruzzi. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10312462. Filed by Diann Caldwell.Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Maruzzi, Nicole) (Entered: 06/24/2026) |
| 06/26/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Zachary Arbitman. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10312449 ( 11 in 3:26-cv-00923-IM, 17 in 3:26-cv-00954-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 06/26/2026)** |
| 06/26/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Nicole Maruzzi. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10312462 ( 12 in 3:26-cv-00923-IM, 18 in 3:26-cv-00954-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 06/26/2026)** |
| 06/26/2026 | 13 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (12) by attorney Nicole Maruzzi in case 3:26-cv-00923-IM. Ordered by Judge Karin J. Immergut. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 06/26/2026) |

| | | |
|---|---|---|
| 06/26/2026 | 14 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (11) by attorney Zachary Arbitman in case 3:26-cv-00923-IM. Ordered by Judge Karin J. Immergut. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 06/26/2026) |
| 06/29/2026 | 15 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Jason T. Dennett. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10318912. Filed by James Dunn, Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor.Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Dennett, Jason) (Entered: 06/29/2026) |
| 06/29/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Jason T. Dennett. Filing fee in the amount of $300 collected; Agency Tracking ID: AORDC-10318912 (21 in 3:26-cv-00954-IM, 15 in 3:26-cv-00923-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 06/29/2026)** |
| 06/29/2026 | 16 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (15) by attorney Jason T. Dennett in case 3:26-cv-00923-IM. Ordered by Judge Karin J. Immergut. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 06/29/2026) |
| 07/08/2026 | 17 | Notice of Appearance. Filed by Nike, Inc..Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Todaro, Anthony) (Entered: 07/08/2026) |
| 07/08/2026 | 18 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Rachael Kessler. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10329769. Filed by Nike, Inc..Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Kessler, Rachael) (Entered: 07/08/2026) |
| 07/08/2026 | 19 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Connor Rowinski. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10329779. Filed by Nike, Inc..Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Rowinski, Connor) (Entered: 07/08/2026) |
| 07/08/2026 | 20 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Keara Marie Gordon. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10329816. Filed by Nike, Inc..Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Gordon, Keara) (Entered: 07/08/2026) |
| 07/08/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Rachael Kessler. Filing fee in the amount of $300 collected; Agency Tracking ID: AORDC-10329769 (24 in 3:26-cv-00954-IM, 18 in 3:26-cv-00923-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 07/08/2026)** |
| 07/08/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Connor Rowinski. Filing fee in the amount of $300 collected; Agency Tracking ID: AORDC-10329779 (25 in 3:26-cv-00954-IM, 19 in 3:26-cv-00923-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 07/08/2026)** |
| 07/08/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Keara Marie Gordon. Filing fee in the amount of $300 collected; Agency Tracking ID: AORDC-10329816 (26 in 3:26-cv-00954-IM, 20 in 3:26-cv-00923-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 07/08/2026)** |
| 07/08/2026 | 21 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (20) in case 3:26-cv-00923-IM by attorney Keara Marie Gordon. Ordered by Judge Karin J. Immergut. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 07/08/2026) |
| 07/08/2026 | 22 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (19) in case 3:26-cv-00923-IM by attorney Connor Rowinski. Ordered by Judge Karin J. Immergut. Associated Cases: |

| | | |
|---|---|---|
| | | 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 07/08/2026) |
| 07/08/2026 | 23 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (18) in case 3:26-cv-00923-IM by attorney Rachael Kessler. Ordered by Judge Karin J. Immergut. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 07/08/2026) |
| 07/17/2026 | 24 | Complaint. *Consolidated Class Action Complaint for Damages* Filing fee in the amount of $405 collected. Agency Tracking ID: AORDC-10342123 Jury Trial Requested: Yes. Filed by Tyranika Johnson, Roman Merino, Gregory Hoffert, Phillip Taylor, Elzey Linder, Rachel Bailey, Diann Caldwell against Nike, Inc.. (Boyd, Kaleigh) (Entered: 07/17/2026) |
| 07/20/2026 | 25 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney M. Anderson Berry. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10343929. Filed by Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor.Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Berry, M.) (Entered: 07/20/2026) |
| 07/20/2026 | 26 | Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Gregory Haroutunian. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10344017. Filed by Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor.Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Haroutunian, Gregory) (Entered: 07/20/2026) |
| 07/20/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney M. Anderson Berry. Filing fee in the amount of $300 collected; Agency Tracking ID: ORDC-10343929 (25 in 3:26-cv-00923-IM, 30 in 3:26-cv-00954-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 07/20/2026)** |
| 07/20/2026 | 27 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (25) by attorney M. Anderson Berry in case 3:26-cv-00923-IM. Ordered by Judge Karin J. Immergut. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 07/20/2026) |
| 07/20/2026 | | Clerk's Review of Motion for Leave to Appear *Pro Hac Vice*. *Pro Hac Vice* admission requested by attorney Gregory Haroutunian. Filing fee in the amount of $300 collected; Agency Tracking ID: AORDC-10344017 (31 in 3:26-cv-00954-IM, 26 in 3:26-cv-00923-IM) : **Reviewed and Ready for Ruling. (dino) (Entered: 07/20/2026)** |
| 07/20/2026 | 28 | **ORDER:** Granting Motion for Leave to Appear *Pro Hac Vice* (26) by attorney Gregory Haroutunian in case 3:26-cv-00923-IM. Ordered by Judge Karin J. Immergut. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (jy) (Entered: 07/20/2026) |
| 07/29/2026 | 29 | Request for Refund of Fees Paid Electronically regarding Complaint, (24 in 3:26-cv-00923-IM) . Filed by Rachel Bailey, Diann Caldwell, Gregory Hoffert, Tyranika Johnson, Elzey Linder, Roman Merino, Phillip Taylor, James Dunn, Robert White, Javier Mancilla, Chris Hufana. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (Boyd, Kaleigh) (Entered: 07/29/2026) |
| 08/03/2026 | 30 | Clerk's Notice of Pay.gov Refund regarding Agency Tracking ID: AORDC-10342123. The request has been granted and the amount of $405.00 will be refunded to Sok Pok. Related Doc (29 in 3:26-cv-00923-IM, 34 in 3:26-cv-00954-IM) Request for Refund of Fees Paid Electronically. Associated Cases: 3:26-cv-00923-IM, 3:26-cv-00954-IM (cv) (Entered: 08/03/2026) |

**PACER Service Center**

**Transaction Receipt**

| 08/11/2026 11:50:24 | | | |
|---|---|---|---|
| **PACER Login:** | studavidson | **Client Code:** | 260043-00001 |
| **Description:** | Docket Report | **Search Criteria:** | 3:26-cv-00923-IM Start date: 1/1/1980 End date: 8/11/2026 |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

Kaleigh N. Boyd, OSB #253094
kboyd@mcnaul.com
MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, WA 98101
(206) 467-1816
Attorney for Plaintiffs

*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DIANN CALDWELL, PHILLIP TAYLOR, RACHEL BAILEY, ROMAN MERINO, TYRANIKA JOHNSON, GREGORY HOFFERT, and ELZEY LINDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NIKE, INC., an Oregon corporation,<br><br>Defendant. | Case No.:<br><br>PLAINTIFFS' CLASS ACTION COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Diann Caldwell, Phillip Taylor, Rachel Bailey, Roman Merino, Tyranika Johnson, Gregory Hoffert, and Elzey Linder ("Plaintiffs") on behalf of themselves and all others similarly situated, by and through counsel, bring this action against Defendant Nike, Inc. ("Defendant" or "Nike"). The allegations contained herein, which are based on Plaintiffs' knowledge of facts pertaining to themselves and their own actions and counsels' investigations, and upon information and belief as to all other matters, are as follows:

## NATURE OF THE CASE

1. This class action arises from Nike's retention of windfall profits generated by unlawful tariffs imposed by the federal government under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq*.

2. Beginning in February 2025, the federal government imposed sweeping tariffs on imports from numerous countries under purported authority of the IEEPA. Those tariffs dramatically increased the cost of imported consumer goods sold in the United States.

3. Major U.S. importers—including Nike—responded by increasing prices on consumer goods to offset the cost of these tariffs. On June 1, 2025, Nike implemented price increases on certain footwear and clothing. As a result, American consumers paid higher retail prices for consumer goods reflecting the economic burden of those tariffs.

4. On February 20, 2026, the Supreme Court of the United States held that the IEEPA-based tariffs were unlawful. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

5. As a consequence of that decision, importers who paid those tariffs—including Nike—became entitled to refunds of the duties they previously paid to U.S. Customs and Border Protection ("CBP").

6. The economic reality of the tariff regime, however, is that importers like Nike did not ultimately bear all the costs of the tariffs. Instead, the importers passed the elevated costs on to consumers in the form of higher retail prices.

7. Nike therefore collected the tariff costs from consumers through elevated pricing, while seeking refunds of the same tariff payments from the federal government.

8. Unless restrained by this Court, Nike stands to recover the same tariff payments twice—once from consumers through higher prices and again from the federal government through tariff refunds, including interest paid by the government on those funds.

9. Nike has made no legally binding commitment to return tariff-related overcharges to the consumers who actually paid them.

10. This lawsuit seeks to prevent that unjust result.

11. Plaintiffs bring this action on behalf of millions of consumers who purchased goods from Nike during the tariff period and who paid inflated prices reflecting Nike's pass-through of unlawful tariffs.

12. Plaintiffs seek restitution of those tariff overcharges, together with appropriate declaratory, injunctive, and monetary relief.

**JURISDICTION AND VENUE**

13. Federal subject-matter jurisdiction exists under 28 U.S.C. § 1332(d)(2) because: (a) Plaintiffs and at least one member of the class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the exceptions under that subsection apply to this action.

14. The Court has personal jurisdiction over Defendant because Nike is headquartered in this district, conducts significant business transactions in this District, and because the wrongful conduct occurred in and emanated from this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business in located in in this District in Beaverton, Oregon, and a substantial portion of the events and conduct giving rise to the claims occurred in the District of Oregon.

**PARTIES**

16. Plaintiff Diann Caldwell is a resident and citizen of Whiting, New Jersey. During the Class Period, Plaintiff Caldwell purchased goods from Nike that were imported from countries subject to the IEEPA tariffs. Plaintiff Caldwell paid retail prices for those goods that were increased by Nike to account for the tariffs imposed on imported products. Plaintiff Caldwell would not have paid those higher prices absent the unlawful tariffs and Nike's pass-through of those tariffs to consumers.

17. Plaintiff Phillip Taylor is a resident and citizen of Villa Park, Illinois. During the Class Period, Plaintiff Taylor purchased goods from Nike that were imported from countries subject to the IEEPA tariffs. Plaintiff Taylor paid retail prices for those goods that were increased by Nike to account for the tariffs imposed on imported products. Plaintiff Taylor would not have paid those higher prices absent the unlawful tariffs and Nike's pass-through of those tariffs to consumers.

18. Plaintiff Rachel Bailey is a resident and citizen of Saginaw, Michigan. During the Class Period, Plaintiff Bailey purchased goods from Nike that were imported from countries subject to the IEEPA tariffs. Plaintiff Bailey paid retail prices for those goods that were increased by Nike to account for the tariffs imposed on imported products. Plaintiff Bailey would not have paid those higher prices absent the unlawful tariffs and Nike's pass-through of those tariffs to consumers.

19. Plaintiff Roman Merino is a resident and citizen of Kansas City, Missouri. During the Class Period, Plaintiff Merino purchased goods from Nike that were imported from countries subject to the IEEPA tariffs. Plaintiff Merino paid retail prices for those goods that were increased by Nike to account for the tariffs imposed on imported products. Plaintiff Merino would not have

paid those higher prices absent the unlawful tariffs and Nike's pass-through of those tariffs to consumers.

20. Plaintiff Tyranika Johnson is a resident and citizen of Gramercy, Louisiana. During the Class Period, Plaintiff Johnson purchased goods from Nike that were imported from countries subject to the IEEPA tariffs. Plaintiff Johnson paid retail prices for those goods that were increased by Nike to account for the tariffs imposed on imported products. Plaintiff Johnson would not have paid those higher prices absent the unlawful tariffs and Nike's pass-through of those tariffs to consumers.

21. Plaintiff Gregory Hoffert is a resident and citizen of Fair Oaks, California. During the Class Period, Plaintiff Hoffert purchased goods from Nike that were imported from countries subject to the IEEPA tariffs. Plaintiff Hoffert paid retail prices for those goods that were increased by Nike to account for the tariffs imposed on imported products. Plaintiff Hoffert would not have paid those higher prices absent the unlawful tariffs and Nike's pass-through of those tariffs to consumers.

22. Plaintiff Elzey Linder is a resident and citizen of Fair Oaks, California. During the Class Period, Plaintiff Linder purchased goods from Nike that were imported from countries subject to the IEEPA tariffs. Plaintiff Nike paid retail prices for those goods that were increased by Nike to account for the tariffs imposed on imported products. Plaintiff Nike would not have paid those higher prices absent the unlawful tariffs and Nike's pass-through of those tariffs to consumers.

23. Defendant Nike, Inc. is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, OR 97005. Nike is responsible for the marketing, distribution, and sale of its products in the United States. Nike develops, designs, manufactures, and sells

athletic footwear and apparel. A significant portion of the products Nike sells are imported goods subject to IEEPA tariffs imposed by the United States government.

## FACTUAL BACKGROUND

### A. Nike's Business

24. Nike is one of the largest athletic footwear and apparel suppliers in the United States.

25. In 1964, Phil Knight and his former University of Oregon coach, Bill Bowerman, formed Blue Ribbon Sports. In 1971, Knight and Bowerman changed the company's name to Nike after the Greek goddess of victory.

26. Nike went public in 1980 and struggled until 1984 when it signed a deal with NBA rookie Michael Jordan which introduced the iconic Air Jordan basketball shoe series.

27. Over the next several decades, Nike rapidly expanded its business and diversifying its product line beyond just athletic footwear including:

- 1988: Nike acquired shoe company Cole Haan (sold in 2012).
- 1990: NikeTown store chain debuted to enhance the shopping experience and expose consumers to buy Nike's full range of products.
- 1994: Nike acquired Canstar Sports, parent company of skate and hockey equipment maker Bauer (sold in 2008).
- 1996: Nike created Nike ACG ("all conditions gear"), which markets products for extreme sports such as snowboarding and mountain biking.
- Early 2000s: Nike moved into sports technology accessories including portable heart rate monitors, high-altitude wrist compasses, fitness apps, and its fitness studio.
- 2003: Nike acquired Converse.
- 2008: Nike acquired athletic apparel and equipment company Umbro (sold in 2012).

- 2014: Nike launched NikeLab, online and physical stores to showcase its product innovation and highlight where sports and fashion meet.[1]

28. Nike is supplied by 112 footwear factories located in 11 different countries.[2] For the 2025 fiscal year, contract factories in Vietnam, Indonesia, and China manufactured approximately 51%, 28%, and 17% of total Nike Brand footwear, respectively.[3] The company also contracts with 303 apparel manufacturers operating in 34 different countries.[4] Vietnam is its largest source of apparel at 31%, followed by China and Cambodia at 15% each.[5]

29. Imported goods therefore account for most, if not virtually all, of Nike's retail sales in the United States. Because Nike imports most if not all of the goods it sells, the IEEPA tariffs directly increased Nike's cost of importing merchandise into the United States.[6]

**B. The IEEPA Tariffs**

30. Beginning in February 2025, President Trump invoked the IEEPA to impose tariffs on imports from numerous foreign countries pursuant to a series of executive orders declaring national emergencies related to trade and supply chain concerns.[7]

31. Those executive orders imposed sweeping tariffs on imports from key U.S. trading partners. The orders included duties of approximately 25 percent on many imports from Canada

---

[1] Debbie Carlson, *Nike, Inc.*, available at https://www.britannica.com/money/Nike-Inc.
[2] J. William Carpenter, *Nike Stock (NKE): Analyzing 3 Key Suppliers* (December 16, 2025), available at https://www.investopedia.com/articles/markets/051416/nike-stock-analyzing-5-key-suppliers-nke.asp.
[3] *Id*.
[4] *Id*.
[5] *Id*.
[6] Jim Kennemer, *Where Does Nike Make Shoes and Apparel* (Feb 17, 2026), available at https://www.cosmosourcing.com/blog/where-does-nike-make-shoes-and-apparel
[7] *See* Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

and Mexico and additional tariffs on imports from China that were layered on top of existing duties, resulting in substantially higher effective tariff rates on Chinese goods.[8]

32. The tariffs significantly increased the cost of imported consumer goods entering the United States, particularly for retailers and other businesses that rely heavily on international supply chains to source merchandise—like Defendant Nike.[9]

33. Under U.S. customs law, the importer of record is responsible for paying tariffs when goods enter the United States. Accordingly, importers of record—including major retailers such as Nike—were required to pay the IEEPA tariffs to U.S. CBP upon entry of covered merchandise into the country.[10]

34. Numerous importers challenged the legality of the IEEPA tariffs in the United States Court of International Trade, arguing that the President lacked statutory authority under IEEPA to impose tariffs of that nature.[11]

35. On February 20, 2026, the Supreme Court of the United States held that the challenged tariff regime was unlawful and that IEEPA does not authorize the President to impose tariffs of the type challenged in that litigation and invalidated the tariff orders issued pursuant to that statute.[12]

36. The Supreme Court's decision effectively eliminated the legal basis for the IEEPA tariffs and created a pathway for importers that had paid those duties—including large retailers like Nike—to seek refunds of the tariffs previously collected by the federal government.

---

[8] *See* Reuters, *Trump Orders Tariffs on Canada, Mexico and China*, Feb. 1, 2025.
[9] *See* Mary Amiti, Stephen J. Redding & David Weinstein, *The Impact of the 2018–2019 Tariffs on Prices and Welfare*, 135 J. Econ. Persp. 187 (2020)
[10] *See* U.S. Customs & Border Prot., *Importing Into the United States: A Guide for Commercial Importers*.
[11] *See* Reuters, *Businesses Sue Over Trump's Tariffs*, Apr. 2025.
[12] *See Learning Res., Inc. v. Trump*, 607 U.S. ___ (2026)

### C. Tariffs Are Economically Borne by Consumers

37. Economists and government agencies widely recognize that tariffs are largely borne by domestic consumers rather than foreign exporters or the importing firms that formally remit the duties.

38. Economic studies examining recent U.S. tariff regimes consistently find that the cost of tariffs is passed through into higher prices paid by U.S. purchasers of imported goods.[13]

39. When tariffs increase the cost of imported goods, retailers and other downstream sellers typically raise prices to offset those additional costs. Surveys of U.S. businesses conducted by the Federal Reserve Bank of New York during the recent tariff period found that a large majority of firms facing tariff-related cost increases passed at least some portion of those costs through to their customers in the form of higher prices.[14] Companies consider tariffs to be costs that are to be incorporated into the pricing structure.

---

[13] *See* Julian Hinz et al., *America's Own Goal: Who Pays the Tariffs?*, Kiel Inst. for the World Econ. Policy Brief (Jan. 19, 2026); see also Mary Amiti, Stephen J. Redding & David Weinstein, *The Impact of the 2018–2019 Tariffs on Prices and Welfare*, 135 J. Econ. Persp. 187 (2020)

[14] *See* Jaison R. Abel, Richard Deitz & Jason Bram, *Are Businesses Absorbing the Tariffs or Passing Them On to Their Customers?*, Fed. Rsrv. Bank of N.Y., Liberty Street Econ. (June 4, 2025), available at https://libertystreeteconomics.newyorkfed.org/2025/06/are-businesses-absorbing-the-tariffs-or-passing-them-on-to-their-customers/.

40. Nike followed this same pattern during the tariff period. As a major importer of consumer goods, Nike faced increased costs resulting from tariffs on its products and took steps to address those cost pressures through pricing and merchandising decisions.[15] [16] [17]

41. Indeed, as detailed below, Nike publicly acknowledged that tariffs would affect pricing decisions and the company's cost structure. In those communications, Nike explained that tariffs increased the company's merchandise costs and required Nike to evaluate price adjustments and other operational responses designed to manage those additional expenses.

42. As a result, consumers who purchased goods from Nike during the tariff period paid elevated prices reflecting the tariff-related cost increases incorporated into Nike's retail pricing.

**D. Nike's Statements Regarding Tariff Related Price Increases and Refunds**

43. Nike publicly acknowledged, early in the tariff period, that tariffs would increase its costs and place upward pressure on consumer prices.

44. On April 29, 2025, Nike joined as a signatory in a letter by the Footwear Distributors & Retailers of America ("FDRA") addressed to the President of the United States stating that:

> The significant price increases from these tariffs will preclude these American consumers from having affordable footwear options. ... We are in fact the one

[15] *See* Jordan Hart, Business Insider, *Nike plans 'surgical' price increases as it expects $1 billion hit from tariffs* (June 26, 2025), available at https://www.businessinsider.com/nike-raising-prices-us-expects-1-billion-tariff-hit-2025-6.

[16] *See* Lori Ann LaRocco, CNBC, *Nike prices are rising one year into CEO Elliot Hill's turnaround plan. Tariffs are part of the story* (October 6, 2026) available at https://www.cnbc.com/2025/10/06/nike-prices-rising-tariffs-ceo-elliott-hill-turnaround-plan.html.

[17] *See* Faizan Farooque, Yahoo! Finance, *Nike Raises Prices as Tariffs and Turnaround Plan Take Hold* (October 6, 2025), available at https://finance.yahoo.com/news/nike-raises-prices-tariffs-turnaround-211649463.html.

industry where tariffs do not significantly increase domestic production; tariffs just become a major impact at the cash register for every family.[18]

45. Consistent with its assertions in the FDRA letter regarding tariffs costs being passed down to the consumer, Nike publicly announced that it would be implementing "surgical" price increases in response to the tariffs. Specifically, Nike announced a series of price increases starting on or about June 1, 2025 including a $5 to $10 hike in select footwear and $2 to $10 increase among adult apparel and equipment to defray the estimated $1 billion hit to its business caused by the tariffs.[19]

46. Nike's public statements and actions thus confirmed two critical points: first, that tariffs were increasing Nike's costs on imported goods; and second, that Nike was making pricing decisions in direct response to those tariff-driven cost increases. Indeed, Nike did not simply absorb the full cost of the unlawful tariffs; rather, Nike passed on at least part of those costs to consumers through higher retail prices.

47. Nike's own public statements and actions therefore establish a coherent timeline: Nike acknowledged tariff-driven cost increases and Nike selectively increased prices on affected goods during the tariff period.

48. Plaintiffs and Class members paid tariff-inflated prices at Nike during the Class Period, while Nike now seeks to retain both the consumer pass-through and any government refund of the same unlawful tariff charges.

[18] *See* FDRA Footwear Distributors & Retailers of America Letter to President Donald Trump (April 29, 2025), available at https://fdra.org/wp-content/uploads/2025/04/April-29-Footwear-POTUS-Letter.pdf.

[19] *See* Anthony Robledo & Kathryn Palmer, USA Today, *Nike announces new price hikes: See what other retailers have done since Trump tariffs* (May 22, 2025) available at https://www.usatoday.com/story/money/2025/05/22/nike-price-hikes-tariffs/83800060007/; *see also supra* at Footnote No. 15.

**E. Nike Seeks Tariff Refunds**

49. As described above, in February 2026, the Supreme Court held that the President's tariff regime exceeded the statutory authority granted by IEEPA and invalidated the challenged tariff orders.[20] Following the SCOTUS decision, importers that had paid IEEPA tariffs—including Nike—became eligible to pursue refunds of those duties.

50. On March 4, 2026, the Court of International Trade, in *Atmus Filtration, Inc. v. United States*, ordered U.S. CBP to stop liquidating IEEPA duties and to reliquidate previously liquidated IEEPA duties where possible, and indicated that the relief extended to "all importers of record" that paid IEEPA duties, including importers that had not filed their own refund suits.[21]

51. The potential refund pool resulting from the invalidation of the IEEPA tariffs is enormous. Public reporting concerning the refund proceedings states that U.S. CBP estimated an "unprecedented volume of refunds," potentially involving 53,173,939 refunds across 330,566 importers if each entry subject to IEEPA duties is entitled to a refund.[22]

52. Before the Supreme Court struck down the IEEPA tariffs, Nike's executives warned that the company was facing a tariff hit of over $1 billion dollars on an annual basis and implemented tariff price increases amidst those tariffs.[23]

53. Nike is among the country's largest importers of consumer goods and therefore stands to recover substantial sums if tariff refunds are paid.

---

[20] *See Learning Res., Inc. v. Trump*, 607 U.S. ___ (2026).

[21] *See Atmus Filtration, Inc. v. United States*, No. 26-01259, (Ct. Int'l Trade Mar. 4, 2026), ECF No. 21.

[22] *See* Thompson Hine LLP, *CIT Suspends Earlier Order Directing IEEPA Tariff Refunds* (Mar. 6, 2026), https://www.thompsonhinesmartrade.com/2026/03/cit-suspends-earlier-order-directing-ieepa-tariff-refunds/.

[23] *See supra* at Footnote No. 15.

54. Given Nike scale as a major importer, Nike can expect to recover significant tariff refunds corresponding to duties it paid during the Class Period. Those expected refunds are especially significant here because Nike previously passed tariff-related cost increases through to consumers in the form of higher retail prices, meaning Nike now seeks to recover from the government duties whose economic burden was borne, in whole or in part, by Plaintiffs and Class members.

55. In practical terms, Nike stands to receive a windfall: it has already recouped tariff costs from consumers through higher prices, and it now stands in line to recover those same unlawful tariff payments from the federal government.

## CLASS ALLEGATIONS

56. A class action is the proper forum to bring Plaintiffs' claims under FRCP 23. The potential Class is so large that joinder of all members would be impracticable. Additionally, there are questions of law or fact common to the Class, the claims or defenses of the representative parties are typical of the claims or defenses of the Class, and the representative parties will fairly and adequately protect the interests of the Class.

57. This action satisfies all of the implicit and explicit requirements of FRCP, including numerosity, commonality, typicality, adequacy, predominance and superiority.

58. **Numerosity**: the Class is so numerous that joinder of all members is impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery. Given the consumer base of Nike, the class numbers in the hundreds of thousands or millions of consumers.

59. **Commonality:** the claims made by Plaintiffs meet the commonality requirement because they present shared questions of law and fact, and resolving these questions will resolve

the classwide litigation. These shared questions predominate over individual questions, and they include, without limitation:

a. whether Nike paid tariffs imposed under the International Emergency Economic Powers Act ("IEEPA") on imported goods during the Class Period;

b. whether Nike increased retail prices on goods sold to consumers in response to those tariffs;

c. whether Nike passed through some or all of the tariff costs to consumers through higher prices;

d. whether Nike sought or will seek refunds of those tariffs from the federal government;

e. whether Nike's retention of tariff refunds corresponding to tariff costs paid by consumers constitutes unjust enrichment;

f. whether Nike's conduct was unfair under applicable consumer protection laws; and

g. the appropriate measure of restitution, damages, or other relief resulting from Nike's conduct.

60. **Typicality**: Plaintiffs' claims are typical of those of the other Class members because Plaintiffs, like every other Class member, bought products from Nike subject to tariff related price increases.

61. The claims of the Class Representative Plaintiffs are furthermore typical of other Class members because they make the same claims as other Class members. Plaintiffs have an interest in seeking compensation from Defendant.

62. **Adequacy**: Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those

of the other members of the Class. Plaintiffs seek no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of other Class members.

63. **Superiority:** The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate a complex claim against large corporate defendants. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical.

64. The nature of this action and the nature of federal and state laws available to Plaintiffs and the Class makes the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged. Without the class action mechanism, Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; and the costs of individual suits could unreasonably consume the amounts that would be recovered. Likewise, proof of a common course of conduct to which Plaintiffs were exposed is representative of that experienced by the Class, and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

65. The proposed National Class is described as follows:

> All persons in the United States who purchased goods from Nike during the period June 1, 2025, through February 24, 2026, on which Nike raised prices.

66. The proposed California Class is described as follows:

> All persons in California who purchased goods from Nike during the period June 1, 2025, through February 24, 2026, on which Nike raised prices.

67. Plaintiffs reserve the right to modify or amend the definition of the proposed class and to modify, amend or remove proposed subclasses, before the Court determines whether certification is appropriate and as the parties engage in discovery.

68. Plaintiffs will fairly and adequately protect the interests of the Class. The interests of the class representative are consistent with those of the other members of the Class. In addition, Plaintiffs are represented by experienced and able counsel who have expertise in the areas of tort law, trial practice, and class action representation.

69. The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

70. Excluded from the Class are:

a. Defendant and any entities in which Defendant has a controlling interest;

b. Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant;

c. The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

d. All persons or entities that properly execute and timely file a request for exclusion from the Class; and

e. Any attorneys representing the Plaintiffs or the Class.

**CLAIMS FOR RELIEF**
**COUNT I**
**Unjust Enrichment**
**(On behalf of Plaintiffs and the Class)**

71. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

72. Plaintiffs and the Class have conferred a benefit upon Defendant in the form of the money Defendant received from them in the form of price increases on goods during the period June 1, 2025, through February 24, 2026.

73. Defendant appreciates and/or has knowledge of the benefits conferred upon it by Plaintiffs and the Class.

74. Under principles of equity and good conscience, Defendant should not be permitted to retain the amount of the price increases obtained from Plaintiffs and the members of the Class, which Defendant has unjustly obtained as a result of its price increases on goods subject to unlawful tariffs. As it stands, Defendant has retained profits generated from its sales of products subject to tariff-related price increases and should not be permitted to retain those ill-gotten profits when it is seeking a refund of the duties it paid.

75. Accordingly, Plaintiffs and the Class seek full disgorgement and restitution of any money Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein.

**COUNT II**
**Money Had and Received**
**(On behalf of Plaintiffs and the Class)**

76. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

77. Plaintiffs allege this claim individually and on behalf of the proposed class.

78. Defendant received money from Plaintiffs and from each member of the proposed Class in the form of a tariff surcharge. The Supreme Court has determined that the tariffs were unlawful.

79. The money belonged to Plaintiffs and to each member of the proposed Class.

80. Defendant has not returned the money.

81. It will give offense to equity and good conscience if Defendant is permitted to retain the tariff surcharge. Plaintiffs seek the return of the money in an amount to be proven at trial.

82. Plaintiffs seek all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and injunctive relief, and other remedies available to them.

**COUNT III**
**Violation of California's Unfair Competition Law ("UCL")**
**Cal Bus. & Prof. Code § 17200, *et seq*.**
**(On behalf of Plaintiffs Hoffert and Linder and the California Class)**

85. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

86. Defendant engaged in unlawful and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*. which prohibits unlawful, unfair, or fraudulent business acts or practices ("UCL").

87. California Business & Professions Code Section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

88. Nike acted with knowledge and intent.

89. Defendant's conduct is an unfair business practice under the UCL because it was immoral, unethical, oppressive, and unscrupulous and caused substantial harm. Nike engaged in unfair and deceptive acts by: (i) charging customers a tariff surcharge; and (ii) retaining tariff refunds despite having passed the costs to its customers.

90. Nike's conduct also constitutes "unfair" business acts and practices within the meaning of the UCL, in that its conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous. Nike's violation of consumer protection and unfair competition laws resulted in harm to consumers.

91. Defendant's wrongful conduct occurred in the conduct of trade or commerce—*i.e.*, while Defendant was engaged in sales nationwide.

92. Defendant has profited immensely from its unlawful conduct.

93. As a result of Defendant's conduct, Plaintiffs and the Class members were injured in their business or property—*i.e.*, economic injury—in that they paid inflated prices for goods subject to tariffs.

94. As described throughout this Complaint, Defendant's conduct (1) caused substantial injury that is (2) not reasonably avoidable by consumers and that (3) is not outweighed by the benefits to consumers or competition.

95. Defendant's unfair or deceptive conduct proximately caused Plaintiffs' and the Class members' injury because, but for the challenged conduct, Plaintiffs and the Class members

would not have paid inflated prices for goods subject to tariffs and they did so as a direct, foreseeable, and planned consequence of that conduct.

96. The injuries to Plaintiffs and the Class greatly outweigh any alleged countervailing benefit to consumers or competition under all of the circumstances.

97. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misconduct alleged in this complaint.

98. Therefore, Plaintiffs and the Class are entitled to equitable relief, including restitution of all monies paid to or received by Defendant; disgorgement of all profits accruing to Defendant because of its unfair and improper business practices; a permanent injunction enjoining Defendant's unlawful and unfair business activities; and any other equitable relief the Court deems proper.

**COUNT IV**
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**Cal. Civ. Code §§ 1750, *et seq.***
**(On behalf of Plaintiffs Hoffert and Linder and the Class)**

99. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

100. Nike is a "person" as defined by California Civil Code § 1761(c).

101. The California Plaintiffs and the other California Class members are "consumers" within the meaning of California Civil Code § 1761(d).

102. For the reasons alleged above, Nike violated California Civil Code § 1770(a)(5)(7) and (9).

103. Nike's unfair and deceptive acts or practices occurred repeatedly in Nike's trade or business.

104. Nike acted with knowledge and intent.

105. Nike engaged in conduct that had the tendency or capacity to deceive or confuse reasonable consumers.

106. With respect to restitution under the CLRA claim, there is no adequate remedy at law for the reasons already alleged above.

107. As a result of Nike's misconduct, the Plaintiffs and other Class members have suffered monetary harm.

108. Plaintiffs seek all relief available under this cause of action.

**COUNT V**
**Declaratory Relief, 28 U.S.C. § 2201**
**(On behalf of Plaintiffs and the Class)**

109. Plaintiffsincorporate the foregoing allegations as if fully set forth herein.

110. Plaintiffs allege this claim individually and on behalf of the proposed Class.

111. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

112. Plaintiffs' claims present an actual controversy as to the rightful ownership of the tariff surcharges paid to Defendant.

113. Plaintiffs have suffered an injury by having been required to pay Defendant a tariff surcharge because of the subject tariffs on Defendant's product. And Plaintiffs will imminently suffer an injury by Defendant's unlawful retention of the tariff refund.

114. This Court can exercise its equitable power to enter a declaratory judgment that retention of the tariff surcharges paid by Plaintiffs but refunded to Defendant is unlawful for any of the above reasons.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and members of the proposed class pray for relief and judgment against Defendant, as follows:

a. For an order certifying the proposed classes, appointing Plaintiffs and their counsel to represent the proposed class and notice to the proposed classes to be paid by Defendant;

b. For damages suffered by Plaintiffs and members of the proposed class;

c. For restitution to Plaintiffs and the proposed class of all monies wrongfully obtained by Defendant;

d. For injunctive relief requiring Defendant to cease and desist from engaging in the unlawful, unfair, and/or deceptive practices alleged in the Complaint;

e. An order awarding declaratory relief, retrospective and prospective injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and injunctive relief to remedy Defendant's past conduct;

f. For Plaintiffs' reasonable attorneys' fees, as permitted by law;

g. For Plaintiffs' costs incurred;

h. For pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and

i. For such other and further relief that this Court deems just and proper under equity or law, including the award of punitive damages.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury of all issues so triable.

DATED this 8th day or May, 2026.

Respectfully submitted,

By: */s/ Kaleigh N. Boyd*

Kaleigh N. Boyd, OSB #253094
MCNAUL EBEL PLLC
600 University Street, Suite 2700
Seattle, WA 98101
Tel: (206) 467-1816
*kboyd@mcnaul.com*

M. Anderson Berry*
Timothy Emery*
Brook Garberding*
Gregory Haroutunian*
Brandon P. Jack*
EMERY REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: 916.823.6955
*anderson@emeryreddy.com*
*emeryt@emeryreddy.com*
*brook@emeryreddy.com*
*gregory@emeryreddy.com*
*brandon@emeryreddy.com*

Jason T. Dennett*
MILBERG, PLLC
1700 7th Ave, Suite 2100
Seattle, WA 98101
Telephone: (516) 515-9124
*jdennett@milberg.com*

Gary M. Klinger*
MILBERG, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866.252.0878
*gklinger@milberg.com*

*(Signature block continues on next page.)*

Terence R. Coates*
Dylan J. Gould*
MARKOVITS, STOCK
& DEMARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
*tcoates@msdlegal.com*
*dgould@msdlegal.com*

Zachary Arbitman*
Nicole A. Maruzzi*
FELDMAN SHEPHERD
WOHLGELERNTER TANNER
WEINSTOCK & DODIG, LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
Telephone: (215) 567-8300
*zarbitman@feldmanshepherd.com*
*nmaruzzi@feldmanshepherd.com*

*Counsel for Plaintiffs*

**Pro Hac Vice* applications forthcoming

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DIANN CALDWELL, et al., individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: Whiting, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kaleigh N. Boyd, McNaul Ebel PLLC, 600 University Street, Suite 2700, Seattle, WA 9810, (206) 467-1816

## DEFENDANTS

NIKE, INC.

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. 1332

Brief description of cause:
Class action for failure to refund tariffs

## VII. REQUESTED IN COMPLAINT:

[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: May 8, 2026

SIGNATURE OF ATTORNEY OF RECORD: s/Kaleigh N. Boyd

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

Case MDL No. 3203 Document 1-3 Filed 03/05/26 Page 39 of 40

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

DIANN CALDWELL, PHILLIP TAYLOR, RACHEL BAILEY, ROMAN MERINO, TYRANIKA JOHNSON, GREGORY HOFFERT, and ELZEY LINDER, individually and on behalf of all others similarly situat

*Plaintiff(s)*

v.

NIKE, INC.

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* NIKE, INC.
c/o United Agent Group Inc.
7185 SW Sandburg Street Suite 110
Portland, OR 97223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Kaleigh N. Boyd
McNaul Ebel PLLC
600 University Street, Suite 2700
Seattle, WA 98101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: __________________

*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc: