# EXHIBIT 24

CONSOL,JURYDEMAND

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
# CIVIL DOCKET FOR CASE #: 2:26-cv-01670-TL

In re Amazon Tariff Litigation
Assigned to: Judge Tana Lin
Cause: 28:1332 Diversity

Date Filed: 05/15/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Diversity

**Plaintiff**

**Lisa Markland**
*TERMINATED: 07/30/2026*

represented by

**Christopher Pitoun**
HAGENS BERMAN SOBOL SHAPIRO LLP (PASADENA)
301 N LAKE AVE
STE 920
PASADENA, CA 91101
213-330-7150
Fax: 213-330-7152
Email: christopherp@hbsslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dana A. Abelson**
HAGENS BERMAN SOBOL SHAPIRO LLP (WA)
1301 2ND AVENUE
STE 2000
SEATTLE, WA 98101
206-623-7292
Email: dana.abelson@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Sydney K. Thomas**
HAGENS BERMAN SOBOL SHAPIRO LLP (WA)
1301 2ND AVENUE
STE 2000
SEATTLE, WA 98101
206-623-7292
Email: sydney.thomas@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
HAGENS BERMAN SOBOL SHAPIRO LLP (WA)
1301 2ND AVENUE
STE 2000
SEATTLE, WA 98101
206-623-7292

Fax: 206-623-0594
Email: steve@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mari Cartagenova**
*on behalf of themselves and all others similarly situated*

represented by **Christopher Pitoun**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dana A. Abelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sydney K. Thomas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kathleen Holm**

represented by **Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jerry Kmiec**

represented by **Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeffrey Price**

represented by **Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**Howard Rosen**

represented by **Kelly L Tucker**
GRANT & EISENHOFER PA (DE)
123 JUSTISON STREET, 7TH FLOOR
WILMINGTON, DE 19801
302-622-7000
Email: ktucker@gelaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew P Denn**
GRANT & EISENHOFER PA (DE)

123 JUSTISON STREET, 7TH FLOOR
WILMINGTON, DE 19801
302-622-7000
Email: mdenn@gelaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas Walsh**
GRANT & EISENHOFER PA (NY)
485 LEXINGTON AVENUE
29TH FLOOR
NEW YORK, NY 10017
646-722-8500
Fax: 646-722-8501
Email: twalsh@gelaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dana A. Abelson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amazon.com Inc** represented by **Molly A Terwilliger**
MORGAN LEWIS & BOCKIUS LLP (WA)
1301 SECOND AVE
STE 3000
SEATTLE, WA 98101
206-274-6400
Fax: 206-274-6401
Email: molly.terwilliger@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tjitske Dekker**
MORGAN LEWIS & BOCKIUS LLP (WA)
1301 SECOND AVE
STE 3000
SEATTLE, WA 98101
206-274-6400
Fax: 206-274-6401
Email: tjitske.dekker@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian D Buckley**
MORGAN LEWIS & BOCKIUS LLP (WA)
1301 SECOND AVE
STE 3000
SEATTLE, WA 98101
206-274-6400
Fax: 206-274-6401
Email: brian.buckley@morganlewis.com
*ATTORNEY TO BE NOTICED*

**John Goldmark**
DAVIS WRIGHT TREMAINE LLP (SEA)
920 FIFTH AVE
STE 3300
SEATTLE, WA 98104-1610
206-757-8068
Fax: 206-757-7700
Email: johngoldmark@dwt.com
*ATTORNEY TO BE NOTICED*

**Kevin Kramer**
DAVIS WRIGHT TREMAINE LLP
920 FIFTH AVE STE 3300
SEATTLE, WA 98104
206-757-8756
Email: kevinkramer@dwt.com
*ATTORNEY TO BE NOTICED*

**Kreisa Cox**
DAVIS WRIGHT TREMAINE LLP
920 FIFTH AVE STE 3300
SEATTLE, WA 98104
206-757-8087
Email: kreisacox@dwt.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2026 | 1 | COMPLAINT against All Defendants with JURY DEMAND (Receipt # AWAWDC-9691323) Attorney Steve W. Berman added to party Mari Cartagenova(pty:pla), Attorney Steve W. Berman added to party Lisa Markland(pty:pla) filed by Lisa Markland, Mari Cartagenova. (Attachments: # 1 Civil Cover Sheet)(Berman, Steve) (Entered: 05/15/2026) |
| 05/15/2026 | 2 | PRAECIPE TO ISSUE SUMMONS by Plaintiffs Mari Cartagenova, Lisa Markland (Berman, Steve) (Entered: 05/15/2026) |
| 05/18/2026 | | Hon. Brian A Tsuchida added. (RE) (Entered: 05/18/2026) |
| 05/18/2026 | 3 | **Notice of Filing Deficiency** re 1 Complaint. ***Action Required***<br>Improper Signature - Secondary Attorney(s).<br>See attached letter for more information and instructions. (RE) (Entered: 05/18/2026) |
| 05/18/2026 | 4 | Summons Electronically Issued as to defendant Amazon.com Inc. (RE) (Entered: 05/18/2026) |

| | | |
|---|---|---|
| 05/19/2026 | 5 | APPLICATION OF ATTORNEY Christopher R. Pitoun FOR LEAVE TO APPEAR PRO HAC VICE for Plaintiffs Mari Cartagenova, Lisa Markland (Fee Paid) Receipt No. AWAWDC-9697381 (Berman, Steve) (Entered: 05/19/2026) |
| 05/19/2026 | 6 | NOTICE of Appearance by attorney Sydney K. Thomas on behalf of Plaintiffs Mari Cartagenova, Lisa Markland. (Thomas, Sydney) (Entered: 05/19/2026) |
| 05/19/2026 | 7 | NOTICE of Appearance by attorney Dana A. Abelson on behalf of Plaintiffs Mari Cartagenova, Lisa Markland. (Abelson, Dana) (Entered: 05/19/2026) |
| 05/20/2026 | 8 | ORDER re 5 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorney Christopher Pitoun for Plaintiffs Mari Cartagenova, and Lisa Markland, by Clerk Joshua C. Lewis. No document associated with this docket entry, text only.<br><br>*NOTE TO COUNSEL: Local counsel agrees to **sign all filings** and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(HH) (Entered: 05/20/2026) |
| 05/27/2026 | 9 | SERVICE OF SUMMONS and Complaint returned executed upon defendant Amazon.com Inc on 5/19/2026 (Berman, Steve) (Entered: 05/27/2026) |
| 06/01/2026 | 10 | NOTICE of Appearance by attorney Kevin Kramer on behalf of Defendant Amazon.com Inc. (Kramer, Kevin) (Entered: 06/01/2026) |
| 06/01/2026 | 11 | NOTICE of Appearance by attorney John Goldmark on behalf of Defendant Amazon.com Inc. (Goldmark, John) (Entered: 06/01/2026) |
| 06/01/2026 | 12 | **STRICKEN by 19 ORDER ON CONSOLIDATION** ~~Stipulated MOTION *and Proposed Order to Consolidate Cases Pursuant to Fed. R. Civ. P. 42(a)*, filed by Plaintiffs Mari Cartagenova, Lisa Markland. Noting Date 6/1/2026, (Berman, Steve)~~ Modified on 6/26/2026 (CJS). (Entered: 06/01/2026) |
| 06/02/2026 | 13 | MINUTE ORDER REASSIGNING CASE by Clerk Joshua C. Lewis. Case reassigned to Judge Tana Lin for all further proceedings. Judge Tsuchida is no longer assigned to the case. (TF) (Entered: 06/02/2026) |
| 06/04/2026 | | Attorney Kreisa Cox for Amazon.com Inc added per 11 Notice of Appearance. (CJS) (Entered: 06/04/2026) |
| 06/04/2026 | | NOTICE: Pursuant to Fed.R.Civ.P 7.1(a)(1), Defendant Amazon.com Inc must file a Corporate Disclosure Statement by 6/11/2026. If applicable, a Diversity Disclosure Statement may be required pursuant to Fed.R.Civ.P 7.1(a)(2). In order to properly notify the Court, use the event **Corporate/Diversity Disclosure Statement** located in CM/ECF under Other Filings, Other Documents.(CJS) (Entered: 06/04/2026) |
| 06/05/2026 | 14 | CORPORATE AND DIVERSITY DISCLOSURE STATEMENT indicating no Corporate Parents and/or Affiliates. Filed pursuant to Fed.R.Civ.P 7.1(a)(1) and (2). Filed by Amazon.com Inc. (Goldmark, John) (Entered: 06/05/2026) |
| 06/05/2026 | 15 | NOTICE of Appearance by attorney Brian D Buckley on behalf of Defendant Amazon.com Inc. (Buckley, Brian) (Entered: 06/05/2026) |
| 06/05/2026 | | Attorneys Molly A Terwilliger and Tjitske Dekker for Amazon.com Inc added per 15 Notice of Appearance. (KMP) (Entered: 06/05/2026) |
| 06/05/2026 | 16 | MINUTE ORDER (text only) made at the direction of Judge Tana Lin: The Court has posted Chambers Procedures at https://www.wawd.uscourts.gov/judges/lin-procedures. All counsel and unrepresented ("pro se") parties are DIRECTED to review them, if they have |

| | | |
|---|---|---|
| | | not already done so. Failure to follow the requirements set forth in the Chambers Procedures may result in the imposition of sanctions. (KMP) (Entered: 06/05/2026) |
| 06/05/2026 | 17 | ORDER REGARDING INITIAL DISCLOSURES AND JOINT STATUS REPORT by Judge Tana Lin. FRCP 26(f) Conference Deadline is 7/6/2026, Initial Disclosure Deadline is 7/20/2026, Joint Status Report due by 8/3/2026. (KMP) (Entered: 06/05/2026) |
| 06/08/2026 | 18 | Stipulated MOTION *and Proposed Order to Consolidate Cases Pursuant to Fed. R. Civ. P. 42(a)*, filed by All Plaintiffs. Noting Date 6/8/2026, (Berman, Steve) (Entered: 06/08/2026) |
| 06/26/2026 | 19 | ORDER ON CONSOLIDATION re the Parties' 18 Stipulated MOTION *and Proposed Order to Consolidate Cases Pursuant to Fed. R. Civ. P. 42(a)*. The Court ORDERS as follows:<br>(1) The following actions pending in this District will be consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a); *Markland v. Amazon.com, Inc.*, No. C26-1670, and *Rosen v. Amazon.com, Inc.* No. C26-1823 (hereinafter "the Consolidated Action").<br>(2) All papers filed in the Consolidated Action shall be filed under Case No. C26-1670, the number assigned to the first-filed *Markland* action, and must bear the following caption: *In re Amazon Tariff Litigation*.<br>(3) Plaintiffs SHALL file a Consolidated Amended Complaint ("CAC") **within forty-five (45) days** of this Order.<br>(4) Amazon's deadline to respond to the complaints previously filed in the Actions will be suspended and SHALL be re-set to **sixty (60) days after** Plaintiffs file a CAC.<br>(5) Given consolidation and the forthcoming CAC, the initial scheduling dates set forth in the Court's June 5, 2026, Order (Dkt. No. 17 ) are STRICKEN and will be re-set by the Court following resolution of Amazon's forthcoming motion to dismiss the CAC.<br>(6) The Clerk is DIRECTED to file a copy of this Order in *Rosen v. Amazon.com,* No. C26-1823, and to close that case.<br>(7) The Clerk is DIRECTED to strike the Parties' Stipulated Motion (Dkt. No. 12 ) as duplicative of the instant stipulation.<br>Signed by Judge Tana Lin. (CJS) (Entered: 06/26/2026) |
| 07/30/2026 | 20 | AMENDED COMPLAINT *Consolidated Amended Class Action Complaint* against defendant(s) Amazon.com Inc with JURY DEMAND Attorney Steve W. Berman added to party Kathleen Holm(pty:pla), Attorney Steve W. Berman added to party Jerry Kmiec(pty:pla), Attorney Steve W. Berman added to party Jeffrey Price(pty:pla) filed by Howard Rosen, Mari Cartagenova, Kathleen Holm, Jerry Kmiec, Jeffrey Price.(Berman, Steve) (Entered: 07/30/2026) |
| 07/30/2026 | 21 | NOTICE of Voluntary Dismissal filed by Plaintiff Lisa Markland. (Berman, Steve) (Entered: 07/30/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/11/2026 11:58:17 | | | |
| **PACER Login:** | studavidson | **Client Code:** | 260043-00001 |
| **Description:** | Docket Report | **Search Criteria:** | 2:26-cv-01670-TL |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **IN RE AMAZON TARIFF LITIGATION** | Case No. 2:26-cv-01670<br><br>**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## TABLE OF CONTENTS

**Page**


I. NATURE OF THE ACTION ..... 1

II. JURISDICTION AND VENUE ..... 3

III. PARTIES ..... 4

A. Plaintiffs ..... 4

1. Mari Cartagenova ..... 4

2. Kathleen Holm ..... 6

3. Jerry Kmiec ..... 7

4. Jeffrey Price ..... 8

5. Howard Rosen ..... 9

B. Defendant ..... 10

IV. FACTUAL ALLEGATIONS ..... 11

A. Amazon's publicly pronounced "maniacal" focus on low prices for consumers, and guarantee of best prices among major retailers ..... 11

B. The Trump Administration invokes the IEEPA to implement tariffs ..... 12

C. Notwithstanding its promises, Amazon passed on tariff costs, plus more, to consumers. ..... 13

D. Amazon's concealment and misrepresentations with regard to price increases were an attempt to appease potential governmental contractual counterparties and Trump. ..... 20

E. The Supreme Court Invalidates the IEEPA Tariffs. ..... 22

F. Amazon Decides Not to Seek IEEPA Tariff Refunds. ..... 23

V. CLASS ALLEGATIONS ..... 25

VI. CHOICE OF LAW ..... 28

VII. CLAIMS FOR RELIEF ..... 29

COUNT I: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT WASH. REV. CODE ANN. § 19.86.010 *ET SEQ.* ..... 29




HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

COUNT II: UNJUST ENRICHMENT/QUASI-CONTRACT ..... 30

COUNT III: CONSTRUCTIVE TRUST ..... 31

COUNT IV: MONEY HAD AND RECEIVED ..... 32

JURY TRIAL DEMANDED ..... 33

PRAYER FOR RELIEF ..... 33



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Plaintiffs Mari Cartagenova, Kathleen Holm, Jerry Kmiec, and Howard Rosen ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this action for damages and equitable relief on behalf of a nationwide class against Amazon.com, Inc. ("Amazon" or "Defendant") for: (1) violations of the Washington Consumer Protection Act, RCW 19.86.010, *et seq*; (2) unjust enrichment; (3) constructive trust; and (4) money had and received.

Plaintiffs allege the following based on their personal knowledge with respect to their own acts, and on information and belief as to all other information.

## I. NATURE OF THE ACTION

1. This consumer protection class action arises out of Amazon's pass-through and pass-on of illegal tariffs and failure to keep the explicit promises it made to its customers. Plaintiffs seek to compel Amazon to recompense Plaintiffs and Class members for illegal tariffs paid by them, in full or in part, under the International Emergency Economic Powers Act ("IEEPA") and to compel Amazon to obtain a refund of tariff payments, which only Amazon, and not Plaintiffs and Class members, can seek.

2. Amazon knows that "low prices matter to customers—they always have and they always will." It also knows that "people have many options for where to shop, and consistently low prices earn customer trust and keep them coming back."[1]

3. Because of this, Amazon's business model is built around its promises to its customers that it is "obsessed over offering customers low prices across our wide selection of products,"[2] and that it "constantly evaluates Amazon's prices to offer customers low, competitive prices everyday."[3] Its website, where most consumers purchase the goods it offers, boasts that Amazon "is the lowest-priced retailer in the U.S." and "make[s] saving money easy for customers" aiming "to offer the lowest prices across Earth's largest selection every day."[4] Indeed, Amazon is

---

[1] Amazon Staff, *Amazon's approach to providing customers low prices every day*, AMAZON NEWS (Jan. 17. 2025), https://www.aboutamazon.com/news/retail/amazon-pricing.

[2] *Id.*

[3] Amazon, *Price Matching*, https://www.amazon.com/gp/help/customer/display.html?nodeId=G9EAYKPV5YYDB8P7 (last visited July 29, 2026).

[4] Amazon Staff, *Amazon is the lowest-priced retailer in U.S. for the eighth year running, according to an independent study*, (Nov. 14, 2024), https://www.aboutamazon.com/news/retail/amazon-lowest-priced-us-retailer-profitero-study.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

"proud of this—and will never stop working hard to compare and match low prices to competitors', making Amazon the place customers think of for low prices."[5]

4. Beginning in February 2025, President Donald J. Trump began imposing tariffs on nearly all goods imported into the United States.

5. On April 2, 2025—which President Trump called "Liberation Day"—he signed Executive Order 14257, declaring a national emergency over the United States' trade deficit and invoking the IEEPA to impose sweeping tariffs on nearly all foreign imports. These tariffs broadly increased prices for imported consumer goods.

6. As a result of the IEEPA tariffs, Amazon, as an importer of record, would have to pay tariffs on imported goods directly. This posed a problem. The profit margins for its marketplace are low—typically with operating margin hovering around 5%.

7. Notwithstanding what would have been a significant impact on profitability had Amazon refused to pass on the tariff increases by raising prices, Amazon CEO Andrew Jassy initially advised its customers that Amazon would absorb price increases due to tariffs to keep its low price promises to consumers.[6]

8. The reality is that Amazon *had* to pass on these tariffs to consumers. In many cases, the tariffs imposed greatly exceeded Amazon's profit margins on the products on which they were charged. In fact, despite its representations and promises to consumers, Defendant did exactly this.

9. In January 2026, after months of denials and representations that Amazon's prices had not been affected by tariffs, in a talk during the 2026 Davos World Economic Forum conference, Amazon CEO Andy Jassy admitted that Amazon increased costs due to the IEEPA tariffs and passed those costs on to customers.[7]

---

[5] Amazon Staff, *supra* note 1.

[6] Lori Ann LaRocco, *Trump's new global tariffs add to risks of higher prices, less choice as retail's spring ordering season starts*, CNBC (Aug. 1, 2025), https://www.cnbc.com/2025/08/01/trump-trade-war-tariffs-retail.html.

[7] Letter from Sen. Elizabeth Warren to Andy Jassy, President and CEO, Amazon.com, Inc. (Feb. 25, 2026), https://www.banking.senate.gov/imo/media/doc/20260225lettertojassyonamazonpricesandtariffs.pdf; Annie Palmer, *Amazon CEO Jassy says Trump's Tariffs have started to "creep" into prices*, CNBC, Jan. 20, 2026, https://www.cnbc.com/2026/01/20/amazon-jassy-trump-tariffs-prices-shoppers.html.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

10. In February 2026, the United States Supreme Court held that the executive branch could not unilaterally use the IEEPA to impose tariffs, and accordingly, the IEEPA tariffs were illegal and required to be refunded. The tariff refund process began thereafter and is now underway.

11. Amazon is entitled to seek a refund of tariffs paid on products for which it was an importer of record on behalf of consumers to whom Amazon passed on the tariff costs. Amazon has not stated whether it will seek a refund and has disclosed no plans to refund consumers, such as Plaintiffs and Class members, for the illegal tariff amounts these consumers ultimately paid. Accordingly, Amazon has violated the law and breached its promises and agreements with consumers and rendered its representations to them with regard to prices false or misleading. Further, by retaining the economic benefit of receiving favorable treatment from the executive branch by refraining from seeking tariff refunds without compensating the customers who actually bore the brunt of the tariffs, Amazon has been unjustly enriched. Further, because, to date, Amazon has refused to seek IEEPA refunds, a constructive trust should be established over such rights.

## II. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs; more than 100 Class members are involved; and many members of the proposed Classes are citizens of different states than Defendant.

13. This Court has personal jurisdiction over Defendant because its United States headquarters is located in Seattle, Washington, and because Defendant committed the acts alleged herein in Washington, regularly conducts business in this District, and has extensive contacts with this forum.

14. Defendant purposefully availed itself of the Washington market, and thus of the benefits of the laws of the State, during all times relevant to this Complaint, so as to render Washington courts' exercise of jurisdiction over Defendant consistent with traditional notions of fair play and substantial justice.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (a) Defendant's U.S. operations are headquartered in this District; (b) a substantial part of the actions and inactions


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

giving rise to Plaintiffs' claims occurred in this District; and (c) Defendant transacts substantial business in this District.

## III. PARTIES

### A. Plaintiffs

#### 1. Mari Cartagenova

16. Plaintiff Mari Cartagenova is a resident of Massachusetts domiciled in Westford, Massachusetts. During the Class Period, Plaintiff Cartagenova purchased goods such as a battery backup, a memory card, and a flash drive from Amazon.com. These products were imported from countries subject to IEEPA tariffs, and as the charts below demonstrate, sold at prices inflated by Amazon's pass-through of IEEPA tariff costs. For example, on October 23, 2025, Plaintiff Cartagenova purchased a CyberPower ST625U Standby Battery Backup and Surge Protector. This product was made in China and she paid $79.95. On December 4, 2025, Plaintiff Cartagenova purchased an Amazon Basics Micro SDXC Memory Card with Adapter from Amazon.com. This product was made in Taiwan and she paid $15.00. Finally, on December 25, 2025, she purchased a Samsung Bar Plus 3.1 USB Flash Drive from Amazon.com. This product was made in Taiwan and she paid $17.99. These prices were higher than the prices Amazon.com charged for the products before the IEEPA tariffs went into effect. Amazon paid the tariffs and passed on the tariff costs to Plaintiff, who paid them when she purchased these products. Amazon has not refunded Plaintiff any of the illegal tariff money that she paid. Plaintiff Cartagenova has been injured by paying more for Class Products than she would have paid in the absence of Defendant's acts, as set forth herein:



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX








HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX




**2. Kathleen Holm**

17. Plaintiff Kathleen Holm is a resident of Montana domiciled in Big Fork Lake, Montana. During the Class Period, she purchased a Yamaha JR1 FG Junior 3/4 Size Acoustic Guitar from Amazon.com for her personal use. This guitar was made in Indonesia, a country subject to IEEPA tariffs. As the chart below demonstrates, this product was sold at prices inflated by Amazon's passthrough of IEEPA tariff costs. Prior to the IEEPA tariffs the guitar was priced steadily around $159.99. Since the implementation of the IEEPA tariffs, the price increased to around $169.99, and then again to $179.99 after implementation of IEEPA tariffs. On December 9, 2025, Plaintiff Holm purchased this product from Amazon.com and paid $179.99. This price was higher than the prices Amazon.com charged for the products before the IEEPA tariffs went into effect. Amazon paid the tariffs and passed on the tariff costs to Plaintiff, who paid them when she purchased the product. Amazon has not refunded Plaintiff any of the illegal tariff money that she paid. Plaintiff Holm has been injured by paying more for Class Products than she would have paid absent Defendant's acts, as set forth herein:


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX




**3. Jerry Kmiec**

18. Plaintiff Jerry Kmiec is a resident of Nevada domiciled in Las Vegas, Nevada. During the Class Period, Plaintiff Kmiec purchased a KRUPS Simply Brew Compact 5 Cup Coffee Maker from Amazon.com for his personal use. The coffee maker was made in China, a country subject to IEEPA tariffs. As the chart below demonstrates, this product was sold at prices inflated by Amazon's pass through of IEEPA tariff costs. Prior to the IEEPA tariffs, the coffee maker was typically around $37.00 with some variation. On January 16, 2026, Plaintiff Kmiec purchased this product from Amazon.com and paid $41.45. This price was higher than the prices Amazon.com charged for the products before the IEEPA tariffs went into effect. Amazon paid the tariffs and passed on the tariff costs to Plaintiff, who paid them when he purchased this product. Amazon has not refunded Plaintiff any of the illegal tariff money that he paid. Plaintiff Kmiec has been injured by paying more for Class Products than he would have paid in the absence of Defendant's acts, as set forth herein:



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX




**4. Jeffrey Price**

19. Plaintiff Jeffrey Price is a resident of Kansas domiciled in Lawrence, Kansas. During the Class Period, on December 8, 2025, Plaintiff Price purchased a Dog Hide N' Slide Treat Puzzle Enrichment Toy from Amazon.com. The product was made in Sweden, a country subject to IEEPA tariffs and he paid $18.00. This price was higher than the prices Amazon.com charged for this product before the IEEPA tariffs went into effect. Amazon paid the tariffs and passed on the tariff costs to Plaintiff, who paid them when he purchased his product. Amazon has not refunded Plaintiff any of the illegal tariff money that he paid. Plaintiff Kmiec has been injured by paying more for Class Products than he would have paid in the absence of Defendant's acts, as set forth herein:



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX




**5. Howard Rosen**

20. Plaintiff Howard Rosen is a resident of Michigan domiciled in West Bloomfield, Michigan. During the Class Period, Plaintiff Rosen purchased a four-pack of Energizer 2032 batteries from Amazon.com for his personal use. These products were made in China, a country subject to IEEPA tariffs. As the charts below demonstrate, this product was sold at prices inflated by Amazon's pass-through of IEEPA tariff costs. While prior to the IIEEPA tariffs, the batteries were priced at $4.89, the price increased to as high as $8.77. On December 2, 2025, Plaintiff Rosen purchased this product and paid $8.19 per pack. This price was higher than the prices Amazon.com charged for the products before the IEEPA tariffs went into effect. Amazon paid the tariffs and passed on the tariff costs to Plaintiff, who paid them when he purchased his products. Amazon has not refunded Plaintiff any of the illegal tariff money that he paid. Plaintiff Rosen has been injured by paying more for Class Products than he would have paid in the absence of Defendant's acts, as set forth herein:



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX




**B. Defendant**

21. Defendant Amazon.com, Inc. ("Amazon") is an American multinational consumer goods and technology company that conducts business in all 50 states and the District of Columbia. Amazon is the world's second largest retailer and largest e-commerce retailer.[8] Amazon is a Delaware corporation with principal executive offices located at 410 Terry Avenue North, Seattle, Washington 98109.

22. Amazon is the world's largest e-commerce company. Amazon is the world's second largest retailer.[9] Amazon ranks sixth among all importers of consumer goods into the United States.[10]

23. At all relevant times, Amazon operated an Online Store on its platform through which it sold imported products directly to consumers. Between April 2025 and February 20, 2026,

---

[8] *The World's Biggest and Richest Retailers in 2025*, INT'L SUPERMARKET NEWS (Dec. 22, 2025), https://internationalsupermarketnews.com/the-worlds-biggest-and-richest-retailers-in-2025/.

[9] *Global Powers of Retailing 2025: Improving Effectiveness and unlocking growth in the year ahead*, DELOITTE (Mar. 2025), at p. 8, https://www.deloitte.com/content/dam/assets-shared/docs/industries/consumer/2025/deloitte-global-powers-of-retailing-2025.pdf.

[10] *2025 Journal of Commerce Top 100 US Importers. Ranked by annual containerized US imports in 2024, in laden TEUs (Twenty-foot Equivalent Units)*, S&P GLOBAL (May 9, 2025), https://www.cfscon.com/company/292.html.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Amazon collected tariff costs from those consumers on goods subject to tariffs imposed under the IEEPA.[11] On information and belief, the misconduct alleged herein originated from and was directed out of Amazon's headquarters and principal place of business in Seattle, Washington.

24. Amazon is organized into three segments: North America, International, and Amazon Web Services (AWS). Its online and physical stores allow for hundreds of millions of unique products to be sold both directly by Amazon and also by third-party sellers.

25. Amazon sells goods through its website through a variety of means. Relevant to this action, Amazon is the direct seller of goods that it purchases from wholesale providers and manufacturers. With respect to these products, Amazon purchases them, owns them, and resells them to customers such as Plaintiffs and Class members. To the extent that these products are imported and subject to tariffs, as the importer of record ("IOR"), Amazon directly pays any tariffs.

26. This action addresses only goods as to which Amazon was the listed seller.

## IV. FACTUAL ALLEGATIONS

### A. Amazon's publicly pronounced "maniacal" focus on low prices for consumers, and guarantee of best prices among major retailers

27. Amazon has consistently and relentlessly emphasized to its consumers that it sells the consumer goods it offers at the lowest possible prices.

28. Amazon's marketplace business model is built on its reputation as a low-cost seller of goods. Indeed, in January 2025, Defendant boasted that "Amazon aims to provide the best shopping experience by *offering the lowest prices across Earth's largest selection*."[12] The press release emphasized to consumers that "Amazon has *obsessed* over offering customers low prices across our wide selection of products," and that it knew "that people have many options for where to shop, and consistently low prices earn customer trust and keep them coming back."[13] Amazon

[11] Shane Shifflett et al., *After Pledging to Keep Prices Low, Amazon Hiked Them on Hundreds of Essentials*, WALL. ST. J. (July 20, 2025), https://www.wsj.com/business/retail/amazon-price-hikes-essentials-60a7c7f3.

[12] Amazon Staff, *supra* note 1.

[13] *Id.*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

continued that it "will never stop working hard to compare and match low prices to competitors', making Amazon the place customers think of for low prices."[14]

29. Amazon was the listed seller for 40% of the sales on Amazon's marketplace while the remaining 60% came from third party sellers.[15] In 2025, Amazon was the listed seller for $269.3 billion in sales.[16]

**B. The Trump Administration invokes the IEEPA to implement tariffs**

30. On February 1, 2025, President Donald J. Trump issued three executive orders imposing additional duties on all goods imported from Canada, Mexico, and China purportedly pursuant to IEEPA. Initially, these duties included 25 percent on goods imported from Canada (with a lower additional duty rate of 10 percent on energy or energy resources) and Mexico, and 10 percent on goods imported from China. By April 2, 2025—which President Trump called "Liberation Day"—the Trump Administration had imposed tariffs on imports from most other U.S. trading partners.

31. The IEEPA was originally designed to allow the President to regulate international commerce during declared national emergencies.[17] The Trump Administration pointed to drug trafficking across U.S. borders and the persistent American trade deficit as the legal emergencies justifying the IEEPA tariffs.[18]

32. The IEEPA tariffs did not operate in isolation. For example, for much of 2025, the effective rate on most Chinese electronics was approximately 45%: a 20% IEEPA layer on top of an

---

[14] *Id.*

[15] *Amazon Percent of Units by Marketplace Sellers 2004-2021*, Marketplace Pulse, https://www.marketplacepulse.com/stats/amazon/amazon-percent-of-units-by-marketplace-sellers-1 (estimating that third-party sellers' sales account for 60% of sales on Amazon Marketplace) (last visited July 29, 2026).

[16] *Id.*

[17] Christopher A. Casey, Library of Congress, R-45618, *The International Emergency Economic Powers Act: Origins, Evolution, and Use*, https://www.congress.gov/crs-product/R45618.

[18] Andrea Shalal, *Trump launches trade war with tariffs on Mexico, Canada and China*, REUTERS (Feb. 1, 2025), https://www.reuters.com/business/trump-readies-order-steep-tariffs-goods-mexico-canada-china-2025-02-01/.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

already existing 25% Section 301 tariff.[19] At the peak of the escalation in April-May 2025, average U.S. tariffs on Chinese imports reached 127.2% in early May 2025.[20]

33. On April 3, 2025, within days of the IEEPA tariffs going into effect, the first lawsuit challenging their legality was filed.[21] Despite palpable fear from business groups of incurring Trump's wrath,[22] other lawsuits would eventually follow.[23] These filings were widely reported and as a major retailer, Amazon certainly tracked their progress.[24]

### C. Notwithstanding its promises, Amazon passed on tariff costs, plus more, to consumers.

34. Analysts predicted that Amazon was the e-commerce retailer that would be most impacted by the IEEPA tariffs, as "roughly 25% of the cost of products directly sold by Amazon come from China."[25] Morgan Stanley estimated that the average exposure to China among the largest e-commerce companies was slightly over 10%. "Fashion retailer Revolve had the second-highest exposure among these companies at 22%. Peloton, Etsy, and Figs are estimated to have less than 3% of their products from China."[26] Amazon, as the importer of record, would be responsible for paying those tariffs.

35. With a large volume of the products it sells being subject to the IEEPA tariffs, without passing the tariffs on to consumers as price increases, the IEEPA tariffs would substantially impact Amazon's bottom line. Amazon's net operating margin for North American sales was only 6.4% for

---

[19] Section 301 of the US Trade Act of 1974 authorizes the President to take all appropriate action, including tariffs, to remove a foreign government's practice that violates an international trade agreement and that restricts US commerce. 19 U.S.C. § 2411. Trump implemented Section 301 tariffs in 2018.

[20] Chad P. Bown, *US-China Trade War Tariffs: An Up-to-Date Chart*, PETERSON INSTITUTE FOR INTERNATIONAL ECONOMICS (Nov. 14, 2025), https://www.piie.com/research/piie-charts/2019/us-china-trade-war-tariffs-date-chart.

[21] *Emily Ley, Paper, Inc., d/b/a Simplified v. Trump*, No. 3:25-cv-464-TKW-ZCB (N.D. Fla. Apr. 3, 2025).

[22] Caitlin Oprysko¸ *'Everyone is terrified': Business and government officials are afraid to cross Trump on tariffs*, POLITICO (Apr. 4, 2025), https://www.politico.com/news/2025/04/04/trump-tariffs-fear-lobby-business-congress-00006608.

[23] *See. e.g.* Doug Palmer¸ *Trump's tariffs could face more than one legal challenge*, POLITICO (Apr. 3, 2025), https://www.politico.com/news/2025/04/04/first-lawsuit-filed-against-trumps-tariffs-00273646; Larry Neumeister, *A dozen states sue the Trump administration to stop tariff policy*, ASSOCIATED PRESS (Apr. 23, 2025), https://apnews.com/article/tariffs-lawsuit-what-states-sue-0d6531b7f60aaa2f7c6c35e0a944d4a9.

[24] *Id.*

[25] Eugene Kim, *CHART: Here's how much Amazon could be hit by China tariffs*, BUS. INSIDER (Feb. 4, 2025), https://www.businessinsider.com/amazon-trump-china-tariffs-hit-2025-2.

[26] *Id.*


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

2024; for 2023, it was only 4.2%.[27] A minimum of a 10% increase on the cost of goods for 25% of the products it sold would quickly erode its margins. Nonetheless, Amazon doubled down on its low-price promises, suggesting that it would absorb the new tariff costs,[28] while competitors would likely not be able to do so.

36. By April 2025, tariffs on goods imported from China had ballooned to 145%.

37. On April 10, 2025, Amazon told consumers that it had done "strategic forward inventory buys" and looked to renegotiate terms on certain purchase orders, while, in contrast, Jassy expected third-party sellers would pass along the increases, reassuring consumers that prices would stay lowest at Amazon when Amazon was the seller and indicating the company would not pass along tariff costs to its customers.[29]

38. Later that month, a report indicated that Amazon planned to "display how much of an item's cost was derived from tariffs."[30] Press accounts of Amazon's internal deliberations resulted in the White House press secretary denouncing Amazon's consideration of this action, saying she had just spoken to President Trump and called the move a "hostile and political act" by Amazon."[31] President Trump called Amazon founder Jeff Bezos directly about the matter. President Trump confirmed that the call had occurred, and said "[Jeff Bezos] solved the problem very quickly. Good guy."[32] Amazon confirmed that it had considered the idea of listing import charges on Haul, but said "this was never approved and not going to happen."[33]

39. Although the plan was never implemented, it demonstrates that Amazon can identify exactly what portion of a product's price was due to the IEEPA tariffs. And it demonstrates that

[27] Press release, Amazon.com, Inc., Amazon.com Announce Fourth Quarter Results, at p. 11 (Feb. 6, 2025), available at https://s2.q4cdn.com/299287126/files/doc_financials/2024/q4/AMZN-Q4-2024-Earnings-Release.pdf.

[28] LaRocco, *supra* note 6.

[29] Annie Palmer, *Amazon CEO Andy Jassy says he believes sellers will pass increased tariff costs on to consumers*, CNBC (Apr. 10, 2025), https://www.cnbc.com/2025/04/10/amazon-ceo-andy-jassy-says-he-believes-sellers-will-pass-increased-tariff-costs-on-to-consumers.html.

[30] *Amazon to display tariff costs for consumers*, PUNCHBOWL NEWS (Apr. 29, 2025), https://punchbowl.news/article/tech/amazon-display-tariff-costs.

[31] Alayna Treene, et al., *A 'p*ssed' Trump called Jeff Bezos after learning Amazon considered breaking out a tariff charge*, CNN (Apr. 29, 2025), https://www.yahoo.com/news/p-ssed-trump-called-jeff-163815801.html.

[32] *Id.*

[33] *Id.*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Amazon has the record-keeping ability to identify each consumer who paid a higher cost due to a Trump tariff.

40. On May 1, 2025, Jassy promised that controlling prices in the face of tariffs would be a priority for Amazon.

> It's hard to tell what's going to happen with tariffs right now. It's hard to tell where they're going to settle and when they're going to settle. And so, a lot of what we're thinking about short and medium term actually turns out to be what we think about long-term too, which is, how do we actually have the broadest possible selection for customers at the lowest possible prices? And *there's maybe never been a more important time in recent memory than trying to keep prices low, which we're heads down, pretty maniacally focused on*, and then get things to people quickly and take care of customers. And that is the heart of what we're doing. [34]

41. Later that month, Jassy also advised "[w]e also haven't yet seen any meaningful average selling price increases."[35]

42. In June 2025, Jassy told CNBC: "We did a lot of forward buying several months ago, and then a lot of our sellers, our third-party selling partners, forward deployed a lot of inventory to avoid some of the issues with the uncertainty around where tariffs are going to settle. . . . And we have, so far, not seen prices appreciably go up."[36]

43. In July 2025, Amazon boasted: "Our commitment to meet or beat the prices of other retailers is unwavering," and concluded by proclaiming "Amazon consistently beats or meets the lowest competitive prices among major retailers, maintaining our unwavering commitment to customer value."[37]

---

[34] Amazon, Earnings Call Transcript, May 1, 2025 (emphasis added), *available at* https://seekingalpha.com/article/4780834-amazon-com-inc-amzn-q1-2025-earnings-call-transcript.

[35] Annie Palmer, *Amazon CEO Andy Jassy says tariffs haven't dented consumer spending*, CNBC (May 21, 2025), https://www.cnbc.com/2025/05/21/amazon-jassy-tariffs.html.

[36] Julie Coleman, *Despite tariffs, Andy Jassy says Amazon hasn't 'seen prices appreciably go up' so far*, CNBC, (June 30, 2025), https://www.cnbc.com/2025/06/30/despite-tariffs-andy-jassy-says-amazon-hasnt-seen-prices-appreciably-go-up-so-far.html.

[37] Amazon Staff, *Amazon sets the record straight: The Wall Street Journal's flawed pricing analysis*, AMAZON NEWS (July 25, 2025), https://www.aboutamazon.com/news/retail/amazon-prices-increase-wall-street-journal-flawed-analysis (emphasis added).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

44. Both Plaintiffs' experiences and third-party accounts and analysis of Amazon's pricing strategy while tariffs were in effect directly contrasted with Amazon's representations.[38]

45. On July 20, 2025, the Wall Street Journal published an article revealing that despite its promises, including "[i]n April, [when] Amazon.com said it would hold the line on price," Amazon had raised prices on low-cost consumer goods by more than five percent between January 20, 2025, and July 1, 2025, based on an analysis of pricing on 1,200 items that it sold as depicted below.[39] The article noted that "The lowest cost goods on Amazon saw one of their largest single-day increases on Feb. 15, two days after Trump signed an order suggesting tariffs would apply to most U.S. trading partners."[40]




46. The article also contrasted this with what other big retailers had done, revealing Walmart had lowered prices on the same items by nearly 2% and that Target had raised prices by a much smaller margin as compared to Amazon:[41]

---

[38] Rob Thubron, *Trump tariffs haven't impacted Amazon's prices or consumer spending, says CEO*, TECHSPOT, (May 21, 2025), https://www.techspot.com/news/108019-trump-tariffs-havent-impacted-amazon-prices-or-customer.html.

[39] Shifflett et al., *supra* note 11.

[40] *Id.*

[41] *Id.*



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX




47. On July 31, 2025, Jassy assured consumers "our prices continue to be low and sharp for customers." Jassy went on to specifically represent that customers who were concerned about the impact of tariffs on prices would do best to shop with Amazon:

> *There continues to be a lot of noise about the impact that tariffs will have on retail prices and consumption*. Much of it thus far has been wrong and misreported. As we said before, it's impossible to know what will happen. . . . . But what we can share is what we've seen thus far, *which is that through the first half of the year, we haven't yet seen diminishing demand nor price is meaningfully appreciating*. We also have such diversity of sellers in our marketplace over 2 million sellers in total with different strategies of whether to pass on higher cost to consumers, the *customers are advantaged shopping at Amazon because they're more likely to find lower prices on the items they care about.*[42]

48. Throughout this period, Amazon could not have been more direct with its customers: in light of the tariffs *other* sellers were passing on to consumers, shop at *Amazon* to get the best prices. On November 18, 2025, Amazon's CEO of Worldwide Amazon Stores, Doug Herrington, stated: "Customers can trust that when they're shopping Amazon they're getting the most affordable everyday low prices across the widest selection, and that we'll meet or beat the prices of other major retailers. Whether buying everyday household essentials or gifts for friends and family, we're the

[42] Amazon, July 31, 2025 Earnings Call Transcript, *available at* https://seekingalpha.com/article/4807281-amazon-com-inc-amzn-q2-2025-earnings-call-transcript (emphasis added).


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

best place to shop for low prices . . . ."[43] As with Amazon's January 2025 statement guaranteeing "lowest prices," this statement by Amazon was an unequivocal promise from Amazon to its customers not just that its prices would be low, but that they would be lower than the prices of any other major retailer.

49. On the same day, Amazon issued a separate statement whose headline proclaimed "Amazon offers the lowest prices every day across the widest selection of products …."[44]

50. Amazon has also stated that it "is consistently identified as America's lowest-priced online retailer."[45]

51. In November 2025, a CNBC report indicated that not only did Amazon pass on the IEEPA tariff costs to consumers, but also that it raised prices at a rate significantly higher than competitors such as Target and Walmart—with prices increasing from January through September 2025 at an average of 5.7%—three times the rate of increase of other retailers, and higher than inflation.[46]

---

[43] Amazon Staff, *Amazon is America's low-price leader with prices on average 14% lower than 23 online U.S. retailers, says Profitero study*, AMAZON NEWS (Nov. 18, 2025), https://www.aboutamazon.com/news/retail/amazon-low-prices-customers-2025 (emphasis added).

[44] Amazon Staff, *Amazon's Commitment to Low Prices Every Day*, AMAZON NEWS (July 17, 2026), https://www.aboutamazon.com/news/retail/amazon-orders-savings-discounts-shopping (last updated Nov. 18, 2025).

[45] George Joseph, *Newly unsealed records reveal Amazon's price-fixing tactics, California attorney general claims*, GUARDIAN (Apr. 16, 2026), https://www.theguardian.com/us-news/ng-interactive/2026/apr/16/amazon-price-fixing-california-lawsuit.

[46] Courtney Reagan, *Retailers are raising prices to meet tariffs. Amazon is hiking more than others*, CNBC (Nov. 5, 2025), https://www.cnbc.com/2025/11/05/amazon-target-walmart-raising-prices-tariffs.html.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX




52. According to one Amazon price tracker, for the more than seven-year period from approximately October 27, 2017, through approximately January 7, 2025, Amazon sold a four-pack of Energizer 2032 Batteries made in China for $4.89.

53. According to that same tracker, on approximately June 15, 2025, having no choice but to pass the IEEPA tariffs on to consumers, Amazon increased prices on the batteries to $5.49. Approximately one week later, Amazon raised prices to $8.77 for the same product. And, on December 2, 2025, Plaintiff Rosen purchased two four-packs of Energizer 2032 Batteries made in China and sold by Amazon from Amazon.com for $8.19 per pack.

54. One month after the IEEPA tariffs were declared illegal by the Supreme Court, Amazon dropped prices for this same product to $4.59, and today, Amazon sells the same four-pack of batteries for $5.39.

55. We also know Amazon did not absorb tariffs, and, instead, passed them along to consumers, because, Amazon's bottom line did not suffer in 2025. Last year, Amazon's net operating


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

margins for North American sales *increased* over 2024 by nearly 8% for the twelve months trailing December 31, 2024 (6.4%), to the twelve months trailing December 31, 2025 (6.9%). This is because it was consumers such as Plaintiffs and Class members who were paying the IEEPA tariffs, not Amazon.

56. Amazon initially insisted that it had managed to avoid cost increases due to tariffs, in part by advance ordering inventory before tariffs went into effect. But by January 2026, Jassy confirmed that the tariffs had begun to result in higher prices for items listed on Amazon. Jassy said: "So you start to see some of the tariffs creep into some of the prices, some of the items, and you see some sellers are deciding that they're passing on those higher costs to consumers in the form of higher prices, some are deciding that they'll absorb it to drive demand and some are doing something in between. . . . I think you're starting to see more of that impact."[47] Although Jassy was not specific as to which sellers he was referring to, all credible accounts indicate that Amazon Online Store customers paid higher prices on goods as a result of the IEEPA tariffs—the only question is when.

**D. Amazon's concealment and misrepresentations with regard to price increases were an attempt to appease potential governmental contractual counterparties and Trump.**

57. Historically, Amazon has had a fraught relationship with the United States government. Most recently:

- In 2023, the Federal Trade Commission ("FTC") (along with 17 State Attorneys General) filed a major antitrust lawsuit against Amazon. That lawsuit is still pending.
- In 2023, the FTC also sued Amazon alleging that it had enrolled customers in Amazon Prime without the customers' consent. This lawsuit was settled in 2025.
- In 2023, the United States (through the FTC and DOJ) sued Amazon alleging violations of the Children's Online Protection Act Rule. Amazon immediately settled that lawsuit.

58. Amazon was also keenly aware of the potential consequences of what may appear to be casual public comments by the current President:

- In July 2019, President Trump was asked about a $10 billion Defense Department contract on which Amazon was a bidder. The President said "Which one is that, the Amazon? So, I'm getting tremendous complaints about the contract with the Pentagon and with Amazon. They're saying it wasn't competitively bid . . . ."[48] The contract was awarded to another bidder, leading Amazon to file a challenge in the Court of Federal

[47] Palmer, *supra* note 7.

[48] BRAD STONE, AMAZON UNBOUND, at 361 (2021).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Claims where it stated "prior to the original award, President Trump repeatedly made clear to the highest echelons of the [DOD] . . . his desire that [Amazon] not receive the contract. The [DOD's] reevaluations on remand reveal that [the DOD] continued to succumb to presidential pressure to steer the JEDI contract away from [Amazon], and that the re-award was the product of bias, bad faith, improper influence, and/or conflicts of interest."[49]

- In 2020, the United States Trade Representative listed Amazon stores in five countries on its annual "Notorious Markets List." Amazon responded by issuing a formal statement saying: "This purely political act is another example of the Administration's notorious pattern of using the U.S. government to advance a personal vendetta against Amazon."[50]
- Aside from these formal federal actions, President Trump publicly threatened to take antitrust action against Amazon in 2018 and suggested that he would change its relationship with the U.S. Postal Service.[51] Third-party accounts indicate that the President personally asked the Postmaster General to double Amazon's rates.[52]

59. Amazon's fraught history with the current administration's use of executive branch agencies, detailed above, has caused it to respond to the President's imposition of tariffs, and the United States Supreme Court's invalidation of those tariffs, in a different manner than Amazon had to past executive branch initiatives. In the past, Amazon had actively defended its practices and even criticized the administration when it felt that the company was being singled out. But given its experience, Amazon has acquiesced to the President's multiple public requests that it refrain from taking any action in response to the tariffs, despite its lowest-price promise to its customers. This acquiescence to the President has included Amazon's decision to refrain from seeking a refund of tariff payments to which it is legally entitled, and which it must seek if it is to keep its promise to its customers of providing them with the lowest possible prices.

60. As previously discussed, when Executive Order 14193 was issued, Amazon considered listing tariff charges separately on Amazon Haul, its discount platform meant to compete

---

[49] *Amazon Web Servs. v. United States*, 153 Fed. Cl. 602 (2021).

[50] Amazon, *Amazon's Response to Our Wrongful Inclusion on the Notorious Markets List*, AMAZON NEWS (Apr. 29, 2020), https://www.aboutamazon.com/news/policy-news-views/amazons-response-to-our-wrongful-inclusion-on-the-notorious-markets-list.

[51] Berkeley Lovelace, Jr. *Trump Says Administration Is Looking Into Antitrust Violations by Amazon, other Tech Giants*, CNBC (Nov. 5, 2018), https://www.cnbc.com/2018/11/05/trump-looking-into-antitrust-violations-against-amazon-other-tech-giants.html.

[52] STONE, *supra* note 48, at 358.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

with low-cost foreign e-commerce companies. Amazon quickly reversed course, reports say, bowing to pressure from Trump in a call to Bezos.[53]

61. According to multiple independent accounts, the IEEPA tariffs eventually led to higher prices for Amazon customers. Third-party examinations of Amazon's pricing suggested that the impact of the tariffs was almost immediate for some products. Amazon initially denied this but, as time went by, eventually appeared to concede that the tariffs were beginning to appear in the costs of its goods.

62. Although Amazon initially claimed in public statements that tariffs were not substantially increasing prices for Amazon customers, independent examinations reached a different conclusion. Price increases were seen both on products sold by Amazon directly, and on products sold on the Amazon platform by third-party sellers. CBS News reported that since the second week in April 2025, sellers on Amazon had raised their prices on nearly 1,000 products, according to data from SmartScout, a price analysis software tool. The average price increase was nearly 30%.[54] A separate study by Reuters also indicated immediate tariff impacts on goods sold by Amazon.[55]

63. Other media outlets noted that Amazon had passed the cost of tariffs onto its customers through increases in the prices of lower-cost consumer goods. TheStreet.Com noted that although "Amazon CEO Andy Jassy had pledged to shield consumers from the fallout of Trump administration tariffs . . . in reality, it seems Amazon is absorbing costs on higher-ticket items while quietly letting prices climb on everyday goods."[56]

**E. The Supreme Court Invalidates the IEEPA Tariffs.**

64. On February 20, 2026, the U.S. Supreme Court issued its opinion in *Learning Resources, Inc. v. Trump* holding that that the tariffs imposed in Executive Order 14193 were

[53] Treene, et al., *supra* note 31.

[54] Megan Cerullo, *Amazon sellers are hiking prices on hundreds of goods as tariffs bite*, CBS NEWS MONEYWATCH (Apr. 25, 2025), https://www.cbsnews.com/news/amazon-prices-rising-trump-tariffs-temu-shein/.

[55] Siddharth Cavale, *U.S. Prices for China-Made Goods on Amazon Rise Faster Than inflation, Analysis Shows, as Tariffs Bite*, REUTERS (July 1, 2025), https://www.reuters.com/business/retail-consumer/us-prices-china-made-goods-amazon-rise-faster-than-inflation-analysis-shows-2025-06-30/.

[56] Moz Farooque, *Amazon's Quiet Pricing Twist on Tariffs Stuns Shoppers*, THESTREET.COM (July 21, 2025), *at* https://www.thestreet.com/retail/amazons-quiet-pricing-twist-on-tariffs-stuns-shoppers.


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

impermissible because they were not authorized by the IEEPA.[57] In dissent, Justice Kavanaugh noted that "The United States may be required to refund billions of dollars to importers who paid the IEEPA tariffs, even though some importers may have already passed on costs to consumers or others."[58]

65. The Supreme Court's decision in *Learning Resources, Inc.* eliminated the legal basis for the IEEPA tariffs and created a pathway for importers like Amazon to seek refunds of the tariffs previously collected by the federal government.

**F. Amazon Decides Not to Seek IEEPA Tariff Refunds.**

66. Following the Supreme Court's decision in *Learning Resources*, nearly 2,000 importers began attempting to recover tariff refunds from the federal government. On March 4, 2026, the United States Court of International Trade ordered refunds of IEEPA tariffs, holding that "[a]ll importers of record" are "entitled to the benefit" of the Supreme Court ruling that struck down the IEEPA tariffs.[59] The Court ordered U.S. Customs and Border Protection to liquidate any unliquidated entries subject to IEEPA tariffs "without regard to the IEEPA duties," that the U.S. Supreme Court had just declared unenforceable. It further ordered U.S. Customs and Border Protection to reliquidate any liquidated entries for which liquidation had not yet become final, again without including the IEEPA tariffs.[60]

67. United States Customs and Border Protection has established a formal process for processing refund requests for tariffs imposed under IEEPA. The first phase of this process was launched on April 20, 2026. The government estimated that refunds would occur between 60 and 90 days from the time of the request.[61] The first phase of the process is limited to "unliquidated entries and certain entries within 80 days of liquidation."

---

[57] *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 255 (2026).

[58] *Id.* at 334.

[59] *Atmus Filtration, Inc. v. United States*, No. 1:26-01259, Order at 1 (U.S. Ct. Int'l Trade Mar. 4, 2026), ECF No. 21.

[60] *Id.* at 2-3.

[61] U.S. Customs and Border Protection, International Emergency Economic Powers Act (IEEPA) Duty Refunds, https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds (last visited July 29, 2026).


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

68. The Executive Director of CBP's Trade Programs Directorate estimated that as of March 4, 2026, the total amount of IEEPA duties and estimated duty deposits collected pursuant to IEEPA is approximately $166 billion.[62] Given Amazon's size, Amazon is likely entitled to hundreds of millions of dollars in refunds on behalf of consumers.

69. Although the United States Supreme Court has declared the collection of tariffs under IEEPA illegal, the President has personally discouraged Amazon from seeking refunds on behalf of Amazon consumers. In response to a question from a CNBC reporter suggesting that Amazon and Apple specifically might be hesitant to pursue tariff refunds to which they were entitled for fear of offending the President, the President responded it's "[b]rilliant if they don't do that. Actually, if they don't do that, they got to know me very well. . . . I'm very honored by what you just said. If they don't do that, I'll remember them."[63]

70. The problem is that the funds Amazon is using to stay in the President's good graces do not belong to Amazon. These funds were wrongly taken from consumers to cover IEEPA tariffs that have since been invalidated. Those funds belong to the consumers who paid them. Amazon's use of these funds to curry political favor does not make consumers whole and is not a legally cognizable substitute for the relief sought in this lawsuit.

71. Amazon has chosen to forgo pursuing those refunds to ingratiate itself with Trump.[64] Despite being aware of the numerous challenges to the legality of the IEEPA tariffs, Amazon deceived consumers by not informing consumers that it wouldn't refund duties paid by consumers to cover IEEPA tariffs even if they were later invalidated.

72. Amazon has given no indication that it has any intention of seeking to recoup any tariffs that it has had to pay, much less return any of those funds to the customers who had to bear them.

---

[62] *Atmus*, ECF No. 31 at 6.

[63] Dan Mangan & Gabrielle Fonrouge, *Trump Says 'I'll Remember' Companies that Don't Seek Tariff Refunds*, CNBC (Apr. 21, 2026), https://www.cnbc.com/2026/04/21/trump-says-hell-remember-companies-that-dont-seek-tariff-refund.html.

[64] Molly Nixon, *It's safer to lose money than cross the president*, THE HILL (May 8, 2026), https://thehill.com/opinion/finance/5868664-trump-tariffs-amazon-refunds/.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

73. By contrast, multiple companies, including FedEx, DHL, UPS, and Costco, have announced their intention to seek refunds for all tariff payments made under IEEPA. FedEx, DHL, and UPS have pledged to return tariff payments directly to customers.

## V. CLASS ALLEGATIONS

74. Plaintiffs bring this action on behalf of himself, and as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), seeking damages and injunctive relief on behalf of the members of the following nationwide class (the "Class"):

> All persons who, during the period beginning on February 4, 2025, through February 20, 2026, purchased any good subject to IEEPA tariffs from Amazon's Online Stores and paid a surcharge to cover the IEEPA tariffs.

75. Excluded from the Class are Amazon, its officers, directors, management, employees, subsidiaries, or affiliates. Also excluded are the district judge or magistrate judge to whom this case is assigned, as well as those judges' immediate family members, judicial officers and their personnel, and all governmental entities.

76. Plaintiffs reserve the right to re-define the Class definition prior to class certification and after having the opportunity to conduct discovery.

77. The claims of all Class members derive directly from a single course of conduct by Defendant. Defendant engaged and continues to engage in uniform and standardized conduct toward the putative Class members. Defendant does not differentiate, in degree of care or candor, in its actions or inactions, or the content of its statements or omissions, among individual Class members.

78. Certification of Plaintiffs' claims is appropriate because Plaintiffs can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

79. **Numerosity**: The members of the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the Class members in a



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

single action will provide substantial benefits to the parties and Court. There are tens of millions if not hundreds of millions of Class members.[65]

80. The identity of all products encompassed within the Class definition are readily identifiable from Defendant's records. The identity of Class members and their purchase records are available through multiple sources, including Class members' own transaction and payment records, Amazon's records of purchases of products encompassed within the Class definition, and records maintained by consumer's financial institutions.

81. **Commonality and Predominance**: Common questions of law and fact exist as to all Class members. These questions predominate over the questions affecting only individual Class members. Questions of law and fact common to Plaintiffs and the Class include, without limitation:

a. Whether the higher prices that consumers paid for products on Amazon Online Stores are attributable to the cost of IEEPA tariffs;

b. Whether Amazon is obligated to return the cost of IEEPA tariffs to the consumers who paid them in the form of higher prices;

c. Whether Amazon's use of IEEPA tariff-related funds to benefit Amazon's business and political interests was unlawful;

d. Whether Amazon acted unlawfully by upcharging consumers in response to IEEPA tariff-related costs while making statements to the contrary;

e. Whether Amazon's conduct constitutes an unlawful practice under consumer protection statutes by collecting tariff-related surcharges from consumers while misrepresenting its pricing practices and failing to establish a consumer refund mechanism;

f. Whether the representations and conduct described herein were deceptive;

g. Whether Amazon's conduct with regard to IEEPA tariffs and refunds was and is deceptive and unfair;

h. Whether Amazon had knowledge that its conduct was deceptive and unfair;

i. Whether Defendant engaged in unfair trade practices;

j. Whether Amazon's actions justify the imposition of a constructive trust;

k. Whether Amazon's retention of elevated consumer payments constitutes unjust enrichment; and

[65] In September 2025, Amazon was reported to have passed 200 million Prime members alone in the United States. Michael Levin & Josh Lowitz, *US Amazon Prime membership Finally Hits 200 Million*, CIRP – AMAZON REPORT (Oct. 14, 2025), https://cirpamazon.substack.com/p/us-amazon-prime-membership-finally.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

l. Whether Amazon's conduct has harmed Plaintiffs and the Class uniformly.

82. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs individually and on behalf of all the Class members. Identical statutory violations and business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

83. **Typicality**: Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs and the Class members sustained damages as a result of Defendant's uniform wrongful conduct during transactions with them. Plaintiffs and all Class members are similarly affected by Defendant's wrongful conduct, were damaged in the same way, and seek the same relief. Plaintiffs' interests coincide with, and are not antagonistic to, those of the other Class members.

84. **Adequacy**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of Class members, and there are no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of Class members and have the financial resources to do so. Neither Plaintiffs nor their counsel has any interest adverse to those of the Class members.

85. **Superiority**: This case is also appropriate for certification because class proceedings are superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and the Class members. The injuries suffered by each Class member are relatively small in comparison to the burden and expense of individual prosecution of the litigation necessitated by Defendant's conduct. Absent a class action, it would be virtually impossible for the Class members to obtain effective relief from Defendant. Even if Class members could sustain individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties, including the Court, and would require duplicative consideration of the common legal and factual issues presented here. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

86. Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief: This action may properly be maintained as a class action because:

a. the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

87. **Policies Generally Applicable to the Class**: This case is appropriate for certification because Defendant acted or refused to act on grounds generally applicable to Plaintiffs and Class members as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct towards Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiffs' challenge to those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on individual facts or law applicable only to Plaintiffs.

## VI. CHOICE OF LAW

88. Washington law applies to Plaintiffs' claims by virtue of a choice-of-law provision that is set forth in "Conditions of Use" that appear on Amazon's website:

> By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon.[66]

[66] *Conditions of Use*, AMAZON, https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (last accessed July 29, 2026).



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## VII. CLAIMS FOR RELIEF

### COUNT I:

### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT
### Wash. Rev. Code Ann. § 19.86.010 *et seq.*

89. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

90. Plaintiffs bring this Count on behalf of all Class members.

91. The Washington Consumer Protection Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code Ann. § 19.96.010.

92. Amazon's conduct described herein was in the conduct of trade and commerce.

93. Amazon engaged in, and continues to engage in, unfair practices by charging consumers illegal and unlawful tariffs and refusing to refund them.

94. Amazon engaged in unfair and deceptive acts and practices by making material misrepresentations, including: (1) that it was not raising prices as a result of the tariffs, when in fact, it substantially raised prices to pass those tariff costs on to consumers; (2) that it offers the "lowest prices" when in fact it raised prices substantially above its competitors to profit from tariff increases; and (3) that Amazon offered lower prices than its competitors.

95. A reasonable consumer would understand Amazon's representations to mean that Amazon would not pass tariff charges on to consumers and would attempt in good faith to offer its customers the best possible prices.

96. Amazon's conduct in knowingly denying Plaintiffs and Class members refunds of the illegal tariff payments they made that only Amazon can acquire is deceptive as a matter of law.

97. Amazon's unfair and deceptive practices harmed and continue to harm the public interest, because consumers paid, and Amazon collected from consumers, tariffs that were illegal when paid. Amazon's refusal to seek refunds of tariffs that it has paid for the purpose of refunding those sums to customers, is likely to cause substantial injury to Plaintiffs, Class members, and the



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

public interest, and has the capacity to injure other persons, including the millions of consumers who shop on Amazon.com.

98. Amazon also failed to disclose to consumers that it did not intend to seek a refund of IEPPA Tariff payments from the federal government even if those tariffs were illegal and instead would use consumers' funds to pursue its own business interests and seek favorable treatment from Trump. This information is material to Plaintiffs' purchasing decisions.

99. Amazon's conduct is in violation of the public interest, offends public policy, and is unethical and unscrupulous as those terms are used in federal and Washington tribunals.

100. Consumers cannot reasonably avoid the harm caused by Amazon, as only Amazon can apply for the tariff refunds in question.

101. There are no countervailing benefits to customers or competition of Amazon failing to cause these automatic refunds to be returned to the customers who purchased the goods in question.

102. Plaintiffs and Class members have suffered damages in amounts to be determined at trial, including attorneys' fees, costs, and treble damages, as well as any other remedies the Court may deem appropriate. Wash. Rev. Code Ann. § 19.86.090.

**COUNT II:**

**UNJUST ENRICHMENT/QUASI-CONTRACT**

103. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

104. Plaintiffs bring this Count on behalf of all Class members.

105. During the period February 4, 2025, through February 20, 2026, Plaintiffs and Class members conveyed a benefit on Amazon by paying all or a portion of the IEEPA tariffs owed by Amazon on goods it imported into the United States and sold to Plaintiffs and other Class members.

106. Amazon knew it was causing Plaintiffs and Class members to pay all or a portion of the IEEPA tariffs owed by Amazon on goods it imported into the United States and sold to Plaintiffs and other Class members.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

107. In *Learning Resources Inc. v. Trump*, 670 U.S. 229 (2026), the United States Supreme Court declared that the IEEPA tariffs are illegal and compelled the United States government to refund such tariffs to importers of record, including Amazon.

108. Amazon received and accepted that benefit and was thereby enriched. Amazon has retained the benefit conferred by Plaintiffs without paying or otherwise compensating Plaintiffs for its value.

109. Allowing Amazon to retain refunds (or the right to refunds) of tariffs that it did not pay, but Plaintiffs and Class members paid, would be inequitable and grant Amazon an unjust windfall at the expense of Plaintiffs and Class members.

110. This is especially true to the extent that Amazon has refrained from seeking tariff refunds in order to garner the financial advantage that accompanies favorable treatment by federal regulators and governmental contractual counterparties. Based on its past experience with the executive branch generally, and the current President specifically, as enumerated above, Amazon has calculated that the value of favorable legal and regulatory treatment outweighs the financial value of claiming the refunds to which it is legally entitled. But that financial benefit to Amazon has come at Plaintiffs' and Class members' expense. The inequity is compounded by Amazon's promise to the Plaintiffs and Class members that it would seek the lowest prices on their behalf.

111. Justice and equity demand that Amazon return to Plaintiffs and Class members the value of tariffs that Plaintiffs and Class members paid for products sold by Amazon, for which Amazon is entitled to a refund.

112. Under Washington law, Plaintiffs and the Class are entitled to full disgorgement and restitution of any money Amazon has retained as a result of the unlawful and/or wrongful conduct alleged herein.

**COUNT III:**

**CONSTRUCTIVE TRUST**

113. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

114. Plaintiffs bring this Count on behalf of all Class members.


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

115. Amazon maintains legal title to seek refund of IEEPA tariff costs paid by Plaintiffs and Class members.

116. By not seeking tariff refunds and returning those costs paid by Plaintiffs and Class members to them for Amazon's own financial benefit, and leveraging that refusal in order to obtain favor with the current administration, Amazon has taken advantage of Plaintiffs' and Class members' inability to seek such refunds of illegally collected payments for themselves.

117. The relationship between Amazon and Plaintiffs and Class members is a wholly unequal one.

118. Because these costs were ultimately paid by Plaintiffs and Class members, it would be unconscionable for Amazon to retain the right to seek IEEPA tariff refunds and not exercise that right. Amazon's conduct is particularly unconscionable in light of its promise to the Plaintiffs and class members to obtain for them the best possible prices. Accordingly, equity requires that the Court establish a constructive trust on Amazon's right to IEEPA tariff refunds.

119. The Court has the power to establish such a constructive trust in equity either in the hands of the original wrong-doer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right.

120. Defendant is currently enjoying the beneficial interest of holding Plaintiffs' and Class members' property rights, without any compensation to Plaintiffs and Class members, in exchange for anticipated valuable, favorable treatment from federal executive branch agencies. It is unconscientious for Amazon to engage in this behavior, and the Court should remedy this inequity by imposing a constructive trust on the IEEPA tariff rights and requiring that those rights be exercised for Plaintiffs and Class members who paid tariff costs.

**COUNT IV:**

**MONEY HAD AND RECEIVED**

121. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

122. Plaintiffs bring this Count on behalf of all Class members.



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

123. Amazon received funds from Plaintiffs and from each member of the putative Class in the form of an IEEPA tariff surcharge. The Supreme Court has determined that the IEEPA tariffs were unlawful.

124. The funds belonged to Plaintiffs and to each member of the putative Class.

125. Amazon has not returned the funds.

126. Under principles of equity and good conscience, Amazon should not be permitted to retain those ill-gotten funds. Plaintiffs seek the return of the funds in an amount to be proven at trial.

127. Plaintiffs seek all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and injunctive relief, and other remedies available to them.

## JURY TRIAL DEMANDED

128. Pursuant to Federal Rule of Civil Procedure 38(b)(1), Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Class, respectfully request that the Court enter judgment in his favor and against Amazon, as follows:

A. Certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

B. Establishment of a constructive trust with regard to any IEEPA tariff refunds to which Amazon would be entitled to seek pursuant to the United States Supreme Court's decision in *Learning Resources Inc. v. Trump*, 670 U.S. 229 (2026), and a declaration that those rights be exercised and resulting funds be held for the benefit of Plaintiffs and Class members;

C. A declaration that Plaintiffs and Class members are entitled to a return of the IEEPA funds they paid to cover an IEEPA tariff surcharge;

D. An injunction enjoining Amazon from continuing to engage in the unlawful, deceptive, and unfair business practices alleged herein and requiring Amazon to seek refunds of all tariff payments it made that have been deemed illegal by the United States Supreme Court, and


HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

requiring Amazon to return those refund amounts to the consumers who purchased the goods on which tariffs were levied.

E. Costs, restitution, attorneys' fees, damages, including treble or punitive damages, and disgorgement in an amount to be determined at trial;

F. Pre- and post-judgment interest; and

G. Such other and further relief as may be appropriate.

DATED: July 30, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
Steve W. Berman (SBN 12536)
Sydney K. Thomas (SBN 64571)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com
sydney.thomas@hbsslaw.com

Christopher R. Pitoun, (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
christopherp@hbsslaw.com

Dana Abelson (SBN 63278)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 N Cityfront Plaza Dr. Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Email: dana.abelson@hbsslaw.com

Kelly L. Tucker, (*pro hac vice*)
Matthew Denn, (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
123 Justison Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 622-7000
Email: ktucker@gelaw.com
mdenn@gelaw.com

Thomas Walsh, (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Email: twalsh@gelaw.com

*Attorneys for Plaintiffs*