# EXHIBIT 25

JURYDEMAND

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
# CIVIL DOCKET FOR CASE #: 2:26-cv-02537-JLR

Hastings v. Microsoft Corporation
Assigned to: Judge James L. Robart
Case in other court: King County Superior Court, 26-00002-19546-3 SEA
Cause: 28:1441 Petition For Removal--Other Contract

Date Filed: 07/17/2026
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Trevor Hastings**
*individually and on behalf of others similarly situated*

represented by **Samuel J Strauss**
STRAUSS BORRELLI PLLC
980 N MICHIGAN AVE
STE 1610
CHICAGO, IL 60611
872-263-1100
Fax: 872-263-1109
Email: sam@straussborrelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Microsoft Corporation**

represented by **James Moon**
DAVIS WRIGHT TREMAINE LLP (LOS ANGELES)
350 S GRAND AVE
27TH FL
LOS ANGELES, CA 90071
213-633-6800
Fax: 213-633-6899
Email: jamesmoon@dwt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laura Flahive Wu**
COVINGTON & BURLING LLP (DC)
ONE CITY CENTER
850 TENTH STREET NW
WASHINGTON, DC 20001
202-662-5982
Email: lflahivewu@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Maeve McBride**
COVINGTON & BURLING LLP (DC)
ONE CITY CENTER
850 TENTH STREET NW
WASHINGTON, DC 20001
202-662-6000
Email: mmcbride@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nathan Lange**
COVINGTON & BURLING LLP (DC)
ONE CITY CENTER
850 TENTH STREET NW
WASHINGTON, DC 20001
202-662-5155
Email: nlange@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Valerie Hletko**
COVINGTON & BURLING LLP (DC)
ONE CITY CENTER
850 TENTH STREET NW
WASHINGTON, DC 20001
202-662-6000
Email: vhletko@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Emily Parsons**
DAVIS WRIGHT TREMAINE LLP (SEA)
920 FIFTH AVE
STE 3300
SEATTLE, WA 98104-1610
206-622-3150
Email: emilyparsons@dwt.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/17/2026 | 1 | NOTICE OF REMOVAL with *State Court* JURY DEMAND by Plaintiff *attached as separate document;* from King County Superior Court, case number 26-2-19546-3; (Receipt # AWAWDC-9837339) Attorney Emily Parsons added to party Microsoft Corporation(pty:dft) filed by Microsoft Corporation. (Attachments: # 1 Exhibit 1-1-Complaint, # 2 Exhibit 1-2, # 3 Exhibit 1-3, # 4 Exhibit 1-4, # 5 Exhibit 1-5, # 6 Exhibit 1-6, # 7 Exhibit 1-7, # 8 Exhibit 1-8, # 9 Exhibit 1-9, # 10 Exhibit 1-10, # 11 Exhibit 1-11, # 12 Exhibit 2, # 13 Civil Cover Sheet)(Parsons, Emily) Modified on 7/21/2026 to add document title. (RE). (Entered: 07/17/2026) |

| | | |
|---|---|---|
| 07/17/2026 | 2 | CORPORATE DISCLOSURE STATEMENT indicating no Corporate Parents and/or Affiliates. Filed pursuant to Fed.R.Civ.P 7.1(a)(1). Filed by Microsoft Corporation. (Parsons, Emily) (Entered: 07/17/2026) |
| 07/17/2026 | 3 | VERIFICATION OF STATE COURT RECORDS *and Proceedings* by Defendant Microsoft Corporation (Parsons, Emily) (Entered: 07/17/2026) |
| 07/17/2026 | 4 | CERTIFICATE of Filing Notice of Notice of Removal in State Court by Defendant Microsoft Corporation (Attachments: # 1 Exhibit 1)(Parsons, Emily) (Entered: 07/17/2026) |
| 07/20/2026 | 5 | APPLICATION OF ATTORNEY James Moon FOR LEAVE TO APPEAR PRO HAC VICE for Defendant Microsoft Corporation (Fee Paid) Receipt No. AWAWDC-9841865 (Parsons, Emily) (Entered: 07/20/2026) |
| 07/20/2026 | 6 | APPLICATION OF ATTORNEY Laura Flahive Wu FOR LEAVE TO APPEAR PRO HAC VICE for Defendant Microsoft Corporation (Fee Paid) Receipt No. AWAWDC-9841928 (Parsons, Emily) (Entered: 07/20/2026) |
| 07/20/2026 | 7 | APPLICATION OF ATTORNEY Maeve McBride FOR LEAVE TO APPEAR PRO HAC VICE for Defendant Microsoft Corporation (Fee Paid) Receipt No. AWAWDC-9841954 (Parsons, Emily) (Entered: 07/20/2026) |
| 07/20/2026 | 8 | APPLICATION OF ATTORNEY Nathan Lange FOR LEAVE TO APPEAR PRO HAC VICE for Defendant Microsoft Corporation (Fee Paid) Receipt No. AWAWDC-9841970 (Parsons, Emily) (Entered: 07/20/2026) |
| 07/20/2026 | 9 | APPLICATION OF ATTORNEY Valerie Hletko FOR LEAVE TO APPEAR PRO HAC VICE for Defendant Microsoft Corporation (Fee Paid) Receipt No. AWAWDC-9841980 (Parsons, Emily) (Entered: 07/20/2026) |
| 07/21/2026 | 10 | ORDER re 5 Application for Leave to Appear Pro Hac Vice, 8 Application for Leave to Appear Pro Hac Vice, 6 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorneys James Moon, Laura Flahive Wu, and Nathan Lange for Microsoft Corporation, by Clerk Joshua C. Lewis. No document associated with this docket entry, text only.<br><br>*NOTE TO COUNSEL: Local counsel agrees to **sign all filings** and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(HH) (Entered: 07/21/2026) |
| 07/21/2026 | | Application for Leave to Appear Pro Hac Vice 7 , Application for Leave to Appear Pro Hac Vice 9 by attorney Maeve McBride and Valerie Hletko will not be processed at this time. The Pro Hac attorney must submit a Pro Hac Vice access request via Manage My Account on PACER, under the Maintenance tab. See page 2 of the Pro Hac Vice Application Guide for detailed instructions. Please contact the Attorney Admissions Clerk at 206-370-8400 or WAWD_Admissions@wawd.uscourts.gov with additional questions. (Ad hoc Attorney Maeve McBride and Valerie Hletko) (HH) (Entered: 07/21/2026) |
| 07/21/2026 | | Hon. Michelle L. Peterson added. (RE) (Entered: 07/21/2026) |
| 07/21/2026 | 11 | LETTER from Clerk re receipt of case from King County Superior Court and advising of WAWD case number and judge assignment.<br>**JURY DEMAND - properly submitted state court jury demand on file for plaintiff**. (RE) (Entered: 07/21/2026) |
| 07/21/2026 | 12 | NOTICE OF ASSIGNMENT TO A US MAGISTRATE JUDGE AND DECLINATION OF CONSENT FORM. Each party will be deemed to have knowingly and voluntarily |

| | | |
|---|---|---|
| | | consented to proceed before a Magistrate Judge if this form is not returned by 7/28/2026. **Please Note: Forms must not be electronically filed with the Court.** (AQ) (Entered: 07/21/2026) |
| 07/21/2026 | 13 | MINUTE ORDER REASSIGNING CASE by Clerk Joshua C. Lewis. Case reassigned to Judge James L. Robart for all further proceedings. (TF) (Entered: 07/21/2026) |
| 07/21/2026 | 14 | ORDER re 7 Application for Leave to Appear Pro Hac Vice, 9 Application for Leave to Appear Pro Hac Vice. The Court ADMITS Attorneys Valerie Hletko and Maeve McBride for Microsoft Corporation, by Clerk Joshua C. Lewis. No document associated with this docket entry, text only.<br><br>*NOTE TO COUNSEL: Local counsel agrees to* ***sign all filings*** *and to be prepared to handle the matter, including the trial thereof, in the event the applicant is unable to be present on any date scheduled by the court, pursuant to LCR 83.1(d).*(ELS) (Entered: 07/21/2026) |
| 07/23/2026 | 15 | Stipulated MOTION *and [Proposed] Order to Extend Deadline for Response*, filed by Defendant Microsoft Corporation. Noting Date 7/23/2026, (Parsons, Emily) (Entered: 07/23/2026) |
| 07/24/2026 | 16 | ORDER granting Parties' 15 Stipulated Motion *to Extend Deadline for Response*. Defendant's deadline to respond to Plaintiff's Amended Complaint shall be extended to 8/7/2026. Signed by Judge James L. Robart.(CJS) (Entered: 07/24/2026) |
| 07/29/2026 | 17 | Stipulated MOTION *to Extend Deadline for Response and Set Briefing Schedule*, filed by Defendant Microsoft Corporation. Noting Date 7/29/2026, (Parsons, Emily) (Entered: 07/29/2026) |
| 07/29/2026 | 18 | ORDER granting 17 Stipulated Motion to Extend Deadline for Response and Set Briefing Schedule. Microsoft's deadline to respond to Plaintiff's Amended Complaint shall be extended to Friday, 8/21/2026. Plaintiff's deadline to file any opposition to any motion filed by Microsoft in response to the Amended Complaint shall be Friday, 9/18/2026. Microsoft's deadline to file any reply in support of any motion in response to Plaintiff's Amended Complaint shall be Friday, 10/2/2026. Signed by Judge James L. Robart. (TE) (Entered: 07/29/2026) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/11/2026 11:59:23 | | | |
| **PACER Login:** | studavidson | **Client Code:** | 260043-00001 |
| **Description:** | Docket Report | **Search Criteria:** | 2:26-cv-02537-JLR |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR HASTINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. 2:26-cv-02537<br><br>**NOTICE OF REMOVAL**<br><br>(King County Superior Court Case No. 26-2-19546-3 SEA) |

TO: Clerk, Superior Court of the State of Washington for King County

AND TO: TREVOR HASTINGS, and his Attorneys of Record

Defendant Microsoft Corporation ("Microsoft") gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of Washington for King County, Case No. 26-2-19546-3 SEA, to the United States District Court for the Western District of Washington. Microsoft removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

## I. PROCEDURAL HISTORY

1. On June 17, 2026, Plaintiff Trevor Hastings filed this putative class-action lawsuit in the Superior Court of the State of Washington for the County of King, on behalf of himself and all others similarly situated. A true and correct copy of the Class Action Complaint is



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

attached hereto as **Exhibit 1–1**. The Superior Court assigned the case number 26-2-19546-3 SEA. *Id.* A true and correct copy of Order Setting Case Schedule is attached hereto as **Exhibit 1–2**. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached hereto as **Exhibit 1–3**. A true and correct copy of the Summons is attached hereto as **Exhibit 1–4**. A true and correct copy of Plaintiff's Jury Demand is attached hereto as **Exhibit 1–5**. A true and correct copy of the Case Assignment Area Designation and Case Information Cover Sheet is attached hereto as **Exhibit 1–6**. A true and correct copy of the Affidavit of Service of the Class Action Complaint is attached hereto as **Exhibit 1–7**.

2. On June 18, 2026, Plaintiff filed an Amended Class Action Complaint. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit 1–8**. A true and correct copy of the Affidavit of Service of the Amended Complaint is attached hereto as **Exhibit 1–9**.

3. On July 10, 2026, the Superior Court granted the parties' stipulation and extended Defendant's deadline to respond to the Complaint until August 7, 2026. A true and correct copy of the Stipulation and Order to Extend Deadline for Response is attached hereto as **Exhibit 1–10**.

4. The documents that comprise Exhibit 1 constitute all process, pleadings and orders served upon Microsoft. *See* 28 U.S.C. § 1446(a). Pursuant to LCR 101(b), a true copy of the operative Amended Complaint ("Am. Compl.") is separately attached (and referred to throughout this Notice) as **Exhibit 2**.

5. Plaintiff alleges that Microsoft "was unjustly enriched by collecting and retaining" costs imposed by the federal government under the International Emergency Economic Powers Act ("IEEPA") that were later held by the Supreme Court to be unlawful in *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026). Ex. 2 ¶¶ 26, 42.

6. The dispute arises out of Plaintiff's alleged purchase of an "Xbox console," a video game console manufactured by Microsoft, "from a retailer selling Microsoft products" at some point between February 2025 and February 2026. *Id.* ¶ 47. During that time, the federal government invoked IEEPA to impose tariffs, which Plaintiff alleges "increased Microsoft's cost



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of importing goods into the United States." *Id.* ¶ 23. Plaintiff claims that "Microsoft passed tariff-related costs through to consumers in the form of higher prices," *id.* ¶ 39, and "stands to recover those same costs from the government," *id.* ¶ 41.

7. Based on these allegations, Plaintiff asserts an unjust enrichment claim, *id.* ¶¶ 65–73, and a money had and received claim, *id.* ¶¶ 74–80, while also seeking a declaratory judgment, *id.* ¶¶ 81–84. Plaintiff seeks to represent a "[n]ationwide [c]lass" of "[a]ll customers of [Microsoft] who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." *Id.* ¶ 49.

## II. PARTIES

8. Plaintiff Hastings is a natural person who allegedly resides in Chula Vista, California. Ex. 2 ¶ 17.

9. Defendant Microsoft is a corporation formed under the laws of the State of Washington with its corporate headquarters and principal place of business in Redmond, Washington.

## III. GROUNDS FOR REMOVAL

10. There are two independent bases for removing this action to this Court. *First*, the claims asserted by Plaintiff give rise to federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint necessarily raises disputed and substantial federal issues. *Second*, the Court has jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), because Plaintiff is a citizen of California and Microsoft is a citizen of Washington, the proposed class has 100 or more members, and the amount in controversy exceeds $5 million. The action therefore is removable to this Court under 28 U.S.C. § 1441 and § 1453.

11. Microsoft also invokes all other grounds for removal that exist under applicable law.

12. The recitation of Plaintiff's allegations or legal theories has merit. Microsoft reserves the right to assert all applicable defenses in this matter and denies that Plaintiff or any member of the putative class is entitled to any relief.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**A. Federal Question Jurisdiction**

13. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1331 because this action necessarily raises disputed and substantial federal questions that a federal forum may entertain without disturbing the congressionally approved balance of responsibilities between the federal and state judiciaries. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). Specifically, the claimed "illegality" arises solely from federal executive orders issued pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 et seq., which the Supreme Court later held to be unlawful in *Learning Resources*.

14. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded-complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).

15. Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (citation omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) ("To bring a case within [§ 1441], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

16. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable*, 545 U.S. at 315. "Where all four of these requirements are met … jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258. This case meets all four requirements.

17. *First*, a federal issue is necessarily raised. Although Plaintiff nominally asserts state-law claims, the entire foundation of those claims rests on the alleged "illegality" of tariffs imposed by the federal government pursuant to IEEPA and the Supreme Court's subsequent invalidation of those tariffs. *See* Ex. 2 ¶¶ 1-2, 6, 26-27. Plaintiff's theory is that Microsoft was "unjustly enriched" because it passed through costs arising from tariffs that were later held to be "unlawful, invalid, and void." *Id.* ¶¶ 27, 42, 68. Plaintiff's claims therefore require a court to determine whether IEEPA tariffs imposed before the Supreme Court's decision in *Learning Resources* were lawful and whether the evolving federal tariff refund program entitles Microsoft to recover tariff costs from the federal government. In other words, there is no way to adjudicate Plaintiff's claims without necessarily construing IEEPA and applying the Supreme Court's *Learning Resources* decision. *See Merrell*, 478 U.S. at 808 ("[A] case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law.").

18. *Second*, the federal issue is actually disputed. Plaintiff's claims depend on the premise that Microsoft "was unjustly enriched by collecting and retaining" costs imposed under IEEPA. Ex. 2 ¶ 42. Plaintiff's Complaint expressly invokes federal law to establish the "illegality" of the tariffs, alleging that "the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful." *Id.* ¶ 26.

19. Plaintiff further relies on federal law to assert that "Microsoft stands to recover from the government costs whose economic burden was borne, in whole or in part, by Plaintiff and Class Members" through the federal tariff refund program administered by U.S. Customs and Border Protection ("CBP"). *Id.* ¶¶ 7, 10, 28, 40. Whether, and to what extent, the *Learning Resources* decision created an entitlement to refunds—and whether Microsoft's alleged retention of pass-through costs constitutes "unjust enrichment"—requires interpretation of the scope and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

effect of the Supreme Court's ruling on IEEPA's statutory authorization. These are contested federal legal issues that will be central to resolving Plaintiff's claims.

20. *Third*, the federal issue is substantial. The substantiality inquiry "looks . . . to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Here, Plaintiff's claims implicate significant questions about the scope and effect of IEEPA—a federal statute that grants the President sweeping emergency powers over international trade. *See* 50 U.S.C. §§ 1701 *et seq.* The Supreme Court's decision in *Learning Resources* addressed the scope of presidential authority under IEEPA, and this case necessarily requires further interpretation of that decision's effect on downstream commercial transactions. The federal government has a strong interest in the uniform interpretation of: (a) the scope of IEEPA's statutory authorization; (b) the effect of the Supreme Court's invalidation of tariffs on private parties; and (c) the operation of the federal tariff refund program administered by CBP. *See* Ex. 2 ¶¶ 7, 28. Inconsistent state court rulings on these questions could undermine federal policy and create confusion regarding the rights of importers and consumers affected by unlawful tariffs. The federal interest in uniform interpretation of IEEPA and the *Learning Resources* decision makes this federal issue substantial.

21. *Fourth*, federal jurisdiction will not disturb the federal-state balance. This case presents a discrete and unusual set of circumstances—claims arising directly from the Supreme Court's invalidation of tariffs imposed under a federal emergency powers statute. Unlike ordinary state-law consumer protection or unjust enrichment claims, this case does not involve interpretation of state-law standards in the usual course; instead, it requires construction of IEEPA and the federal tariff refund framework. There is no risk that exercising jurisdiction over this case will "herald[] a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 319.

22. The claims here arise from a specific, time-limited set of tariffs imposed under federal authority and subsequently invalidated by the Supreme Court—a circumstance that is inherently limited in scope. Moreover, Plaintiff's declaratory relief claim expressly invokes



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

federal court authority under a federal statute, seeking a declaratory judgment "pursuant to 28 U.S.C. § 2201." Ex. 2 ¶ 83. Exercising jurisdiction over these claims vindicates the federal interest in uniform interpretation of IEEPA without displacing state courts from their traditional role in adjudicating routine unjust enrichment disputes.

**B. CAFA Jurisdiction**

23. The claims asserted by Plaintiff also give rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The action therefore is removable to this Court under 28 U.S.C. § 1441 and § 1453.

24. This Court has jurisdiction over this action under CAFA because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B). Indeed, in Plaintiff's initial Complaint, he admitted that "This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act." Ex. 1–1 ¶ 17.

**1. Plaintiff's Original Complaint Conceded Federal Jurisdiction under CAFA**

25. Plaintiff's original Complaint, filed on June 17, 2026, while filed in the Superior Court of Washington, expressly alleged that federal subject-matter jurisdiction under CAFA was available. *See* Ex. 1–1 ¶ 17 ("This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act . . . because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.").



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

26. One day later, on June 18, 2026, Plaintiff filed the operative Amended Complaint, which dropped all CAFA allegations and asserted the Court's jurisdiction under Washington state law exclusively. *See* Ex. 2 ¶ 15.

27. However, Plaintiff "cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (cleaned up). If a plaintiff could avoid removal "simply by drafting a complaint that neither uses the phrase 'class action' nor invokes Rule 23–like procedures" but otherwise contains the same substantive allegations, it "would render CAFA's removal provision meaningless." *Pac. Coast Fed'n of Fishermen's Ass'ns, Inc. v. Chevron Corp.*, 2023 WL 7299195, at *2 (N.D. Cal. Nov. 1, 2023).

**2. CAFA's "Class Action" Requirement Is Satisfied**

28. CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

29. This case qualifies as a class action removable under Section 1332(d)(1)(B).

30. Plaintiff's Amended Complaint repeatedly invokes *Federal* Rule of Civil Procedure 23. *See* Ex. 2 ¶¶ 48, 56–59, 61, 63.

31. Even if Plaintiff had intended to bring this action, or had actually brought this action, under Washington State's Rule 23 equivalent, this would still be a qualifying class action for CAFA purposes. A "state statute or rule is similar to [federal] Rule 23 if it 'closely resembles' it 'or is like [federal] Rule 23 in *substance or in essentials*.'" *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 851 (9th Cir. 2020) (emphasis in original). Because Wash. Super. Ct. Civ. R. 23(b) ("Class Actions") is sufficiently similar to Fed. R. Civ. P. 23(b), "a cause of action filed as and authorized as a class action under state law" like this one "is a 'class action' under CAFA, even if, after discovery or litigation of the class certification question, the cause of action might not be certifiable." *Id.* at 854.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

32. Plaintiff's Complaint also states that he "brings this action on behalf of himself and as a class action for all others similarly situated." Ex. 2 ¶ 48.

33. Specifically, Plaintiff seeks to represent a "[n]ationwide [c]lass" of "[a]ll customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." *Id.* ¶ 49.

**3. CAFA's Minimal Diversity Requirement Is Satisfied**

34. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

35. This requirement is satisfied here because Plaintiff is allegedly a resident of California, *see* Ex. 2 ¶ 17, and Microsoft is a citizen of Washington, *see id.* ¶ 18. Because Microsoft is diverse from Plaintiff, CAFA's minimal diversity requirement is satisfied. *See King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 877 (9th Cir. 2018) (removal proper when defendant identified "at least one member of the putative class [who] was a citizen of a state other than [the defendant's state of citizenship]").

**4. CAFA's Amount-in-Controversy Requirement is Satisfied**

36. CAFA jurisdiction requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

37. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (recognizing *Dart*'s holding).

38. In Plaintiff's first Complaint (which contains identical factual allegations to the Amended Complaint), he affirmatively alleged that "the amount in controversy exceeds the sum



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

or value of $5,000,000.00, exclusive of interest and costs," in invoking this Court's jurisdiction under CAFA. Ex. 1–1 ¶ 17.

39. The Amended Complaint seeks "compensatory, statutory, and punitive damages," "an order of restitution and all other forms of equitable monetary relief," as well as injunctive relief. Ex. 2, Prayer for Relief. These remedies are included in any amount-in-controversy analysis. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("[T]he amount in controversy . . . includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." (cleaned up)). Given that Plaintiff seeks to represent a putative class that he estimates "is so numerous that the joinder of all members is impracticable," Ex. 2 ¶ 57, Microsoft sells at least thousands of Xbox consoles each month, and each console costs hundreds of dollars, there is a "plausible" basis to conclude that "the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

40. More specifically, Plaintiff alleges that, "[d]uring the period the tariffs were effective," Microsoft increased prices on Xbox consoles, Ex. 2 ¶ 33, and that by doing so it "passed on the tariffs to consumers," *id.* ¶¶ 36, 39.

41. The Amended Complaint cites to, and therefore incorporates by reference, news articles stating, among other things, that retail prices on certain Xbox consoles increased by $100 on or around May 1, 2025. *Id.* ¶ 34 n.3; *see, e.g.*, Michael Kan, *Microsoft Raises Prices on Xbox Hardware and Games: Act Fast to Avoid Paying Extra*, PC Mag (May 1, 2025), https://perma.cc/5NVT-SBMJ.

42. Under Plaintiff's theory, during the 295 days between May 1, 2025, and the *Learning Resources* decision on February 20, 2026, Microsoft needed to sell only 50,000 Xbox consoles—or 170 per day—for allegedly IEEPA-related price increases to total $5 million of alleged additional cost to putative class members ($5 million ÷ $100 = 50,000).

43. Microsoft sold more than 50,000 Xbox consoles between May 1, 2025 and February 20, 2026.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

44. The Amended Complaint seeks recovery of IEEPA-related price increases, such that well above $5 million is placed in controversy, satisfying CAFA's amount-in-controversy requirement.

**5. CAFA's Numerosity Requirement is Satisfied**

45. This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to state a claim on behalf of a "[n]ationwide [c]lass" of "[a]ll customers of [Microsoft] who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." Ex. 2 ¶ 49.

46. Microsoft sells at least thousands of Xbox consoles each month in the United States. Plaintiff himself claims that the putative class "is so numerous that the joinder of all members is impracticable," *id.* ¶ 57. The proposed class exceeds 100 members.

**6. None of the Exceptions to CAFA Jurisdiction Apply**

47. None of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. §§1332(d)(3)–(4) applies here. Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(I)–(II)(cc); *see also* 28 U.S.C. § 1332(d)(4)(B) (also excepting cases where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed").

48. Plaintiff seeks to represent a "[n]ationwide [c]lass" of "[a]ll customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." Ex. 2 ¶ 49. Based on the allegations in the Complaint and Plaintiff's proposed class definition, there is no basis to infer that "two thirds" of the proposed class—comprised of citizens of all 50 states and the District of Columbia—are



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

citizens of Washington state. Indeed, Washington state does not even rank in the top ten most populous states. *See* U.S. Census Bureau, *2019 U.S. Population Estimates Continue to Show the Nation's Growth Is Slowing* (Dec. 30, 2019), https://www.census.gov/newsroom/press-releases/2019/popest-nation.html. Therefore, the exception does not apply here. This action also does not fall within the exclusions described in 28 U.S.C. §§ 1332(d)(9) and 1453(d), as Plaintiff's claim does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric governance issues.

49. Moreover, "[t]he burden of establishing that a CAFA exception applies" would be on Plaintiff. *King*, 903 F.3d at 878; *see also Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1122 (9th Cir. 2017) ("The burden is not on [defendant] to prove the inapplicability of a CAFA exception[.]").

50. Removal to the Western District of Washington is also proper because although Microsoft is a resident of Washington state, under CAFA, a "class action may be removed to a district court . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b).

51. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441 and 1453.

## IV. PROCEDURAL STATEMENT

### A. Notice of Removal Is Timely

52. Plaintiff served Microsoft with the Complaint on June 18, 2026, and the Amended Complaint on June 23, 2026. *See* Exs. 1–7, 1–9.

53. Removal of this action is therefore timely under 28 U.S.C. § 1446(b) because Microsoft files this Notice of Removal within 30 days after service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (time for removal runs from receipt of formal service of process, including a summons).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**B. Venue of Removed Action Is Proper**

54. Venue properly lies in the United States District Court for the Western District of Washington because King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128. Accordingly, removal to this District is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division because the action is being removed from King County. *See* LCR 3(e)(1).

**C. Notice to State Court and Plaintiff**

55. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through his counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

**D. Pleadings in the State Court**

56. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Microsoft are attached as Exhibit 1. Pursuant to LCR 101(b), the Amended Complaint is attached separately as Exhibit 2.

**E. LCR 101(b) Requirements Are Met**

57. In accordance with LCR 101(b), Microsoft has filed contemporaneously with this Notice of Removal a copy of the operative Amended Complaint, which is separately attached as Exhibit 2. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. Microsoft has also filed a completed Civil Cover Sheet, which the ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 17th day of July, 2026.

DAVIS WRIGHT TREMAINE LLP

By: */s/ Emily Parsons*
Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
Fax: 206.757.7545
Email: emilyparsons@dwt.com

James Moon, (*pro hac vice* forthcoming)
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Main: 213.633.6800
Fax: 213.633.6899
Email: jamesmoon@dwt.com

COVINGTON & BURLING LLP
Valerie L. Hletko (*pro hac vice* forthcoming)
Laura Flahive Wu (*pro hac vice* forthcoming)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: 202.662.6000
Email: vhletko@cov.com
lflahivewu@cov.com

*Attorneys for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

STRAUSS BORRELLI PLLC

Samuel J. Strauss
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

STRANCH, JENNINGS & GARVEY, PLLC

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff (*pro hac vice* forthcoming)
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Attorneys for Plaintiff & Proposed Class*

DATED this 17th day of July, 2026.

By: */s/ Emily Parsons*
Emily Parsons, WSBA #57061



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 1-1

FILED
2026 JUN 17 12:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| TREVOR HASTINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. ________________________ SEA<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff Trevor Hastings ("Plaintiff") brings this Class Action Complaint against Defendant Microsoft Corporation ("Defendant" or "Microsoft") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. This class action arises from Microsoft's retention of an unjustified windfall profit created by unlawful tariffs imposed by the federal government of the United States under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701.

2. Beginning in roughly February 2025, the United States government imposed tariffs later found to be illegal on imports from numerous countries.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

3. These tariffs increased the cost of goods imported into the United States.

4. Many U.S. companies – including Microsoft – responded to these illegal tariffs by increasing their prices on products like the XBox, passing the cost of the illegal tariffs on to consumers like Plaintiff.

5. American consumers paid higher retail prices imposed by retailers like Defendant for consumer goods after the tariffs were imposed.

6. The Supreme Court eventually held that these tariffs were illegal. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

7. Importers and retailers like Defendant became entitled to refunds of the duties they had previously paid to the U.S. Customs and Border Protection ("CBP").

8. Microsoft collected the costs of the tariffs by raising prices on consumers.

9. Microsoft retained those costs.

10. Microsoft has sought refunds of those same tariff payments from the federal government.

11. If unchecked, Microsoft will reap those tariff payments twice – once in the form of pass-through costs imposed on consumers like Plaintiff, and then again from the federal government through its tariff refund program, including interest.

12. That result is unjust.

13. Plaintiff brings this action on behalf of thousands of consumers who purchased goods from Microsoft who paid inflated prices reflecting Microsoft's increased prices based on Microsoft's pass-through of the tariffs.

14. Plaintiff seeks restitution of the tariff overcharges, together with declaratory and monetary relief.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**PARTIES, JURISDICTION & VENUE**

15. Plaintiff Trevor Hastings is a resident citizen of Chula Vista, CA. During the Class Period, Plaintiff purchased goods from a retailer selling Microsoft products that were imported from countries subject to the IEEPA tariffs. Plaintiff paid retail prices for these goods that were increased by Microsoft to account for tariffs imposed on imported products. Plaintiff would not have paid those higher prices absent the unlawful tariffs and Microsoft's pass-through of those tariffs to consumers.

16. Defendant Microsoft Corporation is a company registered in Washington. Its principal place of business or headquarters is located at 1 Microsoft Way, Redmond, Washington 98052, with a registered agent of Corporation Service Company, 300 Deschutes Way SW, Ste 208 MC-CSC1, Tumwater, WA 98501.

17. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.

18. This Court has personal jurisdiction over Defendant, because its principal place of business is in this District.

19. Venue is proper under 28 U.S.C. §1391 because Defendant's principal place of business is in this District.

**FACTUAL ALLEGATIONS**

20. Microsoft is a software and electronics company. It owns and operates all subsidiaries and divisions that manufacture and sell the Xbox line of video game consoles.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

21. It manufactures and sells video game consoles and related products, including the XBox line of consoles.

22. Many of Microsoft's console products are manufactured outside the United States.

23. President Trump's invocation of IEEPA tariffs increased Microsoft's cost of importing goods into the United States.

24. The importer of record is required under U.S. law to pay tariffs when goods enter this country.

25. Microsoft was required to pay tariffs when its goods entered the United States.

26. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

27. As a result of that decision, the tariffs Defendant relied upon to impose charges on Plaintiff and Class members were unlawful, invalid, and void.

28. Retailers are now seeking refunds from the federal government.

29. CBP has not imposed any legal requirement on businesses that paid IEEPA tariffs to refund the money to consumers who may have paid higher prices for those goods.

30. Microsoft has not publicly committed to returning anything to consumers.

31. The Dallas Federal Reserve concluded in May 2026 that the cost of goods with the greatest tariff exposure rose and inflated consumer prices during the tariff period.[1]

32. Another study concluded that consumer prices had risen during the tariff period.[2]

33. During the period the tariffs were effective, Microsoft increased its prices on consumers.

---

[1] https://www.dallasfed.org/research/economics/2026/0505-mau
[2] https://budgetlab.yale.edu/research/tracking-economic-effects-tariffs



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

34. Media reports during the tariff period reflect that Microsoft was increasing the prices due to the tariffs, including on the Xbox console line.[3]

35. Microsoft made pricing decisions in response to the tariffs.

36. Microsoft passed on the costs of the tariffs to consumers through higher prices, at least in part.

37. Plaintiff and class members paid tariff-inflated prices to Microsoft during the Class Period.

38. Microsoft stands to benefit enormously if the tariff refunds are paid.

39. Microsoft passed tariff-related costs through to consumers in the form of higher prices.

40. Microsoft stands to recover from the government costs whose economic burden was borne, in whole or in part, by Plaintiff and Class Members.

41. Microsoft stands to receive a windfall – it recouped tariff costs from consumers, and now stands to recover those same costs from the government.

42. Defendant was unjustly enriched by collecting and retaining money to which it was not legally entitled.

43. Plaintiff and Class members suffered economic injury as a direct result of Defendant's conduct, including payment of unlawful tariff-related charges and associated fees.

44. Defendant's conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms.

---

[3] https://www.reuters.com/business/microsoft-hikes-xbox-prices-us-once-again-tariff-challenges-persist-2025-09-19/; https://www.cnbc.com/2025/09/19/microsoft-xbox-prices-tariffs-macroeconomic-conditions.html; https://www.pcmag.com/news/microsoft-raises-prices-on-xbox-hardware-and-games-act-fast-to-avoid-paying; https://finance.yahoo.com/news/microsoft-raises-xbox-console-prices-games-to-start-at-80-amid-tariff-uncertainty-181623260.html; https://www.axios.com/2025/05/01/xbox-price-increase-trump-tariffs-microsoft.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

45. Plaintiff brings this action on behalf of himself and all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendant's unlawful conduct.

46. Absent relief from this Court, Defendant will continue to retain funds obtained through unlawful charges.

47. Plaintiff bought an Xbox console from a retailer selling Microsoft products during the Class Period. He paid higher prices as a result of the tariffs.

**CLASS ACTION ALLEGATIONS**

48. Plaintiff brings this action on behalf of himself and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

49. **Nationwide Class**: All customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs (the "Class").

50. This Nationwide Class shall be referred to herein as the "Class."

51. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

52. Excluded from the Class is Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

53. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

its affiliates and agents and from major retail sellers.

54. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

55. The proposed Class is so numerous that the joinder of all members is impracticable.

56. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

57. **Numerosity: Fed. R. Civ. P. 23(a)(1)** – Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown currently, such information is in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process.

58. **Typicality: Fed R. Civ. P. 23(a)(3)** – Plaintiff's claims are typical of the claims of the members of the Class, because, inter alia, all Class Members have been injured through the uniform misconduct described above. Moreover, Plaintiffs' claims are typical of the Class Members' claims because Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

59. **Adequacy: Fed. R. Civ. P. 23(a)(4)** – Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff and the members of the Class were all assessed pass-through tariffs in the form of higher prices on retail products.

60. Plaintiff will fairly and adequately represent and protect the interest of the Class and has retained competent counsel experienced in complex litigation and class action litigation.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Plaintiff have no antagonistic interest to those of the Class, and Defendant has no defenses unique to Plaintiff.

61. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** – A class action is superior to all other available means for the fair and efficient adjudication of claims of Plaintiff and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class is relatively small compared to the burden and expense that would be incurred by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

62. Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described. Unless a Class is certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiffs and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may continue to benefit from these alleged violations, and the members of the Class may continue to be unfairly treated making final injunctive relief appropriate with respect to the



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Class as a whole.

63. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** – This action involves questions of law and fact common to the Classes. The common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;

b. Whether Defendant's conduct was unlawful, unfair, deceptive, misleading, or otherwise actionable under applicable federal and state law;

c. Whether Microsoft paid tariffs imposed under IEEPA on imported goods during the class period;

d. Whether Microsoft increased retail prices on goods sold to consumers in response to the tariffs;

e. Whether Microsoft sought or will seek refunds of those tariff costs it paid to the federal government;

f. Whether Defendant's conduct caused injury to Plaintiff and Class Members;

g. Whether Defendant was unjustly enriched as a result of the conduct alleged herein;

h. Whether Defendant is liable to Plaintiff and Class Members for damages, restitution, disgorgement, or other equitable relief.

64. These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT / RESTITUTION

65. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

66. Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying increased retail prices imposed by Defendant.

67. Defendant knowingly received and accepted these benefits.

68. Under principles of equity and good conscience, Defendant should not be permitted to retain the amount of the price increases obtained from Plaintiffs and members of the Class, which Defendant unjustly obtained as a result of its price increases on goods subject to unlawful tariffs.

69. Defendant retained profits generated from sales of products subject to tariff-related price increases, and should not be permitted to retain those ill-gotten profits when it is seeking a refund of the duties it paid.

70. It would be inequitable and unjust for Defendant to retain these funds.

71. Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

72. Defendant was unjustly enriched at the expense of Plaintiff and Class members.

73. Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

### COUNT II
### MONEY HAD AND RECEIVED

74. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

75. Defendant received monies from Plaintiff and Class members in the form of tariff pass-through surcharges.

76. The Supreme Court has determined that the tariffs were unlawful.

77. The money belonged to Plaintiff and the Class Members.

78. Defendant has not returned the money.

79. It would offend equity and good conscience if Defendant is permitted to retain the tariff pass-through surcharges.

80. Plaintiff seeks all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and other remedies available.

**COUNT III**
**DECLARATORY JUDGMENT**

81. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

82. An actual controversy exists between Plaintiff and Defendant regarding the rights and obligations of the parties with respect to the IEEPA tariffs collected by Defendant from Plaintiff and Class Members. This controversy is not hypothetical or abstract.

83. Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 that:

a. Defendant's conduct was uniform in increasing prices at least in part due to IEEPA tariffs.

b. Plaintiff rightfully owns the tariff-related surcharges imposed by Defendant in the form of higher prices.

c. Plaintiff suffered an injury by having been required to pay Defendant a tariff surcharge.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

84. This Court can exercise its equitable power to enter a declaratory judgment that retention of the tariff surcharges paid by Plaintiffs but refunded to Defendant is unlawful for any of the above reasons.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against the Defendant as follows:

A. For an order certifying the Class and naming Plaintiff as the representative for the Class and Plaintiffs' attorneys as Class Counsel;

B. For an order declaring that Defendant's conduct violates the causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

I. For an order providing for all other such equitable relief as may be just and proper.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**DEMAND FOR JURY TRIAL**

Plaintiff will demand a jury trial by separate document in accordance with Local Civil Rule 38(a).

RESPECTFULLY SUBMITTED this 17th day of June, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff(*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Counsel for Plaintiff & Proposed Class*

# EXHIBIT 1-2

FILED
2026 JUN 17 12:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| TREVOR HASTINGS<br><br>Plaintiff(s)<br>vs<br><br>MICROSOFT CORPORATION<br><br>Defendant(s) | No. 26-2-19546-3 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Karen Matson Donohue, Dept. 22**<br>FILED DATE: 06/17/2026<br>TRIAL DATE:06/21/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition*.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

Case MDL No. 3202 Document 28 1-2 Filed 08/14/26 Page 3 of 103

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 06/17/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 11/25/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration *[See KCLCR 4.2(a) and Notices on Page 2*]. | 11/25/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 12/09/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 01/19/2027 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 03/01/2027 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 03/15/2027 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 03/15/2027 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 05/03/2027 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 05/24/2027 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 06/01/2027 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 06/01/2027 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 06/07/2027 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 06/14/2027 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 06/14/2027 |
| | Trial Date [*See KCLCR 40*]. | 06/21/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 06/17/2026

Averil Rothrock

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial**
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

Averil Rothrock

PRESIDING JUDGE

# EXHIBIT 1-3

FILED
2026 JUN 17 12:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| HASTINGS<br><br>VS<br><br>MICROSOFT CORPORATION | No. 26-2-19546-3 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

TTO - Tort /Other

**AREA OF DESIGNATION**

SEA — Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

# EXHIBIT 1-4

FILED
2026 JUN 17 12:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| TREVOR HASTINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. ______________________ SEA<br><br>SUMMONS |

**TO: ING COUNTY SUPERIOR COURT CLER**
**AND TO: MICROSOFT CORPORATION**

A lawsuit has been started against you in the above-entitled court by Plaintiff Trevor Hastings, on his own behalf and on behalf of others similarly situated, by and through his attorney, Samuel J. Strauss of Strauss Borrelli PLLC. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or 60 days if you were personally served outside the state, excluding the day of service, or a default judgment may be entered against you without notice. A



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

default judgment is one where the plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

*Counsel signatures to follo  on ne  t page.*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

RESPECTFULLY SUBMITTED this 17th day of June, 2026.

*<u>/s/ Samuel J. Strauss</u>*
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff(*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Counsel for Plaintiff & Proposed Class*

## NOTICE RE: MILITARY SERVICE MEMBERS

**NOTICE**: State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member of the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **T is notice only pertains to a defendant w o is a dependent of a member of t e national uard or a military reserve component under a call to active service for a period of time of more t an t irty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice.

If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active-duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

# EXHIBIT 1-5

FILED
2026 JUN 17 12:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| TREVOR HASTINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. ______________________ SEA<br><br>JURY DEMAND |

Plaintiff Trevor Hastings, by and through his attorneys, individually and on behalf of all others similarly situated, hereby demands a trial by a twelve-person jury in the above-entitled action upon all issues.

*Counsel signatures to follo on ne t page.*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

RESPECTFULLY SUBMITTED this 17th day of June, 2026.


*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff(*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Counsel for Plaintiff & Proposed Class*

# EXHIBIT 1-6

FILED
2026 JUN 17 12:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET (CICS)**

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** ______________________________________
(Provided by the Clerk)

**CASE CAPTION:** ______________________________________

(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)

Please mark one of the boxes below:

☒ **Seattle Area**, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☐ **Kent Area,** defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

______________________ WSBA #46971__________ June 17, 2026________
Signature of Attorney WSBA Number Date

or

______________________________________ ________________
Signature of person who is starting case Date

______________________________________________________
Address, City, State, Zip Code of person who is starting case if not represented by attorney

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET**

## CIVIL

Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)

(Petition to the Superior Court for review of rulings made by state administrative agencies. Examples: DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**ELECTIONS**

☐ Non-Financial Enforcement (NFE2)

(Filed by the Prosecutors or an agency responding to a demand for documents, pursuant to RCW 71.09)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

(Action filed if any persons are dissatisfied with the ballot title for a local ballot measure pursuant to RCW 29A.36.)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the Prosecutor or Attorney General pursuant to RCW 29A.56)

☐ Subdivision Election Process Review (SER 2)*

(Action filed by a political subdivision seeking acknowledgement of compliance pursuant to RCW 29A.92.)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act pursuant to RCW 29A.92.080 or 29A.92.090 )

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

* The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

☐ Property Fairness Act (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (CAA 2)

(Petition to force or confirm private binding arbitration.)

☐ Application for Health & Safety Inspection (HSI 2)

☐ Assurance of Discontinuance (AOD 2)

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ Birth Certificate Change(PBC 2)

(Petition to amend birth certificate)

☐ Bond Justification (PBJ 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Certificate of Rehabilitation (CRR 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration Opportunity(CRP 2)

(Establishes eligibility requirements for certain professional licenses.)

* The filing party will be given an appropriate case schedule at time of filing.

** Case schedule will be issued after hearing and findings.

☐ Change of Name (CHN 2)

(Petition for name change for reasons other than listed in RCW 4/24/130(5).)

☐ Confidential Change of Name (CHN 2)

(Petition for name change when domestic violence/anti-harassment issues require confidentiality under RCW 4/24/130(5).)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☐ Consumer Protection Act (CPA 2)*

(Complaint involving unfair and deceptive acts or practices.)

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Employment (EMP 2)*

(Complaint regarding compliance with public employers sharing employee information with bargaining representatives.)

☐ Foreign Subpoena (OSS 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Frivolous Claim of Lien (FVL 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Non-Financial Enforcement (NFE2)

(Filed by the PA or an agency responding to a demand for documents, pursuant to RCW 71.09)

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☐ Notice of Deposit of Surplus Funds (DSF 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)

Declaratory judgment action to strike discriminatory provision of real property contract.

* The filing party will be given an appropriate case schedule at time of filing.

** Case schedule will be issued after hearing and findings.

☐ Prorate Fuel Tax Subpoena (PFT 2)

(Subpoena-Actions filed under Chapt. 82.42 RCW for exparte orders for fuel tax collection violation investigation subpoenas.)

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Recall Ballot Synopsis (RBS2)

(Filed by the PA or AG pursuant to RCW 29A.56)

☐ Receivership (RCVR 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*
(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.)

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**

☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

☐ Wrongful Death (ASW 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

* The filing party will be given an appropriate case schedule at time of filing.

** Case schedule will be issued after hearing and findings.

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.) RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☒ **Tort, Other (TTO 2)***

**(Any other petition not specified by other codes.)**

☐ Wrongful Death (WDE 2)*a

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

* The filing party will be given an appropriate case schedule at time of filing.

** Case schedule will be issued after hearing and findings.

# EXHIBIT 1-7

FILED
2026 JUN 24 11:43 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF KING

**TREVOR HASTINGS, individually and on behalf of all others similarly situated**
*Plaintiff(s) / Petitioner(s)*

v.

**MICROSOFT CORPORATION**
*Defendant(s) / Respondent(s)*

Case No.: 26-2-19546-3 SEA

**AFFIDAVIT OF SERVICE**

I, Karen Wolcott, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to MICROSOFT CORPORATION in Thurston County, WA on June 18, 2026 at 9:17 am at 300 Deschutes Way SW, Ste 208, Tumwater, WA 98501-7719 by leaving the following documents with Ellen Jones, who as Intake Specialist at Corporation Service Company, is authorized by appointment or by law to receive service of process for MICROSOFT CORPORATION.

CLASS ACTION COMPLAINT, JURY DEMAND , SUMMONS, CASE INFORMATION COVER SHEET AND AREA DESIGNATION, ORDER SETTING CIVIL CASE SCHEDULE

Race: White, Sex: Female, Est. Age: 65+, Hair: Black, Glasses: Y, Est. Weight: 100 lbs to 120 lbs, Est. Height: 5' to 5' 3".
Geolocation of Serve: https://google.com/maps?q=47.0133638,-122.9058216
Photograph: See Exhibit 1

Total Cost: $127.25

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in Thurston County, WA on 6/22/2026.

/s/ Karen Wolcott
Signature
Karen Wolcott
+1 (360) 448-1014
25-0114-02
Thurston County


Exhibit 1a)
208
ACCUFACTS
Research Corp
-
Corporation Service
Company
Galaxy S23

# EXHIBIT 1-8

FILED
2026 JUN 18 09:53 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

**TREVOR HASTINGS**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**MICROSOFT CORPORATION**,

Defendant.

No. 26-2-19546-3 SEA

AMENDED CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Trevor Hastings ("Plaintiff") brings this Amended Class Action Complaint against Defendant Microsoft Corporation ("Defendant" or "Microsoft") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. This class action arises from Microsoft's retention of an unjustified windfall profit created by unlawful tariffs imposed by the federal government of the United States under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701.

2. Beginning in roughly February 2025, the United States government imposed tariffs later found to be illegal on imports from numerous countries.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

3. These tariffs increased the cost of goods imported into the United States.

4. Many U.S. companies – including Microsoft – responded to these illegal tariffs by increasing their prices on products like the XBox, passing the cost of the illegal tariffs on to consumers like Plaintiff.

5. American consumers paid higher retail prices imposed by retailers like Defendant for consumer goods after the tariffs were imposed.

6. The Supreme Court eventually held that these tariffs were illegal. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

7. Importers and retailers like Defendant became entitled to refunds of the duties they had previously paid to the U.S. Customs and Border Protection ("CBP").

8. Microsoft collected the costs of the tariffs by raising prices on consumers.

9. Microsoft retained those costs.

10. Microsoft has sought refunds of those same tariff payments from the federal government.

11. If unchecked, Microsoft will reap those tariff payments twice – once in the form of pass-through costs imposed on consumers like Plaintiff, and then again from the federal government through its tariff refund program, including interest.

12. That result is unjust.

13. Plaintiff brings this action on behalf of thousands of consumers who purchased goods from Microsoft who paid inflated prices reflecting Microsoft's increased prices based on Microsoft's pass-through of the tariffs.

14. Plaintiff seeks restitution of the tariff overcharges, together with declaratory and monetary relief.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## PARTIES, JURISDICTION & VENUE

15. The Court has jurisdiction of this case under RCW 2.08.010.

16. Venue is proper in King County under RCW 4.12.020(3) because Plaintiff's cause of action, or some part thereof, arose in King County.

17. Plaintiff Trevor Hastings is a resident citizen of Chula Vista, CA. During the Class Period, Plaintiff purchased goods from a retailer selling Microsoft products that were imported from countries subject to the IEEPA tariffs. Plaintiff paid retail prices for these goods that were increased by Microsoft to account for tariffs imposed on imported products. Plaintiff would not have paid those higher prices absent the unlawful tariffs and Microsoft's pass-through of those tariffs to consumers.

18. Defendant Microsoft Corporation is a company registered in Washington. Its principal place of business or headquarters is located at 1 Microsoft Way, Redmond, Washington 98052, with a registered agent of Corporation Service Company, 300 Deschutes Way SW, Ste 208 MC-CSC1, Tumwater, WA 98501.

19. This Court has personal jurisdiction over Defendant, because its principal place of business is in this District.

## FACTUAL ALLEGATIONS

20. Microsoft is a software and electronics company. It owns and operates all subsidiaries and divisions that manufacture and sell the Xbox line of video game consoles.

21. It manufactures and sells video game consoles and related products, including the XBox line of consoles.

22. Many of Microsoft's console products are manufactured outside the United States.

23. President Trump's invocation of IEEPA tariffs increased Microsoft's cost of importing goods into the United States.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

24. The importer of record is required under U.S. law to pay tariffs when goods enter this country.

25. Microsoft was required to pay tariffs when its goods entered the United States.

26. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

27. As a result of that decision, the tariffs Defendant relied upon to impose charges on Plaintiff and Class members were unlawful, invalid, and void.

28. Retailers are now seeking refunds from the federal government.

29. CBP has not imposed any legal requirement on businesses that paid IEEPA tariffs to refund the money to consumers who may have paid higher prices for those goods.

30. Microsoft has not publicly committed to returning anything to consumers.

31. The Dallas Federal Reserve concluded in May 2026 that the cost of goods with the greatest tariff exposure rose and inflated consumer prices during the tariff period.[1]

32. Another study concluded that consumer prices had risen during the tariff period.[2]

33. During the period the tariffs were effective, Microsoft increased its prices on consumers.

34. Media reports during the tariff period reflect that Microsoft was increasing the prices due to the tariffs, including on the Xbox console line.[3]

35. Microsoft made pricing decisions in response to the tariffs.

---

[1] https://www.dallasfed.org/research/economics/2026/0505-mau

[2] https://budgetlab.yale.edu/research/tracking-economic-effects-tariffs

[3] https://www.reuters.com/business/microsoft-hikes-xbox-prices-us-once-again-tariff-challenges-persist-2025-09-19/; https://www.cnbc.com/2025/09/19/microsoft-xbox-prices-tariffs-macroeconomic-conditions.html; https://www.pcmag.com/news/microsoft-raises-prices-on-xbox-hardware-and-games-act-fast-to-avoid-paying; https://finance.yahoo.com/news/microsoft-raises-xbox-console-prices-games-to-start-at-80-amid-tariff-uncertainty-181623260.html; https://www.axios.com/2025/05/01/xbox-price-increase-trump-tariffs-microsoft.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

36. Microsoft passed on the costs of the tariffs to consumers through higher prices, at least in part.

37. Plaintiff and class members paid tariff-inflated prices to Microsoft during the Class Period.

38. Microsoft stands to benefit enormously if the tariff refunds are paid.

39. Microsoft passed tariff-related costs through to consumers in the form of higher prices.

40. Microsoft stands to recover from the government costs whose economic burden was borne, in whole or in part, by Plaintiff and Class Members.

41. Microsoft stands to receive a windfall – it recouped tariff costs from consumers, and now stands to recover those same costs from the government.

42. Defendant was unjustly enriched by collecting and retaining money to which it was not legally entitled.

43. Plaintiff and Class members suffered economic injury as a direct result of Defendant's conduct, including payment of unlawful tariff-related charges and associated fees.

44. Defendant's conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms.

45. Plaintiff brings this action on behalf of himself and all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendant's unlawful conduct.

46. Absent relief from this Court, Defendant will continue to retain funds obtained through unlawful charges.

47. Plaintiff bought an Xbox console from a retailer selling Microsoft products during the Class Period. He paid higher prices as a result of the tariffs.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

# CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

49. **Nationwide Class**: All customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs (the "Class").

50. This Nationwide Class shall be referred to herein as the "Class."

51. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

52. Excluded from the Class is Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

53. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from major retail sellers.

54. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

55. The proposed Class is so numerous that the joinder of all members is impracticable.

56. This action has been brought and may be properly maintained on behalf of the



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Class proposed herein under Federal Rule of Civil Procedure 23.

57. **Numerosity: Fed. R. Civ. P. 23(a)(1)** – Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown currently, such information is in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process.

58. **Typicality: Fed R. Civ. P. 23(a)(3)** – Plaintiff's claims are typical of the claims of the members of the Class, because, inter alia, all Class Members have been injured through the uniform misconduct described above. Moreover, Plaintiffs' claims are typical of the Class Members' claims because Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

59. **Adequacy: Fed. R. Civ. P. 23(a)(4)** – Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff and the members of the Class were all assessed pass-through tariffs in the form of higher prices on retail products.

60. Plaintiff will fairly and adequately represent and protect the interest of the Class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiff have no antagonistic interest to those of the Class, and Defendant has no defenses unique to Plaintiff.

61. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** – A class action is superior to all other available means for the fair and efficient adjudication of claims of Plaintiff and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class is relatively small compared to the burden and



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

expense that would be incurred by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

62. Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described. Unless a Class is certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiffs and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may continue to benefit from these alleged violations, and the members of the Class may continue to be unfairly treated making final injunctive relief appropriate with respect to the Class as a whole.

63. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** – This action involves questions of law and fact common to the Classes. The common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

b. Whether Defendant's conduct was unlawful, unfair, deceptive, misleading, or otherwise actionable under applicable federal and state law;

c. Whether Microsoft paid tariffs imposed under IEEPA on imported goods during the class period;

d. Whether Microsoft increased retail prices on goods sold to consumers in response to the tariffs;

e. Whether Microsoft sought or will seek refunds of those tariff costs it paid to the federal government;

f. Whether Defendant's conduct caused injury to Plaintiff and Class Members;

g. Whether Defendant was unjustly enriched as a result of the conduct alleged herein;

h. Whether Defendant is liable to Plaintiff and Class Members for damages, restitution, disgorgement, or other equitable relief.

64. These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.

## CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT / RESTITUTION

65. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

66. Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying increased retail prices imposed by Defendant.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

67. Defendant knowingly received and accepted these benefits.

68. Under principles of equity and good conscience, Defendant should not be permitted to retain the amount of the price increases obtained from Plaintiffs and members of the Class, which Defendant unjustly obtained as a result of its price increases on goods subject to unlawful tariffs.

69. Defendant retained profits generated from sales of products subject to tariff-related price increases, and should not be permitted to retain those ill-gotten profits when it is seeking a refund of the duties it paid.

70. It would be inequitable and unjust for Defendant to retain these funds.

71. Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

72. Defendant was unjustly enriched at the expense of Plaintiff and Class members.

73. Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

**COUNT II**
**MONEY HAD AND RECEIVED**

74. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

75. Defendant received monies from Plaintiff and Class members in the form of tariff pass-through surcharges.

76. The Supreme Court has determined that the tariffs were unlawful.

77. The money belonged to Plaintiff and the Class Members.

78. Defendant has not returned the money.

79. It would offend equity and good conscience if Defendant is permitted to retain the tariff pass-through surcharges.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

80. Plaintiff seeks all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and other remedies available.

**COUNT III**
**DECLARATORY JUDGMENT**

81. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

82. An actual controversy exists between Plaintiff and Defendant regarding the rights and obligations of the parties with respect to the IEEPA tariffs collected by Defendant from Plaintiff and Class Members. This controversy is not hypothetical or abstract.

83. Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 that:

a. Defendant's conduct was uniform in increasing prices at least in part due to IEEPA tariffs.

b. Plaintiff rightfully owns the tariff-related surcharges imposed by Defendant in the form of higher prices.

c. Plaintiff suffered an injury by having been required to pay Defendant a tariff surcharge.

84. This Court can exercise its equitable power to enter a declaratory judgment that retention of the tariff surcharges paid by Plaintiffs but refunded to Defendant is unlawful for any of the above reasons.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against the Defendant as follows:

A. For an order certifying the Class and



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

naming Plaintiff as the representative for the Class and Plaintiffs' attorneys as Class Counsel;

B. For an order declaring that Defendant's conduct violates the causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

I. For an order providing for all other such equitable relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs will demand a jury trial by separate document in accordance with Local Civil Rule 38(a).

RESPECTFULLY SUBMITTED this 18th day of June, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff(*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Counsel for Plaintiff & Proposed Class*

# EXHIBIT 1-9

FILED
2026 JUN 23 03:18 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF KING

**TREVOR HASTINGS, individually and on behalf of all others similarly situated**
*Plaintiff(s) / Petitioner(s)*

v.

**MICROSOFT CORPORATION**
*Defendant(s) / Respondent(s)*

Case No.: 26-2-19546-3 SEA

**AFFIDAVIT OF SERVICE**

I, Karen Wolcott, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to MICROSOFT CORPORATION in Thurston County, WA on June 23, 2026 at 10:46 am at 300 Deschutes Way SW, Ste 208, Tumwater, WA 98501-7719 by leaving the following documents with Ellen Jones who as INTAKE SPECIALIST at Corporation Service Company is authorized by appointment or by law to receive service of process for MICROSOFT CORPORATION.

AMENDED CLASS ACTION COMPLAINT
Race: White, Sex: Female, Est. Age: 65+, Hair: Black, Glasses: Y, Est. Weight: 100 lbs to 120 lbs, Est. Height: 5' to 5' 3".
Geolocation of Serve: https://google.com/maps?q=47.0133845,-122.9057946
Photograph: See Exhibit 1

Total Cost: $127.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in

Thurston County

,

WA on 6/23/2026 .

/s/ Karen Wolcott

Signature
Karen Wolcott
+1 (360) 448-1014
25-0114-02
Thurston County


Exhibit 1a)
208
ACCUFACTS
Research Corp
-
Corporation Service
Company
Galaxy S23

# EXHIBIT 1-10

FILED
2026 JUL 10 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| TREVOR HASTINGS, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. 26-2-19546-3 SEA<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINE FOR RESPONSE** |

**STIPULATION**

Plaintiff Trevor Hastings and Defendant Microsoft Corporation (collectively, the "Parties"), by and through their counsel of record, stipulate and agree, subject to the Court's approval, as follows:

WHEREAS, Plaintiff filed the Complaint in this action on June 17, 2026;

WHEREAS, Defendant was served with the Complaint on June 18, 2026;

WHEREAS, Plaintiff filed the Amended Complaint in this action on June 18, 2026;

WHEREAS, Defendant was served with the Amended Complaint on June 23, 2026;

WHEREAS, Defendant's deadline to respond to the Amended Complaint is July 8, 2026;

WHEREAS, no previous extensions have been requested or granted;



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

NOW THEREFORE, subject to the approval of the Court, the Parties hereby agree as follows:

Defendant's deadline to respond to Plaintiff's Amended Complaint shall be extended to August 7, 2026.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 8th day of July, 2026.

STRAUSS BORRELLI PLLC

By: */s/ Samuel J. Strauss*
Samuel J. Strauss
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

STRANCH, JENNINGS & GARVEY, PLLC

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff (*pro hac vice* forthcoming)
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Attorneys for Plaintiff & Proposed Class*

DAVIS WRIGHT TREMAINE LLP

By: */s/ Emily Parsons*
Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
Fax: 206.757.7545
Email: emilyparsons@dwt.com

*Attorney for Defendant Microsoft Corporation*

**ORDER**

IT IS SO ORDERED.

DATED this ____ day of July, 2026.

_______________________________________
The Honorable Brian McDonald
Superior Court Judge



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**King County Superior Court**
**Judicial Electronic Signature Page**

Case Number: 26-2-19546-3 SEA
Case Title: HASTINGS VS MICROSOFT CORP

Document Title: Order

Date Signed: 07/09/2026

Judge: Brian McDonald

Key/ID Number: *391126740*

Page Count: This document contains 3 page(s) plus this signature page.

# EXHIBIT 1-11

FILED
2026 JUL 08 01:29 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

The Honorable Jessca Murphy Manca

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

TREVOR HASTINGS, individually and on behalf of all other similarly situated,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

No. 26-2-19546-3 SEA

**NOTICE OF APPEARANCE**

**[*Clerk's Action Required]***

TO: CLERK OF THE COURT

AND TO: ALL PARTIES AND ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that Emily Parsons of Davis Wright Tremaine LLP appears on behalf of Defendant Microsoft Corporation ("Microsoft") in the above-captioned action and requests that all future papers and pleadings, except original process, be served on the undersigned attorney at the address stated below.

By this appearance, Microsoft does not waive any applicable defenses, including without limitation, lack of jurisdiction, improper venue or forum, insufficiency of process, insufficiency of service of process, removal, failure to state a claim, and failure to join a necessary party.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 8th day of July, 2026.

DAVIS WRIGHT TREMAINE LLP

By: *<u>/s/ Emily Parsons</u>*
Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
Fax: 206.757.7545
Email: emilyparsons@dwt.com

*Attorney for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

I declare under the penalty of perjury under the laws of the state of Washington that on July 8, 2026, I caused the document to which this certificate is attached to be served as follows:

| | |
|---|---|
| STRAUSS BORRELLI PLLC<br><br>Samuel J. Strauss<br>One Magnificent Mile<br>980 N Michigan Avenue, Suite 1610<br>Chicago IL, 60611<br>sam@straussborrelli.com<br><br>STRANCH, JENNINGS & GARVEY, PLLC<br><br>J. Gerard Stranch, IV<br>Grayson Wells<br>Michael Tackeff<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, Tennessee 37203<br>gstranch@stranchlaw.com<br>gwells@stranchlaw.com<br>mtackeff@stranchlaw.com<br><br>*Attorneys for Plaintiff & Proposed Class* | ☒ Via Court's E-Service Application<br>☐ Via Messenger<br>☐ Via Overnight Mail<br>☐ Via U.S. Mail<br>☒ Via Electronic Mail |

DATED this 8th day of July, 2026, at Seattle, Washington.

*/s/ Emily Parsons*
Emily Parsons, WSBA #57061



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 2

FILED
2026 JUN 18 09:53 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| **TREVOR HASTINGS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MICROSOFT CORPORATION**,<br><br>Defendant. | No. 26-2-19546-3 SEA<br><br>AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Trevor Hastings ("Plaintiff") brings this Amended Class Action Complaint against Defendant Microsoft Corporation ("Defendant" or "Microsoft") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. This class action arises from Microsoft's retention of an unjustified windfall profit created by unlawful tariffs imposed by the federal government of the United States under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701.

2. Beginning in roughly February 2025, the United States government imposed tariffs later found to be illegal on imports from numerous countries.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

3. These tariffs increased the cost of goods imported into the United States.

4. Many U.S. companies – including Microsoft – responded to these illegal tariffs by increasing their prices on products like the XBox, passing the cost of the illegal tariffs on to consumers like Plaintiff.

5. American consumers paid higher retail prices imposed by retailers like Defendant for consumer goods after the tariffs were imposed.

6. The Supreme Court eventually held that these tariffs were illegal. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

7. Importers and retailers like Defendant became entitled to refunds of the duties they had previously paid to the U.S. Customs and Border Protection ("CBP").

8. Microsoft collected the costs of the tariffs by raising prices on consumers.

9. Microsoft retained those costs.

10. Microsoft has sought refunds of those same tariff payments from the federal government.

11. If unchecked, Microsoft will reap those tariff payments twice – once in the form of pass-through costs imposed on consumers like Plaintiff, and then again from the federal government through its tariff refund program, including interest.

12. That result is unjust.

13. Plaintiff brings this action on behalf of thousands of consumers who purchased goods from Microsoft who paid inflated prices reflecting Microsoft's increased prices based on Microsoft's pass-through of the tariffs.

14. Plaintiff seeks restitution of the tariff overcharges, together with declaratory and monetary relief.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## PARTIES, JURISDICTION & VENUE

15. The Court has jurisdiction of this case under RCW 2.08.010.

16. Venue is proper in King County under RCW 4.12.020(3) because Plaintiff's cause of action, or some part thereof, arose in King County.

17. Plaintiff Trevor Hastings is a resident citizen of Chula Vista, CA. During the Class Period, Plaintiff purchased goods from a retailer selling Microsoft products that were imported from countries subject to the IEEPA tariffs. Plaintiff paid retail prices for these goods that were increased by Microsoft to account for tariffs imposed on imported products. Plaintiff would not have paid those higher prices absent the unlawful tariffs and Microsoft's pass-through of those tariffs to consumers.

18. Defendant Microsoft Corporation is a company registered in Washington. Its principal place of business or headquarters is located at 1 Microsoft Way, Redmond, Washington 98052, with a registered agent of Corporation Service Company, 300 Deschutes Way SW, Ste 208 MC-CSC1, Tumwater, WA 98501.

19. This Court has personal jurisdiction over Defendant, because its principal place of business is in this District.

## FACTUAL ALLEGATIONS

20. Microsoft is a software and electronics company. It owns and operates all subsidiaries and divisions that manufacture and sell the Xbox line of video game consoles.

21. It manufactures and sells video game consoles and related products, including the XBox line of consoles.

22. Many of Microsoft's console products are manufactured outside the United States.

23. President Trump's invocation of IEEPA tariffs increased Microsoft's cost of importing goods into the United States.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

24. The importer of record is required under U.S. law to pay tariffs when goods enter this country.

25. Microsoft was required to pay tariffs when its goods entered the United States.

26. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

27. As a result of that decision, the tariffs Defendant relied upon to impose charges on Plaintiff and Class members were unlawful, invalid, and void.

28. Retailers are now seeking refunds from the federal government.

29. CBP has not imposed any legal requirement on businesses that paid IEEPA tariffs to refund the money to consumers who may have paid higher prices for those goods.

30. Microsoft has not publicly committed to returning anything to consumers.

31. The Dallas Federal Reserve concluded in May 2026 that the cost of goods with the greatest tariff exposure rose and inflated consumer prices during the tariff period.[1]

32. Another study concluded that consumer prices had risen during the tariff period.[2]

33. During the period the tariffs were effective, Microsoft increased its prices on consumers.

34. Media reports during the tariff period reflect that Microsoft was increasing the prices due to the tariffs, including on the Xbox console line.[3]

35. Microsoft made pricing decisions in response to the tariffs.

---

[1] https://www.dallasfed.org/research/economics/2026/0505-mau

[2] https://budgetlab.yale.edu/research/tracking-economic-effects-tariffs

[3] https://www.reuters.com/business/microsoft-hikes-xbox-prices-us-once-again-tariff-challenges-persist-2025-09-19/; https://www.cnbc.com/2025/09/19/microsoft-xbox-prices-tariffs-macroeconomic-conditions.html; https://www.pcmag.com/news/microsoft-raises-prices-on-xbox-hardware-and-games-act-fast-to-avoid-paying; https://finance.yahoo.com/news/microsoft-raises-xbox-console-prices-games-to-start-at-80-amid-tariff-uncertainty-181623260.html; https://www.axios.com/2025/05/01/xbox-price-increase-trump-tariffs-microsoft.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

36. Microsoft passed on the costs of the tariffs to consumers through higher prices, at least in part.

37. Plaintiff and class members paid tariff-inflated prices to Microsoft during the Class Period.

38. Microsoft stands to benefit enormously if the tariff refunds are paid.

39. Microsoft passed tariff-related costs through to consumers in the form of higher prices.

40. Microsoft stands to recover from the government costs whose economic burden was borne, in whole or in part, by Plaintiff and Class Members.

41. Microsoft stands to receive a windfall – it recouped tariff costs from consumers, and now stands to recover those same costs from the government.

42. Defendant was unjustly enriched by collecting and retaining money to which it was not legally entitled.

43. Plaintiff and Class members suffered economic injury as a direct result of Defendant's conduct, including payment of unlawful tariff-related charges and associated fees.

44. Defendant's conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms.

45. Plaintiff brings this action on behalf of himself and all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendant's unlawful conduct.

46. Absent relief from this Court, Defendant will continue to retain funds obtained through unlawful charges.

47. Plaintiff bought an Xbox console from a retailer selling Microsoft products during the Class Period. He paid higher prices as a result of the tariffs.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings this action on behalf of himself and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

49. **Nationwide Class**: All customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs (the "Class").

50. This Nationwide Class shall be referred to herein as the "Class."

51. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

52. Excluded from the Class is Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

53. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from major retail sellers.

54. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

55. The proposed Class is so numerous that the joinder of all members is impracticable.

56. This action has been brought and may be properly maintained on behalf of the



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Class proposed herein under Federal Rule of Civil Procedure 23.

57. **Numerosity: Fed. R. Civ. P. 23(a)(1)** – Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown currently, such information is in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process.

58. **Typicality: Fed R. Civ. P. 23(a)(3)** – Plaintiff's claims are typical of the claims of the members of the Class, because, inter alia, all Class Members have been injured through the uniform misconduct described above. Moreover, Plaintiffs' claims are typical of the Class Members' claims because Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

59. **Adequacy: Fed. R. Civ. P. 23(a)(4)** – Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff and the members of the Class were all assessed pass-through tariffs in the form of higher prices on retail products.

60. Plaintiff will fairly and adequately represent and protect the interest of the Class and has retained competent counsel experienced in complex litigation and class action litigation. Plaintiff have no antagonistic interest to those of the Class, and Defendant has no defenses unique to Plaintiff.

61. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** – A class action is superior to all other available means for the fair and efficient adjudication of claims of Plaintiff and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class is relatively small compared to the burden and



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

expense that would be incurred by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

62. Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described. Unless a Class is certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiffs and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may continue to benefit from these alleged violations, and the members of the Class may continue to be unfairly treated making final injunctive relief appropriate with respect to the Class as a whole.

63. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** – This action involves questions of law and fact common to the Classes. The common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

b. Whether Defendant's conduct was unlawful, unfair, deceptive, misleading, or otherwise actionable under applicable federal and state law;

c. Whether Microsoft paid tariffs imposed under IEEPA on imported goods during the class period;

d. Whether Microsoft increased retail prices on goods sold to consumers in response to the tariffs;

e. Whether Microsoft sought or will seek refunds of those tariff costs it paid to the federal government;

f. Whether Defendant's conduct caused injury to Plaintiff and Class Members;

g. Whether Defendant was unjustly enriched as a result of the conduct alleged herein;

h. Whether Defendant is liable to Plaintiff and Class Members for damages, restitution, disgorgement, or other equitable relief.

64. These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.

## CAUSES OF ACTION

### COUNT I
### UNJUST ENRICHMENT / RESTITUTION

65. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

66. Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying increased retail prices imposed by Defendant.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

67. Defendant knowingly received and accepted these benefits.

68. Under principles of equity and good conscience, Defendant should not be permitted to retain the amount of the price increases obtained from Plaintiffs and members of the Class, which Defendant unjustly obtained as a result of its price increases on goods subject to unlawful tariffs.

69. Defendant retained profits generated from sales of products subject to tariff-related price increases, and should not be permitted to retain those ill-gotten profits when it is seeking a refund of the duties it paid.

70. It would be inequitable and unjust for Defendant to retain these funds.

71. Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

72. Defendant was unjustly enriched at the expense of Plaintiff and Class members.

73. Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

## COUNT II
## MONEY HAD AND RECEIVED

74. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

75. Defendant received monies from Plaintiff and Class members in the form of tariff pass-through surcharges.

76. The Supreme Court has determined that the tariffs were unlawful.

77. The money belonged to Plaintiff and the Class Members.

78. Defendant has not returned the money.

79. It would offend equity and good conscience if Defendant is permitted to retain the tariff pass-through surcharges.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

80. Plaintiff seeks all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and other remedies available.

**COUNT III**
**DECLARATORY JUDGMENT**

81. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

82. An actual controversy exists between Plaintiff and Defendant regarding the rights and obligations of the parties with respect to the IEEPA tariffs collected by Defendant from Plaintiff and Class Members. This controversy is not hypothetical or abstract.

83. Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 that:

a. Defendant's conduct was uniform in increasing prices at least in part due to IEEPA tariffs.

b. Plaintiff rightfully owns the tariff-related surcharges imposed by Defendant in the form of higher prices.

c. Plaintiff suffered an injury by having been required to pay Defendant a tariff surcharge.

84. This Court can exercise its equitable power to enter a declaratory judgment that retention of the tariff surcharges paid by Plaintiffs but refunded to Defendant is unlawful for any of the above reasons.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against the Defendant as follows:

A. For an order certifying the Class and



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

naming Plaintiff as the representative for the Class and Plaintiffs' attorneys as Class Counsel;

B. For an order declaring that Defendant's conduct violates the causes of action referenced herein;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

I. For an order providing for all other such equitable relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs will demand a jury trial by separate document in accordance with Local Civil Rule 38(a).

RESPECTFULLY SUBMITTED this 18th day of June, 2026.

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff(*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Counsel for Plaintiff & Proposed Class*