# Exhibit C

McNally

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:26-cv-08502

Leyva v. MII Brand Import, LLC et al
Assigned to: Honorable Franklin U. Valderrama
Case in other court: Circuit Court of Cook County, Illinois, 2026CH05397
Cause: 28:1332 Diversity-Other Contract

Date Filed: 07/17/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Diversity

**Plaintiff**

**Christina Leyva**
*Individually and on behalf of similarly situated individuals*

represented by **Joseph Dunklin**
Mcguire Law, P.c.
55 West Wacker Drive, Floor 9
Chicago, IL 60601
(312) 893-7002
Fax: Not a member
Email: jdunklin@mcgpc.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MII BRAND IMPORT, LLC**
*TERMINATED: 07/17/2026*

**Defendant**

**VICTORIAS SECRET DIRECT BRAND MANAGEMENT,**
*TERMINATED: 07/17/2026*

**Defendant**

**VICTORIAS SECRET STORES BRAND MANAGEMENT, LLC**
*TERMINATED: 07/17/2026*

**Defendant**

**VS DIRECT FULFILLMENT, LLC**
*TERMINATED: 07/17/2026*

**Defendant**

**VS SERVICE COMPANY, LLC**
*TERMINATED: 07/17/2026*

**Defendant**

**MII Brand Import, LLC**

represented by **William Elliott Ridgway**
Skadden, Arps, Slate, Meagher & Flom LLP
320 S. Canal St.

Ste 47th Floor
Chicago, IL 60606-5707
312-407-0700
Fax: Active
Email: william.ridgway@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith C Slawe**
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
212-735-3534
Fax: 917-777-3534
Email: meredith.slawe@skadden.com
*ATTORNEY TO BE NOTICED*

**Michael W. McTigue , Jr.**
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001
212-735-3529
Fax: Pro Hac Vice
Email: michael.mctigue@skadden.com
*ATTORNEY TO BE NOTICED*

**Shaud G. Tavakoli**
Skadden, Arps, Slate, Meagher & Flom LLP
and Affiliates
One Manhattan West
New York, NY 10001
(212) 735-3546
Fax: Not a member
Email: shaud.tavakoli@skadden.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Victoria's Secret Stores Brand Management, LLC** represented by **William Elliott Ridgway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith C Slawe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W. McTigue , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shaud G. Tavakoli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Victoria's Secret Direct Brand Management, LLC** represented by **William Elliott Ridgway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith C Slawe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W. McTigue , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shaud G. Tavakoli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VS Direct Fulfillment, LLC** represented by **William Elliott Ridgway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith C Slawe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W. McTigue , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shaud G. Tavakoli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**VS Service Company, LLC** represented by **William Elliott Ridgway**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith C Slawe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael W. McTigue , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shaud G. Tavakoli**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/17/2026 | | NEW PARTIES: MII Brand Import, LLC, Victoria's Secret Stores Brand Management, LLC, Victoria's Secret Direct Brand Management, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC and Christina Leyva added to case caption. Terminating VICTORIAS SECRET STORES BRAND MANAGEMENT, LLC, VS DIRECT FULFILLMENT, LLC, VS SERVICE COMPANY, LLC, MII BRAND IMPORT, LLC and VICTORIAS SECRET DIRECT BRAND MANAGEMENT, (Ridgway, William) (Entered: 07/17/2026) |
| 07/17/2026 | 1 | NOTICE of Removal from Circuit Court of Cook County, Illinois, case number (2026CH05397) filed by MII Brand Import, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, LLC Filing fee $ 405, receipt number AILNDC-25398370. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11) (Ridgway, William) (Entered: 07/17/2026) |
| 07/17/2026 | 2 | CIVIL Cover Sheet (Ridgway, William) (Entered: 07/17/2026) |
| 07/17/2026 | 3 | ATTORNEY Appearance for Defendants MII Brand Import, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, LLC by William Elliott Ridgway (Ridgway, William) (Entered: 07/17/2026) |
| 07/17/2026 | 4 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by MII Brand Import, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, LLC (Ridgway, William) (Entered: 07/17/2026) |
| 07/17/2026 | 5 | ATTORNEY Appearance for Defendants MII Brand Import, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, LLC by Michael W. McTigue, Jr (McTigue, Michael) (Entered: 07/17/2026) |
| 07/17/2026 | | CASE ASSIGNED to the Honorable Franklin U. Valderrama. Designated as Magistrate Judge the Honorable Laura K. McNally. Case assignment: Random assignment. (Civil Category 1). (axm, ) (Entered: 07/17/2026) |
| 07/17/2026 | 6 | ATTORNEY Appearance for Defendants MII Brand Import, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, LLC by Meredith C Slawe (Slawe, Meredith) (Entered: 07/17/2026) |
| 07/17/2026 | 7 | MOTION by Defendants MII Brand Import, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, LLC for extension of time to file response/reply *to Complaint (Unopposed)*<br><br>(Ridgway, William) (Entered: 07/17/2026) |
| 07/20/2026 | 8 | MAILED Rule 77d Letter to Counsel of Record. (gcy, ) (Entered: 07/20/2026) |
| 07/20/2026 | 9 | ATTORNEY Appearance for Plaintiff Christina Leyva by Joseph Dunklin (Dunklin, Joseph) (Entered: 07/20/2026) |

| | | |
|---|---|---|
| 07/20/2026 | 10 | MINUTE entry before the Honorable Franklin U. Valderrama: For the reasons stated in the motion, the Court grants Defendants' unopposed motion to extend deadline to file response to Complaint 7 . The deadline for Defendants to file an answer or other responsive pleading to Plaintiff's Complaint is extended to 9/22/2026. Mailed notice. (jcm) (Entered: 07/20/2026) |
| 07/20/2026 | 11 | MINUTE entry before the Honorable Franklin U. Valderrama: On or before 10/5/2026, the parties shall file a joint initial status report. A template for the Joint Initial Status Report, setting forth the information required, may be found at http://www.ilnd.uscourts.gov/Judges.aspx by clicking on Judge Valderrama's name and then again on the link entitled 'Joint Initial Status Report. The removing party must serve this Minute Entry on all other parties. If the opposing party has not been served with notice pursuant to 28 U.S.C. § 1446(d) by that date, the removing party's counsel is instructed to file an individual status report indicating the status of notice of removal by the same deadline. The parties are further ordered to review all of Judge Valderrama's standing orders and the information available on his webpage. Any nongovernmental corporate party that qualifies under the Rules is reminded of the requirement to file a disclosure statement under Federal Rule of Civil Procedure 7.1/N.D. Ill. Local Rule 3.2. Mailed notice. (jcm) (Entered: 07/20/2026) |
| 08/03/2026 | 12 | ATTORNEY Appearance for Defendants MII Brand Import, LLC, VS Direct Fulfillment, LLC, VS Service Company, LLC, Victoria's Secret Direct Brand Management, LLC, Victoria's Secret Stores Brand Management, LLC by Shaud G. Tavakoli (Tavakoli, Shaud) (Entered: 08/03/2026) |


## PACER Service Center

### Transaction Receipt

| 09/03/2026 17:53:26 | | | |
|---|---|---|---|
| **PACER Login:** | jdunklin | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-08502 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Hearing Date: 8/7/2026 10:00 AM
Location: Court Room 2305
For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org
FILED DATE: 6/5/2026 2:44 PM 2026CH05397
FILED
6/5/2026 2:44 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH05397
Calendar, 11
38431887

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

CRISTINA LEYVA, individually and on behalf of similarly situated individuals,

*Plaintiff*,

v.

MII BRAND IMPORT, LLC; VICTORIA'S SECRET STORES BRAND MANAGEMENT, LLC; VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, LLC; VS DIRECT FULFILLMENT, LLC; and VS SERVICE COMPANY, LLC,

*Defendants*.

Case No. 2026CH05397

## CLASS ACTION COMPLAINT

Plaintiff Cristina Leyva ("Plaintiff"), individually and on behalf of others similarly situated, by and through her undersigned counsel, and for her Class Action Complaint against Defendants MII Brand Import, LLC; Victoria's Secret Stores Brand Management, LLC; Victoria's Secret Direct Brand Management, LLC; VS Direct Fulfillment, LLC; and VS Service Company, LLC (collectively "Defendants"), alleges as follows based upon personal knowledge with respect to herself and on information and belief derived from, among other things, investigation by counsel and review of public documents as to other matters.

## NATURE OF THE ACTION

1. This is an action for damages and any other available legal or equitable remedies, for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 et seq., common law Unjust Enrichment, and common law Money Had and Received,

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

resulting from Defendants' practice of charging their customers inflated prices in response to unlawfully imposed tariffs.

2. This lawsuit arises from Defendants' retention of windfall profits generated as a consequence of the unlawful tariffs imposed by the Trump Administration under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 *et seq.* This windfall is a direct result of Defendants systematically passing on the costs of IEEPA tariffs to their own customers—including Plaintiff—through elevated product prices.

3. Beginning on February 1, 2025, President Trump issued Executive Orders 14193, 14194, and 14195 imposing IEEPA-based duties on certain imports from Canada, Mexico, and China, respectively. He later issued Executive Order 14245 on March 24, 2025 concerning tariffs on countries importing Venezuelan oil, and Executive Order 14257 on April 2, 2025 declaring a national emergency based on large and persistent United States goods trade deficits and imposing reciprocal tariffs on a broad range of trading partners. *See* Exec. Order 14193 (Feb. 1, 2025); Exec. Order 14194 (Feb. 1, 2025); Exec. Order 14195 (Feb. 1, 2025); Exec. Order 14257 (Apr. 2, 2025); Exec. Order 14245 (Mar. 24, 2025) (collectively, the "Tariff Executive Orders").

4. The sweeping Tariff Executive Orders imposed an array of frequently changing duties ranging from 10% to 145% based on country-specific tariff policy dictated through published Executive Orders. *See* Exec. Order 14257, 90 Fed. Reg. 15,041 (Apr. 2, 2025); Exec. Order 14,259, 90 Fed. Reg. 15,509 (Apr. 8, 2025); Exec. Order No. 14,266, 90 Fed. Reg. 15,625 (Apr. 9, 2025).

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

5. Studies by the Federal Reserve Bank of New York find that "U.S. firms and consumers continue to bear the bulk of the economic burden of the high tariffs imposed in 2025."[1] Whereas the imposition of tariffs on foreign trade partners was intended to even international trade deficits, much of the cost of the applicable tariffs was passed on to American consumers who bore the brunt of tariff costs in the form of increased prices.

6. When goods are imported into the United States, United States Customs and Border Protection ("CBP") assesses and collects tariffs on those goods based on the Harmonized Tariff Schedule of the United States. Pub. L. No. 100-418, 102 Stat. 1107 (1988). An importer may receive a refund for tariffs through a process known as liquidation. *See* 19 U.S.C. § 1504(b).

7. Defendants paid IEEPA tariffs when they imported the products and/or components of the products Plaintiff and similarly situated consumers purchased. To offset the cost of paying IEEPA tariffs, Defendants passed those costs on to Plaintiff and similarly situated consumers by inflating the prices of their products.

8. On February 20, 2026, the United States Supreme Court held that the IEEPA and other statutes cited in the Tariff Executive Orders do not authorize the President to impose tariffs. *Learning Res., Inc. v. Trump*, 607 U.S. ____ (2026).

9. As a result, any IEEPA tariffs charged to Defendants were unlawful for lack of statutory authorization, and Defendants are entitled to seek a refund for any tariffs they paid pursuant to the Tariff Executive Orders through either litigation or the liquidation process.

10. However, Defendants *have already* passed their unlawful IEEPA tariff burdens onto Plaintiff and Members of the Class by directly charging elevated prices for their products.

---

[1] Mary Amiti, Chris Flanagan, Sebastian Heise, and David E. Weinstein, *Who is Paying for the 2025 U.S. Tariffs?*, Federal Reserve Bank of New York (Feb. 12, 2026), https://libertystreeteconomics.newyorkfed.org/2026/02/who-is-paying-for-the-2025-u-s-tariffs/.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

Plaintiff and Members of the Class were thereby deprived of money paid to Defendants for unlawful IEEPA tariffs.

11. On February 19, 2026, Defendants filed a complaint against U.S. Customs and Border Protection seeking liquidation and refunds of duties imposed on imports subject to IEEPA. *MII Brand Import, LLC v. United States of America*, No. 1:26-cv-01050 (Ct. Int'l Trade, Feb. 19, 2026).

12. Despite having sought tariff refunds for themselves in the Court of International Trade, Defendants have made no commitment to return any portion of their anticipated tariff refunds to the consumers who ultimately bore the costs of such tariffs through elevated prices.

13. If Defendants receive a refund for the IEEPA tariffs, Defendants will have been provided a windfall as a result of already having charged consumers for the collection of unlawful IEEPA tariffs. Defendants' retention of money obtained from charging consumers for IEEPA tariffs offends public policy, is oppressive, and causes substantial injury to consumers by depriving them of the cost of the unlawful IEEPA tariffs.

14. The value of IEEPA tariff refund claims is not merely speculative. Even before the Supreme Court issued its decision in *Learning Resources*, a robust secondary market had emerged in which distressed investors and hedge funds have purchased IEEPA tariff refund claims from importers at a discount in exchange for immediate liquidity.

15. The existence and active trading of these claims confirms that the tariff refunds Defendants are positioned to recover represent concrete, quantifiable economic value—not hypothetical future benefits—and that Defendants' anticipated double recovery at consumers' expense is both real and imminent.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

16. Other corporations in Defendants' same position have enacted tariff refund programs to compensate their customers who paid higher prices for products and thus bore the burden of pass-through tariff costs.[2] Defendants could have enacted a similar payback program for Plaintiff and Class Members, yet chose not to.

17. Even if Defendants do not receive a refund, it is still unfair, oppressive, unscrupulous, and causes substantial injury to consumers to charge consumers the cost of unconstitutional, unlawful IEEPA tariffs that provide no benefit to Plaintiff or other consumers in any way.

18. Accordingly, Plaintiff brings this action individually and on behalf of similarly situated individuals to seek redress for violations of the Illinois Consumer Fraud Act (815 ILCS 505/1 *et seq*.), as well as common law Unjust Enrichment and common law Money Had and Received, and for such other relief as the Court may deem just and appropriate.

## PARTIES

19. At all relevant times, Plaintiff has been a citizen of the State of Illinois and resident of Cook County.

20. Defendant MII Brand Import, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at Four Limited Parkway, Reynoldsburg, Ohio 43054.

21. Defendant Victoria's Secret Stores Brand Management, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at Four Limited Parkway, Reynoldsburg, Ohio 43054.

[2] Jeannette Neumann, *Cards Against Humanity to Give Tariff Refunds to Buyers Who "Overpaid,"* Crain's Chicago Business (Feb. 25, 2026), https://www.chicagobusiness.com/consumer-products/cards-against-humanity-give-tariff-refunds/.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

22. Defendant Victoria's Secret Direct Brand Management, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at Four Limited Parkway, Reynoldsburg, Ohio 43054.

23. Defendant VS Direct Fulfillment, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at Five Limited Parkway East, Reynoldsburg, Ohio 43054.

24. Defendant VS Service Company, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at Four Limited Parkway, Reynoldsburg, Ohio 43054.

## JURISDICTION AND VENUE

25. The Court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209(a)(1) because Defendants transact business in this State by selling consumer goods to consumers in Illinois, including Plaintiff. Defendants are registered to do business in Illinois and have been doing business in Illinois during all relevant times. Defendants have substantial contacts with Illinois, have purposefully availed themselves of the Illinois market, and have received substantial benefits and income from Illinois.

26. Venue is proper in Cook County because Plaintiff resides in Cook County and a substantial portion of the events giving rise to the claims asserted in this complaint occurred in Cook County, including Plaintiff's purchases of items from Defendants.

## COMMON FACTS

### DEFENDANTS' BUSINESS MODEL AND SUPPLY CHAIN

27. Defendants advertise, market, sell, and distribute clothing, beauty products, and fashion accessories throughout Illinois and the United States.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

28. Defendants source a substantial majority of the products they sell – or components with which those products are made – from manufacturers and producers located overseas.

29. Defendants serve as the importer of record for such products and components and paid IEEPA tariffs to U.S. Customs and Border Protection on those imports.

30. Upon information and belief, the items Plaintiff purchased were imported from abroad during the IEEPA tariff period or were made with components imported during that period, and were thus subject to tariff costs that were passed on to Plaintiff in the form of inflated prices.

## PLAINTIFF'S TRANSACTIONS

31. For purposes of this Complaint, the "Class Period" is defined as February 1, 2025 through February 28, 2026—encompassing the period during which IEEPA tariffs were in effect and enforced by U.S. Customs and Border Protection.

32. Throughout the Class Period, Defendants passed the cost of IEEPA tariffs onto consumers, including Plaintiff and Members of the Class, by inflating the prices of products they sold.

33. Within and throughout the Class Period, Plaintiff purchased approximately $2,000 worth of various clothing items and accessories manufactured, marketed and sold by Defendants.

34. Plaintiff's purchases took place at several Victoria's Secret locations in Chicago and the Chicagoland area.

35. On information and belief, the items that Plaintiff purchased were imported from countries or made from components subject to IEEPA tariffs.

36. Defendants paid IEEPA tariffs on such items that Plaintiff purchased and embedded the cost of those tariffs in the price charged to Plaintiff. But for Defendants' pass-through of IEEPA tariff costs, Plaintiff would have paid a lower price for the items she purchased.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

37. Defendants' retention of the unlawful IEEPA tariff costs that were passed on to Plaintiff and Members of the Class offends public policy as it is unconscionable and unfair for Plaintiff and similarly situated consumers to shoulder Defendants' tax burden under the IEEPA tariffs when those tariffs were unlawful and should not have been collected.

38. As a result of Defendants' practice of passing on tariff costs to their customers, Plaintiff and Class Members were forced to pay higher prices reflecting costs that Defendants incurred as importers.

39. Plaintiff and the Members of the Class have unequal bargaining power with Defendants and were unable to negotiate with Defendants over the tariff costs embedded in the prices charged for Defendants' products.

40. Allowing Defendants to keep the proceeds of the unlawful IEEPA tariff charges deprives Plaintiff and Members of the Class of the money paid for the cost of the unlawful IEEPA tariffs while providing nothing of value to Plaintiff or Class Members.

41. But for Defendants' pass-through of IEEPA tariff costs, Plaintiff and Class Members would have paid lower prices for Defendants' products.

**DEFENDANTS' ANTICIPATED TARIFF REFUNDS AND RESULTING DOUBLE RECOVERY**

42. On March 4, 2026, the United States Court of International Trade issued a significant order in *Atmus Filtration, Inc. v. United States*, directing U.S. Customs and Border Protection to refund duties imposed under the IEEPA. *Atmus Filtration, Inc. v. United States*, No. 26-01259, 2026 WL 616128 (Ct. Int'l Trade Mar. 4, 2026).

43. The Court of International Trade later reinforced that all importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the Supreme Court's decision in *Atmus Filtration, Inc. v. United States*, No. 26-01259, 2026 WL 679285 (Ct. Int'l Trade Mar. 5,

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

2026). The Court ordered CBP to liquidate all unliquidated entries "without regard to IEEPA duties" and to reliquidate any liquidated entries for which liquidation is not final without regard to those duties. *Id.* at *2-3.

44. According to Brandon Lord, the Executive Director of CBP's Trade Programs Directorate, as of March 4, 2026, the total amount of IEEPA duties and estimated duty deposits collected pursuant to IEEPA is approximately $166 billion. *Atmus*, ECF No. 31 at ¶ 12.

45. Accordingly, Defendants are entitled to substantial refunds for IEEPA tariffs they paid as the importer of record for goods sourced from countries subject to IEEPA tariffs.

46. To date, Defendants have not established any mechanism to refund to consumers the tariff costs Defendants passed through to them via elevated prices during the Class Period.

47. This presents an obvious problem: Although Defendants will recover or are positioned to recover tariff refunds on the tariffed goods they sold, Defendants' customers have already borne the economic brunt of these tariffs by paying higher prices set by Defendants. The risk of Defendants obtaining double recovery is therefore imminent.

48. Defendants are poised to be paid twice for the same unlawful tariff burden: once by their customers (including Plaintiff) through elevated prices, and once by the U.S. government through tariff refunds.

**CLASS ACTION ALLEGATIONS**

49. Plaintiff brings her claims individually and on behalf of the following Class pursuant to 735 ILCS 5/2-801:

> **Class:** All persons in the United States who, during the Class Period, purchased products imported into the United States by or for Defendants from countries subject to IEEPA duties and for which Defendants paid, deposited, or accrued IEEPA duties that were reflected in retail pricing.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

50. Excluded from the Class are: (1) Defendants; (2) Defendants' officers and directors, those persons' immediate families, and the successors and predecessors of any such excluded person or entity; (3) any Judge or Magistrate Judge presiding over this action, their staff, and the members of their family; (4) persons who properly and timely request exclusion; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; and (6) Plaintiff's counsel and Defendants' counsel, and their experts and consultants.

51. **Numerosity**. The proposed Class contains Members so numerous that separate joinder of each member of the Class is impracticable. Upon information and belief, there are at least hundreds of thousands, if not millions, of proposed Class Members. The individuals who purchased items subject to IEEPA tariffs can be ascertained through records in the possession, custody, or control of Defendants and entities with whom Defendants have transacted in relation to the purchases at issue.

52. **Commonality and Predominance**. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual Members, including but not limited to the following:

a. Whether Defendants paid IEEPA tariffs on products sold to consumers during the Class Period;

b. Whether Defendants passed IEEPA tariff costs onto consumers through elevated prices;

c. Whether Defendants' retention of the unlawful IEEPA tariffs paid by the Class is unjust, oppressive, unscrupulous, or unfair;

d. Whether Defendants misled consumers regarding pricing and tariff pass-through;

e. Whether Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act through their misrepresentations and omissions regarding pricing and tariff pass-through;

f. Whether Defendants unjustly enriched themselves as a result of the unlawful conduct alleged above;

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

g. Whether Defendants have been or will be unjustly enriched by receiving government refunds for tariffs they passed through to Class Members;

h. Whether the Class Members are entitled to restitution, actual damages, and attorneys' fees and costs.

53. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of all Class Members. Plaintiff understands the obligations inherent in representing a putative Class, and the corresponding duties. Plaintiff has retained counsel competent and experienced in complex and class action litigation. Plaintiff has no interests antagonistic to the Class's interests, and Defendants have no defenses unique to Plaintiff.

54. **Appropriateness.** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all Members of the Class is impracticable. The damages suffered by the individual Members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual Members of the Class to obtain effective relief from Defendants' misconduct. Even if Members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the Illinois Consumer Fraud Act 815 ILCS 505/1 *et seq.***
**(on behalf of Plaintiff and the Class)**

55. Plaintiff incorporates the foregoing allegations in Paragraphs 1–54 as if fully stated herein.

56. Plaintiff, Members of the Class, and Defendants are "persons" within the meaning of 815 ILCS 505/1(c).

57. At all times mentioned herein, Defendants engaged in "trade" or "commerce" in Illinois as defined by 815 ILCS 505/1(f), by engaging in the offering and sale of things of value in Illinois.

58. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") provides that ". . . [u]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in . . . the 'Uniform Deceptive Trade Practices Act' . . . in the conduct of any trade or commerce are . . . unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

59. Plaintiff and the Class Members purchased products marketed and sold by Defendants.

60. Defendants failed to disclose to consumers in connection with the sale of their products that they could seek government refunds for IEEPA tariffs while simultaneously charging

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

consumers for those same tariff costs, thereby concealing the material fact that consumers were paying for tariffs that Defendants could later recover from the government.

61. These misrepresentations and omissions were material to Plaintiff's and Class Members' purchasing decisions. A reasonable consumer, including Plaintiff, would not have paid tariff-inflated prices knowing that Defendants intended to seek government refunds for those same tariff costs without compensating consumers.

62. Defendants' conduct is also independently unfair under the ICFA's unfairness provisions in that it offends public policy by permitting double recovery—Defendants collect tariff costs from consumers and then recover the same costs from the government, resulting in a windfall for Defendants at consumers' expense.

63. Defendants' conduct as alleged herein is immoral, oppressive, and unscrupulous because it shifts the economic burden of unlawful taxes onto consumers while Defendants retain the benefit of government refunds without establishing any consumer refund mechanism.

64. Furthermore, Defendants' conduct as alleged herein causes substantial injury to consumers, including Plaintiff and Class Members, who are deprived of money paid for unlawful IEEPA tariffs while receiving nothing of value in return, and who have no practical means of recovering those costs absent this litigation.

65. 815 ILCS 505/10a states: "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper . . . (c) [t]he Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party."

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

66. In taking the actions set forth above, Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, including, but not limited to 815 ILCS 505/2, by engaging in deceptive and unfair practices in connection with the sale of consumer products to Plaintiff and Class Members.

67. As a proximate result of Defendants' violations of the ICFA, Plaintiff and the Class Members suffered actual economic damages in an amount equal to the amount of retail overcharge attributable to IEEPA tariff costs in the prices they paid for products purchased from Defendants during the Class Period.

68. There is no benefit to consumers from Defendants' conduct. The only parties who benefit are Defendants, who enjoy increased profits as a result of their conduct.

69. For the reasons discussed herein, Defendants have violated the ICFA by engaging in the deceptive or unfair acts or practices prohibited by 815 ILCS 505/2 and 510/2.

70. Plaintiff and the Class Members are entitled to damages in an amount to be proven at trial, reasonable attorneys' fees, and any other penalties or awards that may be appropriate under the law.

## COUNT II
## Unjust Enrichment
## (on behalf of Plaintiff and the Class)

71. Plaintiff incorporates the foregoing allegations in Paragraphs 1–70 as if fully stated herein.

72. Plaintiff and the Members of the Class conferred monetary benefits on Defendants by paying elevated prices for products that included unlawful IEEPA Tariff costs.

73. Defendants have been unjustly enriched by shifting their unlawful IEEPA Tariff burden onto Plaintiff and the Class. Defendants collected tariff costs from consumers through

elevated prices and are now positioned to recover refunds of those same tariff costs from the U.S. government.

74. Defendants have knowledge and appreciation of this benefit. Defendants knew they were passing IEEPA tariff costs onto consumers through elevated prices, and Defendants knew or should have known that they would be entitled to seek refunds of those same tariff costs from the government following the Supreme Court's invalidation of the IEEPA tariffs.

75. Defendants' retention of the money they received from Plaintiff and the Class is unjust and inequitable.

76. The IEEPA tariffs were unlawful because they lacked statutory authorization, as determined by the Supreme Court.

77. To the extent Plaintiff and the Class lack an adequate remedy at law, Defendants have established no mechanism to refund tariff costs to consumers, and consumers have no direct statutory cause of action to recover IEEPA tariffs from the government.

78. Under principles of equity and good conscience, it would be unjust to permit Defendants to retain both (a) the elevated prices consumers paid due to tariff pass-through pricing, and (b) government refunds of those same tariff costs.

79. Plaintiff and the other Members of the Class are entitled to restitution in the amount by which Defendants have been unjustly enriched to the detriment of Plaintiff and the Members of the Class, and an order requiring Defendants to disgorge any additional profits or other benefit they have retained as a result of their unjust and unlawful conduct.

**COUNT III**
**Money Had and Received**
**(on behalf of Plaintiff and the Class)**

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

80. Plaintiff incorporates all of the allegations and statements made in Paragraphs 1–79 above as if fully stated herein.

81. This Count is pleaded in the alternative to Count II. While Count II (Unjust Enrichment) addresses the inequity of Defendants' retention of consumer overcharges already collected, this Count more particularly addresses Defendants' anticipated receipt and retention of government refund proceeds that, in equity, represent a return of costs that were economically borne by Members of the Class, not by Defendants.

82. Defendants received money from Plaintiff and from each Member of the proposed Class in the form of higher prices proximately caused by the pass-through of IEEPA tariff costs.

83. Defendants received this money for the purpose of repaying themselves the IEEPA tariffs they had advanced, as the importer of record, to U.S. Customs and Border Protection as duties on imported goods.

84. The Supreme Court has since determined that those tariffs lacked the requisite statutory authorization. *Learning Resources*, Slip Op. at 20.

85. Defendants are now positioned to recover refunds of the IEEPA tariffs from the U.S. government through the liquidation process or litigation in the Court of International Trade. Upon information and belief, Defendants have not paid or distributed any portion of these anticipated refunds to Plaintiff or other consumers who bore the economic burden of the tariffs through elevated prices.

86. The money that Defendants will recover from the government as IEEPA tariff refunds represents, in equity, a return of money that belonged to Plaintiff and to each Member of the proposed Class–the consumers who paid elevated prices due to Defendants' tariff pass-through.

87. Defendants have not returned this money to Plaintiff or the Class.

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

88. In equity and good conscience, Defendants should not be permitted to retain any government refund proceeds corresponding to tariff costs already passed through to Plaintiff and the Class. Those funds belong, in equity, to Plaintiff and the Class, and Defendants are obligated to return them.

**JURY DEMAND**

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that the Court enter an Order awarding the following relief as pled in the foregoing and judgment against Defendants as follows:

a. An Order certifying the Class, defining the Class as requested herein, appointing Plaintiff as Class representative, and appointing her counsel as Class counsel;

b. An award of any actual, compensatory, and enhanced damages permitted to Plaintiff and other Class Members, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including prejudgment interest thereon;

c. An award of reasonable attorneys' fees, costs, and other litigation expenses;

d. An award of pre- and post-judgment interest as available under law;

e. Restitution and/or disgorgement of the amounts by which Defendants were unjustly enriched as a result of the conduct alleged herein; and

f. Such further and other relief as the Court deems just, reasonable, and equitable.

Dated: June 5, 2026

Respectfully submitted,

CRISTINA LEYVA, on behalf of herself and others similarly situated

By: /s/ Joseph M. Dunklin

FILED DATE: 6/5/2026 2:44 PM 2026CH05397

Myles McGuire
Evan M. Meyers
Joseph M. Dunklin
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
jdunklin@mcgpc.com

*Counsel for Plaintiff and the putative Class*