**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE RETAILER TARIFF LITIGATION | MDL No. 3202 |

**INTERESTED PARTY RESPONSE OF *TERRILL* PLAINTIFFS IN OPPOSITION TO AMENDED MOTION FOR TRANSFER AND CENTRALIZATION**

## TABLE OF CONTENTS

**Page**

I. BACKGROUND .......... 1

II. LEGAL STANDARD .......... 2

III. ARGUMENT .......... 2

A. The Actions Do Not Involve Sufficient Common Questions of Fact. .......... 2

B. Centralization Will Not Serve the Convenience and Interest of the Parties and Witnesses. .......... 4

C. Centralization Will Not Promote Efficient Conduct of the Litigation. .......... 6

IV. CONCLUSION .......... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*,
2012 F. Supp. 3d 1375 (J.P.M.L. 2016) .................... 3, 4

*In re ABA Law School Accreditation Litig.*,
325 F. Supp. 3d 1377 (J.P.M.L. 2018) .................... 4

*In re Best Buy Co., Inc. Cal. Song-Beverly Credit Card Act Litig.*,
804 F. Supp. 2d 1376 (J.P.M.L. 2011) .................... 2

*In re Church of Jesus Christ of Latter-Day Saints Sexual Abuse Litig.*,
776 F. Supp. 3d 1356 (J.P.M.L. 2025) .................... 3, 4

*In re Comcast Corp. Employee Wage & Hour Employment Pract. Litig.*,
190 F. Sup. 3d 1344 (J.P.M.L. 2016) .................... 6

*In re Equinox Fitness Wage & Hour Employment Pract. Litig.*,
764 F. Supp. 2d 1347 (J.P.M.L. 2011) .................... 5

*In re Recore Antitrust Litig.*,
730 F. Supp. 3d 1355 (J.P.M.L. 2024) .................... 6

*In re Varsity Spirit Athlete Abuse Litig.*,
677 F. Supp. 3d 1376 (J.P.M.L. 2023) .................... 3

*Learning Resources, Inc. v. Trump*,
607 U.S. 229 (2026).................... 1

**Statutes**

28 U.S.C.
§ 1407 .................... *passim*
§ 1407(a) .................... 2

**INTERESTED PARTY RESPONSE OF *TERRILL* PLAINTIFFS IN OPPOSITION TO AMENDED MOTION FOR TRANSFER AND CENTRALIZATION**

Plaintiffs Patrick Terrill, Brenda Perez, Gezille Poniente, and Lisa Matthews ("*Terrill* Plaintiffs")[1] respectfully oppose the Motion for Transfer and Centralization filed on August 14, 2026 ("Motion" or "Mot.").[2] The Motion seeks to centralize 25 so-called "retailer tariff fund" actions filed against 15 different defendants across varying industries. While the complaints involve similar causes of action, the sole common factor shared among these cases –International Emergency Economic Powers Act ("IEEPA") tariffs – does not satisfy the requirements for transfer and centralization. Movants fall short of carrying the burden imposed by 28 U.S.C. § 1407, and for this reason, the Panel should deny the Motion.

## I. BACKGROUND

This matter involves 25 actions challenging the conduct of 15 retailers that passed IEEPA tariff costs to their customers and retained those proceeds even after the Supreme Court held that the tariffs were unlawful in *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026). The first lawsuit was filed on March 11, 2026, against Costco challenging its practice regarding the IEEPA tariffs.[3] Over the next several months, 24 other cases were filed in 11 districts against retailers including Amazon, Nike, Target, IKEA, and others. *See* Schedule of Actions, ECF 1-2. Amended

---

[1] This opposition is filed by the plaintiffs in *Terrill et al. v. IKEA North Americal Services LLC et al.*, No. 2:26-cv-02774 (E.D. Pa.).

[2] The Motion was filed by the plaintiffs ("Movants") in eight actions: *Polistico v. Amazon.com, Inc.*, No. 1:26-cv-04194 (E.D.N.Y.); *Emerson v. Amazon.com, Inc.*, No. 2:26-cv-12614 (E.D. Mich.); *Lasseter v. Amazon.com, Inc.*, No. 8:26-cv-02019 (M.D. Fla.); *Sangha v. Amazon.com, Inc.*, No. 1:26-cv-01777 (N.D. Ohio); *Rittenhouse v. Amazon.com, Inc.*, No. 2:26-cv-03392 (E.D.N.Y.); *Spadafino v. Amazon.com, Inc.*, No. 2:26-cv-10023 (D.N.J.); *Martinez v. Target Corp.*, No. 3:26-cv-01807 (M.D. Fla.); and *Cavallaro v. Target Corp.*, No. 7:26-cv-06165 (S.D.N.Y.) (together, "Movants").

[3] *Stockov v. Costco Wholesale Corp.*, No. 1:26-cv-02734 (N.D. Ill.).

complaints have already been filed in ten of these actions, and defendants have filed motions to dismiss in seven cases. Several courts have already entered initial scheduling orders, and early stages of discovery are also underway.

On August 14, 2026, Movants filed the Motion to transfer and centralize all 25 cases in the Northern District of Illinois, where the earliest "retailer tariff fund" case was filed and where only four cases in total are pending. These cases, against different retailers in unrelated industries making separate decisions regarding the manner in which they passed along IEEPA tariffs, are not appropriate for transfer and centralization. The Motion should be denied.

## II. LEGAL STANDARD

The Judicial Panel on Multidistrict Litigation may transfer actions to any district for consolidated pretrial proceedings if: (1) the actions "involv[e] one or more common questions of fact"; (2) consolidated proceedings would serve "the convenience of parties and witnesses"; and (3) consolidation "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "[C]entralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc. Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Movants seeking transfer and consolidation bear the burden of showing the criteria are met. *See id.* at 1379. As explained *infra*, Movants have not met their burden, and none of these three factors supports transfer and consolidation.

## III. ARGUMENT

### A. The Actions Do Not Involve Sufficient Common Questions of Fact.

Movants claim consolidation is warranted because there is a "common and overlapping core of factual allegations relating to common practice and concerning parallel conduct, the genesis of which sprang from a common actor: the federal government." Mot. at 9. But Movants' focus on the government's actions with respect to the IEEPA tariffs is misplaced. There is no

question that the U.S. Customs and Border Protection ("CBP") assessed and collected tariffs, and there is no question that the IEEPA tariffs were declared unlawful. But questions regarding "whether and to what extent the IEEPA tariffs were passed on to consumers in the form of higher retail prices" (*id.* at 10) will be specific to each individual retailer defendant. Far from there being an "industry-wide pricing response" (*id.*), these actions span multiple discrete industries, from consumer electronics to furniture to clothing. The questions of fact are distinct for each defendant, and cases involving "unique, case-specific factual issues" are not suited for consolidation. *In re Church of Jesus Christ of Latter-Day Saints Sexual Abuse Litig.*, 776 F. Supp. 3d 1356, 1358 (J.P.M.L. 2025); *see also In re Varsity Spirit Athlete Abuse Litig.*, 677 F. Supp. 3d 1376, 1378 (J.P.M.L. 2023) (denying centralization where the actions involved "unique factual issues concerning the various individual gym and coach defendants . . . and the particulars of the abuse alleged").

Movants argue that this Panel should be guided by the decision in *In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*, 2012 F. Supp. 3d 1375 (J.P.M.L. 2016). Mot. at 10. The actions there involved similar allegations against multiple retailers regarding the presence of high levels of cellulose in grated parmesan cheese. The Panel determined that a single multi-product MDL was appropriate because of the "significant overlap in the central factual issues, parties, and claims." *Id.* at 1378.

But Movants' reliance on *In re 100% Grated Parmesan* is inapt. The actions there all involved a single *type* of product – grated parmesan cheese – and an alleged single supplier. Here, the actions involve different products, different industries, different defendants, and different decision-making processes with respect to passing on IEEPA tariff costs. There is no "significant overlap." In reaching their decision, the Panel in *In re 100% Grated Parmesan* also acknowledged

its general hesitancy to centralize actions involving multiple products and defendants. *Id.* at 1378. That hesitancy is well-founded, as the numerous factual differences make the actions here unsuitable for § 1407 centralization.

Movants also assert that the legal similarities across the actions warrant transfer and centralization. Mot. at 2. But any such similarities are of no importance in the context of § 1407. "Common legal questions are insufficient to satisfy Section 1407's requirement of common factual questions." *In re ABA Law School Accreditation Litig.*, 325 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018). Movants raise concerns that allowing these actions to proceed in different fora would lead to inconsistent legal rulings. Mot. at 10. But that alone does not justify centralization. *See In re ABA Law School*, 325 F. Supp. 3d at 1379 ("Although plaintiffs seek efficiencies through centralized treatment of disputed legal questions, merely to avoid different federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 407 centralization.") (internal citation omitted). Based on this factor alone, transfer and centralization are inappropriate, and the motion should be denied.

### B. Centralization Will Not Serve the Convenience and Interest of the Parties and Witnesses.

Movants claim that transfer and centralization of the actions will further the convenience of the parties and witnesses by avoiding litigation of multiple cases in different districts throughout the country. Mot. at 13. While avoiding duplicative discovery can promote convenience in certain cases, centralization cannot accomplish that in cases where discovery will involve "unique, case-specific factual issues." *In re Church of Jesus Christ of Latter-Day Saints Sexual Abuse Litig.*, 776 F. Supp. 3d at 1358.

The present actions were filed against 15 different retailers across several different industries. Each retailer defendant made its own decision regarding how it passed along IEEPA

tariff costs to its customers, and each had its own considerations for making those decisions. Each has its own executives and other employees involved in these decisions. Fact discovery of retailer defendants will necessarily have to be tailored to each individual retailer defendant. To the extent discovery from third parties is required, this can be coordinated informally among counsel.

Plaintiffs' original choice of district is an important consideration in determining whether transfer will serve the convenience and interest of all parties. While this Panel may override this consideration if the other requirements of § 1407 are clearly satisfied, it has recognized that it must also consider "whether centralization outside the plaintiffs' original choice of forum is necessary to achieve efficiencies and promote justice." *In re Equinox Fitness Wage & Hour Employment Pract. Litig.*, 764 F. Supp. 2d 1347, 1349 (J.P.M.L. 2011). In deciding whether (and where) to transfer and centralize actions, the Panel must take into account not just the convenience of the party or parties seeking transfer, but the interests of the litigation overall. *See, e.g.*, *In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114, Transfer Order at 2, ECF No. 451 (J.P.M.L. Aug. 6, 2026).

The balance of these considerations favors each action remaining in the district where it was originally filed. Plaintiffs in each case analyzed the relevant factors including where the relevant conduct occurred, the retailer defendant's place(s) of business, and locations of potential evidence and witnesses. After careful consideration, each plaintiff made a deliberate decision about where to file their case. Notably, Movants request transfer and centralization to the Northern District of Illinois despite having filed none of their cases there, which belies their claimed justification of convenience of the parties. Transfer will not promote the overall interest in convenience, and the motion should be denied.

### C. Centralization Will Not Promote Efficient Conduct of the Litigation.

Even if the actions shared sufficient common factual questions, which they do not, transfer under 28 U.S.C. § 1407 is not warranted unless centralization will promote the just and efficient conduct of the litigation. Here, centralization would not enhance judicial efficiency. First, centralization will not reduce the risk of inconsistent rulings or individualized motion practice. The limited factual overlap among the actions – the IEEPA tariffs – is outweighed by substantial differences in parties, evidence, and witnesses that will implicate all stages of the litigation. Each retailer defendant's liability, the amount of damages, and class determinations will hinge on the facts of each case. Consolidating the actions would not eliminate the need for these case-by-case determinations.

Second, while there may be some common discovery, it would be limited; for the reasons described *supra*, it will not eliminate the need for substantial case-specific discovery. Any efficiencies to be gained by coordinating common third party or expert discovery can be achieved without formal centralization. Informal coordination is often a preferred alternative. *See, e.g., In re Recore Antitrust Litig.*, 730 F. Supp. 3d 1355, 1357 (J.P.M.L. 2024). The Panel often prefers "voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings." *In re Comcast Corp. Employee Wage & Hour Employment Pract. Litig.*, 190 F. Sup. 3d 1344, 1345 (J.P.M.L. 2016). Given that there are several actions against the same defendants, and multiple plaintiffs are represented by the same counsel, informal coordination is feasible and a preferable option for promoting the just and efficient conduct of the litigations.

## IV. CONCLUSION

For the foregoing reasons, the Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 should be denied.

Respectfully submitted,

DATED: September 4, 2026

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Laurence D. King*
Laurence D. King

1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
Email: *lking@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Donald R. Hall
Hae Sung Nam
Aaron Schwartz
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Email: *dhall@kaplanfox.com*
*hnam@kaplanfox.com*
*aschwartz@kaplanfox.com*

**SPECTOR CALDES & CORRIGAN, P.C.**
Diana J. Zinser
Wiliam G. Caldes
Jeffrey J. Corrigan
Jeffrey L. Spector
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300
Email: *dzinser@scc.law*
*bcaldes@scc.law*
*jcorrigan@scc.law*
*jspector@scc.law*

Counsel for Plaintiffs and Interim Co-Lead Class Counsel – *Terrill et al. v. IKEA North America Services LLC et al.,* No. 2:26-cv-02774 (E.D. Pa.)

**SHUB, JOHNS & HOLBROOK LLP**
Jonathan Shub
Benjamin Johns
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone: (610) 477-8380
Email: *jshub@shublawyers.com*
*bjohns@shublawyers.com*

**GOLDENBERG SCHNEIDER, LPA**
Jeffrey S. Goldenberg
Todd B. Naylor
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Email: *jgoldenberg@gs-legal.com*
*tnaylor@gs-legal.com*

Counsel for Plaintiffs and Plaintiffs' Executive Committee Members -– *Terrill et al. v. IKEA North America Services LLC et al.,* No. 2:26-cv-02774 (E.D. Pa.)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing INTERESTED PARTY RESPONSE OF TERRILL PLAINTIFFS IN OPPOSITION TO AMENDED MOTION FOR TRANSFER AND CENTRALIZATION was e-filed via the Court's CM/ECF system on September 4, 2026, which provides electronic services copies of filed documents upon all parties registered in this action.

KAPLAN FOX & KILSHEIMER LLP

By: /s/ *Laurence D. King*
Laurence D. King

Counsel for Plaintiffs and Interim Co-Lead Class Counsel – *Terrill et al. v. IKEA North America Services LLC et al.,* No. 2:26-cv-02774 (E.D. Pa.)