CLASS_REQUESTED

# U.S. District Court
# Eastern District of Louisiana (New Orleans)
# CIVIL DOCKET FOR CASE #: 2:26-cv-01904-JTM-MBN

Wilson v. Levi Strauss & Co.
Assigned to: Judge Jane Triche Milazzo
Referred to: Magistrate Judge Michael North
Demand: $5,000,000
Cause: 28:1332 Diversity-Other Contract

Date Filed: 08/28/2026
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Trinese Raquel Scott Wilson**

represented by **Andre' Robert Belanger**
Go Big Injury Law
Class Action Mass Torts Division
1 Glenlake Parkway NE
Suite 650
Sandy Springs, GA 30328
800-777-7777
Email: andre@manassehandgill.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Levi Strauss & Co.**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/28/2026 | 1 | COMPLAINT with jury demand against LEVI STRAUSS & CO. (Filing fee $ 405 receipt number ALAEDC-11579932) filed by Trinese Raquel Scott Wilson. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)Attorney Andre' Robert Belanger added to party Trinese Raquel Scott Wilson(pty:pla).(Belanger, Andre') (Entered: 08/28/2026) |
| 08/28/2026 | 2 | Initial Case Assignment to Judge Jane Triche Milazzo and Magistrate Judge Michael North. (sns) (Entered: 08/28/2026) |
| 08/31/2026 | 3 | Summons Issued as to Levi Strauss & Co.. (dvp) (Entered: 08/31/2026) |



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/09/2026 21:55:47 | | | |
| PACER Login: | kgordon1 | Client Code: | |

| | | | |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 2:26-cv-01904-JTM-MBN |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| TRINESE RAQUEL SCOTT WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LEVI STRAUSS & CO.,<br><br>*Defendant*. | Case No. 2:26-cv-01904<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff Trinese Raquel Scott Wilson ("Plaintiff") brings this Class Action Complaint individually and on behalf of all others similarly situated, against Defendant Levi Strauss & Co. ("Defendant" or "Levi's"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## PARTIES, JURISDICTION & VENUE

1. **Plaintiff Trinese Raquel Scott Wilson** is a resident and citizen of Gretna, Jefferson Parish, Louisiana. On or about February 22, 2026, Plaintiff Wilson purchased Levi's-branded apparel (Order No. 304371174) online via levi.com for $85.54. The order consisted of Levi's apparel items including "BAGGY DAD JORT I TOLD YOU" (Style: 000MJ0002) for $39.98, "BAGGY DAD JORT BOSS BUSINESS SHORT" (Style: 000MJ0003) for $35.98, and "BAGGY DAD JORT PICK SIDES SHORT" (Style: 000MJ0000) for $52.98,

shipped to her home in Gretna, LA. The products were Levi's-branded apparel imported into the United States and distributed for sale to consumers through Defendant's retail distribution channels. Upon information and belief, the purchase price Plaintiff Wilson paid included tariff-related costs that Defendant passed through into the consumer price for Levi's-branded goods. Plaintiff Wilson would not have paid the tariff-inflated price, or would have paid less, had Defendant not passed the cost of the IEEPA tariffs on to consumers and retained the tariff-related benefit.

2. **Defendant Levi Strauss & Co.** is a Delaware corporation with its corporate headquarters and principal place of business located at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Defendant is registered to do business in Louisiana and may be served via its registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

3. Defendant Levi Strauss & Co. is responsible for the design, marketing, distribution, and sale of Levi's-branded jeans, shorts, skirts, tops, and accessories for men, women, and children. A substantial portion of Defendant's products are imported goods subject to IEEPA tariffs imposed by the United States government.

4. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. At least one class member and Defendant are citizens of different states, and there are over 100 putative Class Members.

5. This Court has personal jurisdiction over Defendant pursuant to La. R.S. § 13:3201 because Defendant purposefully avails itself of the privilege of conducting business in Louisiana,

markets and sells products to consumers in Louisiana, and the cause of action accrued directly from transactions in Gretna, Louisiana.

6. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in Jefferson Parish, Louisiana, within this District.

**FACTUAL ALLEGATIONS**

7. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

8. Defendant Levi Strauss & Co. is a global apparel company founded in 1853 in San Francisco, California. Defendant is one of the world's largest brand-name apparel companies and a global leader in denim apparel, operating extensive wholesale, retail, and e-commerce networks across the United States.

9. Defendant's products sold in the United States are manufactured primarily through a global network of third-party suppliers, contract manufacturers, and overseas production facilities located across Asia, Latin America, and other international regions.

10. The vast majority of Defendant's footwear, denim, skirts, and apparel sold in the United States are imported goods brought through United States ports of entry.

11. Upon information and belief, Levi's-branded products are imported into the United States from numerous countries affected by IEEPA tariffs, including China, Vietnam, Cambodia, Mexico, and other foreign countries in Defendant's global supply chain.

12. Under U.S. customs law, importers of record are responsible for paying tariffs when goods enter the United States. Upon information and belief, Defendant, directly or through its affiliates, agents, suppliers, logistics providers, and/or United States retail distribution channels, paid or bore IEEPA tariff-related costs on Levi's-branded products imported into

Case MDL No. 3202 Document 98-4 Filed 04/08/26 Page 6 of 17

the United States and subsequently incorporated those tariff-related costs into the retail prices charged to United States consumers.

13. In or around February 2025, President Donald Trump invoked the International Emergency Economic Powers Act ("IEEPA") to impose sweeping tariffs on foreign imports. These tariffs sharply increased the cost of importing apparel and consumer goods into the United States, especially for apparel companies like Defendant that depend heavily on international manufacturing.

14. The cost of these IEEPA tariffs was passed on to Plaintiff and Class Members through higher, tariff-inflated retail prices paid for Levi's-branded goods sold in the United States.

15. On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026). This ruling invalidated tariffs imposed under the IEEPA and established that commercial importers of record are entitled to pursue refunds of duties paid under the unlawful tariff regime.

16. Upon information and belief, U.S. Customs and Border Protection (CBP) officially ended all collection of IEEPA tariffs effective 12:00 AM Eastern Standard Time on February 24, 2026.

17. Defendant has retained the increased prices paid by Plaintiff and Class Members attributable to the IEEPA-imposed tariff cost pass-through, despite being eligible to seek or receive refunds of those unlawful tariffs from the U.S. government. To date, Defendant has not established any mechanism or refund process to return tariff refunds or passed-through price premiums to the consumers who bore the ultimate economic burden.

18. Plaintiff and Class Members paid tariff-inflated prices to Defendant, but Defendant now seeks to retain both the consumer pass-through amounts and any potential government refund of the same unlawful tariff charges.

19. Defendant was not authorized by contract, statute, or law to retain monies derived from price-premium increases attributed to IEEPA's unlawful tariffs. Defendant was unjustly enriched by collecting and retaining money attributed to increased pricing because of the IEEPA tariffs once those tariffs were declared illegal.

20. Plaintiff and Class Members suffered economic injury as a direct result of Defendant's conduct, including payment of an unlawful tariff-related price premium.

## CLASS ALLEGATIONS

20. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

21. Plaintiff brings this class action on behalf of herself and on behalf of all others similarly situated, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3). The classes Plaintiff seeks to represent are defined as:

> **Nationwide Class:** All persons in the United States who, within the applicable statute of limitations period, purchased goods from Defendant (or through Defendant's authorized distribution channels) and paid higher prices for those goods as a result of tariffs imposed pursuant to the International Emergency Economic Powers Act, and who have not been refunded the tariff-related price premium.
>
> **Louisiana Subclass:** All persons in the State of Louisiana who, within the applicable statute of limitations period, purchased goods from Defendant (or through Defendant's authorized distribution channels) and paid higher prices for

those goods as a result of tariffs imposed pursuant to the International Emergency Economic Powers Act, and who have not been refunded the tariff-related price premium.

22. Specifically excluded from the Class and Subclass are Defendant, its officers, directors, agents, trustees, parents, subsidiaries, affiliates, the judge assigned to this action, and any member of the judge’s immediate family.

23. **Numerosity (Fed. R. Civ. P. 23(a)(1)):** The Class and Subclass consist of thousands, if not millions, of individual consumers nationwide and in Louisiana, making joinder of all Class Members impracticable.

24. **Commonality (Fed. R. Civ. P. 23(a)(2)):** Questions of law and fact are common to the Class and Subclass, including: whether Defendant passed IEEPA tariff costs through to consumers; whether Defendant is seeking or receiving government refunds; whether Defendant's retention of passed-through funds constitutes unjust enrichment, money had and received, or a violation of Louisiana law; and the scope of monetary relief.

25. **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiff’s claims are typical of the claims of the Class and Subclass because Plaintiff purchased Levi’s-branded products subject to tariff-inflated prices in Louisiana and suffered the same financial injury as a result of Defendant’s uniform policies.

26. **Adequacy (Fed. R. Civ. P. 23(a)(4)):** Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has no interests antagonistic to the Class and has retained competent counsel experienced in complex consumer class action litigation.

27. **Predominance & Superiority (Fed. R. Civ. P. 23(b)(3)):** Common issues of law and fact predominate over any individual questions. A class action is superior to individual

litigation, as individual damages are relatively small compared to the burden of separate actions.

## CAUSES OF ACTION

### *COUNT I: UNJUST ENRICHMENT*
### *(On Behalf of Plaintiff and the Nationwide Class)*

28. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

29. Plaintiff and Nationwide Class Members conferred a direct financial benefit upon Defendant by purchasing Levi's-branded goods at retail prices that included tariff-related price premiums attributable to IEEPA tariffs.

30. Defendant knowingly received, accepted, and retained the benefit of those tariff-related price premiums through its pricing, supply, distribution, and accounting practices.

31. Defendant publicly attributed price increases to tariff-related costs and passed those costs through to consumers in the form of higher prices for Levi's-branded goods.

32. The tariff-related price increases that Defendant passed through and collected were based on tariffs declared unlawful and invalid *ab initio* by the Supreme Court of the United States in *Learning Resources, Inc. v. Trump*.

33. After the IEEPA tariffs were declared unlawful, Defendant became eligible to seek or receive refunds, credits, offsets, or reimbursements from the U.S. government. Nevertheless, Defendant has retained the full benefit of consumer price increases despite knowing that the underlying tariffs were declared unlawful.

34. It would be inequitable and unjust for Defendant to retain these funds.

35. Plaintiff and Nationwide Class Members suffered economic injury as a result of Defendant's unjust retention of these funds.

36. Defendant was unjustly enriched at the expense of Plaintiff and Nationwide Class Members.

37. Equity and good conscience require that Defendant disgorge all unlawfully obtained and retained funds and make restitution to Plaintiff and Nationwide Class Members.

***COUNT II: ENRICHMENT WITHOUT CAUSE***
***(La. Civ. Code art. 2298, On Behalf of Plaintiff and the Louisiana Subclass)***

38. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

39. Pursuant to Louisiana Civil Code Article 2298, a person who has been enriched without cause at the expense of another person is bound to compensate that person.

40. Defendant was enriched by receiving, accepting, and retaining tariff-related price premiums passed through to Plaintiff and members of the Louisiana Subclass upon the sale of Levi's-branded goods.

41. Plaintiff and members of the Louisiana Subclass suffered a corresponding impoverishment by paying artificially inflated prices for Levi's-branded goods.

42. A direct causal relationship exists between Defendant's enrichment and the impoverishment of Plaintiff and the Louisiana Subclass.

43. There is no legal justification or cause for Defendant's enrichment or Plaintiffs' impoverishment following the Supreme Court's decision in *Learning Resources, Inc. v. Trump* holding that the underlying IEEPA tariffs were unlawful and void *ab initio*.

44. Pursuant to La. Civ. Code art. 2298, Defendant is bound to compensate Plaintiff and members of the Louisiana Subclass to the extent of Defendant's enrichment and Plaintiffs' impoverishment.

***COUNT III: VIOLATION OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (LUTPA)***
***(La. R.S. § 51:1401 et seq., On Behalf of Plaintiff and the Louisiana Subclass)***

45. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

46. Louisiana Revised Statutes § 51:1405(A) declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

47. Defendant engaged in trade and commerce in Louisiana within the meaning of La. R.S. § 51:1402(9) by marketing, distributing, pricing, and selling Levi's-branded products to Louisiana consumers.

48. Defendant engaged in unfair and deceptive trade practices by incorporating unlawful IEEPA tariff costs into consumer pricing, representing that such price increases reflected valid, mandatory import duties, and subsequently retaining those passed-through cost premiums after the Supreme Court declared the underlying tariffs unlawful *ab initio*.

49. As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff Wilson and members of the Louisiana Subclass suffered an ascertainable loss of money by paying tariff-inflated prices for Levi's-branded goods.

50. Plaintiff Wilson brings this LUTPA claim on behalf of herself and the Louisiana Subclass to recover actual damages, statutory remedies, pre- and post-judgment interest, and mandatory attorneys' fees and costs pursuant to La. R.S. § 51:1409.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment against Defendant as follows:

A. An order certifying this action as a class action under Rule 23, designating Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

B. A declaration that Defendant's retention of IEEPA tariff-related price premiums is unlawful;

C. An order requiring Defendant to pay full restitution, disgorgement, and compensatory damages to Plaintiff, the Nationwide Class, and the Louisiana Subclass;

D. An award of reasonable attorneys' fees, court costs, and litigation expenses pursuant to La. R.S. § 51:1409 and applicable law;

E. Pre-judgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury of all claims in this Class Action Complaint so triable.

Dated: August 28, 2026.

Respectfully Submitted,

/s/ *Andre R. Belanger*
Andre R. Belanger (La. Bar No. 26797)
**POULIN | WILLEY| ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
andre.belanger@poulinwilley.com
cmad@poulinwilley.com

-AND-

Michael A. Tompkins, Esq.*
Jeffrey K. Brown, Esq.*
**LEEDS BROWN LAW, P.C.**
1 County Road, Suite 347
Carle Place, NY 11514
Tel: 516-873-9550
Fax: 516-747-5024
mtompkins@leedsbrownlaw.com
jbrown@leedsbrownlaw.com
**Pro Hac Vice forthcoming*

*Attorneys for Plaintiff and Proposed Class*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TRINESE RAQUEL SCOTT WILSON, individually and on behalf of all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff: Gretna, LA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andre R. Belanger - POULIN | WILLEY| ANASTOPOULO, LLC
32 Ann Street, Charleston, SC 29403 T:803-222-2222

## DEFENDANTS

LEVI STRAUSS & CO.,

County of Residence of First Listed Defendant: San Francisco, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332(d)(2)

Brief description of cause:
Unauthorized IEEPA Tariff Related Fee Acquisition

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________________ DOCKET NUMBER ____________________

DATE: 8/28/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Andre Belanger

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

TRINESE RAQUEL SCOTT WILSON, individually and on behalf of all others similarly situated,

*Plaintiff(s)*

v.

LEVI STRAUSS & CO.,

*Defendant(s)*

Civil Action No. 2:26-cv-01904

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Corporation Service Company as Registered Agent for Defendant
Levi Strauss & Co.
501 Louisiana Avenue
Baton Rouge, LA 70802

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Andre R. Belanger, Esq.
POULIN | WILLEY| ANASTOPOULO, LLC
32 Ann Street
Charleston, SC 29403

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset