**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTI DISTRICT LITIGATION**

| | |
|---|---|
| IN RE: RETAILER TARIFF LITIGATION | MDL NO. 3202 |

**RESPONSE IN SUPPORT OF THE AMENDED MOTION FOR TRANSFER AND CENTRALIZATION**

Plaintiffs Miguel Hernandez and Jason Schoen, plaintiffs in *Hernandez v. Adidas America, Inc.*, No. 1:26-cv-02848 (E.D.N.Y.), and Plaintiffs Bryce Foster-Quarles and Amorey Walker, plaintiffs in *In re Sony Interactive Entertainment Tariff Litigation*, No. 3:26-cv-04121 (N.D. Cal.) (collectively, "Supporting Plaintiffs"), respectfully submit this Response in support of the Amended Motion for Transfer and Centralization pursuant to 28 U.S.C. § 1407.

Centralization is appropriate because these actions concern a common factual core arising out of President Trump's IEEPA tariff regime. Common issues include both the imposition and subsequent invalidation of the imposed tariffs; the decision of the retailers to pass along the increased costs associated with the tariffs to consumers; retailers' refund applications and process; and the economic damages methodologies necessary to determine those increased costs passed onto the consumer.

The actions also present a legal issue that is likely to arise in each individual lawsuit: whether a retailer that passed tariff-related costs to consumers must return those amounts after the underlying tariffs were invalidated, notwithstanding that the consumers paid the purchase price and received the products they purchased. Centralized proceedings would allow that recurring

issue to be addressed in a coordinated fashion while avoiding inconsistent pretrial rulings across numerous courts. This is paramount.

The existence of retailer-specific pricing decisions does not defeat centralization. Plaintiffs' counsel is sensitive to unique proprietary information each retailer may have but believe remedies can be fashioned in due course to allow for both a common litigation and, at the same time, preclude the divulgence of company sensitive data to other retail defendants. Regardless, such a concern should not defeat this motion at this stage.

The Panel has confronted materially similar arguments before. In *In re Checking Account Overdraft Litigation*, opponents argued that actions against different banks presented unique factual questions concerning each bank's practices. 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009). The Panel nevertheless centralized the actions because, notwithstanding "some unique questions of fact from bank-to-bank," the cases shared sufficient factual questions concerning industry-wide practices to warrant a single MDL. *Id.* The Panel further recognized that the transferee court could permit proceedings concerning non-common issues to proceed concurrently with common issues. *Id.*

Similarly, in *In re Walgreens Herbal Supplements Marketing & Sales Practices Litigation*, the Panel considered actions involving different products sold by Walgreens, Wal-Mart, GNC, and Target. 109 F. Supp. 3d 1373, 1374–76 (J.P.M.L. 2015). Opponents emphasized differences among each retailer's labeling, marketing, manufacturing, and sourcing practices. *Id.* at 1375. The Panel nevertheless created a single multi-retailer MDL because the actions arose from a common factual event and presented significant overlap in their central factual issues, claims, discovery, and putative classes. *Id.* at 1375–76. The Panel explained that § 1407 does not require complete

identity of factual issues or parties and concluded that retailer-specific issues could be accommodated through appropriate case-management procedures. *Id.* at 1376.

The Panel reached the same conclusion in *In re 100% Grated Parmesan Cheese Marketing & Sales Practices Litigation*, 201 F. Supp. 3d 1375 (J.P.M.L. 2016). Although that litigation involved different defendants and products, the Panel found centralization appropriate because of significant overlap in central factual issues, discovery, expert matters, and competing putative classes. *Id.* at 1378.

Those principles apply here. The retailer defendants undoubtedly will have individualized evidence concerning their respective pricing decisions, products, personnel, and communications. But those differences do not eliminate the substantial common issues arising from the same federal tariff regime. The actions will require overlapping consideration of the federal tariff-refund process, economic evidence concerning tariff pass-through, and methodologies for determining and calculating any consumer damages attributable to the tariffs. Those common factual and expert issues can be coordinated while retailer-specific discovery proceeds on separate tracks where necessary.

Additionally, as stated above, is the over-arching common legal issue: whether the companies are required to refund any portion of the tariff related price-premium paid by consumers for goods received now that the tariffs have been deemed illegally imposed. The matter is compounded for those companies that chose to apply for refunds with the United States Customs and Border Patrol Agency.

As such, centralization also will promote the just and efficient conduct of these actions because numerous courts otherwise may be asked to address the same threshold legal question concerning a retailer's obligation, if any, to return tariff-related amounts to consumers after the

tariffs were invalidated. At the same time, courts and parties would separately address substantially overlapping expert questions concerning causation, pass-through, and damages. Coordinating those proceedings before a single transferee court will reduce duplicative discovery and motion practice, conserve judicial resources, and minimize the potential for inconsistent pretrial rulings.

The Supporting Plaintiffs therefore respectfully request that the Panel grant the pending Motion for Transfer and Centralization pursuant to 28 U.S.C. § 1407 and transfer the related actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings.

**POULIN | WILLEY |ANASTOPOULO, LLC**

*/s/ Paul J. Doolittle*
Paul J. Doolittle
32 Ann Street
Charleston, SC 29403
T:(803) 222-222
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com
*Counsel for plaintiffs in the Adidas and Sony Retail Litigation*