# United States District Court
# District of Puerto Rico (San Juan)
# CIVIL DOCKET FOR CASE #: 3:26−cv−01164−CVR

Ortiz et al v. Costco Wholesale Corporation
Assigned to: Judge Camille L. Velez−Rive
Demand: $9,999,000
Cause: 28:1332 Diversity−Declaratory Judgement

Date Filed: 03/18/2026
Jury Demand: Plaintiff
Nature of Suit: 380 Personal Property: Other
Jurisdiction: Diversity

**Plaintiff**

**Guillermo J. Ortiz** represented by

**Eduardo R. Jenks−Carballeira**
PMB 565
1353 Rd. 19
Guaynabo, PR 00966
787−439−3980
Fax: 7877926475
Email: edjenks@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Francisco E. Colon−Ramirez**
Colon Ramirez LLC
PO Box 361920
San Juan, PR 00936−1920
888−223−2364
Fax: 787−425−4731
Email: fecolon@colonramirez.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Luis G. Martinez−Llorens**
1225 Ponce de Leon Ave.
VIG Tower Suite 1406
San Juan, PR 00907
787−725−1012
Fax: 787−725−1082
Email: lmartinez@lmlawpr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julian R. Rivera−Aspinall**
Rivera Aspinall, Garriga & Fernandini
1647 Adams St.
Summit Hill
San Juan, PR 00920−4510
787−792−8644 787−360−0094
Fax: 787−792−6475
Email: aspinall@ragflaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Proposed Class Costco Members** represented by

**Eduardo R. Jenks−Carballeira**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Francisco E. Colon−Ramirez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Luis G. Martinez−Llorens**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julian R. Rivera−Aspinall**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Costco Wholesale Corporation** represented by

**Brad Dennis Brian**
Munger, Tolles & Olson LLP
CA
350 South Grand Avenue
50th Floor
Los Angeles
Los Angeles, CA 90071−3426
213−683−9280
Email: brad.brian@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carlos A. Valldejuly−Sastre**
O'Neill & Borges, LLC
250 Munoz Rivera Ave, Suite 800
San Juan, PR 00918
787−282−5725
Email: carlos.valldejuly@oneillborges.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cordell Brown**
Munger, Tolles & Olson LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071
213−683−9100
Email: cordell.brown@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elaine Goldenberg**
Munger, Tolles & Olson LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001−5369
202−220−1114
Email: elaine.goldenberg@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Bryant**
Munger Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
213−683−9100
Fax: 213−687−3702
Email: jennifer.bryant@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2026 | 1 | COMPLAINT against All Defendants ( Filing fee $405 receipt number APRDC−9433625.), filed by Guillermo J Ortiz, Proposed Class Costco Members. Service due by 6/16/2026, (Attachments: # 1 Category Sheet, # 2 Civil Cover Sheet, # 3 Summons)(Rivera−Aspinall, Julian) (Entered: 03/18/2026) |
| 03/19/2026 | 2 | NOTICE OF JUDGE ASSIGNMENT: Case has been assigned to Judge Jay A. Garcia−Gregory. (ad) (Entered: 03/19/2026) |
| 03/19/2026 | 3 | Summons Issued as to Costco Wholesale Corporation. Note: Counsel must print all summonses and follow the service requirements set forth by the Rules of Civil Procedure. Electronic issuance of summonses should not be construed as authorizing electronic service. (ad) (Entered: 03/19/2026) |
| 03/19/2026 | 4 | NOTICE of Appearance by Luis G. Martinez−Llorens on behalf of Guillermo J Ortiz (Martinez−Llorens, Luis) (Entered: 03/19/2026) |
| 03/20/2026 | 5 | MOTION for Leave to Appear *as Additional Counsel* filed by Francisco E. Colon−Ramirez on behalf of Guillermo J Ortiz, Proposed Class Costco Members. Responses due by 4/6/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Colon−Ramirez, Francisco) (Entered: 03/20/2026) |
| 03/20/2026 | 6 | ORDER OF RECUSAL. The undersigned Judge hereby disqualifies himself from any further participation in this case. The Clerk shall expeditiously assign this case to another Judge of this Court. Signed by Judge Jay A. Garcia−Gregory on 3/20/2026. (MQ) (Entered: 03/20/2026) |
| 03/20/2026 | 7 | MEMORANDUM OF THE CLERK: Pursuant to the Order of Recusal entered by Judge Jay A. Garcia−Gregory (Docket No. 6), this case has been randomly reassigned within the Case Assignment System to the docket of Judge Camille L. Velez−Rive. Signed by Clerk on 03/20/2026. (ft) (Entered: 03/20/2026) |
| 03/20/2026 | 8 | ORDER granting 5 Motion for Leave to Appear Signed by Judge Camille L. Velez−Rive on 03/20/2026. (CVR) (Entered: 03/20/2026) |
| 04/28/2026 | 9 | SUMMONS Returned Executed by All Plaintiffs upon Costco Wholesale Corporation served on 4/27/2026, answer due 5/18/2026 s. (Rivera−Aspinall, Julian) Modified on 4/29/2026 to add service and answer due date (mcm). (Entered: 04/28/2026) |
| 05/05/2026 | 10 | NOTICE of Appearance *as additional counsel* by Eduardo R. Jenks−Carballeira on behalf of All Plaintiffs (Jenks−Carballeira, Eduardo) (Entered: 05/05/2026) |
| 05/13/2026 | 11 | MOTION for extension of time until June 17, 2026 to Plead or Otherwise Respond to the Complaint filed by Carlos A. Valldejuly−Sastre on behalf of Costco Wholesale Corporation. Responses due by 5/27/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valldejuly−Sastre, Carlos) (Entered: 05/13/2026) |
| 05/13/2026 | 12 | Corporate Disclosure Statement byCostco Wholesale Corporation. (Valldejuly−Sastre, Carlos) (Entered: 05/13/2026) |
| 05/13/2026 | 13 | ORDER granting 11 Motion for extension of time. Costco Wholesale Corporation is granted until 6/17/2026 to answer the Complaint or otherwise plead. Signed by Judge Camille L. Velez−Rive on 05/13/2026. (CVR) (Entered: 05/13/2026) |
| 05/29/2026 | 14 | Motion to allow Cordell Brown to appear pro hac vice (Pro Hac fee $300 receipt number APRDC−9508624) filed by Carlos A. Valldejuly−Sastre on behalf of Costco Wholesale Corporation. Responses due by 6/12/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Attachment A)(Valldejuly−Sastre, Carlos) (Entered: 05/29/2026) |
| 05/29/2026 | 15 | Motion to allow Jennifer Bryant to appear pro hac vice (Pro Hac fee $300 receipt number APRDC−9508633) filed by Carlos A. Valldejuly−Sastre on behalf of Costco Wholesale Corporation. Responses due by 6/12/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Attachment A)(Valldejuly−Sastre, Carlos) (Entered: 05/29/2026) |

| | | |
|---|---|---|
| 05/31/2026 | 16 | ORDER granting 14 Motion to Appear PHV; granting 15 Motion to Appear PHV. Signed by Judge Camille L. Velez−Rive on 05/31/2026. (CVR) (Entered: 05/31/2026) |
| 06/03/2026 | 17 | NOTICE TO PRO HAC VICE **Cordell Brown** and **Jennifer Bryant** re: 16 Order on Motion to Appear PHV, : The Court has granted your pro hac vice application. In order to start receiving notifications, you must file a notice of appearance using your upgraded PACER account. For more information, visit the following link: **https://www.prd.uscourts.gov/nextgen−cmecf−what−it−means−you**. (mcm) Modified on 6/4/2026 to remove bold font (mcm). (Entered: 06/03/2026) |
| 06/04/2026 | 18 | Motion to allow Elaine J. Goldenberg to appear pro hac vice (Pro Hac fee $300 receipt number APRDC−9513631) filed by Carlos A. Valldejuly−Sastre on behalf of Costco Wholesale Corporation. Responses due by 6/18/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valldejuly−Sastre, Carlos) (Entered: 06/04/2026) |
| 06/04/2026 | 19 | Motion to allow Brad D. Brian to appear pro hac vice (Pro Hac fee $300 receipt number APRDC−9513641) filed by Carlos A. Valldejuly−Sastre on behalf of Costco Wholesale Corporation. Responses due by 6/18/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valldejuly−Sastre, Carlos) (Entered: 06/04/2026) |
| 06/04/2026 | 20 | ORDER granting 18 Motion to Appear PHV; granting 19 Motion to Appear PHV. Signed by Judge Camille L. Velez−Rive on 06/04/2026. (CVR) (Entered: 06/04/2026) |
| 06/04/2026 | 21 | NOTICE TO PRO HAC VICE **Elaine J. Goldenberg** and **Brad D. Brian** re: 20 Order on Motion to Appear PHV, : The Court has granted your pro hac vice application. In order to start receiving notifications, you must file a notice of appearance using your upgraded PACER account. For more information, visit the following link: **https://www.prd.uscourts.gov/nextgen−cmecf−what−it−means−you**. (mcm) (Entered: 06/04/2026) |
| 06/04/2026 | 22 | NOTICE of Appearance by Brad Dennis Brian on behalf of Costco Wholesale Corporation (Brian, Brad) (Entered: 06/04/2026) |
| 06/04/2026 | 23 | NOTICE of Appearance by Jennifer Bryant on behalf of Costco Wholesale Corporation (Bryant, Jennifer) (Entered: 06/04/2026) |
| 06/04/2026 | 24 | NOTICE of Appearance by Elaine Goldenberg on behalf of Costco Wholesale Corporation (Goldenberg, Elaine) (Entered: 06/04/2026) |
| 06/04/2026 | 25 | NOTICE of Appearance by Cordell Brown on behalf of Costco Wholesale Corporation (Brown, Cordell) (Entered: 06/04/2026) |
| 06/10/2026 | 26 | Consent MOTION for extension of time until July 17, 2026 to Plead or Otherwise Respond to the Complaint filed by Carlos A. Valldejuly−Sastre on behalf of Costco Wholesale Corporation. Responses due by 6/24/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Valldejuly−Sastre, Carlos) (Entered: 06/10/2026) |
| 06/11/2026 | 27 | ORDER granting 26 Motion for extension of time. Costco is granted until July 17, 2026, to respond to the Complaint or otherwise plead. Signed by Judge Camille L. Velez−Rive on 06/11/2026. (CVR) (Entered: 06/11/2026) |
| 07/17/2026 | 28 | MOTION to dismiss *IN THE ALTERNATIVE, TO STAY THE ACTION*, MOTION to Stay as to Costco Wholesale Corporation filed by Brad Dennis Brian on behalf of Costco Wholesale Corporation. Responses due by 7/31/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Brian, Brad). Added Motion on 7/20/2026 (rim). (Entered: 07/17/2026) |
| 07/31/2026 | 29 | MOTION for Extension of Time until August 17 2026 to File Response/Reply *to Defendant Costco's Motion to Dismiss ECF 28* filed by Julian R. Rivera−Aspinall on behalf of All Plaintiffs. Responses due by 8/14/2026. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Rivera−Aspinall, Julian) (Entered: 07/31/2026) |

| | | |
|---|---|---|
| 07/31/2026 | 30 | ORDER granting 29 Motion for Extension of Time to File Response/Reply to Defendant Costco's Motion to Dismiss (ECF No. 28). Plaintiffs are granted until 8/17/2026 to file their response/reply to the Motion to Dismiss. (ECF No. 28). Signed by Judge Camille L. Velez−Rive on 07/31/2026. (CVR) (Entered: 07/31/2026) |
| 08/17/2026 | 31 | AMENDED COMPLAINT against All Defendants, filed by Proposed Class Costco Members, Guillermo J. Ortiz.(Rivera−Aspinall, Julian) (Entered: 08/17/2026) |
| 08/18/2026 | 32 | ORDER finding as moot considering the Amended Complaint filed at ECF No. 31 28 Motion to Dismiss; finding as moot 28 Motion to Stay. Costco is granted until September 17, 2026, to respond to the Amended Complaint or otherwise plead. Signed by Judge Camille L. Velez−Rive on 08/18/2026. (CVR) (Entered: 08/18/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GUILLERMO J. ORTIZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br><br>Defendant | CIVIL NO.: 3:26-cv-01164 (CVR) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Guillermo J. Ortiz ("Ortiz"), individually and on behalf of all others similarly situated, alleges upon personal knowledge as to his own acts and upon information and belief as to all other matters, based on investigation by counsel, as follows:

## INTRODUCTION

1. This putative class action arises from Costco Wholesale Corporation's ("Costco") alleged retention of IEEPA tariff refunds and associated interest corresponding to tariff costs Costco passed through, in whole or in part, to Puerto Rico members through higher prices on identified imported goods sold in the Puerto Rico market. Costco has already received, and continues to receive, refunds and interest on some of the IEEPA duties it paid; this action seeks restitution of only the portion of those already-received or CBP-certified proceeds that duplicates the tariff-cost component Plaintiff and the Class already paid, not a hypothetical future recovery. Costco is seeking a refund of approximately 2 Billion Dollars in tariffs paid on imported goods, a considerable sum belonging to its Puerto Rico business.

2. During the relevant period, Costco imported merchandise into the United States, paid IEEPA duties as importer of record on identified entries and sold imported goods to Puerto

Rico members. Plaintiff alleges that Costco increased the prices of identified imported goods to pass on to consumers (the proposed Class of Consumers) and recover a measurable portion of those IEEPA duties from purchasers.

3. Costco separately pursued and has received refunds of some IEEPA duties from the United States Government. Costco has acknowledged that it has received refunds of only some IEEPA tariffs it paid. The Customs and Border Protection ("CBP") refund process also remains active for additional IEEPA duties and interest for Costco to receive.

4. Plaintiff is aware of Stockov v. Costco Wholesale Corp., No. 1:26-cv-02734 (N.D. Ill., filed Mar. 11, 2026), and Briggs v. Costco Wholesale Corp., No. 2:26-cv-01064 (W.D. Wash., filed Mar. 27, 2026). This action is narrower than, and does not duplicate, those actions: Plaintiff asserts claims solely under Puerto Rico law, applicable only to purchases made in Puerto Rico, and does not assert any other state's consumer-protection or common-law statutes and does not seek to represent, or recover on behalf of, a nationwide class. The proposed Puerto Rico Refund Class, see ¶ 35, infra, expressly excludes any person who is bound by, or has recovered or is entitled to recover under, a final judgment or approved class settlement in Stockov or Briggs with respect to the same refund and interest proceeds at issue here, so as to avoid any risk of duplicative recovery. The same benefit to be received by the Briggs and the Stockov class members, if any, but for legal arguments applicable to Puerto Rico should be granted. This is the remedy that Plaintiff and the proposed class seeks in this action.

5. Plaintiff does not contend that every Costco price increase during the class period was tariff-related, that Costco passed through the full cost of every IEEPA duty, or that every imported good sold by Costco was imported by Costco. This action concerns only eligible purchases of identified goods for which Costco: (a) was the importer of record or otherwise

received the corresponding refund; (b) paid IEEPA duties; (c) passed through a measurable portion of those duties in the product price; and (d) received, or is entitled to receive, a corresponding governmental refund and interest. Costco has the proper information needed to calculate the appropriate remedy, if any, as part of its business records. Since Costco has began to receive refunds, as per the statements made in the motion to dismiss, the requests of plaintiff and the class of Costco consumers is ripe for adjudication.

6. Plaintiff seeks restitution only to the extent Costco retains IEEPA refund and interest proceeds for its own economic benefit, that duplicate a tariff-cost component paid by Plaintiff and the proposed Puerto Rico class. Plaintiff seeks an accounting and a distribution mechanism based on Costco's import-entry, SKU, pricing, inventory-allocation, sales, member-transaction, refund, and interest records that were conducted in the Puerto Rico market.

**PARTIES**

7. Plaintiff Guillermo J. Ortiz is a natural person domiciled in Puerto Rico and a Costco member.

8. During the class period, the members of the proposed class purchased thousands of products with IEEPA Tariffs price hikes imposed by Costco. Costco has a complete records of every transaction and the consumers that made the same in Puerto Rico, since for every purchase the Costco membership card had to be used. Mr. Ortiz is a member of the class and some of the Ortiz household purchased products from Costco in Puerto Rico are as follows:

| **Purchase date** | **Warehouse / channel** | **Product and SKU** | **Transaction / receipt reference** | **Price paid** | **Basis for IEEPA-duty and refund.** Country of origin. |
|---|---|---|---|---|---|
| 07/29/2025 | E Bayamon # 363 | KS Sparkling Water - #9262015 | 21036300400582507191206 | $15.99 | Italy |
| 07/29/2025 | E Bayamon # 363 | KS Coconut Water - #1394201 | 21036300400582507191206 | $12.89 | Vietnam |
| 07/29/2025 | E Bayamon # 363 | Bananas - #30669 | 21036300400582507191206 | $3.69 | Central & South America |
| 06/16/2025 | E Bayamon # 363 | Super Granola #1394201 | 21036301100722506161054 | $8.69 | Canada |
| 06/07/2025 | E Bayamon # 363 | KS Olive Oil – # 692731 | 21036300602122506071301 | $17.49 | Spain / Italy |
| 06/07/2025 | E Bayamon # 363 | GRAZA EVOO – #1859326 | 21036300602122506071301 | $12.99 | Spain |
| 06/07/2025 | E Bayamon # 363 | SEA SALT – #1605875 | 21036300602122506071301 | $6.79 | Australia |

9. For each representative purchase in Paragraph 8, and for the thousands of transactions related to imported goods purchased by members of the class, it is claimed that Costco increased the product's price to recover a portion of IEEPA duties applicable to that product, and that Costco later claimed from the Federal Government, received, or is receiving, a refund and interest associated with the same identified duty-bearing import entry or entries.

10. Defendant Costco Wholesale Corporation is a Washington corporation with its principal place of business in Washington. Costco is registered to do business in Puerto Rico and operates warehouse stores and e-commerce sales channels serving Puerto Rico members. Costco

operates four warehouse stores in Puerto Rico and a home showroom, located in Caguas, Bayamón, and Carolina and San Juan. Upon information and belief, generates net sales in the Puerto Rico market in excess of $700 million annually.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d). The proposed class contains more than 100 members, the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and at least one class member is a citizen of a State or territory different from Costco.

12. This Court has personal jurisdiction over Costco because Costco conducts continuous and systematic business in Puerto Rico, operates warehouse stores in Puerto Rico, sells goods to Puerto Rico members, and the conduct alleged occurred in substantial part in this District.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### A. This Controversy Is Ripe, And Plaintiff Has Standing, Because Costco Has Already Received Actual Refunds Traceable to Plaintiff's Purchases

14. This controversy is ripe, and Plaintiff has Article III standing, because Costco has already received actual, non-hypothetical refunds and interest for IEEPA duties it paid, see ¶¶ 24–25, infra. Plaintiff has identified specific purchases, prices, and import entries linking Plaintiff's own economic loss to those already-received or CBP-certified proceeds, see ¶¶ 8–9, 20, and Tables 1–3, infra. Plaintiff does not ask the Court to adjudicate contingent future events; Plaintiff seeks an accounting and restitution of an ascertainable, presently existing fund that Costco already controls, or has been certified by CBP to receive, corresponding to duties Plaintiff has already paid.

15. Plaintiff's injury is not the ordinary disappointment of a customer who wishes a retailer had charged less. Plaintiff does not allege that any product he purchased was mislabeled, defective, or other than as advertised, and Plaintiff received the goods he paid for. Plaintiff's injury is instead an economic, Costco's post-sale, continuing retention of a specific, identifiable sum of money — governmental refund and interest proceeds traceable, through Costco's own import, pricing, and sales records, to the tariff-cost component embedded in the price Plaintiff paid that duplicates what Plaintiff already paid once. That is a concrete, particularized, and, as to refunds and interest Costco has already received or been certified to receive, actual economic injury that is traceable to Costco's conduct and redressable by an order of accounting and restitution. Costco has the knowledge and the exact business records of what said injury has been caused to the Puerto Rico proposed class.

**B. IEEPA duties, Costco's imports, and Costco's price-setting authority**

16. Beginning in February 2025, the United States imposed tariffs under the International Emergency Economic Powers Act ("IEEPA") on goods imported from identified foreign countries.

17. Costco is a major retailer and importer of consumer goods. Costco determines or controls retail pricing for the goods it sells through its Puerto Rico warehouses and e-commerce channels.

18. During the class period, Costco imported identified goods subject to IEEPA duties and paid those duties as importer of record on the relevant import entries. Eventually Costco passed on to the Puerto Rico Costco members all of the IEEPA duties it paid in the form of higher prices.

19. Costco publicly acknowledged that tariffs affected portions of its inventory and pricing. Costco's Chief Financial Officer stated during a May 2025 earnings call that tariffs created an evolving environment and that Costco regarded raising prices as a last resort. Costco also described examples in which it increased prices on certain tariff-affected items while holding prices on others.

20. For the representative products identified in Paragraph 8, Costco increased the retail price during the applicable tariff period by an amount that reflected, at least in part, the IEEPA duty applicable to the identified imported goods. That increase in the retail price was paid by each member of the class. Costco has the exact business record on every transaction that occurred.

21. Ortiz and the other Costco proposed class members, paid the tariff-inflated prices for the identified representative goods. Had Ortiz and the proposed Costco class members known that Costco would seek and retain governmental refunds and interest for the same tariff-cost component without providing an attributable credit, refund, or other restitution to the purchasers who paid it, Ortiz and the proposed Costco class members of Puerto Rico would not have purchased the identified goods at those prices or would have paid less for them.

**C. Costco's refund proceedings and current refund receipts**

22. Costco filed an action in the United States Court of International Trade seeking a declaration that IEEPA tariffs were unlawful and a refund of IEEPA duties Costco paid.

23. After the IEEPA tariffs were invalidated, CBP developed the Consolidated Administration and Processing of Entries ("CAPE") functionality to calculate and process IEEPA duty refunds and interest.

24. Costco has admitted in this action in its motion to dismiss that it has received some refunds from the Government of some IEEPA tariffs that it paid. (Mot. to Dismiss, ECF No. 28,

Case MDL No. 3202 Document 120-31 Filed 09/11/26 Page 13 of 22

at 5 (Costco 'has received refunds from the government of only some of the IEEPA tariffs that Costco paid').)

25. As of July 10, 2026, CBP had accepted approximately $121.75 billion in potential and certified IEEPA refunds for processing. CBP had completed, certified, and transmitted approximately $86.3 billion in duty-and-interest refunds to the Department of Treasury for disbursement. Costco is seeking approximately 2 Billion dollars in IEEPA tariff refunds, that includes in said amount the refunds for its Puerto Rico market operations. Costco has the exact amount of tariffs refunds it is seeking for the transactions it carried out in its Puerto Rico market.

26. Upon information and belief, Costco submitted or caused to be submitted refund declarations and supporting materials for identified IEEPA duty-bearing entries, including entries that supplied the representative products purchased by Ortiz and the proposed class.

27. Costco itself has acknowledged, in its own motion practice in this action, that it “has received refunds from the government of only some of the IEEPA tariffs that Costco paid.” Mot. to Dismiss, ECF No. 28, at 5. Plaintiff will identify, through the traceability methodology and records through discovery of Costco's CAPE declarations, entry-level refund and interest records, and Puerto Rico pricing and sales records, which of those already-received or CBP-certified refunds correspond to the Eligible Products purchased by Plaintiff and the proposed class.

28. Costco’s CEO stated on March 5, 2026, that, if Costco received IEEPA tariff refunds for charges passed on in some form to members, Costco’s commitment would be to find the best way to return value through lower prices and better values. Costco also stated that it did not pass the full tariff cost on in every instance and that the precise impact on any individual item could be difficult to track. To this date, Costco has failed to act. By keeping the refunds and interest payments Costco is enriching itself since it is receiving again a payment that they already

charged and received from its Puerto Rico consumers when they sold the imported products with the price increases subject to the IEEPA tariffs.

29. A future program of generalized lower prices or "better values" does not identify the Puerto Rico members who actually suffered the economic loss when they paid the tariff component of the representative goods, does not account for members who ceased shopping or did not make future purchases, and does not provide a means to return the attributable refund and interest to the purchasers who bore the alleged tariff pass-through. A future program of lower values and prices, only benefits future Costco customers on future purchases. If does not compensate the customers that actually paid for the IEEPA tariffs. A future program of generalized lower prices or "better values" also benefits Costco, its officers and shareholders, since Costco will continue making future sales and gaining profits at the expense of plaintiff and the Costco Class members who suffered the economic loss.

30. Costco has not disclosed a past purchaser-specific mechanism to distribute the refund and interest attributable to the identified representative purchases or to the eligible Puerto Rico class members of the proposed class.

**D. Traceability and proposed restitution methodology**

31. Costco maintains specific records that permit a feasible allocation of eligible refund and interest proceeds to the proposed class. Those records include: Customs entry data; duty payments; CAPE declarations; refund and interest records; item/SKU and country-of-origin records; inventory and distribution records; Puerto Rico warehouse and e-commerce sales records; price-history records; and detailed member-level transaction records. Costco based on the information of each Puerto Rico business transaction can implement a fair restitution mechanism for all of its Puerto Rico customers.

32. The proposed restitution methodology will identify eligible entries on which Costco paid IEEPA duties and for which Costco received or is receiving a refund and interest; identify corresponding tariffed SKUs; identify the portion of the relevant inventory sold through Puerto Rico channels; determine the measurable tariff-cost component passed through in the price; and allocate the corresponding refund and interest among eligible Puerto Rico member purchases.

33. If an entry supplied inventory distributed across more than one market and direct unit-level matching is unavailable, Plaintiff will allocate eligible proceeds using Costco's SKU-level Puerto Rico sales volume, revenue, inventory-allocation, or other objective business records, subject to expert analysis and discovery.

34. Plaintiff does not seek recovery for goods that cannot be shown, directly or by an objective allocation methodology, to have a qualifying Costco import entry, IEEPA duty, tariff-related pass-through, and corresponding refund or interest.

## CLASS ALLEGATIONS

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4) on behalf of the following proposed class:

**Puerto Rico Refund Class:** All Costco members domiciled in Puerto Rico who, from February 1, 2025, through February 24, 2026, purchased in Puerto Rico or through a Costco channel serving Puerto Rico an Eligible Product.

36. "Eligible Product" means a product identified through Costco's records as: (a) imported by Costco or otherwise associated with a Costco IEEPA refund; (b) subject to an IEEPA duty; (c) sold by Costco to a Puerto Rico class member at a price that included a measurable tariff-cost component; and (d) associated with an IEEPA duty refund or interest received, certified, processed, or payable to Costco.

37. Excluded from the class are Costco; Costco's subsidiaries and affiliates; officers, directors, and employees of Costco; any entity in which Costco has a controlling interest; the Court and its staff; and members of their immediate families. Also excluded from the class is any person who is bound by, or has recovered or is entitled to recover under, a final judgment or approved class settlement in Stockov v. Costco Wholesale Corp., No. 1:26-cv-02734 (N.D. Ill.), or Briggs v. Costco Wholesale Corp., No. 2:26-cv-01064 (W.D. Wash.), with respect to the same refund and interest proceeds at issue in this action.

38. Numerosity is satisfied because Costco operates multiple warehouse stores in Puerto Rico, serves thousands of Puerto Rico members, and sold thousands of eligible goods to many of those members during the class period. Plaintiff alleges, upon information and belief, that Costco's net sales in the Puerto Rico market exceed $700 million annually, which by itself renders joinder of all potentially eligible Puerto Rico purchasers impracticable.

39. Common questions include:

- whether Costco passed through a measurable portion of IEEPA duties in prices of identified Eligible Products;
- whether Costco received or is entitled to receive IEEPA refunds and interest corresponding to those duties;
- whether the relevant refund and interest proceeds are traceable to Puerto Rico Eligible Product sales through Costco's records and a common allocation methodology;
- whether Costco's retention of those proceeds constitutes unjust enrichment under Puerto Rico law; and
- the appropriate accounting, allocation, restitution, and class-wide relief.

Case MDL No. 3260 Document 120-3 Filed 09/10/26 Page 12 of 17

40. Ortiz's and the proposed class claims are typical because Mr. Ortiz and the members of the proposed class purchased representative Eligible Products at tariff-inflated prices and seek the same form of attributable refund-and-interest restitution for all.

41. Ortiz will fairly and adequately protect the class's interests. He has no interest antagonistic to those of the proposed class and has retained counsel experienced in complex and class action litigation.

42. Common issues predominate because the relevant conduct, duty payments, refunds, pricing, inventory allocation, and purchaser-identification evidence is contained in Costco's centralized records and can be addressed through common proof.

43. A class action is superior because individual tariff-related losses are modest relative to the cost and complexity of litigating the import-entry, pricing, and refund issues individually.

## CAUSES OF ACTION
## COUNT I — UNJUST ENRICHMENT / RESTITUTION
**(In the Alternative and on Behalf of Plaintiff and the Puerto Rico Refund Class)**

44. Plaintiff and the proposed class incorporates the preceding allegations.

45. Plaintiff and the proposed class conferred a benefit on Costco by paying the tariff-cost component embedded in the prices of Eligible Products. Acting in this fashion, Ortiz and the proposed class refunded Costco on each purchase the IEEPA Costco paid for duties in prices of identified Eligible Products.

46. Costco suffered no corresponding unreimbursed tariff loss to the extent it received, or is entitled to receive, IEEPA duty refunds and interest corresponding to the tariff costs passed through in the prices of Eligible Products.

47. Costco's receipt and retention of those attributable refund and interest proceeds, without an accounting and restitution to the purchasers who paid the corresponding tariff-cost component, would constitute enrichment correlated with the class's loss.

48. The enrichment alleged in this Count is not the original retail price alone. It is Costco's subsequent receipt and retention of governmental refund and interest proceeds that duplicate the measurable tariff-cost component paid by Plaintiff and the proposed class.

49. Costco lacks any lawful or equitable cause to retain, simultaneously, both (a) the tariff-cost component of the retail price Plaintiff and the Class paid, and (b) the government's refund of that identical cost, plus interest. No term of the parties' sales transaction, no Costco membership term, and no Costco policy authorizes Costco to keep both amounts, to the detriment of Mr. Ortiz and the proposed Class. Plaintiff's claim does not depend on Costco's tariff-related pricing decisions having been wrongful, unfair, or the product of any misrepresentation; a price that transparently reflects a real, contemporaneous cost is not itself inequitable. What lacks a legal or equitable cause is Costco's continued retention — after receiving a governmental refund of that same cost — of both the higher price it charged and the refund that duplicates it plus interest.

50. Plaintiff and the proposed class pleads this Count in the alternative to any contract-based theory. Upon information and belief, no Costco membership agreement, sale term, or other agreement governing Plaintiff's Eligible Product purchases expressly allocates to Costco the ownership or distribution of later governmental IEEPA duty refunds and interest attributable to a tariff-cost component passed through to purchasers, much less the permission to use such an enrichment to futher benefit its company, officers and shareholders at the expense of Mr. Ortiz and the proposed class.

51. If discovery establishes that an enforceable contract governs the specific ownership or distribution of the tariff refund proceeds at issue, Plaintiff seeks leave to plead any appropriate contractual or other remedy in the alternative.

52. Even where a valid contract governs a transaction, quasi-contractual relief remains available for benefit outside the scope of that contract. See 31 L.P.R.A. §§ 5312, 5315–5316 (2020 Civil Code); Fed. R. Civ. P. 8(d)(2)–(3) (a party may plead claims in the alternative or plead alternative statements of a claim, regardless of consistency). The retail sales contract between Costco and Plaintiffs concerned only the exchange of identified goods for the posted retail price at the time of sale; it did not, and could not, address the ownership, allocation, or distribution of a subsequent governmental refund of import duties plus interest payments that arose after the sale, from a legal challenge Costco alone initiated against the United States, based on a determination of unlawfulness the Supreme Court did not reach until February 20, 2026 — after the purchases at issue. Because no term of the parties' sales transaction addresses that later-arising, third party sourced fund, the existence of a sales contract for the underlying goods does not preclude under Puerto Rico Law an unjust-enrichment claim as to Costco's retention of the refund and interest proceeds.

53. Under Puerto Rico law, equity and unjust-enrichment principles require restitution where there is enrichment, correlative loss, a nexus between them, lack of cause for the enrichment, and no legal precept excluding the remedy. See *Montalvo v. LT's Benjamin Records, Inc.,* 56 F. Supp. 3d 121, 136 (D.P.R. 2014).

54. Plaintiff and the Puerto Rico Refund Class (the proposed class) are entitled to an accounting, restitution of the attributable IEEPA duty refunds and interest, prejudgment and post-judgment interest as allowed by law, costs, and any further equitable relief the Court deems proper.

**COUNT II — DECLARATORY JUDGMENT (28 U.S.C. §§ 2201–2202)**

(In the Alternative and on Behalf of Plaintiff and the Puerto Rico Refund Class)

55. Plaintiff incorporates the preceding allegations.

56. An actual, presently existing controversy exists between Plaintiff and the proposed class, on the one hand, and Costco, on the other, regarding the parties' respective rights to the IEEPA duty refund and interest proceeds that Costco has already received or has been certified by CBP to receive, to the extent those proceeds are attributable to a tariff-cost component passed through in the price of Eligible Products.

57. This controversy is ripe for declaratory adjudication because it concerns Costco's present and continuing conduct with respect to funds Costco already controls or has been certified to receive, not merely a hypothetical future recovery. Costco has failed to make any business decision to compensate Mr. Ortiz and the proposed class to this date, even though they have received tariff reimbursement payments.

58. Plaintiff and the Class are entitled to a declaration, pursuant to 28 U.S.C. § 2201, of the parties' respective rights and obligations with respect to those refund and interest proceeds, including a declaration that Costco may not retain, for its own benefit, the portion of those proceeds of IEEPA duty refunds and interest attributable to the tariff-cost component passed through to Plaintiff and the Class for the period claimed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed class, requests that the Court:

A. Certify the Puerto Rico Refund Class and appoint Ortiz as class representative and undersigned counsel as class counsel;

B. Declare that Costco may not retain IEEPA refund and interest proceeds to the extent they are attributable to a tariff-cost component passed through to eligible Puerto Rico purchasers (28 U.S.C. § 2201);

C. Order Costco to preserve, account for, and disclose IEEPA refund, interest, import-entry, pricing, inventory, SKU, allocation, and Puerto Rico member-transaction records relevant to Eligible Products;

D. Award restitution to Plaintiff and the Puerto Rico Refund Class in an amount established through Costco's records and an appropriate allocation methodology;

E. Award prejudgment and post-judgment interest as permitted by law;

F. Award reasonable attorneys' fees and costs where authorized; and

G. Grant further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

WE HEREBY CERTIFY that we have uploaded a pdf version of this document to the Court's CM/ECF system, which will send notice of its filing electronically to all parties of record, through their attorneys of record.

In San Juan, Puerto Rico, this 17 day of August 2026.

RESPECTFULLY SUBMITTED.

**RIVERA-ASPINALL, GARRIGA & FERNANDINI, PSC**
1647 Adams St., Summit Hills
San Juan, Puerto Rico 00920
Tel. (787) 792-8644

s/ Julián R. Rivera-Aspinall
Julián R. Rivera-Aspinall
USDC-PR No. 208506
aspinall@ragflaw.com

s/ Eduardo R. Jenks
Eduardo R. Jenks
USDC-PR No. 300110
edjenks@yahoo.com

**COLON RAMIREZ LLC**
PO Box 361920
San Juan, Puerto Rico 00936-1920
Tel: 787-425-4652
Fax: 787-425-4731

s/ Francisco E. Colón-Ramírez
Francisco E. Colón-Ramírez, Esq.
USDC-PR No. 210510
fecolon@colonramirez.com

s/ Luis G. Martinez-Llorens
Luis G. Martinez-Llorens, Esq.
USDC-PR No. 211509
Attorneys for Plaintiff and the Proposed Class