**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE RETAILER TARIFF LITIGATION** | MDL No. 3202 |

**PUMA UNITED NORTH AMERICA, LLC, PUMA NORTH AMERICA, INC., AND UNITED LEGWEAR COMPANY, LLC'S SEPARATE OPPOSITION TO MOVANTS' MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

## I. Introduction

PUMA United North America, LLC ("PUMA United"), PUMA North America, Inc. ("PNA"), and United Legwear Company, LLC ("United Legwear") (collectively, "Defendants") join in Respondents' Joint Opposition and incorporate that brief in full. They write separately to address circumstances specific to the PUMA action that independently undermine centralization and that the joint brief does not address: movants' entire theory of transfer is premised on the notion that defendants are "all major big-box and online retailers," but that premise does not hold as to this case. Defendants do not operate exclusively as direct-to-consumer retailers. Two of them do not sell to consumers at all. And the named plaintiffs include a consumer who alleges he purchased PUMA-branded products from a third-party retailer that is not even named in this case. Those facts present a distinct set of questions that would further complicate any centralized proceeding and confirm that the motion should be denied.

## II. The PUMA Action Does Not Fit Movants' Retail-Pricing Theory

Movants expressly premise centralization on their assertion that defendants in the 26 class action lawsuits are "all major big-box and online retailers[.]" Mem. at 1. However, as to the PUMA action, this is not true.

The operative complaint in *Lemense v. PUMA United North America, LLC et al.*, No. 1:26-cv-12654 (D. Mass.), names three defendants: PUMA United North America, LLC, PUMA North America, Inc., and United Legwear Company, LLC. The complaint alleges that PUMA-branded products are distributed not only through brand-operated stores and websites, but also through national and regional wholesale retailers. The proposed classes likewise encompass purchases made through any retailer or online channel at prices allegedly established or directed by Defendants. While PNA sells some PUMA-branded products through retail stores and online, it also sells many products to wholesale customers, who in turn sell them to consumers. The other two named Defendants—PUMA United and United Legwear—only sell to wholesale customers. Further, one of the named plaintiffs alleges that he purchased PUMA-branded products (distributed by PUMA United) from a Costco store. For PUMA United and United Legwear, liability would turn not on whether a defendant raised its own retail prices, but on whether and how a defendant allegedly influenced the price ultimately charged by an independent, third-party retailer that is not even a party to this proceeding.

That distinction is a fundamentally different theory of liability. Rather than asking whether a retailer defendant passed tariff costs to the consumers who bought directly from it—which all defendants deny occurred with regard to the products at issue in the complaint—the PUMA action requires analysis of the relationship between the defendants and downstream sellers: the terms of wholesale agreements, the pricing discretion retained by third-party retailers, the role of each entity in the distribution chain, which entity supplied which products, and how any tariff costs flowed from Defendant to retailer to consumer. None of that overlaps with the claims against direct retailers in the other actions, and none of it will generate discovery relevant to any other defendant in the proposed MDL.

The three-defendant structure of the PUMA action further illustrates why this case does not belong in a centralized proceeding. PNA and United Legwear are separate companies that together formed PUMA United as a joint venture to import and distribute certain PUMA-branded products; PUMA United has since been merged into United Legwear. These entities operated through two distinct supply and distribution channels. Determining which entity supplied which products, which entity had authority over pricing decisions at each level of the distribution chain, and how liability—if any—flows among them are questions that have no analog in any other action in the proposed MDL. A centralized court handling dozens of direct-retail cases would derive no efficiency from simultaneously managing those questions.

Movants have offered no explanation for how a centralized court would manage these materially different distribution and pricing models alongside the simpler direct-retail claims that form the core of every other action in the proposed MDL. The answer is that it cannot do so without imposing additional complexity and burden—the opposite of what Section 1407 is meant to achieve.

## III. Conclusion

For the foregoing reasons, and those set forth in Respondents' Joint Opposition, movants have not met their burden to establish that centralization would serve the convenience of the parties and witnesses or promote the just and efficient conduct of these actions. PUMA United North America, LLC, PUMA North America, Inc., and United Legwear Company, LLC therefore respectfully request that the Panel deny the motion for transfer and centralization.

Dated: September 10, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES

By */s/ Jeffrey B. Margulies*
JEFFREY B. MARGULIES

Attorneys for defendants
PUMA UNITED NORTH AMERICA, LLC;
PUMA NORTH AMERICA, INC; AND
UNITED LEGWEAR COMPANY, LLC
(Case No. 1:26-cv-12654)

**BEFORE THE UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE RETAILER TARIFF LITIGATION** | MDL No. 3202 |

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2026, the foregoing Puma United North America, LLC, and Puma North America, Inc., and United Legwear Company, LLC's Separate Opposition to Movants' Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system, through which all parties may also access this filing, and via electronic mail to counsel of record.

Dated: September 10, 2026

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES

By *_/s/ Jeffrey B. Margulies_*

JEFFREY B. MARGULIES
NORTON ROSE FULBRIGHT US LLP
555 S. Flower Street, 41st Floor
Los Angeles, CA 90071
Tel: 213-892-9200
Fax: 213-892-9494
jeff.margulies@nortonrosefulbright.com

Attorney for defendants
PUMA UNITED NORTH AMERICA, LLC;
PUMA NORTH AMERICA, INC; AND UNITED
LEGWEAR COMPANY, LLC
(Case No. 1:26-cv-12654)