**UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *In Re: Retailer Tariff Litigation* | MDL No. 3202 |

CERTAIN TARGET PLAINTIFFS' STATEMENT OF POSITION REGARDING MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407

Mary Sun, Barbara Grazioli, William Wolf, Christina Hill, Alexis Fennessy, Latonya Wright, Parveen Sangha, Lauren Wolf, Rozaliya Ripa, are plaintiffs and putative class representatives in *Sun et al. v. Target Corp*., Case No 2:26-cv-06391-KSM, in the U.S. District Court for the Eastern District of Pennsylvania (the "Pennsylvania Plaintiffs"). Eric Camacho, Sharon Manier, and Anddilip Somavarapu are plaintiffs and putative class representatives in *Camacho et al. v. Target Corp*., Case No 3:26-cv-08704-AGT, in the U.S. District Court for the Northern District of California (the "California Plaintiffs"). These plaintiffs have sued Target Corp. ("Target") to recover on behalf of putative classes of consumers the surcharges that Target imposed on goods bought from Target on account of tariffs imposed under the International Emergency Economics Powers Act ("IEEPA") that have been since been found to be unlawful by *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 255 (2026). Target has received at least $994m in tariff refunds but has not returned any of this money to its customers who paid inflated prices because of illegal tariffs.

In all, Target has been sued in connection with tariff refunds in five putative class actions (the "Target Cases"). *See Sun et al. v. Target Corp*., Case No 2:26-cv-06391-KSM (E.D. Pa.); *Camacho et al. v. Target Corp*., Case No 3:26-cv-08704-AGT (N.D. Ca.); *Martinez v. Target Corp.*, No. 3:26-cv-01807 (M.D. Fla.); *Cavallaro v. Target Corp.*, No. 7:26-cv-06165 (S.D.N.Y.); and *Browne v. Target Corp.*, 1:2-26-cv-04959 (E.D.N.Y.). The plaintiffs in two of those class actions – *Martinez* and *Cavallaro* – filed a Movants' Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 ("Motion") on August 14, 2026.

The Pennsylvania Plaintiffs and the California Plaintiffs take no position on the Motion. If, however, the Panel is not inclined to order transfer and centralization of all the 25 class actions listed in the Motion, the Pennsylvania Plaintiffs and the California Plaintiffs respectfully request that the Panel nonetheless transfer and centralize the Target Cases.

This Panel has in the past created defendant-specific MDLs in response to a motion to create an industry-wide MDL, without the need for a separate motion expressly seeking such transfer and centralization. *See, e.g.*, *In re Nat'l Ski Pass Ins. Litig.*, 492 F. Supp. 3d 1352 (J.P.M.L.

2020). In that case, the Panel decided that defendant-specific MDLs would "involve common questions of fact" and such MDLs would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* at 1354. Specifically, the Panel reasoned that "[t]he actions against each defendant involve common factual issues arising from putative and overlapping nationwide or statewide class actions" and that "[c]entralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary." *Id.*

The same considerations apply to the various putative class actions against Target. All the Target IEEPA tariff actions involve Target's policies and practices relating to increasing prices because of the IEEPA tariffs and its failure to reimburse consumers once the tariffs were invalidated. And all the Target IEEPA tariff actions are brought as class actions, with overlapping nationwide and/or statewide classes. Thus, centralization will allow for coordinated discovery, avoid inconsistent pretrial rulings on both the merits and procedural issues such as class certification, and otherwise allow the litigation to proceed efficiently for the benefit of plaintiffs, Target, their respective counsel, and the courts.

Dated: September 10, 2026

Respectfully submitted,

*/s/ Jason H. Kim*

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
515 S. Figueroa Street, Suite 1060
Los Angeles, CA 90071
Tel: (415) 421-7100
jkim@schneiderwallace.com
Todd M. Schneider (SBN 158253)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100

Noah A. Messing (*pro hac vice forthcoming*)
**MESSING & SPECTOR LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Tel: (212) 960-3720
nm@messingspector.com
Phillip M. Spector (*pro hac vice forthcoming*)
**MESSING & SPECTOR LLP**
145 West Ostend Street, Suite 600
Baltimore, MD 21230
Tel: (212) 960-3720
ps@messingspector.com

tschneier@schenider wallace.com
relevine@schneiderwallace.com

*Attorneys for Plaintiffs Eric Camacho et al.*

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
515 S. Figueroa Street, Suite 1060
Los Angeles, CA 90071
Tel: (415) 421-7100
jkim@schneiderwallace.com

Todd M. Schneider (SBN 158253)
Raymond S. Levine (SBN 348030)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
tschneier@schenider wallace.com
relevine@schneiderwallace.com

Laura K. Mummert (Bar No. 85964)
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
1515 Market Street - Suite 1200
Philadelphia, PA 19102
Tel: 215-854-4060
lmummert@litedepalma.com

Noah A. Messing (*pro hac vice forthcoming*)
**MESSING & SPECTOR LLP**
230 Park Avenue, 3rd Floor
New York, NY 10169
Tel: (212) 960-3720
nm@messingspector.com

Phillip M. Spector (*pro hac vice forthcoming*)
**MESSING & SPECTOR LLP**
145 West Ostend Street, Suite 600
Baltimore, MD 21230
Tel: (212) 960-3720
ps@messingspector.com

*Attorneys for Plaintiffs Mary Sun et al.*