**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: RETAILER TARIFF LITIGATION** | **MDL No. 3202** |

**INTERESTED PARTY RESPONSE IN SUPPORT OF
TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule 6.2(e) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), Plaintiff Lola Russell, the named plaintiff in *Russell v. Whaleco, Inc.*, 1:26-cv-04296 (N.D. Ill.) and *Russell v. Shein Distribution Corp., et al.*, 1:26-cv-04533 (N.D. Ill.); Plaintiffs Daniel Lemense and Ronald Rolenc, the named plaintiffs in *Lemense v. Puma United North America, LLC*, 1:26-cv-12654 (D. Mass.); Plaintiff John Adams, the named plaintiff in *Adams v. IKEA Distribution Services Inc., et al.*, 1:26-cv-07154 (N.D. Ill.); Plaintiff Tyrone Hunter, the named plaintiff in *Hunter v. Lenovo (United States) Inc., et al.*, 1:26-cv-07403 (N.D. Ill.); Plaintiff Cristina Leyva, the named plaintiff in *Leyva v. MII Brand Import, LLC, et al.*, 1:26-cv-08502 (N.D. Ill.); Plaintiffs Linda Norberg and Dora Rich, the named plaintiffs in *Norberg v. On Inc.*, 3:26-cv-01035 (D. Or.); Plaintiff Evette Tan, the named plaintiff in *Tan v. Columbia Sportswear Company, et al.*, 3:26-cv-01170 (D. Or.); Plaintiff Maximilian Mann, the named plaintiff in *Mann v. Valero Energy Corporation, et al.*, 8:26-cv-01635 (C.D. Cal.); and Plaintiffs Linda Norberg and Coty Kelly, the named plaintiffs in *Norberg v. Deckers Outdoor Corporation*, 2:26-cv-07235 (C.D. Cal.) (collectively, "Plaintiffs") file this Response in support of the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 (ECF No. 1, the "Motion to Transfer") filed by Plaintiffs Don Polistico, Tonysha Emerson, Sharon Lasseter, Zuania Martinez, Parveen Sangha, Patricia Cavallaro, Gregory Rittenhouse, and Luisa Spadafino.

## I. INTRODUCTION

Plaintiffs agree with the request of multiple other Parties in the actions comprising MDL No. 3202 (the "Related Actions") that these cases should be transferred to the Northern District of Illinois and assigned to Judge Lefkow for consolidation or coordination. The Related Actions all involve claims that the Defendants improperly shifted the economic burden of illegal tariffs onto consumers and refused to refund consumers the amount the retailer Defendants have unlawfully retained. To avoid repetition, Plaintiffs' Response focuses on the most salient points in favor of transfer and coordination.

## II. BACKGROUND

In the interest of brevity, Plaintiffs will not reiterate the allegations in their complaints or the facts that have already been presented to the Panel. However, Plaintiffs wish to emphasize that the scope of this litigation has expanded since the filing of the Motion for Transfer and Centralization (Dkt. 1), and Plaintiffs expect that it will only continue to expand. Indeed, as of the filing of this Response, there are now at least 43 Related Actions pending in 16 federal districts.

## III. ARGUMENT

All of the key considerations under Section 1407 favor transfer here. Each of the Related Actions asserts the same or similar claims against Defendants for violation of consumer protection laws, unjust enrichment, and/or money had and received, among others, based on Defendants' imposition of illegal tariff costs on their customers, and subsequent refusal to refund those costs, despite having themselves received refunds. Transferring these actions to a single court will therefore serve the interests of all involved by conserving the resources of the judiciary, the Parties, and counsel, and obviating the risk of overlapping classes and conflicting rulings from different courts on the same issues.

***First***, Plaintiffs agree that the Related Actions involve common questions of law and fact. The most prominent questions center on Defendants' pass-through of billions of dollars of unlawful tariffs to consumers, and their subsequent refusal to refund such costs to those consumers upon the retailers' receipt of tariff refunds from the United States government. These issues are common to all Actions. Accordingly, all of the Related Actions will share answers to questions such as whether Defendants paid unlawful tariffs on the items they imported; whether Defendants passed their unlawful tariff costs onto consumers; whether Defendants have sought, received, or otherwise profited from the payment of refunds; and whether Defendants have passed on any of the proceeds of such refunds to consumers. These questions will similarly arise in other yet-to-be filed cases involving other retailers.

The common questions predominate notwithstanding differences among Defendants' industries and product lines. The Panel has repeatedly rejected efforts to fracture consumer litigation by defendant or by product where a common course of conduct binds the actions. *See, e.g., In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1376-78 (J.P.M.L. 2016) (rejecting defendants' request for separate defendant-specific MDLs where five retailer and manufacturer defendants allegedly engaged in a shared industry labeling practice); *In re Allura Fiber Cement Siding Prods. Liab. Litig.*, 366 F. Supp. 3d 1365, 1365-66 (J.P.M.L. 2019) (ordering centralization over defendants' objection that the actions involved "two materially different brands" of siding, and rejecting the argument that "informal coordination of common discovery is preferable to centralization"). The same logic applies here. Each Related Action alleges that the Defendant – all of whom are manufacturers or retailers – collected unlawful tariff costs from consumers, received or is entitled to receive refunds from the United States government, and refused to remit those refunds to consumers. Whatever variation exists among

Defendants' pricing systems and refund-processing practices presents factual questions suited for coordinated discovery before a single transferee court, not a basis for parallel litigation in 43 actions pending across 16 districts.

***Second***, coordinated or consolidated pretrial proceedings will conserve the resources of the Parties, the judiciary, and counsel, and will avoid the risk of inconsistent rulings and overlapping classes. The Panel's efficiency rationale fits this litigation exactly: "[c]entralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including with respect to class certification and Daubert motions; and conserve the resources of the parties, their counsel, and the judiciary." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d at 1378; *accord In re Refund Anticipation Loan Litig.*, 856 F. Supp. 2d 1336, 1337 (J.P.M.L. 2012); *In re Target Corp. Customer Data Sec. Breach Litig.*, 11 F. Supp. 3d 1338, 1339 (J.P.M.L. 2014). The named plaintiffs across the Related Actions plead nationwide or multi-state consumer classes against many of the same Defendants and their common corporate affiliates, so absent centralization, several courts would consider certification of overlapping classes on parallel schedules. Each Defendant is likewise poised to raise the same threshold questions on the pleadings, including consumer standing to recover an allegedly overcharged tariff, the availability of unjust enrichment and money-had-and-received on a pass-through theory, and the reach of state consumer-protection statutes as applied to federally-imposed tariff costs. Different courts reaching different answers on those substantially similar threshold questions would fracture the litigation before it begins. Centralization also permits a single court to coordinate common discovery from Defendants and their shared import, logistics, and refund-processing affiliates, avoiding parallel document, deposition, and Rule 30(b)(6) demands across 43 dockets in 16 districts.

***Third***, the Northern District of Illinois is the appropriate transferee district, and the

Honorable Joan H. Lefkow is a well-suited transferee judge. The Panel has repeatedly selected the Northern District of Illinois for nationwide consumer litigation because the district "provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide." *See, e.g., In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d at 1378; *see also In re Refund Anticipation Loan Litig.*, 856 F. Supp. 2d at 1337 (district is "convenient and centrally located"); *In re Unified Messaging Sols. LLC Patent Litig.*, 883 F. Supp. 2d 1340, 1342 (J.P.M.L. 2012) (district is "easily accessible and centrally-located for these widely spread parties, including several defendants located within the district"). Seven Related Actions are already pending in the Northern District of Illinois – the largest concentration of Related Actions in any single district, matched only by the Eastern District of New York – and Chicago is centrally located among Defendants' principal places of business and is readily reachable through O'Hare International Airport, one of the nation's busiest transportation hubs.

Judge Lefkow is also an appropriate judge to handle this litigation. The Panel selected her as the transferee judge for MDL No. 2371 in 2012, and she managed that consolidated litigation through claim construction and dispositive motions. *See In re Unified Messaging Sols. LLC Patent Litig.*, 883 F. Supp. 2d at 1342. Her prior transferee-judge experience and continuous service on the Northern District of Illinois bench since 2000 reflect the "existing knowledge" and "experience with complex cases" that have been described as central to selecting a transferee judge. Hon. Karen K. Caldwell, *Inside the Judicial Panel on Multidistrict Litigation (JPML)*, Judicature, Winter 2024, https://judicature.duke.edu/articles/inside-the-jpml/ (last visited Sept. 10, 2026). Judge Lefkow is already presiding over one of the constituent actions before the Panel, *Russell v. Shein Distribution Corp.*, No. 1:26-cv-04533 (N.D. Ill.), and she is therefore familiar with the pleadings, defendants, and legal theories at issue in this litigation. The Panel routinely gives significant weight to a

proposed transferee judge's existing supervision of a constituent action, both as evidence of familiarity with the litigation and as a source of practical efficiencies at the outset of centralized proceedings. *See In re Unified Messaging Sols. LLC Patent Litig.*, 883 F. Supp. 2d at 1342 (selecting Judge Lefkow as transferee judge in part because she was "presiding over the Walgreen action").

***Fourth,*** no alternative to centralization is workable in these circumstances. The 43 Related Actions are proceeding against dozens of Defendants in 16 districts geographically disbursed from coast to coast, and additional Related Actions continue to be filed. Informal coordination among so many separately-represented Defendants and plaintiff groups cannot achieve the pretrial consistency that Section 1407 provides. Nor could a Section 1404(a) transfer of one or more subject cases meaningfully consolidate the litigation, given its geographic and defendant-specific spread. Centralization before a single transferee court is thus the most efficient, practical, and workable path to coordinated discovery, unified motion practice, and consistent class-certification treatment.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully join the request that the Related Actions be transferred pursuant to 28 U.S.C. § 1407 to the United States District Court for the Northern District of Illinois before Judge Lefkow for consolidated or coordinated proceedings.

Dated: September 10, 2026

Respectfully submitted,

*/s/ Evan M. Meyers*

Myles McGuire
Evan M. Meyers
Joseph Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.

Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
jdunklin@mcgpc.com

*Counsel for Plaintiffs Lola Russell, Daniel Lemense, Ronald Rolenc, John Adams, Tyrone Hunter, Cristina Leyva, Linda Norberg, Dora Rich, Evette Tan, Maximilian Mann, and Coty Kelly.*