**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: RETAILER TARIFF LITIGATION | MDL NO. 3202 |

**COSTCO'S OPPOSITION TO MOVANTS' AMENDED MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

# TABLE OF CONTENTS

**Page**

PROCEDURAL BACKGROUND ........................................ 1

COSTCO'S ADDITIONAL ARGUMENTS AGAINST CENTRALIZATION ........................................ 2

1. Centralization Would Impede Resolution of Costco's Dispositive Motions. .......... 2
2. The First-to-File Rule and Informal Coordination Provide Efficient Alternatives to Centralization. ........................................ 3
3. In the Event Centralization of the Costco Actions Becomes Warranted, Any Costco-Specific MDL Should Proceed in the Northern District of Illinois Before Judge Seeger. ........................................ 4

CONCLUSION ........................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*In re Best Buy Co., Cal. Song-Beverly Credit Card Act Litig.*,
804 F.Supp.2d 1376 (J.P.M.L. 2011)....3

*Briggs et al. v. Costco Wholesale Corp.*,
No. 2:26-cv-01064 (W.D. Wash. Mar. 27, 2026)....2

*In re Colgate Optic White Toothpaste Mktg. & Sales Pracs. Litig.*,
232 F.Supp.3d 1346 (J.P.M.L. 2016)....3, 4

*In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*,
899 F.Supp.2d 1378 (J.P.M.L. 2012)....4

*In re Libr. Editions of Children's Books*,
297 F.Supp. 385 (J.P.M.L. 1968)....5

*In re Nat'l Grid Tax Gross-Up Adder Litig.*,
669 F.Supp.3d 1381 (J.P.M.L. 2023)....3, 5

*In re Ocwen Fed. Bank FSB Mortg. Servicing Litig.*,
314 F.Supp.2d 1376 (J.P.M.L. 2004)....5

*Ortiz v. Costco Wholesale Corp.*,
No. 3:26-cv-01164 (D.P.R. Mar. 18, 2026)....2

*In re Paycheck Prot. Program Agent Fees Litig.*,
481 F.Supp.3d 1335 (J.P.M.L. 2020)....4

*In re SLB Enter. RICO Litig.*,
412 F.Supp.3d 1350 (J.P.M.L. 2019)....3

*In re Smith & Nephew BHR & R3 Hip Implant Prods. Liab. Litig.*,
249 F.Supp.3d 1348 (J.P.M.L. 2017)....5

*Stockov v. Costco Wholesale Corp.*,
No. 1:26-cv-02734 (N.D. Ill. Mar. 11, 2026)....1

*In re Walden Univ., LLC, Doctoral Program Litig.*,
273 F.Supp.3d 1367 (J.P.M.L. 2017)....3

Defendant Costco Wholesale Corporation ("Costco") opposes Movants' request to centralize twenty-five actions against fifteen different companies—many of whom are competitors—and joins in full defendants' joint opposition (Dkt. No. 108), which explains why the proposed centralization would promote neither efficiency nor convenience.

Costco writes separately to explain why centralization is particularly unwarranted for the cases pending against Costco, where dispositive motions that raise threshold justiciability defects are under submission and efficient alternatives to centralization remain available in the event more than one case proceeds past the pleadings. The Motion should be denied.

## PROCEDURAL BACKGROUND

Costco incorporates the background set forth in defendants' joint opposition (Dkt. No. 108 at 9–10) and provides the following further details concerning the three cases pending against Costco in federal district courts (the "Costco Actions").[1]

The first case filed against Costco—*Stockov v. Costco Wholesale Corp.*, No. 1:26-cv-02734 (N.D. Ill. Mar. 11, 2026)—has been proceeding before the Honorable Steven C. Seeger in the Northern District of Illinois since March 2026. On behalf of a putative nationwide class, as well as a subclass for those in Illinois, California, Florida, Michigan, Missouri, New Jersey, New York, Ohio, Washington, and Wisconsin, Stockov asserts claims under state consumer protection statutes—claims that are premised in substantial part on specific earnings-call statements regarding how the company was navigating the evolving tariff environment. Stockov also seeks Costco's tariff refunds on unjust enrichment and money-had-and-received theories.

Costco moved to dismiss the *Stockov* complaint in its entirety for lack of Article III jurisdiction and for failure to state a claim. Costco's motion was fully briefed as of June 30, 2026,

[1] Costco does not address here an additional case pending in Washington state court.

and the parties are awaiting a decision.

A month after service in *Stockov*, Costco was served with a materially similar complaint filed in the Western District of Washington. That action—*Briggs et al. v. Costco Wholesale Corp.*, No. 2:26-cv-01064 (W.D. Wash. Mar. 27, 2026)—was brought by seven plaintiffs from four different states (Ohio, California, Pennsylvania, and Washington) on behalf of a putative nationwide class. Like *Stockov*, the *Briggs* complaint asserts violations of state consumer protection statutes based on Costco's earnings-call statements and also brings unjust enrichment and money-had-and-received claims.

As in *Stockov*, Costco has moved to dismiss for lack of Article III jurisdiction and for failure to state a claim. In the alternative, Costco has requested to stay the case under the first-to-file rule. Briefing on Costco's motion concluded on August 7, 2026.

An additional follow-on case—not identified in Movants' Schedule of Actions—is pending against Costco in the District of Puerto Rico: *Ortiz v. Costco Wholesale Corp.*, No. 3:26-cv-01164 (D.P.R. Mar. 18, 2026). *See* Dkt. No. 120 (Notice of Related Action). As in *Briggs*, Costco filed a motion to dismiss the *Ortiz* complaint in its entirety or, in the alternative, to stay the case under the first-to-file rule. In response, Ortiz filed a First Amended Complaint on August 17, 2026. Costco plans to renew its motion to dismiss or stay the case.

## <u>COSTCO'S ADDITIONAL ARGUMENTS AGAINST CENTRALIZATION</u>

Defendants' joint opposition explains why Movants' proposed sweeping, cross-industry MDL does not satisfy the requirements of Section 1407. Dkt. No. 108. Costco joins those arguments and does not repeat them here, but sets forth herein additional reasons why centralization would be particularly harmful to Costco.

### 1. Centralization Would Impede Resolution of Costco's Dispositive Motions.

There is no efficiency to be gained through centralizing the Costco Actions now. Costco's

dispositive motion to dismiss—on justiciability and independent merits grounds—was fully briefed in the first-filed case months ago and is awaiting decision. Briefing has also concluded on Costco's motion to dismiss in the later-filed case, *Briggs*, and Costco's renewed motion to dismiss the amended complaint in the other follow-on case, *Ortiz*, will be fully briefed in short order.

If successful, Costco's motions would dispose of the Costco Actions entirely, leaving nothing to centralize. With only three federal actions pending against Costco, a "reasonable prospect exists that the multidistrict character of this litigation could be resolved through" resolution of Costco's motions. *In re Nat'l Grid Tax Gross-Up Adder Litig.*, 669 F.Supp.3d 1381, 1382 (J.P.M.L. 2023). Transfer at this juncture would only unjustly delay Costco's efforts to efficiently resolve the Costco Actions through dispositive motions.

**2. The First-to-File Rule and Informal Coordination Provide Efficient Alternatives to Centralization.**

Even if the Costco Actions survive Costco's pending dispositive motions, efficient alternatives to centralization remain available. As the Panel has emphasized, "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Cal. Song-Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L. 2011).

In both of the later-filed Costco Actions—*Briggs* and *Ortiz*—Costco has already moved for a stay under the first-to-file rule. The Panel has consistently recognized the first-to-file rule's "potential to streamline" litigation "without resort to the Section 1407 framework." *In re Walden Univ., LLC, Doctoral Program Litig.*, 273 F.Supp.3d 1367, 1369 (J.P.M.L. 2017); *see also, e.g.*, *In re SLB Enter. RICO Litig.*, 412 F.Supp.3d 1350, 1352 & n.5 (J.P.M.L. 2019) (denying centralization where the first-to-file rule provided an avenue for staying later-filed, duplicative cases); *In re Colgate Optic White Toothpaste Mktg. & Sales Pracs. Litig.*, 232 F.Supp.3d 1346, 1347 (J.P.M.L. 2016) (same).

In the event the later-filed Costco Actions are not stayed under the first-to-file rule, several other mechanisms remain available as superior alternatives to centralization. *In re Paycheck Prot. Program Agent Fees Litig.*, 481 F.Supp.3d 1335, 1338 (J.P.M.L. 2020) (denying centralization where "[a]lternatives to centralization [were] available to minimize duplicative pretrial proceedings" because "all actions [were] in their infancy"). As one option, plaintiffs could agree "to voluntarily dismiss their actions in favor of one district." *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F.Supp.2d 1378, 1380 (J.P.M.L. 2012). Absent that, "cooperation and coordination among the parties and the various transferor courts" can be explored. *Id.* With the same counsel representing Costco in each of the Costco Actions—and few plaintiffs' counsel and courts involved—such informal coordination should be practicable here "to minimize or eliminate the possibility of duplicative discovery in the absence of an MDL." *In re Colgate*, 232 F.Supp.3d at 1347 (concluding informal coordination is preferable to centralization where three cases were pending against a single defendant).

**3. In the Event Centralization of the Costco Actions Becomes Warranted, Any Costco-Specific MDL Should Proceed in the Northern District of Illinois Before Judge Seeger.**

Centralization of the Costco Actions should only be considered as a last resort once all of the available alternatives to centralization have proven insufficient. *See In re Gerber*, 899 F.Supp.2d at 1379, 1381 (explaining that centralization could be revisited at a later time if alternatives were inadequate or circumstances changed). Even then, any such centralization should be limited to the Costco Actions,[2] and a strong showing of need would be required to centralize so

[2] For all the reasons explained in defendants' joint opposition, the proposed omnibus, cross-industry MDL would be inefficient and unworkable regardless of how the underlying actions progress. In no event should the Costco Actions be centralized with unrelated actions against different defendants who made different public statements about tariffs and different pricing decisions for different products.

few actions. *See In re Nat'l Grid Tax Gross-Up Adder Litig.*, 669 F.Supp.3d at 1382.

If more than one of the Costco Actions proceeds past the pleadings, the later-filed actions are not stayed under the first-to-file rule, and informal coordination is not possible, at that juncture a Costco-specific MDL might become necessary. For any such Costco-specific MDL, the Northern District of Illinois would be the most appropriate transferee district, where the MDL could be assigned to Judge Seeger, who is currently presiding over *Stockov*, the first-filed and furthest-along Costco Action. By virtue of presiding over the first-filed action, Judge Seeger would be "well situated to structure this litigation so as to minimize delay and avoid unnecessary duplication of discovery and motion practice." *In re Smith & Nephew BHR & R3 Hip Implant Prods. Liab. Litig.*, 249 F.Supp.3d 1348, 1352 (J.P.M.L. 2017). Given that the three Costco Actions are geographically dispersed (stretching from Seattle to Puerto Rico), the centrally located Northern District of Illinois is also a convenient forum for this nationwide litigation. *See In re Ocwen Fed. Bank FSB Mortg. Servicing Litig.*, 314 F.Supp.2d 1376, 1379 (J.P.M.L. 2004); *In re Libr. Editions of Children's Books*, 297 F.Supp. 385, 387 (J.P.M.L. 1968) ("[T]here is still something to be said for the convenience of a geographically central forum in coast-to-coast litigation.").

## CONCLUSION

The Panel should deny Movants' proposed sweeping, cross-industry MDL for the reasons set forth above and in defendants' joint opposition. The Panel should also decline to order any Costco-specific centralization at this time, but if a Costco-specific MDL were to become necessary, Costco respectfully submits that the Northern District of Illinois would be the most appropriate transferee forum, and Judge Seeger the most appropriate transferee judge.

Dated: September 11, 2026

**MUNGER, TOLLES & OLSON LLP**

*/s/ Brad D. Brian*

Brad D. Brian
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Tel: (213) 683-9100
Brad.Brian@mto.com

*Counsel for Costco Wholesale Corporation*