**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: RETAILER TARIFF LITIGATION | MDL NO. 3202 |

**INTERESTED PARTY RESPONSE OF NIKON INC. AND NIKON AMERICAS INC. IN OPPOSITION TO AMENDED MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Nikon Inc. and Nikon Americas Inc. (collectively, the "Nikon Parties") submit this Interested Party Response pursuant to the Panel's Minute Order, dated September 18, 2026 (Dkt. 160), and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.

The Nikon Parties have been named as defendants in *Scheflen v. Nikon Americas Inc.*, Case No. 2:26-cv-5455-JMW, a potential tag-along action pending in the Eastern District of New York.[1] Additionally, Nikon Inc. has been named as a defendant in *Barnes v. Nikon Inc.*, Case No. 2:26-cv-04940-JMW, an action that is also pending in the Eastern District of New York. *Barnes* has previously been identified as a related action in this proceeding. (*See* Dkt. 42.)

1. Simultaneously with this Interested Party Response, the Nikon Parties are filing a Notice of Related Action regarding the *Scheflen* action.

**The Amended Motion for Transfer and Centralization Should Be Denied for the Reasons Set Forth in Respondents' Joint Opposition**

The Nikon Parties join in full in Respondents' Joint Opposition to Movants' Amended Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 (Dkt. 108) (the "Joint Opposition"). As set forth in the Joint Opposition, (i) the actions included in the Motion do not share significantly common factual issues, (ii) in the unlikely event that any of the actions survives a motion to dismiss, discovery in these actions would not overlap, and (iii) the centralization of the actions would not promote efficient, just or consistent pretrial proceedings. *See, e.g., In re Tobacco/Governmental Health Care Costs Litig.,* 76 F. Supp. 2d 5, 8 (D.D.C. 1999).

**Transfer and Centralization of the Actions Is Especially Unwarranted as to the Nikon Parties**

The *Scheflen* and *Barnes* actions illustrate why transfer and centralization would be inappropriate here.

First, as pled, the factual allegations in *Scheflen* and *Barnes* raise individualized issues specific to each of those actions. These issues include the alleged purchasing decisions made by Mr. Scheflen and Mr. Barnes, the alleged pricing decisions made by the Nikon Parties with respect to the purchased products, and the alleged public statements made by the Nikon Parties regarding the IEEPA tariffs.

Second, the claims in *Scheflen* and *Barnes* depend on acts and omissions that each plaintiff attributes solely to the Nikon Parties and not to any other Respondent in this proposed proceeding. There are no allegations in either action of a common scheme or concerted action among the Nikon Parties and the Respondents here.

Third, transferring the *Scheflen* and *Barnes* actions to the proposed proceeding would potentially expose the Nikon Parties' proprietary information – including highly-sensitive pricing

information – to one of its principal competitors, Canon U.S.A., Inc. (*see* Dkt. 108 at 5 n.1). Nikon and Canon are large camera sellers that compete with each other head-to-head; movants do not offer any justification for forcing these two business rivals to defend themselves in the same centralized proceeding.

Finally, and perhaps most tellingly, the plaintiff in the *Barnes* action also opposes transfer and centralization. *See* Dkt. 138. As Mr. Barnes notes in his opposition, movants are seeking to combine a wide array of Retailer Defendants who do not operate in the same industries or make decisions in the same way.[2] *Id.* at 4. According to Mr. Barnes, there are no allegations that Retailer Defendants acted in concert, "there will be no overlap in deponents," competitors "would be forced together," and the centralized proceeding could "quickly become unwieldly." *Id.* at 8, 9, 11.

**Conclusion**

For the foregoing reasons, the Panel should deny Movants' Amended Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407.

New York, New York
September 21, 2026

HUGHES HUBBARD & REED LLP

By: */s/ Seth D. Rothman*
Seth D. Rothman
Emma L. Baratta

One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
seth.rothman@hugheshubbard.com
emma.baratta@hugheshubbard.com

Attorneys for Nikon Americas Inc. and Nikon Inc.

[2] For example, Nikon sells its products through an authorized dealer network as well as through direct sales to consumers, which likely distinguishes it from many of the other Retailer Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, the foregoing Interested Party Response in Opposition to Amended Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system, through which all parties may also access this filing, and via electronic mail to counsel of record.

Dated: September 21, 2026

*/s/ Seth D. Rothman*
Seth D. Rothman