**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MURIEL SOFFER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MANGO MNG USA, INC. and MANGO NY, INC.<br><br>Defendants. | Civil Action No.: 1:26-cv-6580<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Muriel Soffer ("Plaintiff"), by and through her attorney, makes the following allegations against Defendants Mango MNG USA, Inc. and Mango NY, Inc. ("Defendants" or "Mango") pursuant to the investigations of her counsel and upon information and belief, except as to the allegations specifically pertaining to herself or her counsel, which are based upon personal knowledge.

## INTRODUCTION

1. This is a class action seeking monetary damages, restitution, and declaratory relief arising from Defendants' practice of raising the prices it charged consumers in order to pass on the tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and Defendants' refusal to refund those overcharges to consumers even as Defendants sue the federal government to recover for itself the very same tariffs that consumers actually paid.

2. Mango is one of the largest fashion retailers in the world. Mango imports almost all the products that it sells in the United States from other countries including, but not limited to, Spain, China, Vietnam, and India, which were subject to IEEPA tariffs. While the IEEPA tariffs

were in effect, Mango paid those tariffs to U.S. Customs and Border Protection ("CBP") and passed the tariff burden on to consumers like Plaintiff and the Class in the form of higher prices.

3. On February 20, 2026, the United States Supreme Court held that IEEPA tariffs were illegal. *See Learning Res., Inc. v. Trump*, 146 S. Ct. 628 (2026).

4. Following this decision, the importer of record became entitled to refunds of the duties they had previously paid. The consumers who ultimately paid those tariffs, like Plaintiff and the proposed Class, have no statutory right of action to pursue or collect a refund of the illegal tariffs they paid.

5. While Defendants are eligible for a full tariff refund, it has not refunded a penny to the consumers who actually paid those tariffs through inflated prices, nor has it given any indication that it intends to do so. Defendants thus stand to recover the tariff costs twice. Once from its customers through higher prices, and again from the government through its refund suit, while keeping the windfall for itself.

6. Therefore, Plaintiff brings this suit on behalf of herself, and all similarly situated against Defendants for violations of N.Y. Gen. Bus. Law § 349, money had and received, and unjust enrichment.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

8. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within New York, including by marketing, distributing, and selling their products to consumers throughout this District, including to Plaintiff who made purchases at

issue in this district.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Defendants are headquartered in this District.

## PARTIES

10. Plaintiff Muriel Soffer is an individual consumer who, at all times material hereto, was a citizen of Brooklyn, New York. In or around September 2025, Ms. Soffer purchased multiple items from the Mango website. Plaintiff paid retail prices for the products that were increased by Defendants to account for the tariffs imposed on imported products. Plaintiff would not have paid those higher prices, absent the unlawful tariffs and Defendant's actions in passing the costs of tariffs onto consumers.

11. Defendant Mango MNG USA, Inc. is a Delaware corporation with its principal place of business in New York, NY.

12. Defendant Mango NY, Inc. is a Delaware corporation with its principal place of business in New York, NY.

13. Defendants market and distribute their products throughout New York and the United States.

## FACTUAL ALLEGATIONS

### A. The IEEPA Tariffs

14. Beginning in February 2025, President Trump issued a series of Executive Orders imposing tariffs on goods imported from most foreign countries, including Canada, Mexico,

China, and other U.S. trading partners. According to the administration, these tariffs were authorized by IEEPA, 50 U.S.C. §§ 1701–1708.[1]

15. Enacted in 1977, IEEPA authorizes the President to exercise certain economic powers after declaring the existence of an "unusual and extraordinary threat … to the national security, foreign policy, or economy of the United States." 50 U.S.C. § 1701(a).

16. Under the purported authority of IEEPA, the President issued a series of orders, including Executive Order 14257, the so-called "Liberation Day" Order, that imposed a baseline 10% ad valorem duty on products from nearly all countries, additional country-specific rates ranging as high as 50%, and rates as high as 125% on imports from China.[2] These orders directly affected Zara's principal sourcing countries, including Spain, China, India, and Vietnam.

17. On May 28, 2025, the United States Court of International Trade ("CIT") held that the President's tariffs "exceed any authority" granted to him by IEEPA. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350, 1383 (Ct. Int'l Trade 2025). The Federal Circuit, sitting en banc, affirmed in August 2025. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

18. On February 20, 2026, the United States Supreme Court affirmed, holding that IEEPA did not authorize the President to unilaterally impose tariffs. *Learning Res., Inc. v. Trump*, 146 S. Ct. 628 (2026). The President then issued an Executive Order terminating the IEEPA tariffs, and on February 22, 2026, CBP announced that it would halt the collection of all IEEPA duties effective February 24, 2026.[3]

---

[1] https://www.whitehouse.gov/presidential-actions/2025/04/regulating-imports-with-a-reciprocal-tariff-to-rectify-trade-practices-that-contribute-to-large-and-persistent-annual-united-states-goods-trade-deficits/.

[2] Executive Order 14257, 90 Fed. Reg. 21831 (May 12, 2025)

[3] https://content.govdelivery.com/accounts/USDHSCBP/bulletins/40b11c9.

19. While the IEEPA tariffs were in place, CBP collected more than $166 billion in duties.[4]

**B. Mango Passed the Unlawful Tariffs on to Consumers**

20. Throughout the Class Period, Mango paid significant IEEPA tariffs to CBP on its imported goods and passed that tariff burden on to consumers in the form of higher prices.

21. Following the rollout of the IEEPA tariffs, an analysis found that Mango had increased their U.S. price by 8% from April 2025 to May 2025 but kept their European prices steady.[5] Furthermore, Mango had increased prices on 43% of its US collection.[6] By October 2025, consumers were still noticing price increases.[7]

22. This is unsurprising given that tariffs disproportionally affected clothing and textiles in 2025, with consumers facing 38% higher apparel prices by August 2025.[8]

23. Defendants increased the prices of their imported and import-dependent products, including clothing and accessories sold in its United States stores, during the Class Period because of the IEEPA tariffs. As a direct result of Mango's tariff pass-through pricing, Plaintiff and the putative Class paid more for Mango products than they would have absent the unlawful IEEPA tariff-related price increases.

---

[4] https://www.cnbc.com/2026/06/09/us-customs-agency-trade-judge-to-seek-path-to-final-tariff-refunds.html.

[5] https://www.lectra.com/en/library/tracking-tariff-turmoil-data-driven-insights-on-fashions-response-to-import-tariffs

[6] *Id*.

[7] https://nypost.com/2025/10/08/lifestyle/zara-mango-fashion-brand-hikes-shock-us-shoppers-amid-tariffs/

[8] https://budgetlab.yale.edu/node/1002/pdf

### C. Mango Seeks a Refund for Itself While Withholding it from Consumers

24. In the wake of the Supreme Court's February 2026 decision, thousands of importers filed cases in the CIT to recover tariff refunds from the government. The CIT has ruled that "[a]ll importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the *Learning Resources* decision." *Atmus Filtration, Inc. v. United States*, No. 26-01259, 2026 WL 679285 at *1 (Ct. Int'l Trade Mar. 5, 2026). And further ordered CBP to liquidate or reliquidate affected entries "without regard to IEEPA duties." *Id*. at *2.

25. CBP thereafter released the Consolidated Administration and Processing of Entries ("CAPE") tool within the Automated Commercial Environment Secure Data Portal ("ACE Portal") to process importers' tariff refund requests, and the first wave of tariff refunds (plus interest) began reaching importers in 2026.[9]

26. Those refunds, however, may be issued only to entitled importers of record.[10] The consumers who actually paid the tariffs have no way to recover money for the higher prices they paid, despite evidence that companies like Mango were passing through higher costs directly on to consumers.

27. Mango has taken full advantage of the importer-only refund mechanism. On March 24, 2026, Mango filed *Mango MNG, S.A. et al v. United States of America et al*, Docket No. 1:26-cv-02443 (Ct. Int'l Trade Mar 24, 2026), against the President, the United States, CBP, and other federal officials, seeking a declaration that the tariffs are unlawful and "a refund of the amount of any tariffs imposed under IEEPA."

[9] https://www.cbp.gov/trade/programs-administration/trade-remedies/ieepa-duty-refunds
[10] *Id*.

28. In that complaint, Mango alleges that it "has paid a significant sum in IEEPA duties on these imports pursuant to the Challenged Orders in excess of what it would have paid absent the tariffs imposed by the Challenged Orders." *Id*. at ¶ 79.

29. Despite seeking a full refund of the tariffs it paid, Mango has not refunded the overcharges to Plaintiff and the Class, nor has it indicated any intention to do so.

30. Therefore, Defendants stand to receive a windfall. It recovered tariff costs from consumers and now will double down by recouping those same costs from the government.

31. Plaintiff brings this action on behalf of herself, and all similarly situated persons to recover damages and equitable relief arising from Defendants' unlawful retention of the tariff refund.

## **CLASS ALLEGATIONS**

32. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

> **Nationwide Class**
>
> All natural persons who made a purchase from Mango in the United States within the applicable statute of limitations period.
>
> **New York Subclass**
>
> All natural persons who made a purchase from Mango in the State of New York within the applicable statute of limitations period.

33. Excluded from the Classes are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

34. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

35. Plaintiff is a member of both classes.

36. Numerosity: The proposed Classes are so numerous that joinder of all members would be impractical. Defendants' products are sold throughout the United States and the State of New York. The number of individuals who purchased products during the relevant time period is at least in the tens of thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

37. Common Questions Predominate: There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

(a) whether Defendants passed on IEEPA tariff-related charges to Plaintiff and the Classes through increased prices;

(b) the amount by which Plaintiff and the Classes were overcharged for Mango products because of the illegal tariffs;

(c) Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices;

(d) Whether Defendants' unlawful conduct, as alleged herein, was intentional and knowing;

(e) Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

(f) Whether Plaintiff and the Classes are entitled to statutory damages, and if so, in what amount; and

(g) Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

38. Defendants have engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendants passing through tariffs onto consumers through higher prices then seeking a refund for those tariffs without refunding consumers. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of unlawful conduct.

39. Superiority: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

40. Typicality: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes, including Plaintiff, are similarly affected by Defendants' uniform conduct as alleged herein.

41. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and her counsel.

42. Defendants have also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

## CLAIMS FOR RELIEF

## COUNT I

**Violation of the New York General Business Law § 349**
**(On behalf of the New York Subclass)**

43. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

44. Plaintiff brings this cause of action on behalf of herself and members of the New York Subclass against Defendants.

45. Plaintiff and New York Subclass members are "persons" within the meaning of the GBL § 349(h).

46. Each Defendant is a "person, firm, corporation or association or agent or employee thereof" within the meaning of GBL § 349(b).

47. Under GBL § 349, "[d]eceptive acts or practices in the conduct of any business, trade or commerce are unlawful."

48. Defendants engaged in deceptive and materially misleading acts and practices in the conduct of trade or commerce by charging Plaintiff and New York Subclass members inflated prices that incorporated the IEEPA duties Defendants paid to CBP, and by continuing to

charge and retain those overcharges after the tariffs were invalidated, all while being entitled to a refund of those tariffs.

49. In doing so, Defendants engaged in deceptive acts or practices in violation of GBL § 349.

50. Defendants' acts and practices were likely to, and did, deceive reasonable consumers, including Plaintiff, about the true and lawful price and value of Defendants' products, by causing them to pay prices inflated by tariff charges that were unlawful and that Defendants have not refunded. Defendants did not disclose to Plaintiff and similarly situated consumers that it could recover the tariff costs it was passing through, or that consumers would receive no portion of any such refund.

51. Plaintiff and New York Subclass members were unaware of, and lacked a reasonable means of discovering, the material facts that Defendants withheld.

52. Defendants' actions set forth above occurred in the conduct of trade or commerce.

53. The foregoing deceptive acts and practices were directed at consumers.

54. Defendants' misleading conduct concerns widely purchased consumer products and affects the public interest. Defendants' conduct includes unfair and misleading acts or practices that have the capacity to deceive consumers and are harmful to the public at large.

55. Plaintiff and New York Subclass members suffered ascertainable loss as a direct and proximate result of Defendants' GBL violations in that in that they paid more for Mango products than they otherwise would have had Defendants not passed through and retained the illegal tariff costs.

56. On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin Defendants' unlawful acts and practices described herein, to recover their actual

damages or $50, whichever is greater, reasonable attorney's fees and costs, and any other just and proper relief available under GBL § 349.

**<u>COUNT II</u>**

**Unjust Enrichment**
**(On behalf of the Classes)**

57. Plaintiff realleges and incorporates by reference all preceding allegations of this Complaint as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the members of the Class and the New York Subclass against Defendants.

59. Plaintiff and Class members conferred a monetary benefit on Defendants when they purchased products from Mango at increased prices due to the unlawful IEEPA tariffs that Defendants passed through to its customers.

60. Defendants appreciated and accepted the monetary benefits that Plaintiff and Class members conferred when they purchased Mango products at higher prices due to the IEEPA tariffs, and Defendants profited from passing those tariffs on to their customers.

61. Despite the IEEPA tariffs having been declared unlawful, and despite being eligible to recover those very tariffs for themselves, Defendants have not refunded to Plaintiff and Class members the overcharges they paid while the tariffs were in place, nor have Defendants made any indication that they intend to do so.

62. It would be unjust and inequitable for Defendants to retain the overcharges paid by Plaintiff and Class members, because those overcharges comprise illegal tariff costs that Defendants passed along to their customers and that Defendants are simultaneously seeking to recover from the government. Plaintiff and Class members would reasonably have expected Defendants to refund those overcharges once the tariffs were invalidated.

63. Plaintiff and Class members suffered injury as a direct and proximate result of Defendants' decision to keep the unlawful tariff overcharges it passed along to its customers. Defendants should not be permitted to retain the benefits, in the form of higher prices, that Plaintiff and Class members paid as a result of the illegal tariffs. Plaintiff and the Classes therefore seek restitution and disgorgement of the benefits conferred upon Defendants in the form of their IEEPA tariff payments, the exact amount of which will be proven at trial.

## COUNT III

**Money Had and Received**
**(On behalf of the Classes)**

64. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

65. Defendants received monies from Plaintiff and Class members in the form of tariff pass-through surcharges.

66. Defendants received this money in order to recoup the IEEPA tariffs that Defendants, as the importer of record, had paid to U.S. Customs and Border Protection as duties on imported goods.

67. The Supreme Court has since determined that those tariffs were unlawful.

68. Defendants are now positioned to recover refunds of the IEEPA tariffs from the U.S. government through the CAPE refund process.

69. The money that Defendants will recover from the government as IEEPA tariff refunds represents, in equity, a return of money that belonged to Plaintiff and to each Member of the proposed classes, the consumers who paid elevated prices due to Defendants' tariff pass-through.

70. Defendants have not returned this money to Plaintiff or the Class.

71. In equity and good conscience, Defendants should not be permitted to retain the funds it recovers or has recovered from the government as IEEPA tariff refunds. Those funds belong, in equity, to Plaintiff and the Class, and Defendants are obligated to return them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of herself and members of the Class and New York Subclass as follows:

a. For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For injunctive relief enjoining the illegal acts detailed herein;

f. For prejudgment interest on all amounts awarded;

g. For an order of restitution and all other forms of equitable monetary relief;

h. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: July 31, 2026 **BURSOR & FISHER, P.A.**

By: */s/ Julian C. Diamond*
Julian C. Diamond

Julian C. Diamond
Joseph I. Marchese
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019

Tel: (646) 837-7150
Fax: (212) 989-9163
Email: jdiamond@bursor.com
jmarchese@bursor.com

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:26-cv-06580-MKV

Soffer v. Mango MNG USA, Inc. et al
Assigned to: Judge Mary Kay Vyskocil
Demand: $5,000,000
Cause: 28:1332fr Diversity-Fraud

Date Filed: 07/31/2026
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

**Plaintiff**

**Muriel Soffer**
*individually and on behalf of all others similarly situated*

represented by **Julian Cole Diamond**
Bursor & Fisher P.A.
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
646-837-7011
Email: jdiamond@bursor.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mango MNG USA, Inc.**

represented by **David Grant Hille**
White & Case LLP (NY)
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
Fax: (212) 354-8113
Email: dhille@whitecase.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Drake**
White & Case
1221 Avenue of the Americas
New York, NY 10020
646-248-4778
Email: adam.drake@whitecase.com
*ATTORNEY TO BE NOTICED*

**William Harold Bave , III**
White & Case LLP (NY)
1221 Ave of the Americas
New York, NY 10020
(212)-819-2673
Email: wbave@whitecase.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mango NY, Inc.**

represented by **David Grant Hille**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Drake**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Harold Bave , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/31/2026 | 1 | COMPLAINT against Mango MNG USA, Inc., Mango NY, Inc.. (Filing Fee $ 405.00, Receipt Number ANYSDC-33225938)Document filed by Muriel Soffer..(Diamond, Julian) (Entered: 07/31/2026) |
| 07/31/2026 | 2 | CIVIL COVER SHEET filed..(Diamond, Julian) (Entered: 07/31/2026) |
| 07/31/2026 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Mango MNG USA, Inc., re: 1 Complaint. Document filed by Muriel Soffer..(Diamond, Julian) (Entered: 07/31/2026) |
| 07/31/2026 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Mango NY, Inc., re: 1 Complaint. Document filed by Muriel Soffer..(Diamond, Julian) (Entered: 07/31/2026) |
| 08/03/2026 | | *****NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Julian Cole Diamond. The following case opening statistical information was erroneously selected/entered: County code New York. The following correction(s) have been made to your case entry: the County code has been modified to Kings. (sj)** (Entered: 08/03/2026) |
| 08/03/2026 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Mary Kay Vyskocil. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(sj) (Entered: 08/03/2026) |
| 08/03/2026 | | Magistrate Judge Ona T. Wang is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c), Fed. R. Civ. P. 73(b)(1), and Local Civil Rule 73.1, parties are notified that they may, with the approval of the assigned District Judge, consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (sj) (Entered: 08/03/2026) |
| 08/03/2026 | | Case Designated ECF. (sj) (Entered: 08/03/2026) |
| 08/03/2026 | 5 | ELECTRONIC SUMMONS ISSUED as to Mango MNG USA, Inc.. (sj) (Entered: 08/03/2026) |
| 08/03/2026 | 6 | ELECTRONIC SUMMONS ISSUED as to Mango NY, Inc.. (sj) (Entered: 08/03/2026) |
| 08/07/2026 | 7 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Mango NY, Inc. served on 8/4/2026, answer due 8/25/2026. Service was accepted by Tatiyana Smith. Document filed by Muriel Soffer..(Diamond, Julian) (Entered: 08/07/2026) |
| 08/07/2026 | 8 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Mango MNG USA, Inc. served on 8/4/2026, answer due 8/25/2026. Service was accepted by Tatiyana Smith. Document filed by Muriel Soffer..(Diamond, Julian) (Entered: 08/07/2026) |
| 08/14/2026 | 9 | NOTICE OF APPEARANCE by David Grant Hille on behalf of Mango MNG USA, Inc., Mango NY, Inc...(Hille, David) (Entered: 08/14/2026) |
| 08/14/2026 | 10 | NOTICE OF APPEARANCE by William Harold Bave, III on behalf of Mango MNG USA, Inc., Mango NY, Inc...(Bave, William) (Entered: 08/14/2026) |

| | | |
|---|---|---|
| 08/14/2026 | 11 | NOTICE OF APPEARANCE by Adam Drake on behalf of Mango MNG USA, Inc., Mango NY, Inc... (Drake, Adam) (Entered: 08/14/2026) |
| 08/14/2026 | 12 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Mango MNG S.A. for Mango MNG USA, Inc., Mango NY, Inc.. Document filed by Mango MNG USA, Inc., Mango NY, Inc...(Hille, David) (Entered: 08/14/2026) |
| 08/14/2026 | 13 | CONSENT LETTER MOTION for Extension of Time to File Answer addressed to Judge Mary Kay Vyskocil from David G. Hille dated August 14, 2026. Document filed by Mango MNG USA, Inc., Mango NY, Inc...(Hille, David) (Entered: 08/14/2026) |
| 08/17/2026 | 14 | ORDER granting 13 Letter Motion for Extension of Time to Answer re 1 Complaint. Granted. SO ORDERED. Mango MNG USA, Inc. answer due 10/1/2026; Mango NY, Inc. answer due 10/1/2026. (Signed by Judge Mary Kay Vyskocil on 8/17/2026) (sgz) (Entered: 08/17/2026) |
| 09/28/2026 | 15 | LETTER MOTION for Conference *re: Anticipated Motion to Dismiss* addressed to Judge Mary Kay Vyskocil from David G. Hille dated September 28, 2026. Document filed by Mango MNG USA, Inc., Mango NY, Inc...(Hille, David) (Entered: 09/28/2026) |
| 10/01/2026 | 16 | LETTER addressed to Judge Mary Kay Vyskocil from Julian C. Diamond dated 10/1/2026 re: Request for Pre-Motion Conference. Document filed by Muriel Soffer..(Diamond, Julian) (Entered: 10/01/2026) |
| 10/02/2026 | 17 | SCHEDULING ORDER granting in part and denying in part 15 Letter Motion for Conference. Accordingly, IT IS HEREBY ORDERED that, if Plaintiff elects not to amend her complaint, Defendants shall file their motion to dismiss on or before October 16, 2026. The briefing for the motion will follow the schedule set forth in Local Rule 6.1(b). IT IS FURTHER ORDERED that, if Plaintiff elects to amend her complaint, Plaintiff shall file an Amended Complaint on or before October 16, 2026. IT IS FURTHER ORDERED that Defendants must respond to the Amended Complaint on or before October 30, 2026. In the event Defendants respond by filing a motion to dismiss, the briefing for the motion will follow the schedule set forth in Local Rule 6.1(b). The clerk of Court is respectfully requested to terminate docket entry 16. (Signed by Judge Mary Kay Vyskocil on 10/2/2026) (sgz) (Entered: 10/02/2026) |
| 10/02/2026 | | Set/Reset Deadlines: Amended Pleadings due by 10/16/2026. Motions due by 10/16/2026. (sgz) (Entered: 10/02/2026) |

## PACER Service Center

### Transaction Receipt

| 10/02/2026 16:07:12 | | | |
|---|---|---|---|
| **PACER Login:** | Julian.Diamond | **Client Code:** | 3877 |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-06580-MKV |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |