**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RETAILER TARIFF LITIGATION | ) | |
| | ) | MDL Docket No. 3202 |
| | ) | |
| | ) | |

**RESPONSE OF THE VITA COCO COMPANY INC.**
**IN OPPOSITION TO NOTICE OF POTENTIAL TAG-ALONG ACTION**

The Vita Coco Company Inc. ("Vita Coco") respectfully submits this opposition to the Notice of Potential Tag-Along Action filed by Plaintiff Eric Camacho ("Camacho") on September 14, 2026 (ECF No. 152), pursuant to Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation.

On July 16, 2026, Camacho filed a putative class action ("Camacho Action") against Vita Coco in the Southern District of New York, alleging that Vita Coco was unjustly enriched by raising prices to pass through the cost of the IEEPA tariffs and subsequently seeking refunds of those same tariffs from the federal government. On September 14, 2026, Camacho filed a notice of potential tag-along action in accordance with Rule 7.1(a), identifying the Camacho Action to be transferred into the proposed MDL proceeding. For the reasons set forth below, the Panel should deny Movants' Amended Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 (ECF No. 1) and reject Camacho's attempt to transfer the Camacho Action.

## ARGUMENT

### I. The Amended Motion for Transfer and Centralization Should be Denied for the Reasons Set Forth in Respondents' Joint Opposition.

Vita Coco joins in full in Respondents' Joint Opposition to Movants' Amended Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 (ECF No. 108) (the "Joint Opposition"). As set forth in the Joint Opposition, (i) the actions included in the Motion do not share significantly common factual issues, (ii) in the unlikely event that any of the actions

survives a motion to dismiss, discovery in these actions would not overlap, and (iii) the centralization of the actions would not promote efficient, just or consistent pretrial proceedings. *See, e.g.*, *In re Tobacco/Governmental Health Care Costs Litig.*, 76 F. Supp. 2d 5, 8 (D.D.C. 1999).

## II. Transfer and Centralization Is Particularly Unwarranted as to Vita Coco.

There are limited, if any, similarities between the defendants currently named in the Amended Motion for Transfer and Centralization (the "Motion") (ECF No. 3). The actions already in the MDL name multiple distinct, unaffiliated defendant groups. *See id.* at 1-2. These defendants span across numerous industries, such as eyewear, athletic footwear, fast fashion, food products, gaming consoles, and furniture. *See id.* Each defendant occupies different positions in the supply chain, selling different products through different distribution channels, with different pricing structures, marketing practices, and different relationships, if any, to the consumers who ultimately purchased those products. *See id.*

The Camacho Action would compound this problem by introducing a defendant with even less in common with the parties already identified in the Motion: Vita Coco is a branded beverage manufacturer that sources coconuts primarily from Southeast Asia. *Vita Coco Farmers Organic is Sourced from Small Farms in the Philippines*, THE VITA COCO CO., https://vitacoco.com/pages/farmers-organic-sourcing (last visited Oct. 9, 2026). Vita Coco produces coconut water and functional drinks and sells those products through third-party retailers and distributors. The Vita Coco Co., Inc., Annual Report (Form 10-K) at 10, 16, 55, 65 (Feb. 16, 2026), https://investors.thevitacococompany.com/static-files/489757fe-a5e6-43e8-816a-6535acdd1411. Vita Coco's tariff exposure is tied entirely to agricultural commodity imports, and Vita Coco does not compete in any of the markets occupied by any other defendant, nor does it share products, supply chains, or competitive relationships with any defendant. *Id.* at 22. Moreover, there is no allegation of any conspiracy, collaboration, or

coordinated conduct among the defendants; each defendant made its own decision as to whether, when, and how much to adjust the price of a given product, and each is alleged to have made different public statements, if any, regarding those decisions. *See* ECF No. 1; ECF No. 152.

During the discovery phase of the Camacho Action, the parties will be permitted to exchange documents separately covering: (i) how and whether Vita Coco responded to the tariffs; (ii) Vita Coco's own manufacturing and importation practices and supply chain; (iii) whether, when, and how much Vita Coco changed its prices; (iv) whether Vita Coco received or will receive any tariff refund and in what amount; (v) what Vita Coco told its customers about tariffs and pricing; and (vi) what Vita Coco's customers said or asked in response. None of this discovery is shared or interchangeable across defendants.

## III. Centralization Would Not Serve the Convenience of Parties and Witnesses.

Centralization is unlikely to serve the convenience of parties and witnesses where, as here, different defendants are sued in different actions. The inconvenience to Vita Coco of being swept into a massive multi-industry MDL is particularly significant given the company's size. In comparison to the other defendants, Vita Coco is a smaller publicly traded company with an annual revenue of approximately $600 million and a workforce of a few hundred people. *The Vita Coco Company Reports Fourth Quarter and Full Year 2025 Financial Results,* THE VITA COCO CO. (Feb. 18, 2026), https://investors.thevitacococompany.com/news-releases/news-release-details/vita-coco-company-reports-fourth-quarter-and-full-year-2025. Hauling Vita Coco into a vast multi-industry MDL would force Vita Coco to litigate alongside companies many times its size. *See* ECF No. 1. The burden of MDL pretrial proceedings (*i.e.*, coordinating with dozens of unrelated defendants, participating in joint discovery schedules, and appearing in a distant forum) falls disproportionately on a company of this scale. Vita Coco has no operational presence in the Northern District of Illinois, the proposed transferee forum.

The Vita Coco Co., Inc., Annual Report (Form 10-K). at 40 (Feb. 16, 2026), https://investors.thevitacococompany.com/static-files/489757fe-a5e6-43e8-816a-6535acdd1411. Vita Coco is headquartered in New York City and has no corporate office, warehouse, distribution center, or other physical facility located in Illinois. *See id.* at 40, 92. Vita Coco's sole connection to Illinois is that its products—which are sold in more than 35 countries worldwide—are available in the state only through independent third-party retailers and distributors over whom Vita Coco exercises no control. *See id.* at 10, 20. That limited connection to the proposed transferee forum further weighs against transfer.

The Panel has made clear that "the convenience of counsel 'is not by itself a factor to be considered under Section 1407'" unless "the inconvenience of counsel would impinge on the convenience of the parties or witnesses." *In re DirectBuy, Inc., Mktg. & Sales Pracs. Litig.*, 682 F. Supp. 2d 1349, 1350–51 (J.P.M.L. 2010) (internal citation omitted). Camacho makes no such showing here.

**IV. Centralization Would Create, Not Reduce, Pretrial Inefficiencies.**

Rather than advancing efficiency, centralization of the Camacho Action would substantially increase the burden and complexity of discovery, given that many of the named defendants are direct competitors whose pricing decisions and agreements with distributors, suppliers, and retailers are highly sensitive, competitively significant, and confidential. *See In re Proton-Pump Inhibitor Prods. Liab. Litig.*, 273 F. Supp. 3d 1360, 1362 (J.P.M.L. 2017) (the Panel recognizing that "[c]entralizing competing defendants in the same MDL likely would complicate case management due to the need to protect trade secret and confidential information," and that doing so 'may prolong pretrial proceedings[] because of . . . the possible need for separate discovery and motion tracks.') (citation omitted).

Centralization would provide no efficiency in pretrial motion practice.[1] Motions to dismiss in the pending underlying actions depend on allegations specific to each defendant, including that defendant's payment of IEEPA tariffs, its individual pricing practices, its customer-facing representations, and its legal relationship, if any, with the end consumer. Each defendant's potential liability turns on its own conduct and circumstances, making consolidated briefing on dispositive motions neither practical nor efficient. Nor would centralization avoid any risk of inconsistent rulings on class certification, because the putative classes at issue are defendant-specific: certification (or denial of certification) as to one defendant's proposed class has no bearing on certification as to a different defendant's proposed class.

## CONCLUSION

For the foregoing reasons, the Panel should deny Movants' Amended Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 and decline to transfer the Camacho Action into MDL No. 3202.

Dated: October 20, 2026

Respectfully submitted,

/s/ *Sarah M. Gilbert*

Sarah M. Gilbert
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Phone: (212) 223-4000
SGilbert@crowell.com

Helen Ogunyanwo
CROWELL & MORING LLP
600 Fifth St. NW
Washington, D.C. 20001
Phone: (202) 624-2585
HOgunyanwo@crowell.com

[1]On September 18, 2026, the Court in the Camacho Action stayed all proceedings and deadlines in light of Plaintiff's Tag-Along Notice. Upon lifting of the stay, Vita Coco intends to file a motion to dismiss seeking dismissal of all claims with prejudice.

*Counsel for The Vita Coco Company Inc.*

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that a copy of the foregoing was e-filed via the Court's CM/ECF system, which provides electronic service copies of filed documents upon all parties registered in this action.

Dated: October 20, 2026

Respectfully submitted,

/s/ *Sarah M. Gilbert*

Sarah M. Gilbert
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Phone: (212) 223-4000
SGilbert@crowell.com

Helen Ogunyanwo
CROWELL & MORING LLP
600 Fifth St. NW
Washington, D.C. 20001
Phone: (202) 624-2585
HOgunyanwo@crowell.com

*Counsel for The Vita Coco Company Inc.*