**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: RETAILER TARIFF LITIGATION | MDL No. 3202 |

**INTERESTED PARTY RESPONSE IN OPPOSITION TO AMENDED MOTION FOR TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rule of Procedure 6.2(e) of the U.S. Judicial Panel on Multidistrict Litigation, Lenovo (United States) Inc. and Lenovo Global Technology (United States) Inc. ("Lenovo Defendants"), with Motorola Mobility LLC ("Motorola" — collectively "*Hunter* Defendants"), submit this response in opposition to Movants' Amended Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 ("Motion"), Dkt. 3, and specifically to oppose the transfer of *Hunter v. Lenovo (United States) Inc. et al*, No. 1:26-cv-07403 (N.D. Ill.) ("*Hunter*"), as a tag-along case.

## INTRODUCTION

Movants seek to centralize tariff-related pricing claims against dozens of distinct defendants, across industries, each with their own approach to tariffs and pricing. As discussed in Respondents' Joint Opposition to the Motion, Dkt. 108 ("Joint Opposition"), discovery into these disparate pricing practices will not overlap and competition among the defendants will complicate proceedings. While many defendants' products were subject to now invalid "IEEPA" tariffs, this superficial commonality does not raise a "common factual core" sufficient to justify centralization.

*Hunter* proves this point. Plaintiff Tyrone Hunter ("Plaintiff") broadly speculates that the *Hunter* Defendants (together) embedded IEEPA tariff costs in the price of one mobile phone he purchased. As confirmed by targeted, party-specific discovery, that is incorrect. The facts are: (a) *neither* Lenovo Defendant had *anything* to do with Plaintiff's mobile phone; and (b) Motorola did *not* pass on any IEEPA tariffs through the price charged to Plaintiff by a third party. Thus, *no*

federal court has jurisdiction to hear Plaintiff's claims, no common discovery is appropriate, and centralized case management would only result in delay. Transfer of *Hunter* should be denied.

## BACKGROUND

### I. The *Hunter* Action

Plaintiff alleges that on June 2, 2025, he purchased a Motorola G Stylus 5G smartphone ("Cell Phone") from a third party, Boost Mobile, in Chicago, Illinois (*Hunter*, Dkt. 1-1, ¶¶ 31–32). He speculates that the *Hunter* Defendants (all separate entities) "paid IEEPA tariffs on [the Boost Mobile phone] and embedded the cost of those tariffs in the price charged to Plaintiff," for which he claims he is now entitled to a refund (*id.* ¶¶ 35, 87). This is incorrect, as proven by declarations submitted with the *Hunter* Defendants' Motions to Dismiss (*Hunter*, Dkts. 33-2 and 37-5)

The parties have actively litigated. Motorola removed *Hunter* to federal court on June 24, 2026 (*Hunter*, Dkt. 1). Plaintiff sought remand on July 24, 2026 (*Hunter*, Dkt. 11), which Motorola opposed (*Hunter*, Dkt. 30). Meanwhile, the parties held a Rule 26(f) conference, submitted a Joint Initial Status Report (*Hunter*, Dkt. 17), and the Court advised on discovery (*Hunter*, Dkts. 18, 24). This discovery confirmed two dispositive facts: that (a) the Lenovo Defendants had *nothing* to do with the manufacture, import, or sale of the Cell Phone (Decl. Carmen Odbert ¶¶ 7–11, *Hunter*, Dkt. 37-5); and (b) Motorola did *not* pass on any IEEPA tariffs that could have been paid or due on the Cell Phone (Decl. Tammy Boss ¶¶ 4–9, *Hunter*, Dkt. 33-2).

On these facts, all *Hunter* Defendants brought jurisdictional challenges to Plaintiff's claims. On October 5, 2026, the Lenovo Defendants filed a motion to dismiss proving they have *no* relationship to the Cell Phone and therefore the federal court lacks personal and subject matter jurisdiction over them (*Hunter*, Dkt. 37). Because they did not manufacture, sell, import, or pay tariffs on the Cell Phone, Plaintiff's claims do not arise from and are not traceable to their actions.

On October 5, 2026, Motorola filed a motion to dismiss proving it *did not* change the price of Plaintiff's Cell Phone after IEEPA tariffs were levied (*Hunter*, Dkt. 33). As such, Plaintiff *did not* pay a tariff-inflated price and lacks standing. Those threshold motions are pending.

**II. The MDL Motion to Transfer**

On September 3, 2026, Plaintiff filed a Notice of Related Actions identifying seven actions brought by his counsel against unrelated defendants, including the *Hunter* Defendants, as tag-along cases to the Motion (Dkt. 75). The Motion seeks to centralize 25 tariff-related actions pending against the country's largest retailers, including Amazon, Target, Walmart, and Costco, claiming each allegedly "up-charged" consumers via direct product sales that included since invalidated tariffs. *See* Dkt. 3. Neither Motorola nor the Lenovo Defendants sold anything to Plaintiff or "up-charged" him, either directly or indirectly. They simply do not "fit" within this MDL.

Respondents filed a Joint Opposition to the Motion on September 10, 2026 (Dkt. 108).[1] They point out that, while many products were subject to IEEPA tariffs, there is no evidence of an "industry-wide pricing response" enough to create an "overlapping core of factual allegations" (*id.*, pp. 2–3). To the contrary, "[e]ach importer of record … made different decisions based on different factors as to whether, when, and how much to adjust prices of specific goods in response to those tariffs" (*id.*, pp. 1–2). Thus, while the actions share a "common context," centralization will not "streamline discovery" or "promote the just and efficient conduct" of the actions.[2]

**<u>ARGUMENT</u>**

Centralization is only appropriate where it "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Panel consistently denies centralization where "each

[1] The *Hunter* Defendants join the Joint Opposition in full.

[2] Plaintiff filed a response in support of the Motion on September 10, 2026 (Dkt. 140). It echoes the Motion and does not respond to the Joint Opposition and simply lists *Hunter*.

action involves unique claims brought against different defendants" or a "large share of the discovery likely will be defendant-specific." *In re AGI SureTrack, LLC, Cont. Litig.*, 766 F. Supp. 3d 1340, 1341 (J.P.M.L. 2025). "[L]imited factual overlap" cannot support consolidation where "overshadowed by numerous case-specific factual and legal questions." *In re Dish Wireless L.L.C. Commc'n Towers Cont. Litig.*, No. MDL 3182, 2026 WL 1659414, at *1 (J.P.M.L. June 4, 2026). Jurisdiction is one such unavoidable issue. *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) ("[T]ransferee court can exercise personal jurisdiction [only] to the same extent that the transferor court could.").

Including *Hunter* in the proposed MDL would not "promote the just and efficient conduct" of the litigation. 28 U.S.C. § 1407(a). To the contrary, *Hunter* demonstrates the core flaw in the Motion, namely, that importers made divergent decisions and took different actions in response to IEEPA tariffs. These differences not only go to the merits, but impact the basic threshold management of the cases, including whether jurisdiction even attaches.

For example, despite Plaintiff's attempt to conflate the *Hunter* Defendants through improper group pleading, importers are distinct entities with unique products and must be treated as such. The fact is, neither Lenovo Defendant had *anything* to do with the Cell Phone. Evidence confirms the Lenovo Defendants did not manufacture, import, or sell the Cell Phone (Decl. Carmen Odbert ¶¶ 4–9, *Hunter*, Dkt. 37-5). Nor did they pay or seek refunds for tariffs on the Cell Phone (*id.* ¶¶ 10–11). Plaintiff's claims thus are neither traceable to nor arise from the Lenovo Defendants' actions (*see Hunter*, Dkt. 37 at 4–12). No claim should have ever been filed against the Lenovo Defendants, and centralization will only delay correcting this error.

Similarly, Plaintiff's claims turn on defendant- and product-specific conduct. Plaintiff alleges he paid unlawful tariffs on a 2024 model Motorola G Stylus 5G he purchased from Boost

Mobile. But, Motorola did not increase the price it charged for that model phone, including after IEEPA tariffs went into effect (Decl. Tammy Boss ¶¶ 4–9, *Hunter*, Dkt. 33-2). Therefore, Motorola could not have "embedded" IEEPA tariffs in the price Plaintiff paid to Boost Mobile. No discovery into any other defendants' practices (or even Motorola's) would impact this fact. Consolidation will only generate pretrial inefficiencies while delaying resolution of these threshold issues.

By contrast, Movants' only indication of a so-called industry-wide response is defendants' "parallel public statements announcing tariff-driven price increases." But, Plaintiff alleges *no* statement by any *Hunter* Defendant whatsoever (*see Hunter*, Dkt. 1-1). Similarly, the *Hunter* Defendants are differently situated than the core defendants, which are primarily online or direct retailers—e.g., Amazon, Nike, Shein, Costco. *Hunter* is unique in that none of the defendants sold Plaintiff the Cell Phone. As a result, transferring *Hunter* will exacerbate the already-existing inefficiencies among the original defendants. *See, e.g.*, *In re Baby Food Mktg., Sales Pracs. & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375, 1376-77 (J.P.M.L. 2021) (denying centralization where plaintiffs "do not assert claims of an industry-wide conspiracy or coordination between defendants," the "claims against each defendant thus are likely to rise or fall on facts specific to that defendant," and "[m]uch of the discovery and pretrial practice will be defendant-specific").

*Finally*, coordinated discovery would put the *Hunter* Defendants at competitive risk among a number of the companies identified in the Motion, which includes other smartphone, computer, and electronics manufacturers and retailers. *See* Dkt. 3-2 (identifying, e.g., Microsoft Corporation). The *Hunter* Defendants' pricing data and decisions, which will inevitably be explored through discovery, are highly sensitive, particularly among these and similar defendants.

**CONCLUSION**

For the foregoing reasons, and those in the Joint Opposition, the Motion should be denied.

Dated: November 3, 2026

Respectfully submitted,

By: */s/ Max E. Kaplan*
Melissa A. Siebert (6210154)
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 474-4491
Email: msiebert@cozen.com

Max E. Kaplan (323140)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-4682
Email: mkaplan@cozen.com

*Attorneys for Defendants Motorola Mobility LLC, Lenovo (United States) Inc., and Lenovo Global Technology (United States) Inc.*